1   Charles B. Jellinek (*Pro Hac Vice* Application Pending)
    **BRYAN CAVE LLP**
2   211 North Broadway, Suite 3600
    St. Louis, Missouri 63102-2750
3   Telephone:   (314) 259-2000
    Facsimile:   (314) 259-2020
4   Email:       cbjellinek@bryancave.com

5   Karen K. Cain (*Pro Hac Vice* Application Pending)
    **BRYAN CAVE LLP**
6   1200 Main Street, Suite 3500
    Kansas City, Missouri 64105-2100
7   Telephone:   (816) 374-3200
    Facsimile:   (816) 374-3300
8   Email:       karen.cain@bryancave.com

9   Jesse E.M. Randolph (California Bar No. 221060)
    **BRYAN CAVE LLP**
10  1900 Main Street, Suite 700
    Irvine, California 92614-7328
11  Telephone:   (949) 223-7000
    Facsimile:   (949) 223-7100
12  Email:       jesse.randolph@bryancave.com

13  Attorneys for Defendants
    H&R BLOCK ENTERPRISES, INC.;
14  H&R BLOCK TAX AND BUSINESS
    SERVICES, INC.; and H&R BLOCK TAX
15  SERVICES, INC.

E-filing

ORIGINAL
F I L E D

MAR - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

16

17                  **UNITED STATES DISTRICT COURT**

18                 **NORTHERN DISTRICT OF CALIFORNIA**          JL

19  ALICE WILLIAMS, on behalf of herself,      C08-01318
    and on behalf of all others similarly       Case No.
20  situated,

21                  Plaintiff,                  **NOTICE OF REMOVAL BY
                                                DEFENDANTS H&R BLOCK
22         v.                                   ENTERPRISES, INC., H&R BLOCK
                                                TAX AND BUSINESS SERVICES,
23  H&R BLOCK FINANCIAL ADVISORS,               INC., AND H&R BLOCK TAX
    INC., H&R BLOCK TAX AND                     SERVICES, INC. PURSUANT TO
24  BUSINESS SERVICES, INC., H&R                28 U.S.C. §§ 1332(d), 1441(a), 1446,
    BLOCK TAX SERVICES, INC., H&R               AND 1453 (DIVERSITY OF
25  BLOCK ENTERPRISES, INC., and                CITIZENSHIP)
    DOES 1 through 50, inclusive,
26                                              (Alameda County Superior Court
                    Defendants.                 Case No. RG08366506)
27

28

IR01DOCS\360887.6                    1

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL

2  PARTIES AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446,

4  and 1453, Defendants H&R Block Enterprises, Inc., H&R Block Tax and Business

5  Services, Inc., and H&R Block Tax Services, Inc. (collectively "Defendants"), hereby

6  remove to this Court the state court action described below.

7                              **BACKGROUND**

8    1.    On January 17, 2008, Plaintiff Alice Williams ("Plaintiff") filed a purported

9  class action in the Superior Court of the State of California, County of Alameda, entitled

10  *Alice Williams, on behalf of herself, and on behalf of all others similarly situated v. H&R*

11  *Block Financial Advisors, Inc., H&R Block Tax and Business Services, Inc., H&R Block*

12  *Tax Services, Inc., H&R Block Enterprises, Inc., and Does 1 through 50, inclusive,*

13  Alameda County Superior Court Case No. RG08366506 (the "Action").  <u>See</u> Declaration

14  of Jesse E.M. Randolph ("Randolph Decl.") ¶ 2.

15    2.    The Action therefore was commenced after the effective date of the Class

16  Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2 (enacted Feb. 18, 2005), codified at

17  28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

18    3.    Defendant H&R Block Tax and Business Services, Inc. was served with a

19  copy of the Summons and Complaint, via personal service on its statutory agent for

20  process, on February 8, 2008.  Randolph Decl. ¶ 3.  A true and correct copy of the

21  Summons and Complaint, along with all other documents served on H&R Block Tax and

22  Business Services, Inc. in the Action, are attached to the Randolph Declaration as Exhibit

23  1.  No other pleadings, process, or orders have been served on H&R Block Tax and

24  Business Services, Inc. in the Action.  Randolph Decl. ¶ 6.  Because this Notice of

25  Removal is filed within thirty days of service of the Summons and Complaint upon H&R

26  Block Tax and Business Services, Inc., it is timely under 28 U.S.C. § 1446(b).

27    4.    Defendant H&R Block Tax Services, Inc. was served with a copy of the

28  Summons and Complaint, via personal service on its statutory agent for process, on

1    February 21, 2008. Randolph Decl. ¶ 4. A true and correct copy of the Summons and

2    Complaint, along with all other documents served on H&R Block Tax Services, Inc. in the

3    Action, are attached to the Randolph Declaration as Exhibit 2. No other pleadings,

4    process, or orders have been served on H&R Block Tax Services, Inc. in the Action.

5    Randolph Decl. ¶ 6. Because this Notice of Removal is filed within thirty days of service

6    of the Summons and Complaint upon H&R Block Tax Services, Inc., it is timely under 28

7    U.S.C. § 1446(b).

8       5.      Defendant H&R Block Enterprises, Inc. was served with a copy of the

9    Summons and Complaint, via personal service on its statutory agent for process, on

10    February 21, 2008. Randolph Decl. ¶ 5. A true and correct copy of the Summons and

11    Complaint, along with all other documents served on H&R Block Enterprises, Inc. in the

12    Action, are attached to the Randolph Declaration as Exhibit 3. No other pleadings,

13    process, or orders have been served on H&R Block Enterprises, Inc. in the Action.

