1    Charles B. Jellinek (*Pro Hac Vice* Application Pending)
     **BRYAN CAVE LLP**
2    211 North Broadway, Suite 3600
     St. Louis, Missouri 63102-2750
3    Telephone:    (314) 259-2000
     Facsimile:    (314) 259-2020
4    Email:        cbjellinek@bryancave.com

5    Karen K. Cain (*Pro Hac Vice* Application Pending)
     **BRYAN CAVE LLP**
6    1200 Main Street, Suite 3500
     Kansas City, Missouri 64105-2100
7    Telephone:    (816) 374-3200
     Facsimile:    (816) 374-3300
8    Email:        karen.cain@bryancave.com

9    Jesse E.M. Randolph (California Bar No. 221060)
     **BRYAN CAVE LLP**
10   1900 Main Street, Suite 700
     Irvine, California 92614-7328
11   Telephone:    (949) 223-7000
     Facsimile:    (949) 223-7100
12   Email:        jesse.randolph@bryancave.com

13   Attorneys for Defendants
     H&R BLOCK ENTERPRISES, INC.;
14   H&R BLOCK TAX AND BUSINESS SERVICES,
     INC.; and H&R BLOCK TAX SERVICES, INC.
15

16                  **UNITED STATES DISTRICT COURT**

17                  **NORTHERN DISTRICT OF CALIFORNIA**

18   ALICE WILLIAMS, on behalf of herself,       Case No.
     and on behalf of all others similarly
19   situated,                                   **C08-01318**    JL

20                        Plaintiff,

21           v.                                   **DECLARATION OF JESSE E.M.
                                                  RANDOLPH IN SUPPORT OF
22   H&R BLOCK FINANCIAL ADVISORS,                DEFENDANTS' NOTICE OF
     INC., H&R BLOCK TAX AND                      REMOVAL**
23   BUSINESS SERVICES, INC., H&R
     BLOCK TAX SERVICES, INC., H&R
24   BLOCK ENTERPRISES, INC., and                 (Alameda County Superior Court
     DOES 1 through 50, inclusive,                Case No. RG08366506)
25
                         Defendants.
26

27

28
     COPY
ORIGINAL
FILED

MAR - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

**DECLARATION OF JESSE E.M. RANDOLPH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

## DECLARATION OF JESSE E.M. RANDOLPH

I, Jesse E.M. Randolph, declare as follows:

1.    I am an attorney admitted to practice before all state and federal courts in the State of California.  I am an associate with Bryan Cave LLP, counsel of record for Defendants H&R Block Enterprises, Inc., H&R Block Tax and Business Services, Inc., and H&R Block Tax Services, Inc. ("Defendants") in this action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would testify competently to such facts.

2.    On January 17, 2008, a putative action was commenced and is currently pending against Defendants in the Superior Court of the State of California, County of Alameda, entitled *Alice Williams, on behalf of herself, and on behalf of all others similarly situated v. H&R Block Financial Advisors, Inc., H&R Block Tax and Business Services, Inc., H&R Block Tax Services, Inc., H&R Block Enterprises, Inc., and Does 1 through 50, inclusive*, Case No. RG08366506 (the "Action").

3.    Attached hereto as Exhibit 1 is a true and correct copy of the Summons and Complaint, and all other pleadings, process, or orders, served on H&R Block Tax and Business Services, Inc. in the Action, via personal service on its statutory agent for process, on February 8, 2008.

4.    Attached hereto as Exhibit 2 is a true and correct copy of the Summons and Complaint, and all other pleadings, process, or orders, served on H&R Block Tax Services, Inc. in the Action, via personal service on its statutory agent for process, on February 21, 2008.

5.    Attached hereto as Exhibit 3 is a true and correct copy of the Summons and Complaint, and all other pleadings, process, or orders, served on H&R Block Enterprises, Inc. in the Action, via personal service on its statutory agent for process, on February 21, 2008.

6.    There have been no further proceedings in the Action, and no other pleadings have been filed and served upon Defendants in the Action.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    7.    According to my review of the official website of the United States Census

2 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

3 for the United States of America is 303,562,738.

4    8.    According to my review of the official website of the United States Census

5 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

6 for the State of Alaska is 683,478. Attached hereto as Exhibit 4 is a true and correct copy

7 of a computer-generated printout from the official website of the United States Census

8 Bureau reflecting this population estimate.

9    9.    According to my review of the official website of the United States Census

10 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

11 for the State of Arizona is 6,338,755. Attached hereto as Exhibit 5 is a true and correct

12 copy of a computer-generated printout from the official website of the United States

13 Census Bureau reflecting this population estimate.

14    10.    According to my review of the official website of the United States Census

15 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

16 for the State of California is 36,553,215. Attached hereto as Exhibit 6 is a true and correct

17 copy of a computer-generated printout from the official website of the United States

18 Census Bureau reflecting this population estimate.

19    11.    According to my review of the official website of the United States Census

20 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

21 for the State of Colorado is 4,861,515. Attached hereto as Exhibit 7 is a true and correct

22 copy of a computer-generated printout from the official website of the United States

23 Census Bureau reflecting this population estimate.

24    12.    According to my review of the official website of the United States Census

25 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

26 for the State of Hawaii is 1,283,388. Attached hereto as Exhibit 8 is a true and correct

27 copy of a computer-generated printout from the official website of the United States

28 Census Bureau reflecting this population estimate.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

DECLARATION OF JESSE E.M. RANDOLPH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

1    13.    According to my review of the official website of the United States Census

2 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

3 for the State of Idaho is 1,499,402. Attached hereto as Exhibit 9 is a true and correct copy

4 of a computer-generated printout from the official website of the United States Census

5 Bureau reflecting this population estimate.

6    14.    According to my review of the official website of the United States Census

7 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

8 for the State of Illinois is 12,852,548. Attached hereto as Exhibit 10 is a true and correct

9 copy of a computer-generated printout from the official website of the United States

10 Census Bureau reflecting this population estimate.

11    15.    According to my review of the official website of the United States Census

12 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

13 for the State of Kansas is 2,775,997. Attached hereto as Exhibit 11 is a true and correct

14 copy of a computer-generated printout from the official website of the United States

15 Census Bureau reflecting this population estimate.

16    16.    According to my review of the official website of the United States Census

17 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

18 for the State of Minnesota is 5,197,621. Attached hereto as Exhibit 12 is a true and correct

19 copy of a computer-generated printout from the official website of the United States

20 Census Bureau reflecting this population estimate.

21    17.    According to my review of the official website of the United States Census

22 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

23 for the State of Montana is 957,861. Attached hereto as Exhibit 13 is a true and correct

24 copy of a computer-generated printout from the official website of the United States

25 Census Bureau reflecting this population estimate.

26    18.    According to my review of the official website of the United States Census

27 Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

28 for the State of Nebraska is 1,774,571. Attached hereto as Exhibit 14 is a true and correct

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1   copy of a computer-generated printout from the official website of the United States
2   Census Bureau reflecting this population estimate.

3       19.    According to my review of the official website of the United States Census
4   Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate
5   for the State of Nevada is 2,565,382. Attached hereto as Exhibit 15 is a true and correct
6   copy of a computer-generated printout from the official website of the United States
7   Census Bureau reflecting this population estimate.

8       20.    According to my review of the official website of the United States Census
9   Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate
10  for the State of North Dakota is 639,715. Attached hereto as Exhibit 16 is a true and
11  correct copy of a computer-generated printout from the official website of the United
12  States Census Bureau reflecting this population estimate.

13      21.    According to my review of the official website of the United States Census
14  Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate
15  for the State of Oregon is 3,747,455. Attached hereto as Exhibit 17 is a true and correct
16  copy of a computer-generated printout from the official website of the United States
17  Census Bureau reflecting this population estimate.

18      22.    According to my review of the official website of the United States Census
19  Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate
20  for the State of South Dakota is 796,214. Attached hereto as Exhibit 18 is a true and
21  correct copy of a computer-generated printout from the official website of the United
22  States Census Bureau reflecting this population estimate.

23      23.    According to my review of the official website of the United States Census
24  Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate
25  for the State of Texas is 23,904,380. Attached hereto as Exhibit 19 is a true and correct
26  copy of a computer-generated printout from the official website of the United States
27  Census Bureau reflecting this population estimate.

