1  Charles B. Jellinek (*Pro Hac Vice* Application Pending)
   **BRYAN CAVE LLP**
2  211 North Broadway, Suite 3600
   St. Louis, Missouri 63102-2750
3  Telephone:    (314) 259-2000
   Facsimile:    (314) 259-2020
4  Email:        cbjellinek@bryancave.com

5  Karen K. Cain (*Pro Hac Vice* Application Pending)
   **BRYAN CAVE LLP**
6  1200 Main Street, Suite 3500
   Kansas City, Missouri 64105-2100
7  Telephone:    (816) 374-3200
   Facsimile:    (816) 374-3300
8  Email:        karen.cain@bryancave.com

9  Jesse E.M. Randolph (California Bar No. 221060)
   **BRYAN CAVE LLP**
10 1900 Main Street, Suite 700
   Irvine, California 92614-7328
11 Telephone:    (949) 223-7000
   Facsimile:    (949) 223-7100
12 Email:        jesse.randolph@bryancave.com

13 Attorneys for Defendants
   H&R BLOCK ENTERPRISES, INC.;
14 H&R BLOCK TAX AND BUSINESS SERVICES,
   INC.; and H&R BLOCK TAX SERVICES, INC.

15

16                    **UNITED STATES DISTRICT COURT**

17                   **NORTHERN DISTRICT OF CALIFORNIA**

18 | ALICE WILLIAMS, on behalf of herself, | Case No. C08-01318 JSW |
19 | and on behalf of all others similarly situated, | |
20 |                    Plaintiff, | **NOTICE OF MOTION AND MOTION BY DEFENDANTS H&R BLOCK ENTERPRISES, INC., H&R** |
21 |                    v. | **BLOCK TAX AND BUSINESS SERVICES, INC., AND H&R** |
22 | H&R BLOCK FINANCIAL ADVISORS, | **BLOCK TAX SERVICES, INC. TO** |
23 | INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R | **STRIKE IMMATERIAL AND IMPERTINENT ALLEGATIONS** |
24 | BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and | **FROM PLAINTIFF ALICE WILLIAMS' COMPLAINT** |
25 | DOES 1 through 50, inclusive, | |
26 |                    Defendants. | [Fed. R. Civ. Proc. 12(f)] |
27 | | Date:      May 23, 2008 |
   | | Time:      9:00 a.m. |
   | | Courtroom: 2 |
28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 23, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, Defendants H&R Block Enterprises, Inc., H&R Block Tax and Business Services, Inc., and H&R Block Tax Services, Inc. will move this Court for an Order striking the following allegations from the Complaint filed in the above-captioned action by Plaintiff Alice Williams:

1.  Compl. ¶ 1, p. 2, line 6 (" . . . and rest . . .");

2.  Compl. ¶ 15, p. 4, lines 22-24 ("This Court also has jurisdiction over Plaintiff's and the Class Members' claims for penalties in violation of the Labor Code pursuant to Business and Professions Code §17202, as well as pursuant to the applicable Labor Code provisions.");

3.  Compl. ¶ 23(v), p. 6, line 26 (" . . . and rest . . . ");

4.  Compl. ¶ 26, p. 8, lines 15-24 (in its entirety);

5.  Compl. ¶ 29, p. 9, lines 7-8 (" . . . Paragraph 1 of Wage Order 7-2001 . . .");

6.  Compl. ¶ 35, p. 10, line 2 (" . . . and rest . . .");

7.  Compl. ¶ 35, p. 10, lines 6-7 ("Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work . . .");

8.  Compl. ¶ 37, p. 10, line 20 (" . . . and rest . . ."); and

9.  Compl. ¶ 52(c), p. 12, line 19 ("c. violations of Labor Code §§201-203.").

This Motion is being made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that the above-referenced allegations of Plaintiff's Complaint are immaterial and impertinent, as they both reference inapplicable legal standards and seek remedies that are unavailable as a matter of law.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    This Motion is based upon this Notice of Motion and Motion to Strike, the

2  accompanying Memorandum of Points and Authorities, all documents that have been filed

3  in this matter to date, all matters of which this Court may or must take judicial notice, and

4  such other and further argument as may be presented by counsel at or before the time of

5  the hearing of this Motion.

6  Dated: April 7, 2008                    **BRYAN CAVE LLP**
                                            Charles B. Jellinek
7                                           Karen K. Cain
                                            Jesse E.M. Randolph
8

9                                           By: _____/s/ Jesse E.M. Randolph_____

10                                              Jesse E.M. Randolph
                                            Attorneys for Defendants
11                                          H&R BLOCK ENTERPRISES, INC.; H&R
                                            BLOCK TAX AND BUSINESS SERVICES,
12                                          INC.; and H&R BLOCK TAX SERVICES,
                                            INC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

**NOTICE OF MOTION AND MOTION TO STRIKE**
**(Case No. C08-01318 JSW)**

1  Charles B. Jellinek (*Pro Hac Vice* Application Pending)
   **BRYAN CAVE LLP**
2  211 North Broadway, Suite 3600
   St. Louis, Missouri  63102-2750
3  Telephone:    (314) 259-2000
   Facsimile:    (314) 259-2020
4  Email:        cbjellinek@bryancave.com

5  Karen K. Cain (*Pro Hac Vice* Application Pending)
   **BRYAN CAVE LLP**
6  1200 Main Street, Suite 3500
   Kansas City, Missouri  64105-2100
7  Telephone:    (816) 374-3200
   Facsimile:    (816) 374-3300
8  Email:        karen.cain@bryancave.com

9  Jesse E.M. Randolph (California Bar No. 221060)
   **BRYAN CAVE LLP**
10 1900 Main Street, Suite 700
   Irvine, California  92614-7328
11 Telephone:    (949) 223-7000
   Facsimile:    (949) 223-7100
12 Email:        jesse.randolph@bryancave.com

13 Attorneys for Defendants
   H&R BLOCK ENTERPRISES, INC.;
14 H&R BLOCK TAX AND BUSINESS SERVICES,
   INC.; and H&R BLOCK TAX SERVICES, INC.