14    Randolph Decl. ¶ 6. Because this Notice of Removal is filed within thirty days of service

15    of the Summons and Complaint upon H&R Block Enterprises, Inc., it is timely under 28

16    U.S.C. § 1446(b).

17       6.      In the Complaint, Plaintiff asserts claims against Defendants and H&R Block

18    Financial Advisors, Inc. (collectively referred to herein as "Named Defendants") for: (1)

19    failure to pay overtime wages; (2) meal and rest period violations; (3) failure to pay timely

20    wages to putative class members whose employment has ended; and (4) violations of

21    California's Unfair Competition Law. Compl. ¶¶ 1-5, 17-21, 29-32, 37, 43-44, 52-54.

22       7.      Plaintiff seeks to represent a purported class – the existence of which

23    Defendants expressly deny – of "[a]ll individuals who are currently employed, or formerly

24    have been employed, as Office Leader or Office Manager employees at H&R Block, Inc.

25    locations in California, at any time within four years prior to the filing of this complaint

26    until resolution of this action." Compl. ¶ 22.[1]

27

28    [1]      The proper title of the position identified and at issue in Plaintiff's Complaint is "Office Manager." See Declaration of Carol A. Williams ("C. Williams Decl.") ¶ 6. Accordingly, Defendants will use the term "Office Manager" – not "Office Leader" – in this Notice. H&R

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

**NOTICE OF REMOVAL**

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

8.    Plaintiff seeks, on behalf of herself and on behalf of the purported class: (a) "compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiff and Class Members"; (b) interest on any compensatory damage award; (c) civil penalties "pursuant to the Labor Code . . . and the Unfair Business Practices Act"; (d) interest on any award of civil penalties; (e) restitution of "all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint," Compl. ¶ 57; (f) "preliminary, permanent and mandatory injunctive relief prohibiting [Defendants], [their] officers, agents and all those acting in concert with them, from committing in the future those violations of law" alleged in the Complaint; (g) "a declaratory judgment that [Defendants have] violated the California Labor Code and public policy as alleged" in the Complaint; (h) "a declaratory judgment that [Defendants have] violated Business and Professions Code §§17200 et seq., as a result of [alleged] violations of the Labor Code and of public policy protecting wages"; (i) "an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon"; (j) an award of costs of suit and attorneys' fees; and (k) "[s]uch other and further relief as this Court deems just and proper." (Except as expressly set forth above, each of the foregoing references is to the Complaint's Prayer for Relief.)

## BASIS FOR REMOVAL

9.    Congress enacted the CAFA on February 18, 2005 to "expand substantially federal court jurisdiction over class actions." S. Rep. No. 109-14, *43, as reprinted in 2005 U.S.C.C.A.N. 3, **41, 109 S. Rpt. 14. Its provisions "should be read broadly, with a

---

Block Enterprises, Inc. is, and at all times relevant has been, the sole employer of all Office Managers hired to work during tax season in the State of California. See Williams Decl. ¶ 6. None of the other three Named Defendants employs such persons, pays compensation to such persons, has entered into employment agreements with such persons, or either formulates or implements wage payment policies with regard to such persons. Id. By seeking removal of the Action to this Court, Defendants H&R Block Tax and Business Services, Inc. and H&R Block Tax Services, Inc. make no representation that either is or was, together with H&R Block Enterprises, Inc., a "co-employer" or "joint employer" of Plaintiff or any other members of Plaintiff's purported class.

1   strong preference that interstate class actions should be heard in a federal court if properly
2   removed by any defendant." Id.; In re Textainer Partnership Sec. Litig., 2005 U.S. Dist.
3   LEXIS 26711, *10 (N.D. Cal., Jul. 27, 2005) (quoting 151 Cong. Rec. H723-01, H-727
4   (2005) (statement of Rep. Sensenbrenner)).

5       10.    Pursuant to the CAFA, when the number of purported class members defined
6   in a complaint exceeds 100, a federal district court has original jurisdiction over "any civil
7   action in which the matter in controversy exceeds the sum or value of $5,000,000,
8   exclusive of interest and costs, and is a class action in which . . . any member of a class of
9   plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10      11.    Further, "the claims of the individual class members shall be aggregated to
11  determine whether the matter in controversy exceeds" the $5,000,000 requirement, 28
12  U.S.C. § 1332(d)(6), thereby "abrogat[ing] the rule against aggregating claims." Exxon
13  Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 571, 125 S. Ct. 2611, 162 L. Ed. 2d
14  502 (2005).

15      12.    The requirements for this Court's exercise of diversity jurisdiction over
16  Plaintiff's purported class action are clearly and unequivocally satisfied in this case.

17                        **Putative Class Numerosity**

18      13.    The Action challenges Defendants' alleged "policy and practice of failing to
19  pay [Office Managers] their overtime wages, and failing to provide [Office Managers]
20  with the meal and rest periods to which they are entitled by law." Compl. ¶ 1. Plaintiff
21  alleges that "[a]t each of [their] tax offices in California, [Defendants] employ[] at least
22  one Office [Manager]." Compl. ¶ 2. Plaintiff further alleges that Defendants have
23  "hundreds of locations in California." Compl. ¶ 8. Thus, by Plaintiff's own calculations
24  (1 x >100 = >100), the CAFA's requirement that there be at least 100 putative class
25  members is satisfied here. 28 U.S.C. § 1332(d)(5)(B). In fact, over 1,000 individuals
26  (inclusive of current and former employees) have been employed by H&R Block
27  Enterprises, Inc. as Office Managers in California from January 17, 2004 through the
28  present. See C. Williams Decl. ¶ 7. Thus, there are far more than the minimum 100

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\360887.6

1  putative class members required by the CAFA for federal jurisdiction. 28 U.S.C. §
2  1332(d)(5)(B).