28  ///

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1      24.      According to my review of the official website of the United States Census

2  Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

3  for the State of Utah is 2,645,330.  Attached hereto as Exhibit 20 is a true and correct copy

4  of a computer-generated printout from the official website of the United States Census

5  Bureau reflecting this population estimate.

6      25.      According to my review of the official website of the United States Census

7  Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

8  for the State of Washington is 6,468,424.  Attached hereto as Exhibit 21 is a true and

9  correct copy of a computer-generated printout from the official website of the United

10  States Census Bureau reflecting this population estimate.

11      26.      According to my review of the official website of the United States Census

12  Bureau (http://www.census.gov/) on March 4, 2008, the most recent population estimate

13  for the State of Wyoming is 522,830.  Attached hereto as Exhibit 22 is a true and correct

14  copy of a computer-generated printout from the official website of the United States

15  Census Bureau reflecting this population estimate.

16      I declare under penalty of perjury under the laws of the State of California and the

17  United States of America that the foregoing is true and correct.

18      Executed this 6th day of March, 2008, at Irvine, California.

19

20

21                                    Jesse E.M. Randolph

22

23

24

25

26

27

28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

**DECLARATION OF JESSE E.M. RANDOLPH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

**EXHIBIT 1**

2/68/68 @ 2:98

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
H&R Block Financial Advisors, Inc., H&R Block Tax and Business
Services, Inc., H&R Block Tax Services, Inc., H&R Block Enterprises,
Inc., and Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Alice Williams, on behalf of herself, and on behalf of all others similarly
situated

<table>
<tr><td><i>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</i></td></tr>
<tr><td>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JAN 1 7 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By <i>Margaret J. Downie</i><br>Deputy</td></tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

<table>
<tr>
<td>The name and address of the court is:<br><i>(El nombre y dirección de la corte es):</i><br>Superior Court of California, County of Alameda<br>1225 Fallon Street<br>Oakland, CA 94612</td>
<td>CASE NUMBER:<br><i>(Número del Caso):</i><br>RG08366506</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Schneider (#158253), Carolyn H. Cottrell (#166977), W.H. "Hank" Willson, IV (# 233321)
SCHNEIDER & WALLACE 180 Montgomery Street, Suite 2000, San Francisco, CA 94104 (415) 421-7100.

| DATE: **JAN 1 7 2008** | Clerk, by | MARGARET DOWNIE | , Deputy |
|---|---|---|---|
| *(Fecha)* | *Pat S. Sweeten* *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*   H & R BLOCK TAX AND BUSINESS SERVICES INC

   under: ☑ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 2/08/08

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

EXHIBIT 1 PAGE 4

COPY

1  Todd M. Schneider (SBN 158253)
2  Carolyn H. Cottrell (SBN 166977)
   W.H. "Hank" Willson, IV (SBN 233321)
3  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
4  San Francisco, California 94104
   Tel: (415) 421-7100
5  Fax: (415) 421-7105
   TTY: (415) 421-1665
6

7  Alexander G. van Broek (SBN 103891)
   LAW OFFICE OF ALEXANDER G. VAN BROEK
8  1999 Harrison Street, Suite 700
   Oakland, California 94612-3517
9  Tel: (510) 446-1922
   Fax: (510) 446-1911
10

11 Attorneys for Plaintiff and the proposed class

ENDORSED
FILED
ALAMEDA COUNTY

JAN 1 7 2008

CLERK OF THE SUPERIOR COURT
By _Margaret J. Downie_
                        Deputy

12

13              SUPERIOR COURT OF CALIFORNIA

14                  COUNTY OF ALAMEDA

15

16  ALICE WILLIAMS, on behalf of herself, and    Case No. RG 08366506
    on behalf of all others similarly situated,

17                                               **COMPLAINT FOR VIOLATIONS OF THE**
              Plaintiff,                          **LABOR CODE, INDUSTRIAL WELFARE**
18                                               **COMMISSION WAGE ORDERS, AND**
              vs.                                **BUSINESS AND PROFESSIONS CODE**
19                                               **§§17200, et seq.**
    H&R BLOCK FINANCIAL ADVISORS, INC.,
20  H&R BLOCK TAX AND BUSINESS
    SERVICES, INC., H&R BLOCK TAX               **DEMAND FOR A JURY TRIAL**
21  SERVICES, INC., H&R BLOCK
    ENTERPRISES, INC., and DOES 1 through 50,   **CLASS ACTION**
22  inclusive,

23            Defendants.                        **COMPLEX CASE**

24

25

26      Plaintiff Alice Williams ("Plaintiff"), on behalf of herself and all others similarly situated,

27  complains and alleges as follows:

28

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
1

EXHIBIT _1_ PAGE _5_

**INTRODUCTION**

1.    This is a class action against H&R Block Financial Advisors, Inc., H&R Block Tax and Business Services, Inc., H&R Block Tax Services, Inc., and H&R Block Enterprises, Inc. ("H&R Block") to challenge its policy and practice of failing to pay its "Office Leader" (formerly called "Office Manager") employees their overtime wages, and failing to provide its Office Leaders with the meal and rest periods to which they are entitled by law.

2.    H&R Block maintains over 12,500 tax office locations in the United States. At each of its tax offices in California, it employs at least one Office Leader. Despite the fact that Office Leaders spend the vast majority of their time performing non-exempt tasks, H&R Block refuses to pay them overtime compensation for their overtime hours worked. These include, but are not limited to: shutting down and restarting computers; printing refund checks and filing them in a customer's file; cleaning the office; answering phones, making customer appointments, and greeting walk-in customers; ordering supplies from the District Office; generating reports regarding checks received and printed; role-playing customer intake interviews with tax preparers using a script with questions and answers provided; setting up access for tax preparers to H&R Block's computer system; closing the office's cash register and counting the money in the register; meeting with and taking calls from complaining customers; occasionally initiating customer intake interviews for tax preparers; calling technical support regarding computer problems; setting up furniture and equipment; putting out supplies; purchasing supplies; cleaning the office; and printing and processing tax returns rejected by H&R Block's computer system.

3.    H&R Block's Office Leaders regularly work substantial overtime—often several hours a day during the busy tax season—but H&R Block refuses to pay them the overtime wages they are owed.

4.    In addition, H&R Block's Office Leaders regularly are denied off-duty meal and rest periods. Despite the fact that Office Leaders have consistently been denied their lawfully entitled meal and rest periods, H&R Block has not offered to pay its Office Leaders an hour of pay for any missed meal or rest period.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
2

EXHIBIT _1_ PAGE _6_

5.      As a result of these violations, H&R Block is also liable for various other penalties under the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, *et seq.*

6.      Plaintiff seeks full compensation on behalf of herself and all others similarly situated for all unpaid overtime, denied meal and rest periods, and waiting time penalties. Plaintiff further seeks penalties on behalf of herself and the proposed Class for H&R Block's violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders. Plaintiff also seeks declaratory and injunctive relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Labor Code and Code of Civil Procedure §1021.5.

## PARTIES

7.      Plaintiff Alice Williams was employed by H&R Block as an Office Leader during the tax seasons ending in April of 2002, 2003, 2005 and 2006, and is currently employed by H&R Block as an Office Leader for the tax season that will end in April 2008. Tax seasons generally begin between November and January. Plaintiff Williams is and at all relevant times has been a resident of Oakland in Alameda County, California. Plaintiff Williams has been employed at H&R Block's location in San Leandro, California. At all relevant times, she has been an "employee" as that term is used in the California Labor Code and the IWC wage orders regulating wages, hours and working conditions.

8.      Defendant H&R Block is, and at all times has been, a provider of tax preparation and other financial services to consumers throughout the United States. It has hundreds of locations in California.

9.      At all relevant times, H&R Block has done business under the laws of California, has had places of business in California, including in this judicial district, and has employed Class Members in this judicial district. H&R Block is a "person" as defined in California Labor Code §18 and California Business and Professions Code §17201. H&R Block is also an "employer" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
3

EXHIBIT _1_ PAGE _7_

10.     Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1-50, and therefore sue these Defendants by fictitious names. Plaintiff will amend her complaint to state the true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences and damages alleged herein, and that Plaintiff's damages as hereinafter set forth were proximately caused by said Defendants.