15

16              **UNITED STATES DISTRICT COURT**

17            **NORTHERN DISTRICT OF CALIFORNIA**

18 ALICE WILLIAMS, on behalf of herself,          Case No. C08-01318 JSW
   and on behalf of all others similarly
19 situated,                                      **MEMORANDUM OF POINTS AND
                                                   AUTHORITIES IN SUPPORT OF
20              Plaintiff,                         MOTION BY DEFENDANT H&R
                                                   BLOCK ENTERPRISES, INC., H&R
21        v.                                       BLOCK TAX AND BUSINESS
                                                   SERVICES, INC., AND H&R
22 H&R BLOCK FINANCIAL ADVISORS,                   BLOCK TAX SERVICES, INC. TO
   INC., H&R BLOCK TAX AND                         STRIKE IMMATERIAL AND
23 BUSINESS SERVICES, INC., H&R                    IMPERTINENT ALLEGATIONS
   BLOCK TAX SERVICES, INC., H&R                   FROM PLAINTIFF ALICE
24 BLOCK ENTERPRISES, INC., and                    WILLIAMS' COMPLAINT
   DOES 1 through 50, inclusive,
25                                                 [Fed. R. Civ. Proc. 12(f)]
                Defendants.
26                                                 Date:         May 23, 2008
27                                                 Time:         9:00 a.m.
                                                   Courtroom:    2
28

*vertical text (left margin): Bryan Cave LLP / 1900 Main Street, Suite 700 / Irvine, California 92614*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>**

In this putative wage-and-hour class action, Plaintiff Alice Williams ("Williams") has based various allegations on inapplicable legal principles, while at the same time seeking unavailable remedies.  This Court should strike all such improper allegations from Williams' Complaint for the following reasons:

First, Williams' request for the waiting-time penalties provided in California Labor Code section 203 in connection with her unlawful business practices claim is improper. Section 17200 of the California Business and Profession Code limits the remedies available for a claim brought on its authority to injunctive and restitutionary relief.   The penalties provided in California Labor Code section 203, being neither injunctive nor restitutionary, are not available under Section 17200.  All references to waiting-time penalties made by Williams in connection with her Section 17200 claim therefore should be stricken.

Second, Williams' Complaint is replete with references to rest periods not having been "provided" to she and other putative class members.  This is not the standard.  Under the plain language of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order, employers need only "authorize" or "permit" rest periods.  Since Williams' rest period-related allegations misstate the nature of a California employer's legal obligations with respect to rest periods, the allegations should be stricken.

Third, Williams' Complaint relies incorrectly upon Wage Order No. 7 (governing the mercantile industry).  Given the nature of Defendants' operations (which Williams herself describes as involving the provision of "tax preparation and other financial services to consumers throughout the United States," Compl. ¶ 8), Wage Order No. 4 (applicable to professional, technical, clerical, mechanical, and similar occupations) governs.  To the extent Williams' allegations reference an inapplicable Wage Order, those allegations are improper, and should be stricken.

///

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

## II.     SUMMARY OF RELEVANT FACTS

1

2         At the crux of Williams' lawsuit are her allegations that Defendants have

3 misclassified employees holding the positions of "Office Manager" or "Office Leader" as

4 exempt from California's overtime and meal and rest period requirements.  As Williams'

5 argument goes, employees who are in these positions "regularly work substantial

6 overtime" (Compl. ¶ 3) and "regularly are denied off-duty meal and rest periods" (Compl.

7 ¶ 4), and thus, because these employees allegedly have been misclassified as exempt, they

8 are now entitled to compensation for any overtime hours they have worked as well as any

9 meal or rest periods they missed during the past four years.[1]

10        Williams' Complaint alleges four causes of action: failure to pay overtime

11 compensation, in violation of California Labor Code sections 510 and 1194 (along with the

12 accompanying Wage Orders of the California Industrial Welfare Commission) (Compl. ¶¶

13 24-33), failure to "provide" meal and rest periods in violation of California Labor Code

14 sections 226.7 and 512 (as well as the companion Wage Orders) (Compl. ¶¶ 34-38),

15 recovery of "waiting-time penalties" for unpaid final wages, pursuant to California Labor

16 Code sections 201 through 203 (Compl. ¶¶ 39-47), and unfair business practices, in

17 violation of California Business and Professions Code section 17200 (Compl. ¶¶ 48-60).

18        Defendants removed this case to this Court on March 7, 2008 – before answering

19 Williams' Complaint.  On March 11, 2008, Williams and Defendants entered into a

20 stipulation (filed with this Court) whereby Defendants were given until April 11, 2008 to

21 answer or otherwise respond to the Complaint.  See Court Docket #18.  Consistent with

22 Rule 12(f) of the Federal Rules of Civil Procedure (which requires that a motion to strike

23 be "made by a party before responding to a pleading"), Defendants now file this motion in

24 lieu of answering Williams' Complaint.