3                              **Diversity of Citizenship**

4       14.    For purposes of establishing federal jurisdiction, the CAFA requires only
5  minimal diversity; that is, at least one purported class member must be a citizen of a state
6  different from any named defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of a
7  state different than the states of citizenship of H&R Block Enterprises, Inc., H&R Tax
8  Services, Inc., and H&R Block Tax and Business Services, Inc. Hence, the CAFA's
9  diversity of citizenship requirement clearly is met here.

10      15.    Plaintiff was, at the time of the filing of the Action, a citizen of the State of
11 California. Compl. ¶ 7. H&R Block Enterprises, Inc., H&R Block Tax and Business
12 Services, Inc., and H&R Block Tax Services, Inc., each of which is a corporation, are not
13 citizens of the State of California.

14      16.    "[A] corporation shall be deemed to be a citizen of any State by which it has
15 been incorporated and of the State where it has its principal place of business . . . ." 28
16 U.S.C. § 1332(c)(1). In the Ninth Circuit, a corporation's principal place of business is
17 determined by a two-part inquiry. First, the Court determines in which state, if any, a
18 "substantial predominance" of the corporation's business activity takes place. Second, if
19 the corporation's activities are not predominant in a single state, the Court applies the
20 "nerve center" test to identify the state in which the majority of the corporation's executive
21 and administrative functions are performed. See United Computer Sys., Inc. v. AT&T
22 Corp., 298 F.3d 756, 763 (9th Cir. 2002). This latter test generally is utilized when a
23 corporation's activities are "far flung," i.e., where the corporation has operations in many
24 states. See Lurie Co. v. Loew's San Francisco Hotel Corp., 315 F. Supp. 405, 412 (N.D.
25 Cal. 1970). Applying either test, Defendants' principal places of business are not
26 California.

27      17.    The "substantial predominance of operations" test is determinative only
28 "where a corporation conducts 'substantially all' of its operations in one state and its

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1   headquarters are located in another state." <u>Industrial Tectonics, Inc. v. Aero Alloy</u>, 912

2   F.2d 1090, 1093 (9th Cir. 1990) ("courts generally assign greater importance to the

3   corporate headquarters when no state is clearly the center of corporate activity").  Where

4   the corporation's business activities are spread throughout the country, the "substantial

5   predominance of operations" test cannot properly be the benchmark for determining the

6   corporation's "principal place of business."  <u>See</u> <u>Breitman v. May Co. California</u>, 37 F.3d

7   562, 564 (9th Cir. 1994); <u>Ho v. Ikon Office Solutions, Inc.</u>, 143 F. Supp. 2d 1163, 1168

8   (N.D. Cal. 2001).  To determine whether "substantial predominance" in a particular state

9   exists, courts in the Ninth Circuit consider several factors, including the location of

10  employees, tangible property (e.g., locations of buildings or retail facilities), sources of

11  income, and location of the corporation's executive and administrative functions.  <u>See</u>

12  <u>Tosco Corp. v. Communities for a Better Environment</u>, 236 F.3d 495, 500-502 (9th Cir.

13  2001).

14      18.    Courts in each of California's four federal judicial districts have held that in

15  determining whether a corporation's activities "substantially predominate" in California,

16  proper weight must be given to the fact that California is by far the largest state in the

17  nation, and, accordingly, to take account of the distorting impact of California's size.  <u>See</u>

18  <u>Cavanaugh v. Unisource Worldwide, Inc.</u>, 2006 U.S. Dist. LEXIS 28208, **8-9 (E.D. Cal.,

19  Apr. 28, 2006) (considering census data in determining whether California properly could

20  be considered the principal place of business for an out-of-state corporation, noting:

21  "Because California is the state with the largest population, business activity on a national

22  scale can be expected to be greater in California . . . it is highly unlikely that Congress

23  intended every national corporation that does more business in California than any other

24  single state, by virtue of that fact alone, to be deemed a citizen of California for the

25  purposes of diversity jurisdiction."); <u>Ho</u>, <u>supra</u>, 143 F. Supp. 2d at 1167 ("Because, by a

26  considerable margin, California is the largest state, measured by population and economic

27  activity, there often will be somewhat more activity in California than in any other

28  individual state for truly national corporations."); <u>Arellano v. Home Depot U.S.A., Inc.</u>,

1  245 F. Supp. 2d 1102, 1007 (S.D. Cal. 2003) ("Although California has more Home Depot

2  employees and stores, the margin of difference is not significant enough for a corporation

3  that conducts business in forty-nine of the fifty states. Because California is the state with

4  the largest population, business activity on a national scale can be expected to be greater in

5  California."); Albino v. Standard Ins. Co., 349 F. Supp. 2d 1334, 1338 (C.D. Cal. 2004)

6  ("As the Northern District of California has persuasively noted, because California has the

7  largest population of any state in the union, it will naturally have more gross sales and

8  more customers than other states . . . a more accurate measure would be revenue per capita

9  based on the state population.") (citing Ho and Arellano).

H&R Block Enterprises, Inc.

11      19.     Applying these standards, H&R Block Enterprises, Inc. is not a citizen of the

12  State of California. H&R Block Enterprises, Inc. is not incorporated under the laws of

13  California. Rather, both at the time the Action was commenced and presently, H&R Block

14  Enterprises, Inc. was and is incorporated under the laws of the State of Missouri. See

15  Declaration of Bret G. Wilson ("Wilson Decl.") ¶ 2. Nor is California the state in which

16  H&R Block Enterprises, Inc. has its principal place of business. Rather, as demonstrated

17  below, H&R Block Enterprises, Inc.'s principal place of business is Missouri.