11.     Plaintiff is informed and believes and thereon alleges that each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiff as alleged herein.

12.     At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

13.     Throughout this Complaint, any reference to "H&R Block" is intended to refer to all Defendants jointly.

## JURISDICTION

14.     This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid wages and denied meal and rest periods pursuant to the California Labor Code, including Labor Code §§218 and 1194, and the wage orders of the IWC.

15.     This Court has jurisdiction over Plaintiff's and the Class Members' claims for injunctive relief, including restitution of earned wages and benefits, which are the money and property of Plaintiff and the Class Members, arising from H&R Block's unfair competition under Business & Professions Code §§17203 and 17204. This Court also has jurisdiction over Plaintiff's and the Class Members' claims for penalties in violation of the Labor Code pursuant to Business and Professions Code §17202, as well as pursuant to the applicable Labor Code provisions.

## VENUE

16.     Venue as to H&R Block is proper in this County pursuant to Code of Civil Procedure §395(a). H&R Block conducts business, employs Class Members, and has locations in this County, and the events complained of occurred in this County.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
4

EXHIBIT ___ PAGE _____

## FACTUAL ALLEGATIONS

17.    The policies and practices of H&R Block, including failure to pay overtime wages, denial of meal and rest periods, and failure to pay wages upon termination of employment, at all relevant times have been substantially similar, if not identical, throughout the different H&R Block locations in California.

18.    H&R Block fails to pay its Office Leaders overtime compensation for overtime hours worked, in violation of Labor Code §510 and the applicable IWC wage orders. H&R Block willfully classifies its non-exempt Office Leaders as exempt from the overtime provisions of Labor Code §510 and the IWC wage orders. H&R Block's Office Leaders are not exempt from California's overtime laws. They have no discretion in making company policy, and they do not exercise the requisite discretion and independent judgment in the discharge of their duties.

19.    H&R Block's Office Leaders are regularly denied off-duty meal and rest periods. They are frequently forced to eat while working, often have to skip their meal periods altogether, and rarely have a chance to take a rest break. This is in violation of Labor Code §§226.7, 512 and the IWC wage orders.

20.    H&R Block has also failed to pay wages due and owing promptly upon the end of employment of those Office Leaders who have left their employment within the statutory period, in violation of Labor Code §§201-203, as a result of H&R Block's failure to pay overtime wages, and its failure to properly compensate its Office Leaders for the meal and rest periods they are denied.

21.    H&R Block's unlawful conduct has been widespread, repeated, and willful throughout its California locations. H&R Block knew or should have known that its policies and practices have been unlawful and unfair.

## CLASS ALLEGATIONS

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
5

EXHIBIT _1_ PAGE _9_

22.     Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to California Code of Civil Procedure §382.  The Class that Plaintiff seeks to represent is defined as follows:

> All individuals who are currently employed, or formerly have been employed, as Office Leader or Office Manager employees at H&R Block, Inc. locations in California, at any time within four years prior to the filing of this complaint until resolution of this action.

23.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a.     Numerosity:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.

b.     Commonality:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to:

i.     Whether H&R Block's policy of classifying its Office Leaders as exempt from overtime compensation violates the California Labor Code;

ii.     Whether H&R Block's policy of classifying its Office Leaders as exempt from overtime compensation has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

iii.     Whether H&R Block's systemic failure to provide its Office Leaders with an opportunity to schedule and take off-duty meal periods violates the California Labor Code and IWC wage orders;

iv.     Whether H&R Block's systemic failure to schedule or otherwise ensure off-duty rest periods constitutes a violation of its legal obligation to authorize and permit off-duty rest periods;

v.     Whether H&R Block's systemic failure to provide meal and rest breaks to its Office Leaders has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200. *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
6

EXHIBIT  /  PAGE 10

vi.     Whether H&R Block's systemic failure to schedule or otherwise ensure off-duty rest periods has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

vii.     Whether H&R Block's policy and practice of failing to pay its Office Leaders all wages due upon the end of their employment violates the California Labor Code;

viii.     Whether H&R Block's policy and practice of failing to pay its Office Leaders all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

ix.     The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

c.     Typicality: Plaintiff's claims are typical of the claims of the Class. H&R Block's common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the class.

d.     Adequacy of Representation: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff are competent and experienced in litigating large employment class actions, including large minimum wage and overtime class actions. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

e.     Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
7

EXHIBIT  /  PAGE  11

1  to litigate their claims in the manner that is most efficient and economical for the parties and

2  the judicial system.

3

4                          **FIRST CAUSE OF ACTION**
   **Failure to Pay Overtime Wages in Violation of Labor Code §§510 and 1194 and IWC Wage**

5                                **Orders**
                            (Against All Defendants)

6
       24.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

7  forth herein.

8
       25.    California Labor Code §510(a) provides as follows:

9

10     Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one
       workday and any work in excess of 40 hours in any one workweek and the first eight hours
       worked on the seventh day of work in any one workweek shall be compensated at the rate of

11     no less than one and one-half times the regular rate of pay for an employee. Any work in
       excess of 12 hours in one day shall be compensated at the rate of no less than twice the

12     regular rate of pay for an employee. In addition, any work in excess of eight hours on any
       seventh day of a workweek shall be compensated at the rate of no less than twice the regular

13     rate of pay of an employee. Nothing in this section requires an employer to combine more
       than one rate of overtime compensation in order to calculate the amount to be paid to an

14     employee for any hour of overtime work.

15     26.    The IWC Wage Order 7-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states:

16     (3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or
       over and to employees 16 or 17 years of age who are not required by law to attend school

17     and are not otherwise prohibited by law from engaging in the subject work. Such
       employees shall not be employed more than eight (8) hours in any workday or more than 40

18     hours in any workweek unless the employee receives one and one-half (1 ½) times such
       employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight

19     (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any
       workday or more than six (6) days in any workweek is permissible provided the employee is

20     compensated for such overtime at not less than:

21     One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in
       excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight

22     (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

23     Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any
       workday and for all hours worked in excess of eight (8) hours on the seventh (7th)

24     consecutive day of work in a workweek.

25     27.    California Labor Code §1194(a) provides as follows:

26     Notwithstanding any agreement to work for a lesser wage, any employee receiving less than
       the legal minimum wage or the legal overtime compensation applicable to the employee is

27     entitled to recover in a civil action the unpaid balance of the full amount of this minimum
       wage or overtime compensation, including interest thereon, reasonable attorney's fees, and

28     costs of suit.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200. *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
8

EXHIBIT _1_  PAGE 12

28.    California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

29.    H&R Block's across-the-board policy of classifying Plaintiff and other Office Leaders as exempt from the overtime pay entitlements has been unlawful. At no relevant time have Plaintiff and the Class Members been primarily engaged in exempt duties. Neither Paragraph 1 of Wage Order 7-2001 nor any other provision of law has exempted Plaintiff and other Class Members from the right to overtime pay. H&R Block's Office Leaders do not regularly exercise discretion and independent judgment in carrying out their job duties, and have no discretion in making company policy.

30.    Plaintiff and Class Members have worked overtime hours for H&R Block without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

31.    H&R Block has knowingly and willfully refused to perform its obligations to compensate Plaintiff and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

32.    Defendants are liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

33.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**Failure to Provide Meal and Rest Periods
in Violation of California Labor Code §§226.7 and 512; IWC Wage Orders
(Against All Defendants)**

34.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

---

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
*Williams, et al. v. H&R Block, et al.*

9

EXHIBIT _1_ PAGE 13

35.    California Labor Code §§226.7 and 512 and the applicable IWC wage orders require H&R Block to provide meal and rest periods to its Office Leaders.  Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes.  Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

36.    Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

37.    Despite these requirements, H&R Block has knowingly and willfully refused to perform its obligations to provide Plaintiff and the Class with the meal and rest periods to which they are entitled.  H&R Block's conduct described herein violates California Labor Code §§226.7 and 512, and the applicable wage orders.  Therefore, pursuant to Labor Code §226.7(b), Plaintiff and the Class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

38.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**
(Against All Defendants)

39.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

40.    Labor Code §201 provides:

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
10

EXHIBIT *1* PAGE 14

1   If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

2

3   41.   Labor Code §202 provides:

4   If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to

5   quit, in which case the employee is entitled to his or her wages at the time of quitting.