25 ///

26 ///

27

---

[1]      Defendants deny each of these allegations by Williams.  Nevertheless, for purposes of this
28 Motion, the truth of Williams' allegations is presumed.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    **III.    ARGUMENT**

2          Under the Federal Rules of Civil Procedure, "the court may order stricken from any

3    pleading any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P.

4    12(f).  The Ninth Circuit defines "immaterial matter" as "that which has no essential or

5    important relationship to the claim for relief . . . ." Fantasy, Inc. v. Fogerty, 984 F.2d

6    1524, 1527 (9th Cir. 1993) (rev'd on other grounds, 510 U.S. 517 (1994)).  "Impertinent"

7    matter consists of "statements that do not pertain, and are not necessary, to the issues in

8    question." Id.  A Rule 12(f) motion to strike should be granted where "it is clear that the

9    matter sought to be stricken could have no possible bearing on the subject matter of the

10   litigation." White v. Hansen, 2005 U.S. Dist. LEXIS 43989, *14 (N.D. Cal, Jul. 28, 2005)

11   (citing Rosales v. Citibank, 133 F. Supp. 2d 1177, 1179 (N.D. Cal. 2001)).  The Court may

12   also strike portions of a complaint where the relief sought is "not recoverable as a matter of

13   law." Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996) (citing Tapley v.

14   Lockwood Green Eng'rs, Inc., 502 F.2d 559, 560 (8th Cir. 1974)).

15         In the wage-and-hour context, courts have recognized that a proper Rule 12(f)

16   motion can serve the salutary purpose of "'minimiz[ing] delay, prejudice, and confusion by

17   narrowing the issues for discovery and trial'." Pulido v. Coca-Cola Enterprises, Inc., 2006

18   U.S. Dist. LEXIS 43765, *29 (C.D. Cal., May 25, 2006) (citing Geer v. Cox, 242 F. Supp.

19   2d 1009, 1025 (D. Kan. 2003).  In a similar vein, the Ninth Circuit has held that a Rule

20   12(f) motion may result in the parties "avoid[ing] the expenditure of time and money that

21   must arise from litigating spurious issues by dispensing with those issues prior to trial."

22   Fantasy, Inc., supra, 984 F.2d at 1527.

23         As discussed in further detail below, Williams' request for "waiting-time penalties"

24   in connection with her Section 17200 claim is "impertinent" and "immaterial," and

25   therefore should be stricken, since penalties are not, as a matter of law, available in

26   connection with an unlawful business practices claim.  Williams' references to rest periods

27   not being "provided," along with her references to an inapplicable Wage Order, also

28   should be stricken, as these incorrect legal standards are both "impertinent" and

1    "immaterial" to her claims against Defendants.

2    **A.    Williams' Request for Waiting-Time Penalties in Connection with**

3           **Her Unlawful Business Practices Claim Is Immaterial and**

4           **Impertinent, and Therefore Should Be Stricken.**

5    In asserting her claim for unlawful business practices, Williams is "limited to

6    injunctive relief and restitution."  Tomlinson v. Indymac Bank, F.S.B., 359 F. Supp. 2d

7    891, 893 (C.D. Cal. 2005) (citing Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th

8    1134, 1144-45 (2003); see also Cal. Bus. & Prof. Code § 17203.  Under Section 17200 of

9    the California Business and Professions Code, "compensatory damages are not available."

10   Id.  "An order for restitution is one 'compelling a UCL defendant to return money obtained

11   through an unfair business practice to those persons in interest from whom the property

12   was taken, that is, to persons who had an ownership interest in the property . . . ."  Id.

13   (quoting Kraus v. Trinity Management Services, Inc., 23 Cal. 4th 116, 126-27 (2000).

14   "The goal of restitution is to restore the status quo ante."  Id.

15   In connection with her fourth claim for relief for alleged unfair business practices,

16   Williams alleges that Defendants engaged in unfair business practices by allegedly failing

17   to pay overtime compensation and failing to "provide" meal and rest periods to Williams

18   and other putative class members.  Rather than limit her Section 17200 claim to injunctive

19   and restitutionary relief, however, Williams additionally seeks statutory penalties –

20   specifically, the "waiting-time penalties" provided in California Labor Code section 203.

21   Williams may not recover "waiting-time penalties" in connection with her unfair

22   business practices claim, because such penalties are not restitutionary, and therefore, are

23   not recoverable under Section 17200.  Multiple courts have rightfully rejected similar

24   efforts to recover statutory "waiting-time penalties" through the guise of an unfair business

25   practices claim.  See, e.g., Tomlinson, supra, 359 F. Supp. 2d at 893; Baas v. Dollar Tree

26   Stores, Inc., 2007 U.S. Dist. LEXIS 65979 **15-16 (N.D. Cal., Aug. 29, 2007) (White, J.).

27   In Tomlinson, for instance (which this Court followed in Baas), the court held that

28   "waiting time penalties" are not recoverable through Section 17200 "because [California

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\363211.1

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**
**(Case No. C08-01318 JSW)**

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1   Labor Code] Section 203 does not merely compel [the employer] to restore the status quo

2   ante by compensating Plaintiffs for the time they worked; rather, it acts as a penalty by

3   punishing [the employer] for willfully withholding the wages and forces [the employer] to

4   pay Plaintiffs an additional amount." <u>Id.</u> at 895.  Further, the <u>Tomlinson</u> court rejected the

5   notion, advanced by Williams here, that Section 17202 of the California Business and

6   Professions Code provides a back-door mechanism to permit the recovery of penalties.

7   <u>Tomlinson</u>, <u>supra</u>, 359 F. Supp. 2d at 893-894.  Under a plain reading of Section 17203,

8   penalties clearly are not recoverable in an unfair business practices action.