18      20.     H&R Block Enterprises, Inc. has operations in 19 states, including Alaska,

19  Arizona, California, Colorado, Hawaii, Idaho, Illinois, Kansas, Minnesota, Montana,

20  Nebraska, Nevada, North Dakota, Oregon, South Dakota, Texas, Utah, Washington, and

21  Wyoming.[2] See Declaration of Thomas Brown ("Brown Decl.") ¶ 3. Once official U.S.

22  census data for each of these states is properly accounted for, it is clear that the amount of

---

[2]    Defendants request that the Court take judicial notice of the U.S. Bureau of the Census population figures for 2007 (est.) for the entire country and the 19 states in which H&R Block Enterprises, Inc. does business. The 2007 population figures are as follows: United States (303,536,176); Alaska (683,478); Arizona (6,338,755); California (36,553,215); Colorado (4,861,515); Hawaii (1,283,388); Idaho (1,499,402); Illinois (12,852,548); Kansas (2,775,997); Minnesota (5,197,621); Montana (957,861); Nebraska (1,774,571); Nevada (2,565,382); North Dakota (639,715); Oregon (3,747,455); South Dakota (796,214); Texas (23,904,380); Utah (2,645,330); Washington (6,468,424); Wyoming (522,830). See Randolph Decl. ¶¶ 7-26, Exs. 4-22.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1  business H&R Block Enterprises, Inc. conducts in California does not "substantially

2  predominate" over the amount of business it transacts in other states, considering the

3  following:

4        a.    The majority of H&R Block Enterprises, Inc.'s employees (including,

5  but not limited to, Office Managers) are employed outside of California. Currently, H&R

6  Block Enterprises, Inc. employs 34,958 individuals in 18 of the 19 states in which it does

7  business. See C. Williams Decl. ¶ 3. 14,408 of these individuals are employed in

8  California. Id. 20,550 of these individuals are employed outside of California. Id. Thus,

9  H&R Block Enterprises, Inc. employs more persons outside California than it does in

10  California. Moreover, in terms of the per capita impact its workforce has on the

11  populations of the different states in which it does business, H&R Block Enterprises, Inc.

12  has a less significant presence in California than it does in many of the other states in

13  which it does business. H&R Block Enterprises, Inc. employs .00394% of California's

14  overall population (14,408 employees in a state where the population is 36,553,215).

15  H&R Block Enterprises, Inc. employs .00246% of Alaska's overall population (168

16  employees in a state where the population is 683,478), .00409% of Arizona's overall

17  population (2,595 employees in a state where the population is 6,338,755), .00401% of

18  Colorado's overall population (1,949 employees in a state where the population is

19  4,861,515), .00442% of Hawaii's overall population (567 employees in a state where the

20  population is 1,283,388), .00314% of Idaho's overall population (470 employees in a state

21  where the population is 1,499,402), .00482% of Illinois' overall population (6,189

22  employees in a state where the population is 12,852,548), .00406% of Kansas' overall

23  population (1,127 employees in a state where the population is 2,775,997), .00302% of

24  Minnesota's overall population (1,571 employees in a state where the population is

25  5,197,621), .00275% of Montana's overall population (263 employees in a state where the

26  population is 957,861, .00342% of Nebraska's overall population (607 employees in a

27  state where the population is 1,774,571), .00459% of Nevada's overall population (1,178

28  employees in a state where the population is 2,565,382), .00342% of North Dakota's

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1  overall population (219 employees in a state where the population is 639,715), .00338% of

2  Oregon's overall population (1,267 employees in a state where the population is

3  3,747,455), .00134% of South Dakota's overall population (107 employees in a state

4  where the population is 796,214), .00279% of Utah's overall population (739 employees in

5  a state where the population is 2,645,330), .00228% of Washington's overall population

6  (1,474 employees in a state where the population is 6,468,424), and .00115% of

7  Wyoming's overall population (60 employees in a state where the population is 522,830).[3]

8  Thus, based on this dispersion of its total number of employees, H&R Block Enterprises,

9  Inc. has a smaller per capita presence in California than it does in six of the other states in

10 which it does business.  Indeed, most of the other states in which H&R Block Enterprises,

11 Inc. does business have comparable per capita employee figures to those of California.  In

12 summary, H&R Block Enterprises, Inc.'s employees are spread relatively evenly, on a per

13 capita basis, throughout those states in which it has a presence.

14          b.      The majority of the H&R Block locations in which H&R Block

15 Enterprises, Inc. has employees are located outside of California.  At present, there are

16 3,011 such locations in the 19 states in which H&R Block Enterprises, Inc. does business.

17 See Brown Decl. ¶ 3.  109 of these locations do not provide tax return preparation services.

18 Id.  958 of H&R Block Enterprises, Inc.'s locations are in California.  Id.  The remaining

19 1,944 locations are located in the other 18 states in which H&R Block Enterprises, Inc.

20 does business.  Id.  In terms of the relative impact its locations have on the populations of

21 the states in which it does business, H&R Block Enterprises, Inc.'s presence in California

22 is less significant than it is in a significant majority of the other states in which it does

23 business, in view of both the size and distorting impact of California's large population.