6   42.   Labor Code §203 provides, in relevant part:

7   If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who

8   quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not

9   continue for more than 30 days.

10   43.   Class Members have left their employment with H&R Block during the statutory

11  period, at which time H&R Block owed those Class Members their overtime wages. Because

12  H&R Block only employs Office Leaders during the tax season, each Class Member's

13  employment with H&R Block has ended at the end of each tax season he or she has worked. H&R

14  Block willfully refused and continues to refuse to pay Class Members all the wages that were due

15  and owing them upon the end of employment. As a result of H&R Block's actions, the Class has

16  suffered and continues to suffer substantial losses, including lost earnings and interest.

17   44.   H&R Block's willful failure to pay Class Members the wages due and owing them

18  constitutes a violation of Labor Code §§201-202. As a result, H&R Block is liable to Plaintiff and

19  the Class Members for all penalties owing pursuant to Labor Code §§201-203.

20   45.   In addition, §203 provides that an employee's wages will continue as a penalty up to

21  thirty (30) days from the time the wages were due. Therefore, the Class is entitled to penalties

22  pursuant to Labor Code §203, plus interest.

23   46.   Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

24   47.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

25
### FOURTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§17200, *et seq.***

26   (Against All Defendants)

27   48.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

28  forth herein.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
11

EXHIBIT __/__ PAGE __15__

49.    California Business and Professions Code §§17200 *et seq.* (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

50.    California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

51.    Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

52.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, H&R Block has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

a.    violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

b.    violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks; and

c.    violations of Labor Code §§201-203.

53.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 *et seq.*

54.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200 *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling H&R Block to gain an unfair competitive advantage over law-abiding employers and competitors.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
12

EXHIBIT *1* PAGE *16*

1    55.    Business and Professions Code §17203 provides that a court may make such orders

2    or judgments as may be necessary to prevent the use or employment by any person of any practice

3    which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent

4    H&R Block from repeating its unlawful, unfair and fraudulent business acts and business practices

5    alleged above.

6    56.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff

7    and the Class Members have suffered a loss of money and property, in the form of unpaid wages

8    which are due and payable to them.

9    57.    Business and Professions Code §17203 provides that the Court may restore to any

10    person in interest any money or property which may have been acquired by means of such unfair

11    competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and Professions

12    Code §17203 for all wages and payments unlawfully withheld from employees during the four-

13    year period prior to the filing of this Complaint.

14    58.    Business and Professions Code §17202 provides: "Notwithstanding Section 3369 of

15    the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or

16    penal law in a case of unfair competition."  Plaintiff and Class Members are entitled to enforce all

17    applicable penalty provisions of the Labor Code pursuant to Business and Professions Code

18    §17202.

19    59.    Plaintiff's success in this action will enforce important rights affecting the public

20    interest and in that regard Plaintiff sues on behalf of herself as well as others similarly situated.

21    Plaintiff and the Class seek and are entitled to unpaid wages, declaratory and injunctive relief, and

22    all other equitable remedies owing to them.

23    60.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

24    There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

25    public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to

26    pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to

27    Code of Civil Procedure §1021.5 and otherwise.

28    61.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200. *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*

13

EXHIBIT _/_  PAGE _17_

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.      For an order certifying this action as a class action under California Code of Civil Procedure §382, as alleged herein, appointing Plaintiff's as a Class Representatives, and Plaintiff's attorneys as Class Counsel;

2.      For a declaratory judgment that H&R Block has violated the California Labor Code and public policy as alleged herein;

3.      For a declaratory judgment that H&R Block has violated Business and Professions Code §§17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

4.      For preliminary, permanent and mandatory injunctive relief prohibiting H&R Block, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

5.      For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

6.      For an order awarding Plaintiff and the Class compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

7.      For an order awarding Plaintiff and the Class civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

8.      For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure §1021.5; and/or other applicable law;

9.      For all costs of suit; and

10.     For such other and further relief as this Court deems just and proper.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
14

EXHIBIT _/_  PAGE 18

1  Respectfully submitted,

2  Dated:  January 15, 2008                    SCHNEIDER & WALLACE

3                                              LAW OFFICE OF ALEXANDER G. VAN
                                                  BROEK
4

5                                              Hank Willson
                                               Counsel for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200. *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
15

EXHIBIT __1__ PAGE __19__

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to

3    a jury.

4

5    Respectfully submitted,

6    Dated: January 15, 2008                    SCHNEIDER & WALLACE

7                                               LAW OFFICE OF ALEXANDER G. VAN
                                                    BROEK
8
9                                               _____
                                                Hank Willson
10                                              Counsel for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200. *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*
16.

**EXHIBIT** / **PAGE** 20



COPY

1   Todd M. Schneider (SBN 158253)
    Carolyn H. Cottrell (SBN 166977)
2   W.H. "Hank" Willson, IV (SBN 233321)
    SCHNEIDER & WALLACE
3   180 Montgomery Street, Suite 2000
    San Francisco, California 94104
4   Tel: (415) 421-7100
    Fax: (415) 421-7105
5   TTY: (415) 421-1665
6
7   Alexander G. van Broek (SBN 103891)
    LAW OFFICE OF ALEXANDER G. VAN BROEK
8   1999 Harrison Street, Suite 700
    Oakland, California 94612-3517
9   Tel: (510) 446-1922
    Fax: (510) 446-1911
10
11  Attorneys for Plaintiffs and the proposed Class
12
13                  SUPERIOR COURT OF CALIFORNIA
14                     COUNTY OF ALAMEDA
15
16  ALICE WILLIAMS, on behalf of herself, and      Case No.   RG 08366506
    on behalf of all others similarly situated,
17                                                  DECLARATION OF TODD M.
18            Plaintiff,                            SCHNEIDER IN SUPPORT OF
                                                    DETERMINATION THAT CASE IS
19       vs.                                        COMPLEX UNDER CRC 3.400
20  H&R BLOCK FINANCIAL ADVISORS, INC.,
    H&R BLOCK TAX AND BUSINESS
21  SERVICES, INC., H&R BLOCK TAX
    SERVICES, INC., H&R BLOCK
22  ENTERPRISES, INC., and DOES 1 through 50,
    inclusive,
23
              Defendants.
24
25
26
27
28

ENDORSED
FILED
ALAMEDA COUNTY

JAN 1 7 2008

CLERK OF THE SUPERIOR COURT
By _Margaret J. Dorsaie_
                        Deputy

SCHNEIDER
& WALLACE

DECLARATION OF TODD SCHNEIDER IN SUPPORT OF DETERMINATION THAT CASE IS COMPLEX
*Williams v. H&R Block, et al.*

EXHIBIT _1_ PAGE _21_

1    I, Todd M. Schneider, hereby declare as follows:

2    1.    I am a partner of Schneider & Wallace in San Francisco, California, and counsel of

3    record for Plaintiff in the above-referenced action. Each of the facts set forth herein is true and

4    correct within my personal knowledge, and if called and sworn as a witness, I would competently

5    testify thereto.

6    2.    I have litigated numerous wage and hour class and collective actions in state and

7    federal court, including the Superior Court of California for the County of Alameda. Based on my

8    experience, I regard this case to be complex within the meaning of California Rule of Court

9    ("CRC") 3.400. I believe that it will benefit from a complex case determination and single

10   assignment, in terms of overall judicial efficiency and other case management issues.

11   3.    Plaintiff's complaint alleges that Defendant H&R Block misclassifies its Office

12   Leader employees as exempt from the overtime laws and fails to pay them overtime compensation

13   for overtime hours worked, and fails to provide its Office Leader employees with off-duty meal

14   and rest periods to which they are entitled. The complexity of this case arises from (1) the two

15   distinct wage and hour violations which Plaintiff alleges as a result of H&R Block's policies and

16   practices, and (2) the underlying legal questions which these claims raise. Unlike other wage and

17   hour cases which may allege a single underlying violation from which all the other claims flow,

18   Plaintiff here alleges that H&R Block has violated the Labor Code rights of its Office Leader

19   employees in two distinct ways.