9        The reasoning applied by <u>Tomlinson</u> and later by this Court in <u>Baas</u> applies with

10  equal force here.  Williams cannot pigeonhole her claim for California Labor Code section

11  203 penalties into her unlawful business practices claim (the exclusive remedies for which

12  are restitution and injunctive relief).  Therefore, any references to "waiting-time penalties"

13  should be stricken from Williams' fourth claim for relief, as such allegations are

14  immaterial and improper.

15        **B.    <u>Williams' Allegations That Defendants Have Failed to "Provide"</u>**

16               **<u>Rest Periods Are Immaterial and Impertinent, and Therefore</u>**

17               **<u>Should Be Stricken.</u>**

18        In connection with her second claim for relief, Williams seeks an extra hour of pay,

19  pursuant to California Labor Code section 226.7, for days she alleges she missed a rest

20  period.  As the basis for her request for such relief, Williams asserts that Defendants have

21  failed to "provide" her and other putative class members with legally-compliant rest

22  periods.  Simply stated, California law does not require employers to "provide" employees

23  with rest periods.  Instead, California Labor Code section 226.7(a) states:

24               No employer shall require any employee to work during any . . . rest

25               period mandated by an applicable order of the Industrial Welfare

26               Commission.

27  ///

28  ///

1    As discussed below, the "applicable order of the Industrial Welfare Commission" in

2 this case is Wage Order No. 4 (which regulates wages, hours and working conditions in the

3 professional, technical, clerical, mechanical and similar occupations).  Wage Order No. 4,

4 in turn, states the following with respect to rest periods:

5         Every employer shall <u>authorize and permit</u> all employees to take rest

6         periods, which insofar as practicable shall be in the middle of each

7         work period.  The <u>authorized</u> rest period time shall be based on the

8         total hours worked daily at the rate of ten (10) minutes net rest time

9         per four (4) hours or major fraction thereof.  <u>Authorized</u> rest period

10         time shall be counted as hours worked for which there shall be no

11         deduction from wages.

12 8 Cal. Code Regs. § 11040(12)(A) (emphasis added).

13    Thus, rest periods need not be "provided" (as Williams posits).  Instead, rest periods

14 need only be "authorized" or "permitted."  <u>See</u>, <u>e.g.</u>, CALIFORNIA EMPLOYMENT LAW

15 (Matthew Bender) (2007), § 3.24, p. 3-172 ("Every employer covered by a California

16 wage order must authorize and permit nonexempt employees to take rest periods, which

17 insofar as practicable must be in the middle of each work period.  The <u>authorized</u> rest

18 period time must be based on the total hours worked daily at the rate of 10 minutes rest

19 time per four hours or major fraction thereof.  However, a rest period need not be

20 <u>authorized</u> for employees whose total daily work time is less than 3 ½ hours.").  As the

21 Chief Judge of this District recently noted, "the words 'authorize' and 'permit' only

22 require that the employer make rest periods available."  <u>White v. Starbucks Corp.</u>, 497 F.

23 Supp. 2d 1080, 1085-1086 (N.D. Cal. 2007); <u>see also</u> WAGE AND HOUR MANUAL FOR

24 CALIFORNIA EMPLOYERS (Castle Publications, 12th ed.) (2007), p. 172 ("the Division [of

25 Labor Standards Enforcement] has opined that an employer is not subject to a sanction or

26 premium pay obligation if an employee who was truly authorized and permitted to take a

27 rest break, as required under the applicable Wage Order, freely chooses, without any

28 coercion or encouragement, to forego or waive a rest period.").

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    Since Williams' Complaint allegations fail to take account of the proper rest period

2    standards that apply under California law, such allegations are impertinent and immaterial,

3    and thus should be stricken.

4    **C.    Williams' Reliance Upon Wage Order No. 7 Is Incorrect,**

5    **Immaterial, and Impertinent, and Therefore Should Be Stricken.**

6    In her Complaint, Williams relies upon the California Industrial Welfare

7    Commission's Wage Order No. 7 as setting forth the minimum labor standards that apply

8    to California Office Managers and Office Leaders.  Compl. ¶ 26.

9    Wage Order No. 7, however, regulates "wages, hours and working conditions in the

10   mercantile industry."  The term "mercantile industry" is defined in Wage Order No. 7 as

11   "any industry, business, or establishment operated for the purpose of purchasing, selling,

12   or distributing goods or commodities at wholesale or retail; or for the purpose of renting

13   goods or commodities."  8 Cal. Code Regs. § 11070(2)(H).  However, according to the

14   Complaint – the allegations of which are taken as true for purposes of this Motion –

15   Defendants are in the business of "tax preparation and other financial services to

16   consumers throughout the United States," Compl. ¶ 8.  Accordingly, the governing Wage

17   Order rightfully should be Wage Order No. 4, which generally regulates the wages, hours

18   and working conditions in the professional, technical, clerical, mechanical and similar

19   occupations (including those involving "office work"), and which specifically covers such

20   occupations as "accountants," "bookkeepers," "and other related occupations."  8 Cal.