24 Stated in terms of number of H&R Block retail tax locations per one hundred thousand

25 residents, there are 2.048 locations in Alaska (14 locations in a state where the population

26

27 [3]    While H&R Block Enterprises, Inc. does business in Texas, it does not have employees in
that state.  Williams Decl. ¶ 3.  Instead, employees working out of H&R Block Enterprises, Inc.'s
28 Texas locations are employed by a different H&R Block-affiliated entity.  Id.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1   is 683,478), 3.5180 locations in Arizona (223 locations in a state where the population is

2   6,338,755), 2.6208 locations in California (958 locations in a state where the population is

3   36,553,215), 3.4146 locations in Colorado (166 locations in a state where the population is

4   4,861,515), 3.2726 locations in Hawaii (42 locations in a state where the population is

5   1,283,388), 2.8678 locations in Idaho (43 locations in a state where the population is

6   1,499,402), 3.4701 locations in Illinois (446 locations in a state where the population is

7   12,852,548), 2.9539 locations in Kansas (82 locations in a state where the population is

8   2,775,997), 3.0014 locations in Minnesota (156 locations in a state where the population is

9   5,197,621), 2.2968 locations in Montana (22 locations in a state where the population is

10  957,861), 2.3104 locations in Nebraska (41 locations in a state where the population is

11  1,774,571), 3.1574 locations in Nevada (81 locations in a state where the population is

12  2,565,382), 2.8138 locations in North Dakota (17 locations in a state where the population

13  is 639,715), 3.4423 locations in Oregon (129 locations in a state where the population is

14  3,747,455), 0.8791 locations in South Dakota (7 locations in a state where the population is

15  796,214), 1.184 locations in Texas (283 locations in a state where the population is

16  23,904,380), 2.6084 locations in Utah (69 locations in a state where the population is

17  2,645,330), 1.8397 locations in Washington (119 locations in a state where the population

18  is 6,468,424), and 0.7651 locations in Wyoming (4 locations in a state where the

19  population is 522,830).  Thus, based on its number of locations in those states in which it

20  has employees, H&R Block Enterprises, Inc. has a smaller per capita presence in

21  California than it does in two-thirds (12 out of 18) of the other states in which it does

22  business.

23          c.      Based on its number of sales (i.e., preparation of tax returns), the

24  majority of the income earned by H&R Block Enterprises, Inc. is earned outside of

25  California.  Most of the tax returns prepared by H&R Block Enterprises, Inc. are prepared

26  outside of California.  In 2007 – the last full year for which such data is available – H&R

27  Block Enterprises, Inc. prepared 3,332,395 tax returns.  See Declaration of David P. Arndt

28  ("Arndt Decl.") ¶ 2.  Of that number, 1,192,396 tax returns were prepared in the State in

1   California. Id. The other 2,139,999 tax returns prepared by H&R Block Enterprises, Inc.

2   in 2007 were prepared in the remaining 18 states in which H&R Block Enterprises, Inc.

3   does business. Id. In terms of per capita impact of its provision of tax return preparation

4   services on the populations of the states in which it does business, H&R Block Enterprises,

5   Inc.'s presence in California is less significant than it is in seven of those other states,

6   considering the size of California's population. H&R Block Enterprises, Inc. prepared tax

7   returns in 2007 for .0326% of California's population in 2007 (1,192,396 tax returns in a

8   state whose population is 36,553,215). H&R Block Enterprises, Inc., in turn, prepared tax

9   returns for .0306% of Alaska's overall population (20,939 tax returns for a state where the

10  population is 683,478), .0427% of Arizona's overall population (270,944 tax returns for a

11  state where the population is 6,338,755), .0379% of Colorado's overall population

12  (184,038 tax returns for a state where the population is 4,861,515), .0527% of Hawaii's

13  overall population (67,580 tax returns for a state where the population is 1,283,388),

14  .0275% of Idaho's overall population (41,206 tax returns for a state where the population

15  is 1,499,402), .0363% of Illinois's overall population (466,926 tax returns for a state where

16  the population is 12,852,548), .0356% of Kansas' overall population (98,816 tax returns

17  for a state where the population is 2,775,997), .0248% of Minnesota's overall population

18  (128,743 tax returns for a state where the population is 5,197,621), .0254% of Montana's

19  overall population (24,345 tax returns for a state where the population is 957,861, .0330%

20  of Nebraska's overall population (58,536 tax returns for a state where the population is

21  1,774,571), .0165% of Nevada's overall population (42,382 tax returns for a state where

22  the population is 2,565,382), .0276% of North Dakota's overall population (17,658 tax

23  returns for a state where the population is 639,715), .0352% of Oregon's overall

24  population (131,752 tax returns for a state where the population is 3,747,455), .0127% of

25  South Dakota's overall population (10,120 tax returns for a state where the population is

26  796,214), .0150% of Texas' overall population (359,056 tax returns for a state where the

27  population is 23,904,380), .0214% of Utah's overall population (56,487 tax returns for a

28  state where the population is 2,645,330), .0240% of Washington's overall population

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1  (155,458 tax returns for a state where the population is 6,468,424), and .00134% of

2  Wyoming's overall population (7,013 tax returns for a state where the population is

3  522,830).

4          d.      H&R Block Enterprises, Inc.'s executive and administrative functions

5  are not carried out in the State of California, but rather are centrally managed from its

6  corporate headquarters in Kansas City, Missouri.  Wilson Decl. ¶ 2.

7                        H&R Block Tax and Business Services, Inc.

8      21.     Like H&R Block Enterprises, Inc., Defendant H&R Block Tax and Business

9  Services, Inc. is not a citizen of the State of California.  H&R Block Tax and Business

10 Services, Inc. is not incorporated under the laws of California.  Rather, both at the time the

11 Action was commenced and presently, H&R Block Tax and Business Services, Inc. was

12 and is incorporated under the laws of the State of Delaware.  Wilson Decl. ¶ 3.