20   4.    This case is a "complex case" as that term is defined by CRC 3.400(a), in that it will

21   require exceptional judicial management to avoid placing unnecessary burdens on the court and the

22   litigants to expedite the case, keep costs reasonable, and promote effective decision making.

23   5.    This case will require several pre-trial motions, including, for example, motions for

24   class certification and summary judgment by Plaintiff. All of the anticipated motions in this

25   action, including discovery motions, motion for class certification, and motions for summary

26   judgment, will likely involve many of the same underlying set of facts and law. This case will

27   involve running themes and issues that will best be handled by a single judge.

28

SCHNEIDER
& WALLACE

DECLARATION OF TODD SCHNEIDER IN SUPPORT OF DETERMINATION THAT CASE IS COMPLEX
*Williams v. H&R Block, et al.*

1

**EXHIBIT** / **PAGE** 22

1    6.    This case will most likely involve a large number of witnesses and a substantial

2    amount of documentary evidence, since the case involves a policy and practice of H&R Block that

3    applies and has applied to all of its Office Leader employees throughout California.

4    7.    Post-judgment judicial supervision may be necessary in this case because Plaintiff

5    seeks injunctive relief on behalf of herself and the members of the proposed class of H&R Block

6    Office Leader employees.  Plaintiff seeks to enjoin H&R Block from continuing certain policies

7    and practices regarding overtime and meal and rest periods.

8    8.    This case is provisionally complex under CRC 3.400(c), as it is a class action.  This

9    County does not have a local rule declaring that cases such as this one are not provisionally

10    complex.

11

12    I declare under penalty of perjury under the laws of the United States that the foregoing is

13    true and correct.

14    Executed on this 14th day of January, 2008, in San Francisco, California.

15

16

17    Todd M. Schneider

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Todd M. Schneider (SBN 158253), Ca[?] n H. Cottrell (SBN 166977)
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco CA 94104

TELEPHONE NO.: 415 421 7100    FAX NO.: 415 421 7105
ATTORNEY FOR *(Name):* Plaintiff, Alice Williams, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: René C. Davidson Alameda County Courthouse

**FOR COURT USE ONLY**

ENDORSED
FILED
ALAMEDA COUNTY

JAN 1 7 2008

CLERK OF THE SUPERIOR COURT,
By *Morgan S. Browne*
                              Deputy

CASE NAME:
Alice Williams, et al., v. H&R Block, et al.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | CASE NUMBER: RG 08366506 |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 17, 2008
W. H. "Hank" Willson, IV
_____
(TYPE OR PRINT NAME)                              ►*Hank W[...]*
                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |
|---|---|---|

EXHIBIT _1_ PAGE 23

F. ADDENDUM TO CIVIL CASE COVER SHEE                 *Unified Rules of the Superior Court of California, County of Alameda*

Short Title: Williams, et al., v. H&R Block, et al.                 Case Number:

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | | | [ ] Hayward Hall of Justice (447) |
|---|---|---|---|---|
| [✓] Oakland, Rene C. Davidson Alameda County Courthouse (446) | | | | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (check only one) |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [✓] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes    [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

A-13

202-19 (5/1/00)                 www.CalCourtForms.com

EXHIBIT / PAGE 24

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

### GENERAL INFORMATION ABOUT ADR

#### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

#### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

#### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

EXHIBIT _1_ PAGE _26_

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### *Mediation*

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### *Arbitration*

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### *Neutral Evaluation*

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

EXHIBIT __1__ PAGE 28

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940    fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377    fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

Rev 4/05

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

Rev 4/05

EXHIBIT _1_ PAGE 32

# ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

**ADR Program Administrator**

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

**The Judicial Arbitration Process**

### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

### Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

### Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

### Award of Arbitrator *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

Rev 4/05

EXHIBIT _I_ PAGE 33

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

**ADR Program Administrator**

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

**The Judicial Arbitration Process**

   **Appointment of Arbitrator** (must be appointed within 30 days after referral per *CRC 1605*).
   ⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

   ⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

   ⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

   **Assignment of Case *(CRC 1605a(4))***
   ⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

   **Hearings *(CRC 1611)***
   ⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

   **Award of Arbitrator** *(CRC 1615b & c)*
   ⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

   ⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

   **Return of Case to Court**
   ⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

   ⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

   ⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

Rev 4/05

EXHIBIT _1_ PAGE 39

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2ⁿᵈ Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| ☐ Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | ☐ Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Defendant

Case No.: _____

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

**EXHIBIT** _1_ **PAGE** 36

Schneider & Wallace
Attn: Willson, W. Hank
180 Montgomery Street
Suite 2000
San Francisco, CA  94104

H&R Block Financial Advisors, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Williams

Plaintiff/Petitioner(s)

VS.

H&R Block Financial Advisors, Inc.

Defendant/Respondent(s)
(Abbreviated Title)

No. RG08366506

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 03/21/2008    TIME: 11:00 AM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 04/22/2008    TIME: 02:00 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.260, the above-entitled matter is set for a Complex Litigation Determination Hearing.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6938.  Please consult Local Rule 3.30 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

**EXHIBIT _1_ PAGE 37**

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 267-6938.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  01/18/2008                                  Executive Officer / Clerk of the Superior Court

                                          By      _____
                                                                          Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 01/18/2008.

                                          By      _____
                                                                          Deputy Clerk

EXHIBIT  /  PAGE 38

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

**Instructions to Plaintiff / Cross-Complainant**

---

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff
is required to serve a copy of this ADR information package on each defendant.

---

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the
complaint, an Alternative Dispute Resolution (ADR) information package that
includes, at a minimum, all of the following:

   (1) General information about the potential advantages and disadvantages
   of ADR and descriptions of the principal ADR processes . . . .

   (2) Information about the ADR programs available in that court . . .

   (3) In counties that are participating in the Dispute Resolution Programs
   Act (DRPA), information about the availability of local dispute resolution
   programs funded under the DRPA . . .

   (4) An ADR stipulation form that parties may use to stipulate to the use
   of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on
each defendant along with the complaint. Cross-complainants must serve a
copy of the ADR information package on any new parties to the action
along with the cross-complaint.**

Rev 4/05

EXHIBIT __/__ PAGE 39

**EXHIBIT 3**

*2·21·08*
*2:45pm*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
H&R Block Financial Advisors, Inc., H&R Block Tax and Business Services, Inc., H&R Block Tax Services, Inc., H&R Block Enterprises, Inc., and Does 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Alice Williams, on behalf of herself, and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER<br>*(Número del Caso).* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Schneider (#158253), Carolyn H. Cottrell (#166977), W.H. "Hank" Willson, IV (# 233321)
SCHNEIDER & WALLACE 180 Montgomery Street, Suite 2000, San Francisco, CA 94104 (415) 421-7100

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | Clerk, by _____ | , Deputy | |
| | *(Secretario)* | *(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☑ on behalf of *(specify):* H&R Block Enterprises, INC. |
| | under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT 3 PAGE 76**



1  Todd M. Schneider (SBN 158253)
2  Carolyn H. Cottrell (SBN 166977)
   W.H. "Hank" Willson, IV (SBN 233321)
3  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
4  San Francisco, California 94104
   Tel: (415) 421-7100
5  Fax: (415) 421-7105
   TTY: (415) 421-1665
6

7  Alexander G. van Broek (SBN 103891)
   LAW OFFICE OF ALEXANDER G. VAN BROEK
8  1999 Harrison Street, Suite 700
   Oakland, California 94612-3517
9  Tel: (510) 446-1922
   Fax: (510) 446-1911
10

11  Attorneys for Plaintiff and the proposed class

12

13              SUPERIOR COURT OF CALIFORNIA

14                  COUNTY OF ALAMEDA

15

16  ALICE WILLIAMS, on behalf of herself, and       Case No. RG 08366506
    on behalf of all others similarly situated,

17                                                   COMPLAINT FOR VIOLATIONS OF THE
              Plaintiff,                             LABOR CODE, INDUSTRIAL WELFARE
18                                                   COMMISSION WAGE ORDERS, AND
         vs.                                         BUSINESS AND PROFESSIONS CODE
19                                                   §§17200, et seq.
    H&R BLOCK FINANCIAL ADVISORS, INC.,
20  H&R BLOCK TAX AND BUSINESS
    SERVICES, INC., H&R BLOCK TAX                    DEMAND FOR A JURY TRIAL
21  SERVICES, INC., H&R BLOCK
    ENTERPRISES, INC., and DOES 1 through 50,        CLASS ACTION
22  inclusive,
                                                     COMPLEX CASE
23            Defendants.