21   Code Regs. § 11040(2)(O).

22   Using Williams' own portrayal of the nature of Defendants' business operations, the

23   applicable Wage Order in this action is Wage Order No. 4.  Williams' improper reference

24   to Wage Order No. 7 should be stricken.  See, e.g., Baas, supra, 2007 U.S. Dist. LEXIS

25   65979 at **17-18 (striking improper reference to inapplicable Wage Order).

26   ///

27   ///

28   ///

IR01DOCS\363211.1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**
**(Case No. C08-01318 JSW)**

1   **IV.    CONCLUSION**

2          For all the foregoing reasons, Defendants respectfully request the Court to grant this

3   Motion to Strike in its entirety by striking the following allegations from Williams'

4   Complaint:

5          a.    Compl. ¶ 1, p. 2, line 6 (" . . . and rest . . .");

6          b.    Compl. ¶ 15, p. 4, lines 22-24 ("This Court also has jurisdiction over

7                Plaintiff's and the Class Members' claims for penalties in violation of the

8                Labor Code pursuant to Business and Professions Code §17202, as well as

9                pursuant to the applicable Labor Code provisions.");

10         c.    Compl. ¶ 23(v), p. 6, line 26 (" . . . and rest . . . ");

11         d.    Compl. ¶ 26, p. 8, lines 15-24 (in its entirety);

12         e.    Compl. ¶ 29, p. 9, lines 7-8 (" . . . Paragraph 1 of Wage Order 7-2001 . . .");

13         f.    Compl. ¶ 35, p. 10, line 2 (" . . . and rest . . .");

14         g.    Compl. ¶ 35, p. 10, lines 6-7 ("Section 226.7 and the applicable wage orders

15               also require employers to provide employees ten minutes of net rest time per

16               four hours or major fraction thereof of work . . .");

17         h.    Compl. ¶ 37, p. 10, line 20 (" . . . and rest . . ."); and

18         i.    Compl. ¶ 52(c), p. 12, line 19 ("c. violations of Labor Code §§201-203.").

19  Dated: April 7, 2008                    **BRYAN CAVE LLP**
                                            Charles B. Jellinek
20                                          Karen K. Cain
                                            Jesse E.M. Randolph
21

22                                          By:        /s/ Jesse E.M. Randolph
                                                  _____
23                                                    Jesse E.M. Randolph
                                            Attorneys for Defendants
24                                          H&R BLOCK ENTERPRISES, INC.; H&R
                                            BLOCK TAX AND BUSINESS SERVICES,
25                                          INC.; and H&R BLOCK TAX SERVICES,
                                            INC
26

27

28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\363211.1

9

1  Charles B. Jellinek (*Pro Hac Vice* Application Pending)
   **BRYAN CAVE LLP**
2  211 North Broadway, Suite 3600
   St. Louis, Missouri 63102-2750
3  Telephone:    (314) 259-2000
   Facsimile:    (314) 259-2020
4  Email:        cbjellinek@bryancave.com

5  Karen K. Cain (*Pro Hac Vice* Application Pending)
   **BRYAN CAVE LLP**
6  1200 Main Street, Suite 3500
   Kansas City, Missouri 64105-2100
7  Telephone:    (816) 374-3200
   Facsimile:    (816) 374-3300
8  Email:        karen.cain@bryancave.com

9  Jesse E.M. Randolph (California Bar No. 221060)
   **BRYAN CAVE LLP**
10 1900 Main Street, Suite 700
   Irvine, California 92614-7328
11 Telephone:    (949) 223-7000
   Facsimile:    (949) 223-7100
12 Email:        jesse.randolph@bryancave.com

13 Attorneys for Defendants
   H&R BLOCK ENTERPRISES, INC.;
14 H&R BLOCK TAX AND BUSINESS SERVICES,
   INC.; and H&R BLOCK TAX SERVICES, INC.

15

16              **UNITED STATES DISTRICT COURT**

17             **NORTHERN DISTRICT OF CALIFORNIA**

18 ALICE WILLIAMS, on behalf of herself,        Case No. C08-01318 JSW
   and on behalf of all others similarly
19 situated,                                    **APPENDIX OF SUPPLEMENTARY**
                                                **MATERIAL IN SUPPORT OF**
20              Plaintiff,                       **MOTION BY DEFENDANTS H&R**
                                                **BLOCK ENTERPRISES, INC., H&R**
21       v.                                      **BLOCK TAX AND BUSINESS**
                                                **SERVICES, INC., AND H&R**
22 H&R BLOCK FINANCIAL ADVISORS,                 **BLOCK TAX SERVICES, INC. TO**
   INC., H&R BLOCK TAX AND                       **STRIKE IMMATERIAL AND**
23 BUSINESS SERVICES, INC., H&R                  **IMPERTINENT ALLEGATIONS**
   BLOCK TAX SERVICES, INC., H&R                 **FROM PLAINTIFF ALICE**
24 BLOCK ENTERPRISES, INC., and                  **WILLIAMS' COMPLAINT**
   DOES 1 through 50, inclusive,
25                                               [Fed. R. Civ. Proc. 12(f)]
26              Defendants.
                                                Date:       May 23, 2008
27                                              Time:       9:00 a.m.
                                               Courtroom:  2
28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2        Defendants H&R Block Enterprises, Inc., H&R Block Tax and Business Services,