13     22.     Nor is California the state in which H&R Block Tax and Business Services,

14 Inc. has its principal place of business, since – irrespective of per capita population figures

15 – the amount of business H&R Block Tax and Business Services, Inc. conducts in

16 California does not "substantially predominate" over the amount of business it transacts in

17 other states.  Rather, quite the contrary is true, considering that of H&R Block Tax and

18 Business Services, Inc.'s 36 nationwide locations, only three are in California.  See Brown

19 Decl. ¶ 5.  The remaining 33 H&R Block Tax and Business Services, Inc. locations (i.e.,

20 the locations where its employees work and its sales generated) are scattered elsewhere in

21 the United States.  Id.  Moreover, of the 287 individuals employed nationwide by H&R

22 Block Tax and Business Services, Inc., only 30 of those employees are in California.  C.

23 Williams Decl. ¶ 5.  The other 257 employees of H&R Block Tax and Business Services,

24 Inc. are employed outside of California.  Id.  In addition, H&R Block Tax and Business

25 Services, Inc., generates revenue from tax preparation and related services for individuals

26 and businesses at offices in 4 states.  Arndt Decl. ¶ 3.  In 2007 – the last full year for

27 which such data is available – H&R Block Tax and Business Services, Inc. prepared 471

28 out of 7,415 of its tax returns (just 6.35%) in California.  Id.  All other tax returns are

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1 prepared, and related services performed, by this entity outside of California. Id. Finally,

2 H&R Block Tax and Business Services, Inc.'s executive and administrative operations are

3 centrally managed from its corporate headquarters in Kansas City, Missouri. Wilson Decl.

4 ¶ 3. In view of the foregoing, H&R Block Tax and Business Services, Inc.'s activities do

5 not predominate – let alone "substantially predominate" – in California.

**H&R Block Tax Services, Inc.**

7     23.    As is true of both H&R Block Enterprises, Inc. and H&R Block Tax and

8 Business Services, Inc., Defendant H&R Block Tax Services, Inc. is not a citizen of the

9 State of California. H&R Block Tax Services, Inc. is not incorporated under the laws of

10 California. Rather, at all relevant times, H&R Block Tax Services, Inc. was and is

11 incorporated under the laws of the State of Missouri. Wilson Decl. ¶ 4.

12     24.    Nor is California H&R Block Tax Services, Inc.'s principal place of

13 business, since – even without a consideration of per capita state population figures – its

14 business operations do not "substantially predominate" in California. To the contrary,

15 H&R Block Tax Services, Inc. has no employees or locations in California, and does not

16 prepare tax returns in California. See Brown Decl. ¶ 4; C. Williams Decl. ¶ 4; Arndt Decl.

17 ¶ 4. In addition, H&R Block Tax Services, Inc.'s executive and administrative operations

18 are centrally managed from its corporate headquarters in Kansas City, Missouri. Wilson

19 Decl. ¶ 4. Based on the foregoing, H&R Block Tax Services, Inc.'s activities cannot be

20 said to "substantially predominate" in California.

**The "Nerve Center" Test Applies**

22     25.    Since neither H&R Block Enterprises, Inc.'s, H&R Block Tax and Business

23 Services, Inc.'s, nor H&R Block Tax Services, Inc.'s operations "substantially

24 predominate" in a single state, the Court must apply the "nerve center" test to determine

25 the principal place of business of all three Defendants. See Arellano, supra, 245 F. Supp.

26 2d at 1106; Ho, supra, 143 F. Supp. 2d at 1165. Under the "nerve center" test, the

27 principal place of business is the state where the majority of executive and administrative

28 functions are performed. See Tosco, supra, 236 F.3d at 500. As reflected above, the

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1  "nerve center" – and thus, the principal place of business – for H&R Block Enterprises,
2  Inc., H&R Block Tax and Business Services, Inc., and H&R Block Tax Services, Inc., is
3  Missouri, since it is from those Missouri headquarters that Defendants manage their
4  respective day-to-day operations.   Wilson Decl. ¶¶ 2-4.

5       26.    Because Plaintiff is a citizen of the State of California, and because
6  Defendants each are citizens of the State of Missouri (in the case of H&R Block Tax and
7  Business Services, Inc., it is a citizen of both Missouri and Delaware), the CAFA's
8  requirement of minimal diversity plainly is satisfied here. 28 U.S.C. § 1332(d)(2)(A).

9                    **Amount-in-Controversy**

10      27.    Pursuant to the CAFA, the claims of the individual members in a putative
11  class action are aggregated to determine if the amount-in-controversy exceeds the sum or
12  value of $5,000,000. 28 U.S.C. § 1332(d)(6).

13      28.    In addition, Congress intended that federal jurisdiction properly be exercised
14  under the CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the
15  viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of
16  relief sought (e.g., damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-14,
17  *42.

18      29.    In the Action, Plaintiff seeks, both on her behalf and on behalf of the putative
19  class, compensation and civil penalties for unpaid overtime, compensation for missed meal
20  and rest periods, statutory penalties for failure to issue final paychecks on a timely basis,
21  and restitution and injunctive relief related to alleged unlawful, unfair, and fraudulent
22  business practices committed by Named Defendants. Compl. ¶¶ 6, 31-32, 37, 44-45, 55,
23  57-60. Defendants deny that Plaintiff, or the class of current and former California Office
24  Managers whom she purports to represent, is entitled to any recovery in the Action, and by
25  filing this Notice, Defendants do not waive any defenses that may otherwise be available
26  to Defendants. Without waiving this position, and in light of the allegations in Plaintiff's
27  Complaint, Defendants calculate their base potential liability in the Action as follows:
28  ///

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

30.    California Labor Code sections 510 and 1194 require employers to pay overtime to eligible, non-exempt employees.  Plaintiff alleges that Named Defendants misclassified all Office Managers during the putative class period as exempt from overtime requirements, and further alleges that "Office [Managers] regularly work substantial overtime—often several hours a day during the busy tax season."  Compl. ¶ 3.  Plaintiff further alleges that Office Managers work only during this "busy tax season," which she states typically runs from January until April.  Compl. ¶ 43.  See Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 985-86 (S.D. Cal. 2005) (the amount-in-controversy is properly evaluated based on the plaintiff's allegations and the defendant's own employment data).