24

25

26       Plaintiff Alice Williams ("Plaintiff"), on behalf of herself and all others similarly situated,

27  complains and alleges as follows:

28

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
*Williams, et al v. H&R Block, et al*

1

ENDORSED
FILED
ALAMEDA COUNTY

JAN 1 7 2008

CLERK OF THE SUPERIOR COURT
By Margar & J. Downie
                    Deputy

EXHIBIT 3  PAGE 79

## INTRODUCTION

1.    This is a class action against H&R Block Financial Advisors, Inc., H&R Block Tax and Business Services, Inc., H&R Block Tax Services, Inc., and H&R Block Enterprises, Inc. ("H&R Block") to challenge its policy and practice of failing to pay its "Office Leader" (formerly called "Office Manager") employees their overtime wages, and failing to provide its Office Leaders with the meal and rest periods to which they are entitled by law.

2.    H&R Block maintains over 12,500 tax office locations in the United States. At each of its tax offices in California, it employs at least one Office Leader.  Despite the fact that Office Leaders spend the vast majority of their time performing non-exempt tasks, H&R Block refuses to pay them overtime compensation for their overtime hours worked.  These include, but are not limited to: shutting down and restarting computers; printing refund checks and filing them in a customer's file; cleaning the office; answering phones, making customer appointments, and greeting walk-in customers; ordering supplies from the District Office; generating reports regarding checks received and printed; role-playing customer intake interviews with tax preparers using a script with questions and answers provided; setting up access for tax preparers to H&R Block's computer system; closing the office's cash register and counting the money in the register; meeting with and taking calls from complaining customers; occasionally initiating customer intake interviews for tax preparers; calling technical support regarding computer problems; setting up furniture and equipment; putting out supplies; purchasing supplies; cleaning the office; and printing and processing tax returns rejected by H&R Block's computer system.

3.    H&R Block's Office Leaders regularly work substantial overtime—often several hours a day during the busy tax season—but H&R Block refuses to pay them the overtime wages they are owed.

4.    In addition, H&R Block's Office Leaders regularly are denied off-duty meal and rest periods.  Despite the fact that Office Leaders have consistently been denied their lawfully entitled meal and rest periods, H&R Block has not offered to pay its Office Leaders an hour of pay for any missed meal or rest period.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ.
Williams, et al. v. H&R Block, et al
2

EXHIBIT 3 PAGE 80

5.　　As a result of these violations, H&R Block is also liable for various other penalties under the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, et seq.

6.　　Plaintiff seeks full compensation on behalf of herself and all others similarly situated for all unpaid overtime, denied meal and rest periods, and waiting time penalties. Plaintiff further seeks penalties on behalf of herself and the proposed Class for H&R Block's violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders. Plaintiff also seeks declaratory and injunctive relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Labor Code and Code of Civil Procedure §1021.5.

## PARTIES

7.　　Plaintiff Alice Williams was employed by H&R Block as an Office Leader during the tax seasons ending in April of 2002, 2003, 2005 and 2006, and is currently employed by H&R Block as an Office Leader for the tax season that will end in April 2008. Tax seasons generally begin between November and January. Plaintiff Williams is and at all relevant times has been a resident of Oakland in Alameda County, California. Plaintiff Williams has been employed at H&R Block's location in San Leandro, California. At all relevant times, she has been an "employee" as that term is used in the California Labor Code and the IWC wage orders regulating wages, hours and working conditions.

8.　　Defendant H&R Block is, and at all times has been, a provider of tax preparation and other financial services to consumers throughout the United States. It has hundreds of locations in California.

9.　　At all relevant times, H&R Block has done business under the laws of California, has had places of business in California, including in this judicial district, and has employed Class Members in this judicial district. H&R Block is a "person" as defined in California Labor Code §18 and California Business and Professions Code §17201. H&R Block is also an "employer" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
Williams, et al. v. H&R Block, et al.
3

EXHIBIT 3 PAGE 81

10.     Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1-50, and therefore sue these Defendants by fictitious names. Plaintiff will amend her complaint to state the true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences and damages alleged herein, and that Plaintiff's damages as hereinafter set forth were proximately caused by said Defendants.

11.     Plaintiff is informed and believes and thereon alleges that each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiff as alleged herein.

12.     At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

13.     Throughout this Complaint, any reference to "H&R Block" is intended to refer to all Defendants jointly.

## JURISDICTION

14.     This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid wages and denied meal and rest periods pursuant to the California Labor Code, including Labor Code §§218 and 1194, and the wage orders of the IWC.

15.     This Court has jurisdiction over Plaintiff's and the Class Members' claims for injunctive relief, including restitution of earned wages and benefits, which are the money and property of Plaintiff and the Class Members, arising from H&R Block's unfair competition under Business & Professions Code §§17203 and 17204. This Court also has jurisdiction over Plaintiff's and the Class Members' claims for penalties in violation of the Labor Code pursuant to Business and Professions Code §17202, as well as pursuant to the applicable Labor Code provisions.

## VENUE

16.     Venue as to H&R Block is proper in this County pursuant to Code of Civil Procedure §395(a). H&R Block conducts business, employs Class Members, and has locations in this County, and the events complained of occurred in this County.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
*Williams, et al. v. H&R Block, et al*
4

EXHIBIT 3 PAGE 82

1

2

3
## FACTUAL ALLEGATIONS

4        17.    The policies and practices of H&R Block, including failure to pay overtime wages,

5 denial of meal and rest periods, and failure to pay wages upon termination of employment, at all

6 relevant times have been substantially similar, if not identical, throughout the different H&R Block

7 locations in California.

8        18.    H&R Block fails to pay its Office Leaders overtime compensation for overtime

9 hours worked, in violation of Labor Code §510 and the applicable IWC wage orders. H&R Block

10 willfully classifies its non-exempt Office Leaders as exempt from the overtime provisions of Labor

11 Code §510 and the IWC wage orders. H&R Block's Office Leaders are not exempt from

12 California's overtime laws. They have no discretion in making company policy, and they do not

13 exercise the requisite discretion and independent judgment in the discharge of their duties.

14        19.    H&R Block's Office Leaders are regularly denied off-duty meal and rest periods.

15 They are frequently forced to eat while working, often have to skip their meal periods altogether,

16 and rarely have a chance to take a rest break. This is in violation of Labor Code §§226.7, 512 and

17 the IWC wage orders.

18        20.    H&R Block has also failed to pay wages due and owing promptly upon the end of

19 employment of those Office Leaders who have left their employment within the statutory period,

20 in violation of Labor Code §§201-203, as a result of H&R Block's failure to pay overtime wages,

21 and its failure to properly compensate its Office Leaders for the meal and rest periods they are

22 denied.

23        21.    H&R Block's unlawful conduct has been widespread, repeated, and willful

24 throughout its California locations. H&R Block knew or should have known that its policies and

25 practices have been unlawful and unfair.

26
## CLASS ALLEGATIONS

27

28

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200 *ET SEQ.*
*Williams, et al. v. H&R Block, et al.*

EXHIBIT 3 PAGE 83

22.  Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to California Code of Civil Procedure §382. The Class that Plaintiff seeks to represent is defined as follows:

> All individuals who are currently employed, or formerly have been employed, as Office Leader or Office Manager employees at H&R Block. Inc. locations in California, at any time within four years prior to the filing of this complaint until resolution of this action.