3    Inc., and H&R Block Tax Services, Inc. respectfully submit copies of the following

4    supplementary materials in support of their Motion for an Order striking portions of the

5    Complaint filed by Plaintiff Alice Williams:

6    1.        CALIFORNIA EMPLOYMENT LAW § 3.24, p. 3-172 (Matthew Bender, 2007)

7    2.        WAGE AND HOUR MANUAL FOR CALIFORNIA EMPLOYERS (12th ed.) p. 172

8              (2007)

9    Dated: April 7, 2008                              **BRYAN CAVE LLP**
                                                        Charles B. Jellinek
10                                                      Karen K. Cain
                                                        Jesse E.M. Randolph
11

12                                                      By:        /s/ Jesse E.M. Randolph
                                                        _____
13                                                             Jesse E.M. Randolph
                                                        Attorneys for Defendants
14                                                      H&R BLOCK ENTERPRISES, INC.; H&R
                                                        BLOCK TAX AND BUSINESS SERVICES,
15                                                      INC.; and H&R BLOCK TAX SERVICES,
                                                        INC
16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

# Exhibit 1

# CALIFORNIA EMPLOYMENT LAW

---

## VOLUME 1

*EDITORIAL CONSULTANT*
M. Kirby Wilcox
Paul, Hastings, Janofsky & Walker, LLP, San Francisco

*ADDITIONAL CONSULTANT*
Erica B. Grubb
Morrison & Foerster, Walnut Creek

## 2007

*Filed Through:*
RELEASE NO. 36, October 2007


LexisNexis

§ 3.24          OVERTIME & HOURS WORKED          3-172

counted as time worked. An "on-duty" meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job *paid* meal period is agreed to.[13] For a discussion of what constitutes a compensable "on-duty" meal period, *see* § 3.07[1][c].

## § 3.24   Rest Periods

Every employer covered by a California wage order must authorize and permit nonexempt employees[1] to take rest periods, which insofar as practicable must be in the middle of each work period. The authorized rest period time must be based on the total hours worked daily at the rate of 10 minutes rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than 3½ hours.[2] An opinion letter from DLSE states that the rest period requirement is a state-mandated minimum labor standard.[2.1]

In the motion picture industry, additional interim rest periods must be provided during periods of actual rehearsal or shooting for swimmers, dancers, skaters, and other performers engaged in strenuous physical activities.[3]

Wage Order No. 9, which regulates employers in the transportation industry, requires every employer to authorize and permit all employees to take rest periods, which insofar as practicable should be in the middle of each work period. The exemption in Section 3 of Wage Order 9 for employees whose hours of service are regulated by state and federal regulations concerning drivers' hours of service refers only to section 3 of the Wage Order, which governs hours of service, and not to the entire Wage Order. Thus, the rest period requirement in Wage Order 9 applies to all truck drivers covered by the Wage Order.[3.1] In *Cicairos v. Summit*

---

[13] 8 Cal. Code Reg. § 11010–11150, ¶ 11 (Cal. Wage Order Nos. 1-2001–15-2001); 11160, ¶ 10 (Cal. Wage Order. No. 16-2001).

[1] *See* discussion in § 3.03[1][a].

[2] 8 Cal. Code Reg. §§ 11010–11150, ¶ 12 (Cal. Wage Order Nos. 1-2001–15-2001); 11160, ¶ 11 (Cal. Wage Order No. 16-2001).

[2.1] Dept. of Industrial Relations, DLSE, Opinion Letter 1995.06.02, p. 2, quoted in *Cicairos v. Summit Logistics, Inc.* (2005) 133 Cal. App. 4th 949, 35 Cal. Rptr. 3d 243, 2005 Cal. App. LEXIS 1672, *4.

[3] 8 Cal. Code Reg. § 11120, ¶ 12(B) (Cal. Wage Order No. 12-2001).

[3.1] *Cicairos v. Summit Logistics, Inc.* (2005) 133 Cal. App. 4th 949, 35 Cal. Rptr. 3d 243, 2005 Cal. App. LEXIS 1672, *13–*16.

(Rel. 34-10/2006  Pub.282)

Exhibit 2

# WAGE AND HOUR MANUAL

*for*

## *CALIFORNIA EMPLOYERS*

*Twelfth Edition*

### RICHARD J. SIMMONS

**Attorney**

**Sheppard, Mullin, Richter & Hampton** LLP

**Los Angeles, California**

**Castle Publications, Ltd.**

**P.O. Box 580, Van Nuys, California 91408**

**www.castlepublications.com**

§ 4.2(c)

in accordance with the state requirements. In addition, before the sanctions became effective, many employers allowed employees to voluntarily delay or waive their meal periods for their own convenience. For example, employees often asked to skip a meal period in order to leave work early for personal reasons or leave work on time after arriving for work a half hour late. Arguably, the new rules have narrowed this flexibility by protecting employees, even from themselves. As a result, employers will be reluctant to grant employee requests for leeway when they wish to miss or delay a meal period for personal reasons.[26/]

The Division of Labor Standards Enforcement has recognized a distinction between the nature of an employer's responsibilities with respect to meal and rest periods. It observed that an employer has an obligation to ensure that workers are actually relieved of all duty, are not performing any work, and (with the exception of healthcare workers covered by Wage Order 4 or 5) are free to leave the employer's premises during their meal period. The obligation regarding rest periods is less rigid. The Division has opined that an employer is not subject to a sanction or premium pay obligation if an employee who was truly authorized and permitted to take a rest break, as required under the applicable Wage Order, freely chooses, without any coercion or encouragement, to forego or waive a rest period.[27/] (Many employers will wish to establish systems that demonstrate their compliance with the meal and rest period rules. Sample time card acknowledgment forms that can be evaluated for this purpose are provided in Appendix D.)