31.    Since receiving Plaintiff's Complaint, Defendant H&R Block Enterprises, Inc. has conducted an analysis of certain employment data regarding the number of Office Managers it employed in California from January 17, 2004 until January 17, 2008, as well as the average rates of pay for such employees.  C. Williams Decl. ¶¶ 7-8.  During the purported class period, more than 1,000 current and former employees of H&R Block Enterprises, Inc. were employed as Office Managers in California.  Id. ¶ 7.  During this period, the average hourly rate of pay for California Office Managers employed by H&R Block Enterprises, Inc. – not taking into account any potential bonus eligibility – was $16.32/hour.  Id. ¶ 8.  Accordingly, Office Managers' average overtime (time-and-a-half) rate of pay during this period was $24.48/hour ($16.32/hour x 1.5).  Id.  Taking as true Plaintiff's allegation that Office Managers work only "during the tax season" (typically, January through April), the calculations that follow assume that Office Managers work just 16 weeks during each 52-week calendar year.  Applying this figure, each putative class member would have worked a total of 64 workweeks during the putative class period (16 workweeks x 4 years).  Because not all Office Managers would have been employed by H&R Block Enterprises, Inc. throughout this four-year period, this Notice henceforth assumes a 50% turnover rate during this period, such that the following calculations are based on the estimate that putative class members worked just 32 workweeks during the

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1  relevant four-year period.

2      32.    Assuming Plaintiff claims that each putative class member is entitled to a

3  total of five (5) uncompensated overtime hours per workweek (or, put another way, one

4  hour of overtime per day during a five-day workweek), at the average time-and-a-half

5  overtime rate of $24.48/hour, the potential amount-in-controversy for this claim alone is

6  $3,916,800.00 ($24.48/hour x 5 hours x 32 workweeks x 1,000 potential class members).

7  Built into this figure are several assumptions which, if later proven inaccurate, would lead

8  to an increase – not a decrease – in the overall amount-in-controversy.  These assumptions

9  include: (1) that putative class members worked no more than five overtime hours per

10  workweek (Plaintiff will likely claim additional hours, considering the Complaint's

11  allegation that "Office [Managers] regularly work substantial overtime," Compl. ¶ 3

12  (emphasis added)); (2) a very high (50%) turnover rate among Defendant's Office

13  Managers; (3) that H&R Block Enterprises, Inc. paid no bonus compensation to its Office

14  Managers for work performed during the "busy tax season"; (4) that Office Managers

15  worked no double-time eligible hours during the "busy tax season."

16      33.    California Labor Code section 226.7 and applicable Wage Orders

17  promulgated by California's Industrial Welfare Commission require employers to pay

18  employees one additional hour of pay at the employee's regular rate of compensation for

19  each work day that a meal or rest period is not provided.  Cal. Lab. Code § 226.7.  Plaintiff

20  alleges that Named Defendants maintained a policy or practice of not providing the

21  putative class members with timely and uninterrupted meal periods.  Compl. ¶ 4.  Plaintiff

22  also alleges that Named Defendants failed to "provide" or "ensure" required rest periods.

23  Id.  Finally, Plaintiff alleges that Named Defendants maintained a policy or practice of not

24  paying employees the additional hour of compensation for missed meal or rest periods as

25  required by California Labor Code section 226.7.  Id.  Accepting as true the allegations of

26  the Complaint, if putative class members did not receive, or untimely received, an average

27  of three (3) meal or rest periods during the 32-week period described above, the amount-

28  in-controversy for this claim would be $1,566,720.00, exclusive of interest (32 work weeks

1  x 3 hours of pay x 1,000 putative class members x $16.32 average hourly rate of pay). See

2  also Rippee, supra, 408 F. Supp. 2d at 985-86 (the amount-in-controversy is properly

3  evaluated based on the plaintiff's allegations and the defendant's own employment data).

4  Again, this is a conservative estimate, considering Plaintiff's Complaint allegations that

5  H&R Block Enterprises, Inc.'s Office Managers "regularly are denied off-duty meal and

6  rest periods." Compl. ¶ 4 (emphasis added).

7      34.    California Labor Code section 201 requires employers to pay employees

8  whose employment is discharged their final wages immediately upon discharge.

9  California Labor Code section 202 separately requires employers to pay employees who

10  voluntarily quit their employment all wages due within 72 hours (unless the employee has

11  provided at least 72 hours' notice of his or her intention to quit, in which case their wages

12  are due immediately at the time of quitting).  California Labor Code section 203 provides

13  that an employer who willfully fails to pay all wages due a terminating employee, as

14  required under either Labor Code sections 201 or 202, shall be subject to a penalty

15  equivalent to one day's wages for each day the payment is late, up to 30 calendar days.

16  The statute of limitations for penalty claims is one year; thus, the relevant time period for

17  determining the amount-in-controversy with respect to this claim is January 17, 2007 to

18  January 17, 2008.  Cal. Civ. Proc. § 340(a).  108 California Office Managers either were

19  terminated or voluntarily quit their employment during this period.  C. Williams Decl. ¶ 9.