23.  This action has been brought and may properly be maintained as a class action under Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a.  Numerosity: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.

b.  Commonality: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

i.  Whether H&R Block's policy of classifying its Office Leaders as exempt from overtime compensation violates the California Labor Code;

ii.  Whether H&R Block's policy of classifying its Office Leaders as exempt from overtime compensation has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

iii.  Whether H&R Block's systemic failure to provide its Office Leaders with an opportunity to schedule and take off-duty meal periods violates the California Labor Code and IWC wage orders;

iv.  Whether H&R Block's systemic failure to schedule or otherwise ensure off-duty rest periods constitutes a violation of its legal obligation to authorize and permit off-duty rest periods;

v.  Whether H&R Block's systemic failure to provide meal and rest breaks to its Office Leaders has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
*Williams, et al v. H&R Block, et al.*
6

EXHIBIT 3 PAGE 84

vi.    Whether H&R Block's systemic failure to schedule or otherwise ensure off-duty rest periods has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

vii.    Whether H&R Block's policy and practice of failing to pay its Office Leaders all wages due upon the end of their employment violates the California Labor Code;

viii.    Whether H&R Block's policy and practice of failing to pay its Office Leaders all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 *et seq.*;

ix.    The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

c.    Typicality: Plaintiff's claims are typical of the claims of the Class. H&R Block's common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the class.

d.    Adequacy of Representation: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff are competent and experienced in litigating large employment class actions, including large minimum wage and overtime class actions. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

e.    Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons

SCHNEIDER
& WALLACE

EXHIBIT 3   PAGE 53

to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

### FIRST CAUSE OF ACTION
**Failure to Pay Overtime Wages in Violation of Labor Code §§510 and 1194 and IWC Wage Orders**
(Against All Defendants)

24.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

25.    California Labor Code §510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

26.    The IWC Wage Order 7-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states:

(3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

27.    California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, 17 SEQ
*Williams, et al. v. H&R Block, et al*

8

EXHIBIT 3 PAGE 86

28.    California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

29.    H&R Block's across-the-board policy of classifying Plaintiff and other Office Leaders as exempt from the overtime pay entitlements has been unlawful. At no relevant time have Plaintiff and the Class Members been primarily engaged in exempt duties. Neither Paragraph 1 of Wage Order 7-2001 nor any other provision of law has exempted Plaintiff and other Class Members from the right to overtime pay. H&R Block's Office Leaders do not regularly exercise discretion and independent judgment in carrying out their job duties, and have no discretion in making company policy.

30.    Plaintiff and Class Members have worked overtime hours for H&R Block without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

31.    H&R Block has knowingly and willfully refused to perform its obligations to compensate Plaintiff and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

32.    Defendants are liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

33.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Failure to Provide Meal and Rest Periods
### in Violation of California Labor Code §§226.7 and 512; IWC Wage Orders
### (Against All Defendants)

34.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

SCHNEIDER & WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
Williams, et al. v. H&R Block, et al.
9

EXHIBIT 3 PAGE 80

1     35.    California Labor Code §§226.7 and 512 and the applicable IWC wage orders require

2  H&R Block to provide meal and rest periods to its Office Leaders. Labor Code §§226.7 and 512

3  and the IWC wage orders prohibit employers from employing an employee for more than five

4  hours without a meal period of not less than 30 minutes, and from employing an employee more

5  than ten hours per day without providing the employee with a second meal period of not less than

6  30 minutes. Section 226.7 and the applicable wage orders also require employers to provide

7  employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay

8  employees their full wages during those rest periods. Unless the employee is relieved of all duty

9  during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty"

10  and the meal or rest period is counted as time worked under the applicable wage orders.

11     36.    Under §226.7(b) and the applicable wage orders, an employer who fails to provide a

12  required meal period must, as compensation, pay the employee one hour of pay at the employee's

13  regular rate of compensation for each workday that the meal period was not provided. Similarly,

14  an employer must pay an employee denied a required rest period one hour of pay at the employee's

15  regular rate of compensation for each workday that the rest period was not provided.

16     37.    Despite these requirements, H&R Block has knowingly and willfully refused to

17  perform its obligations to provide Plaintiff and the Class with the meal and rest periods to which

18  they are entitled. H&R Block's conduct described herein violates California Labor Code §§226.7

19  and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226.7(b), Plaintiff

20  and the Class are entitled to compensation for the failure to provide meal and rest periods, plus

21  interest, attorneys' fees, expenses and costs of suit.

22     38.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

23          **THIRD CAUSE OF ACTION**

      **Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**

24                 (Against All Defendants)

25     39.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

26  forth herein.

27     40.    Labor Code §201 provides:

28

**EXHIBIT 3 PAGE 88**

1    If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

2

3    41.    Labor Code §202 provides:

4    If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to

5    quit, in which case the employee is entitled to his or her wages at the time of quitting.

6    42.    Labor Code §203 provides, in relevant part:

7    If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who

8    quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not

9    continue for more than 30 days.

10    43.    Class Members have left their employment with H&R Block during the statutory

11    period, at which time H&R Block owed those Class Members their overtime wages. Because

12    H&R Block only employs Office Leaders during the tax season, each Class Member's

13    employment with H&R Block has ended at the end of each tax season he or she has worked. H&R

14    Block willfully refused and continues to refuse to pay Class Members all the wages that were due

15    and owing them upon the end of employment. As a result of H&R Block's actions, the Class has

16    suffered and continues to suffer substantial losses, including lost earnings and interest.

17    44.    H&R Block's willful failure to pay Class Members the wages due and owing them

18    constitutes a violation of Labor Code §§201-202. As a result, H&R Block is liable to Plaintiff and

19    the Class Members for all penalties owing pursuant to Labor Code §§201-203.

20    45.    In addition, §203 provides that an employee's wages will continue as a penalty up to

21    thirty (30) days from the time the wages were due. Therefore, the Class is entitled to penalties

22    pursuant to Labor Code §203, plus interest.

23    46.    Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

24    47.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

25    **FOURTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§17200, et seq.**

26    (Against All Defendants)

27    48.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

28    forth herein.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
*Williams, et al v. H&R Block, et al*

11

EXHIBIT _3_ PAGE 89

49.     California Business and Professions Code §§17200 *et seq.* (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

50.     California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

51.     Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

52.     Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, H&R Block has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

> a.   violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;
>
> b.   violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks; and
>
> c.   violations of Labor Code §§201-203.

53.     The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 *et seq.*

54.     The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200 *et seq.* Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling H&R Block to gain an unfair competitive advantage over law-abiding employers and competitors.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.*
*Williams, et al. v. H&R Block, et al*
12

EXHIBIT 3 PAGE 90

55.  Business and Professions Code §17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent H&R Block from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above.

56.  As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

57.  Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code §17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

58.  Business and Professions Code §17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code §17202.

59.  Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of herself as well as others similarly situated.  Plaintiff and the Class seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

60.  Plaintiff herein takes upon herself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

61.  Wherefore, Plaintiff and the Class request relief as hereinafter provided.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200. ET SEQ.
Williams, et al. v. H&R Block, et al.
13

EXHIBIT 3 PAGE 91

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    For an order certifying this action as a class action under California Code of Civil Procedure §382, as alleged herein, appointing Plaintiff's as a Class Representatives, and Plaintiff's attorneys as Class Counsel;

2.    For a declaratory judgment that H&R Block has violated the California Labor Code and public policy as alleged herein;

3.    For a declaratory judgment that H&R Block has violated Business and Professions Code §§17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

4.    For preliminary, permanent and mandatory injunctive relief prohibiting H&R Block, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

5.    For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

6.    For an order awarding Plaintiff and the Class compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

7.    For an order awarding Plaintiff and the Class civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

8.    For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure §1021.5; and/or other applicable law;

9.    For all costs of suit; and

10    For such other and further relief as this Court deems just and proper.

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ
Williams et al v. H&R Block, et al.
14.