(c) _Regulations:_ In late 2004, the Division of Labor Standards Enforcement proposed regulations that sought to interpret and apply the meal period rules. The proposed regulations identified the timing of the meal periods, the conditions under which compliance would be deemed to occur and the circumstances in which sanctions would apply. They were designed to provide employees greater control over their meal periods. The proposed regulations were withdrawn in January of 2006.

(d) _Eating Facilities:_ A suitable place for eating must be designated if employees are required to eat on their employer's premises.[28/] Moreover, if a meal period occurs on a shift

- 172 -

- 6 -

NOTES TO CHAPTER 4

Labor Code § 516 was later narrowed by S.B. 88, which took effect in September 2000.

22/    Bearden v. U.S. Borax, Inc., supra.  In Bearden, the court determined that the I.W.C. acted in excess of its authority when it adopted this rule in October of 2000, after its authority had been narrowed by S.B. 88 in September of 2000.  Prior to S.B. 88, Labor Code § 516 had conferred much broader authority upon the I.W.C. to establish meal period rules and exceptions as it did when it adopted the other 15 Wage Orders on June 30, 2000.

23/    Section 226.7 was added to the Labor Code by A.B. 2509, which was signed into law in 2000, shortly after the I.W.C. added the sanction to the Wage Orders.  In a letter dated September 8, 2000, the author of A.B. 2509, Assemblymember Darrell Steinberg, urged Governor Davis to sign it into law, explaining that the new statute included a "penalty" that duplicated the penalty adopted by the I.W.C. on June 30, 2000.  The Legislature sought to ratify the sanction created by the I.W.C. after the I.W.C.'s authority to create it was questioned.  On April 16, 2007, the California Supreme Court held that the sanction is a "wage" and not a penalty in Murphy v. Kenneth Cole Productions, Inc., ___ Cal. 4th ___ (2007), even though it had been described as a "penalty" in several prior cases, including Bearden v. U.S. Borax, Inc., 138 Cal.App.4th at 443; Dunlap v. Superior Court, 142 Cal.App.4th 330 (2006); Cicairos v. Summit Logistics, Inc., 133 Cal.App.4th 949 at 953, 35 Cal.Rptr.3d 243 (2005); Caliber Body Works v. Superior Court, 134 Cal.App.4th 365 at n. 16, 36 Cal.Rptr.3d 31 (2005); Valles v. Ivy Hill Corp., 410 F.3d 1071 (9th Cir. 2005); and Corder v. Houston's Restaurants, Inc., 424 F. Supp.2d 1205 (C.D. Cal. 2006).  In Bearden, the court concluded that the penalty does not apply unless an employer fails to provide a meal or rest period in accordance with an applicable I.W.C. Order.

24/    In contrast to the other Wage Orders, Wage Order 14-2001 does not contain sanction provisions for meal and rest period violations.

25/    Murphy v. Kenneth Cole Productions, Inc., supra. The Division of Labor Standards Enforcement noted that the sanction is "not received for the performance of a duty" and is "not included in computing the regular rate of pay."  D.L.S.E. Advice Letter 2003.01.29 (Jan. 29, 2003).  See Ruiz v. The Paladin Group, 2003 W.L. 22992077 (C.D. Cal. 2003).

26/    However, in Murphy, the Supreme Court stated that an employee is entitled to the sanction "upon being forced to miss a rest or meal period."  Some employers may establish systems that will enable them to demonstrate their compliance with the meal and rest period rules.

27/    Letter of Labor Commissioner Arthur S. Lujan dated September 17, 2001; Letter of Acting DLSE Chief Counsel Anne Stevason dated January 28, 2002.  But see Murphy,

where the Supreme Court observed that the sanction is owed where an employee is "forced to forego his or her meal period" or is "forced to miss a rest or meal period." (Slip Op. at pp. 8 and 13).

28/    These rules are set forth in Section 11 of the Wage Orders.

29/    These rules are set forth in Section 3 of the Wage Orders. See, e.g., Section 3(F) of Wage Order 4-2001.

30/    The rest period rules are set forth in Section 12 of the Wage Orders.

31/    Letter of Labor Commissioner Arthur S. Lujan dated September 17, 2001; Letter of Acting DLSE Chief Counsel Anne Stevason dated January 28, 2002.

32/    See, e.g., Labor Code §§ 204(c), 227.3, and 514.

33/    Zavala v. Scott Brothers Dairy, Inc., 143 Cal.App.4th 585 (2006); Bearden v. U.S. Borax, Inc., supra; Cicairos v. Summit Logistics, Inc., supra; Valles v. Ivy Hill Corp., 410 F.3d at 1082 (9th Cir. 2005).

34/    In the January 28, 2002 letter, the Division's Acting Chief Counsel expressed the opinion that "an employer is not subject to any sort of penalty or premium pay obligation if an employee who was truly authorized and permitted to take a rest break, as required under the applicable wage order, *freely chooses, without any coercion or encouragement* to forego or waive a rest period."