20  Accepting as true the allegations of the Complaint, if the putative class members whose

21  employment finally and permanently ended in the year before the Complaint was filed did

22  not receive all the wages they were due at the time their employment officially ended, the

23  amount-in-controversy for this claim would exceed $423,014.40, exclusive of interest (108

24  Office Managers x $16.32 per hour x 8 hours per day x 30 calendar days).

25      35.    Attorneys' fees may be included for purposes of determining whether the

26  amount-in-controversy requirement is satisfied.  Lowdermilk v. United States Bank Nat'l

27  Assoc., 479 F.3d 994, 1000 (9th Cir. 2007) ("where an underlying statute authorizes an

28  award of attorneys' fees, either with mandatory or discretionary language, such fees may

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1  be included in the amount in controversy.") (citing Galt G/S v. JSS Scandinavia, 142 F.3d

2  1150, 1155-56 (9th Cir. 1998)).  Plaintiff seeks attorneys' fees pursuant to California

3  Labor Code sections 226.7(b) and 1194(a), as well as California Code of Civil Procedure

4  section 1021.5. Compl. ¶¶ 27, 37, 60, Prayer, p. 14:21-22. Accepting Plaintiff's

5  allegations as true, the total amount-in-controversy in the Action before attorneys' fees

6  could exceed $5,906,534,40 ($1,566,720.00 for meal or rest period payments +

7  $423,014.40 for waiting time penalties + $3,916,800.00 for unpaid overtime).  Assuming a

8  conservative 25% attorneys' fee estimate, the amount-in-controversy in attorneys' fees in

9  this case could exceed $1,476,633.60 ($5,906,534.40 x 25% attorneys' fees).  Therefore,

10  the total potential amount-in-controversy, after attorneys' fees are included, easily exceeds

11  the CAFA's minimum $5,000,000 threshold.

12       36.    Finally, the costs to Defendants of complying with an injunction also may be

13  included for purposes of determining whether the amount-in-controversy requirement is

14  satisfied. See S. Rep. No. 109-14, *42; Rogers v. Central Locating Serv. Ltd., 412 F.

15  Supp. 2d 1171, 1179-80 (W.D. Wash. 2006) ("the 'value' of injunctive relief is determined

16  by calculating the defendant's costs of compliance: 'where the value of a plaintiff's

17  potential recovery … is below the jurisdictional amount, but the potential cost to the

18  defendant of complying with the injunction exceeds that amount, it is the latter that

19  represents the amount in controversy for jurisdictional purposes.'") (quoting In re Ford

20  Motor Co., 264 F.3d 952, 958 (9th Cir. 2001)).  Plaintiff seeks an injunction pursuant to

21  California Business and Professions Code section 17203. Compl. ¶ 55, Prayer, p. 14:11-

22  13. As set forth above, the total amount-in-controversy in the Action far exceeds

23  $5,000,000, not including the cost of any injunctive or declaratory relief sought by

24  Plaintiff.  The costs of complying with an award of injunctive or declaratory relief would

25  only serve to increase the overall amount-in-controversy in the Action.[4]

26  ―――――――――――

27  [4]    Also, because Plaintiff is seeking, in the Complaint's Prayer for Relief, "[s]uch other and
further relief as this Court deems just and proper," she has increased the amount-in-controversy in
the Action by significant measure. See Gilmer v. Walt Disney & Co., 915 F. Supp. 1001, 1011

28  (W.D. Ark. 1996) (denying remand where plaintiff sought "all other relief to which the class may
be entitled," and noting that "plaintiff has attempted to 'have her cake and eat it too'" by arguing

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

37.    Defendants have properly established, by a preponderance of the evidence, that the jurisdictional amount-in-controversy requirement is satisfied here. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2006) (per curiam) (holding that where the plaintiff fails to plead a specific amount of damages, the defendant seeking removal must show "by a preponderance of the evidence that the amount in controversy requirement has been met."). Moreover, the legislative history behind the CAFA makes clear that any doubts regarding the maintenance of class actions in cases where the existence of diversity jurisdiction is alleged should be resolved in favor of federal jurisdiction. S. Rep. No. 109-14, at *42, as reprinted in 2005 U.S.C.C.A.N. 3, **40, 109 S. Rpt. 14 ("if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."); see also In re Textainer, supra, 2005 U.S. Dist. LEXIS 26711, *10.

38.    To the extent Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. § 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367(a).

39.    The United States District Court for the Northern District of California embraces the county and court in which the Action is now pending. 28 U.S.C. § 84(a). Therefore, this Action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a). Intradistrict venue is proper in either the San Francisco or Oakland Division of this Court, since "Plaintiff Williams is and at all relevant times has been a resident of Oakland in Alameda County, California," Compl. ¶ 7, and since "Plaintiff Williams has been employed at H&R Block's location in San Leandro, California." Id. See Civil L.R. 3-2(d)

"in this court that she is only entitled to crumbs," while "carefully preserv[ing] her right to insist that she is entitled to the whole cake when she gets back to state court.").

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1   ("all civil actions which arise in the counties of Alameda, Contra Costa, Del Norte,

2   Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be

3   assigned to the San Francisco Division or the Oakland Division.").

4        40.    Defendants will promptly serve Plaintiff and all other parties with this Notice

5   of Removal, and will promptly file a copy of this Notice of Removal with the clerk of the

6   state court in which the Action is now pending, as required by 28 U.S.C. § 1446(d).

7

8   Dated: March 6, 2008                **BRYAN CAVE LLP**

9                                   Charles B. Jellinek
                                  Karen K. Cain
                                  Jesse E.M. Randolph

10

11                               By: _____

12                                     Jesse E.M. Randolph
                              Attorneys for Defendants

13                               H&R BLOCK ENTERPRISES, INC.; H&R
                              BLOCK TAX AND BUSINESS SERVICES,
                              INC.; and H&R BLOCK TAX SERVICES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

**NOTICE OF REMOVAL**