EXHIBIT 3 PAGE 92

1    Respectfully submitted,

2    Dated.  January 15, 2008

3                                                    SCHNEIDER & WALLACE

                                                     LAW OFFICE OF ALEXANDER G  VAN
                                                        BROEK
4

5                                                    _Hank Wi_____

                                                     Hank Willson
6                                                    Counsel for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200. ET SEQ.
Williams, et al  v. H&R Block, et al.
15

EXHIBIT 3  PAGE 93

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully submitted,

Dated: January 15, 2008

SCHNEIDER & WALLACE
LAW OFFICE OF ALEXANDER G. VAN BROEK

Hank Willson
Counsel for Plaintiff

SCHNEIDER
& WALLACE

COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.
*Williams, et al v. H&R Block, et al*
16

EXHIBIT 3 PAGE 94



1    Todd M. Schneider (SBN 158253)
     Carolyn H. Cottrell (SBN 166977)
2    W.H. "Hank" Willson, IV (SBN 233321)
     SCHNEIDER & WALLACE
3    180 Montgomery Street, Suite 2000
     San Francisco, California 94104
4    Tel: (415) 421-7100
     Fax: (415) 421-7105
5    TTY: (415) 421-1665

6

7    Alexander G. van Broek (SBN 103891)
     LAW OFFICE OF ALEXANDER G. VAN BROEK
8    1999 Harrison Street, Suite 700
     Oakland, California 94612-3517
9    Tel: (510) 446-1922
     Fax: (510) 446-1911
10

11   Attorneys for Plaintiffs and the proposed Class

12

13                    SUPERIOR COURT OF CALIFORNIA

14                         COUNTY OF ALAMEDA

15

16   ALICE WILLIAMS, on behalf of herself, and     Case No.  RG 08366506
     on behalf of all others similarly situated,
17
                                                    DECLARATION OF TODD M.
18            Plaintiff,                             SCHNEIDER IN SUPPORT OF
                                                    DETERMINATION THAT CASE IS
19        vs.                                       COMPLEX UNDER CRC 3.400

20   H&R BLOCK FINANCIAL ADVISORS, INC.,
     H&R BLOCK TAX AND BUSINESS
21   SERVICES, INC., H&R BLOCK TAX
     SERVICES, INC., H&R BLOCK
22   ENTERPRISES, INC., and DOES 1 through 50,
     inclusive,
23
              Defendants.
24

25

26

27

28

ENDORSED
FILED
ALAMEDA COUNTY

JAN 1 7 2008

CLERK OF THE SUPERIOR COURT
By Margaret J. Donahie
                    Deputy

SCHNEIDER
& WALLACE

DECLARATION OF TODD SCHNEIDER IN SUPPORT OF DETERMINATION THAT CASE IS COMPLEX
Williams v. H&R Block, et al.

EXHIBIT 3 PAGE 95

1    I, Todd M. Schneider, hereby declare as follows:

2        1.    I am a partner of Schneider & Wallace in San Francisco, California, and counsel of

3    record for Plaintiff in the above-referenced action. Each of the facts set forth herein is true and

4    correct within my personal knowledge, and if called and sworn as a witness, I would competently

5    testify thereto.

6        2.    I have litigated numerous wage and hour class and collective actions in state and

7    federal court, including the Superior Court of California for the County of Alameda. Based on my

8    experience, I regard this case to be complex within the meaning of California Rule of Court

9    ("CRC") 3.400. I believe that it will benefit from a complex case determination and single

10   assignment, in terms of overall judicial efficiency and other case management issues.

11       3.    Plaintiff's complaint alleges that Defendant H&R Block misclassifies its Office

12   Leader employees as exempt from the overtime laws and fails to pay them overtime compensation

13   for overtime hours worked, and fails to provide its Office Leader employees with off-duty meal

14   and rest periods to which they are entitled. The complexity of this case arises from (1) the two

15   distinct wage and hour violations which Plaintiff alleges as a result of H&R Block's policies and

16   practices, and (2) the underlying legal questions which these claims raise. Unlike other wage and

17   hour cases which may allege a single underlying violation from which all the other claims flow,

18   Plaintiff here alleges that H&R Block has violated the Labor Code rights of its Office Leader

19   employees in two distinct ways.

20       4.    This case is a "complex case" as that term is defined by CRC 3.400(a), in that it will

21   require exceptional judicial management to avoid placing unnecessary burdens on the court and the

22   litigants to expedite the case, keep costs reasonable, and promote effective decision making.

23       5.    This case will require several pre-trial motions, including, for example, motions for

24   class certification and summary judgment by Plaintiff. All of the anticipated motions in this

25   action, including discovery motions, motion for class certification, and motions for summary

26   judgment, will likely involve many of the same underlying set of facts and law. This case will

27   involve running themes and issues that will best be handled by a single judge.

28

SCHNEIDER
& WALLACE

DECLARATION OF TODD SCHNEIDER IN SUPPORT OF DETERMINATION THAT CASE IS COMPLEX
Williams v. H&R Block, et al.

1

EXHIBIT 3 PAGE 96

6.    This case will most likely involve a large number of witnesses and a substantial amount of documentary evidence, since the case involves a policy and practice of H&R Block that applies and has applied to all of its Office Leader employees throughout California.

7.    Post-judgment judicial supervision may be necessary in this case because Plaintiff seeks injunctive relief on behalf of herself and the members of the proposed class of H&R Block Office Leader employees.  Plaintiff seeks to enjoin H&R Block from continuing certain policies and practices regarding overtime and meal and rest periods.

8.    This case is provisionally complex under CRC 3.400(c), as it is a class action.  This County does not have a local rule declaring that cases such as this one are not provisionally complex.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 14th day of January, 2008, in San Francisco, California.

Todd M. Schneider

EXHIBIT 3  PAGE 97

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
CM-010

Todd M. Schneider (SBN 158253), Carolyn H. Cottrell (SBN 166977)
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco CA 94104

TELEPHONE NO. 415 421 7100    FAX NO. 415 421 7105
ATTORNEY FOR *(Name)* Plaintiff, Alice Williams, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS 1225 Fallon Street
MAILING ADDRESS 1225 Fallon Street
CITY AND ZIP CODE Oakland, 94612
BRANCH NAME René C. Davidson Alameda County Courthouse

CASE NAME:
Alice Williams, et al., v. H&R Block, et al.

FOR COURT USE ONLY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE  DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 17, 2008

W. H. "Hank" Willson, IV
_____
(TYPE OR PRINT NAME)

▶ Hank W_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT 3 PAGE 96

F. ADDENDUM TO CIVIL CASE COVER SHEET                    *Unified Rules of the Superior Court of California, County of Alameda*

Short Title: Williams, et al., v. H&R Block, et al.                    Case Number:

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[✓] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | Is this an uninsured motorist case? [ ] yes [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [✓] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)                    **EXHIBIT 3 PAGE 99**    A-13

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE
### Effective April 15, 2005

### Instructions to Plaintiff / Cross-Complainant

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

Rev 4/05

EXHIBIT 3 PAGE 100

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

**EXHIBIT** 3 **PAGE** 101

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

EXHIBIT 3 PAGE 102

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

EXHIBIT 3  PAGE 103

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

EXHIBIT 3 PAGE 04

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages** of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

EXHIBIT 3 PAGE 105

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2iin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages** of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

EXHIBIT 3  PAGE 106

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

EXHIBIT 3  PAGE 07

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland.  EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement.  Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County.  Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution.  It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

*Rev 4/05*

EXHIBIT 3 PAGE 08

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

#### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

Rev 4/05

**EXHIBIT** 3 **PAGE** 109

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

**ADR Program Administrator**

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

**The Judicial Arbitration Process**

**Appointment of Arbitrator** (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

**Assignment of Case** *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

**Hearings** *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

**Award of Arbitrator** *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

**Return of Case to Court**
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

**EXHIBIT** 3  **PAGE** 110

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

## STIPULATION FOR ALTERNATIVE
## DISPUTE RESOLUTION (ADR)

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

## ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

EXHIBIT 3  PAGE 111

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

**ORDER**

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

EXHIBIT 3  PAGE 112

Schneider & Wallace
Attn: Willson, W. Hank
180 Montgomery Street
Suite 2000
San Francisco, CA  94104

H&R Block Financial Advisors, Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Williams | No. RG08366506 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| H&R Block Financial Advisors, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s) (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 03/21/2008   TIME: 11:00 AM   DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 04/22/2008   TIME: 02:00 PM   DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.260, the above-entitled matter is set for a Complex Litigation Determination Hearing.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6938.  Please consult Local Rule 3.30 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

EXHIBIT 3  PAGE 113

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 267-6938.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 01/18/2008

Executive Officer / Clerk of the Superior Court

By _____

_____
Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/18/2008.

By _____

_____
Deputy Clerk

EXHIBIT 3  PAGE 114