Charles B. Jellinek (*Pro Hac Vice* Application Pending)
**BRYAN CAVE LLP**
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone:    (314) 259-2000
Facsimile:    (314) 259-2020
Email:        cbjellinek@bryancave.com

Karen K. Cain (*Pro Hac Vice* Application Pending)
**BRYAN CAVE LLP**
1200 Main Street, Suite 3500
Kansas City, Missouri 64105-2100
Telephone:    (816) 374-3200
Facsimile:    (816) 374-3300
Email:        karen.cain@bryancave.com

Jesse E.M. Randolph (California Bar No. 221060)
**BRYAN CAVE LLP**
1900 Main Street, Suite 700
Irvine, California 92614-7328
Telephone:    (949) 223-7000
Facsimile:    (949) 223-7100
Email:        jesse.randolph@bryancave.com

Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.;
H&R BLOCK TAX AND BUSINESS SERVICES,
INC.; and H&R BLOCK TAX SERVICES, INC.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C08-01318 JSW<br><br>**[PROPOSED] ORDER GRANTING MOTION BY DEFENDANTS H&R BLOCK ENTERPRISES, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., AND H&R BLOCK TAX SERVICES, INC. TO STRIKE IMMATERIAL AND IMPERTINENT ALLEGATIONS FROM PLAINTIFF ALICE WILLIAMS' COMPLAINT**<br><br>[Fed. R. Civ. Proc. 12(f)]<br><br>Date:        May 23, 2008<br>Time:        9:00 a.m.<br>Courtroom:    2 |

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    The Motion of Defendants H&R Block Enterprises, Inc., H&R Block Tax and

2    Business Services, Inc., and H&R Block Tax Services, Inc. (collectively, "Defendants")

3    for an Order striking portions of the Complaint ("Complaint") filed by Plaintiff Alice

4    Williams ("Williams"), came on for hearing before this Court, the Honorable Jeffrey S.

5    White presiding, on May 23, 2008, at 9:00 a.m.

6    Having read and considered Defendants' Motion, and all papers submitted by the

7    parties in support thereof and in opposition thereto, and having heard and considered the

8    oral argument of counsel, and good cause appearing therefor, the Court GRANTS the

9    Motion, as follows:

10    IT IS HEREBY ORDERED THAT:

11    1.    The Motion is granted.

12    2.    This Court hereby strikes the following allegations from Williams'

13    Complaint on the ground that such allegations are immaterial and impertinent:

14    ❑ Compl. ¶ 1, p. 2, line 6 (" . . . and rest . . .");

15    ❑ Compl. ¶ 15, p. 4, lines 22-24 ("This Court also has jurisdiction over

16    Plaintiff's and the Class Members' claims for penalties in violation of the

17    Labor Code pursuant to Business and Professions Code §17202, as well as

18    pursuant to the applicable Labor Code provisions.");

19    ❑ Compl. ¶ 23(v), p. 6, line 26 (" . . . and rest . . . ");

20    ❑ Compl. ¶ 26, p. 8, lines 15-24 (in its entirety);

21    ❑ Compl. ¶ 29, p. 9, lines 7-8 (" . . . Paragraph 1 of Wage Order 7-2001 . . .");

22    ❑ Compl. ¶ 35, p. 10, line 2 (" . . . and rest . . .");

23    ❑ Compl. ¶ 35, p. 10, lines 6-7 ("Section 226.7 and the applicable wage orders

24    also require employers to provide employees ten minutes of net rest time per

25    four hours or major fraction thereof of work . . .");

26    ❑ Compl. ¶ 37, p. 10, line 20 (" . . . and rest . . ."); and

27

28

IR01DOCS\364240.1

**[PROPOSED] ORDER GRANTING MOTION TO STRIKE**
**(Case No. C08-01318 JSW)**

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    ❑ Compl. ¶ 52(c), p. 12, line 19 ("c. violations of Labor Code §§201-203.").

2    Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the above-

3    referenced allegations are immaterial and impertinent to Williams' Complaint against

4    Defendants, since: (1) "waiting-time penalties" pursuant to California Labor Code section

5    203 are not recoverable under Section 17200 of the California Business and Professions

6    Code, <u>Tomlinson v. Indymac Bank, F.S.B.</u>, 359 F. Supp. 2d 891, 893 (C.D. Cal. 2005);

7    <u>Baas v. Dollar Tree Stores, Inc.</u>, 2007 U.S. Dist. LEXIS 65979 **15-16 (N.D. Cal., Aug.

8    29, 2007); (2) Williams misstates the obligation of California employers with respect to

9    rest periods (i.e., to "authorize" or "permit" such rest periods), 8 Cal. Code Regs. §

10    11040(12)(A); and (3) Williams' Complaint relies upon the wrong Wage Order of the

11    California Industrial Welfare Commission. <u>Baas</u>, 2007 U.S. Dist. LEXIS 65979 at **17-

12    18.

13    **IT IS SO ORDERED.**

14

15    Dated:                                    _____

16                                              Hon. Jeffrey S. White
                                                United States District Judge
17

18    Respectfully submitted,

19    **BRYAN CAVE LLP**
      Charles B. Jellinek
20    Karen K. Cain
      Jesse E.M. Randolph
21
      By:
22          _____/s/ Jesse E.M. Randolph_____
              Jesse E.M. Randolph
23    Attorneys for Defendants
      H&R BLOCK ENTERPRISES, INC.;
24    H&R BLOCK TAX AND BUSINESS
      SERVICES, INC.; and H&R BLOCK TAX
25    SERVICES, INC.

26

27

28