Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiffs and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:08-cv-1318 JSW<br><br>**PLAINTIFF'S NOTICE OF AND MOTION TO REMAND; OR, IN THE ALTERNATIVE, REQUEST FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: June 6, 2008<br>Time: 9:00 am<br>Courtroom: 2<br>Judge: The Honorable Jeffrey S. White |

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

**NOTICE OF AND MOTION TO REMAND OR REQUEST FOR DISCOVERY**

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 6, 2008, or such earlier time as the Court is available, in the United States District Court for the Northern District of California, the Honorable Jeffrey S. White presiding, Plaintiff will and hereby does move the for an order remanding this case back to the Superior Court of California, County of Alameda.

Plaintiff's Motion to Remand is made on the grounds that this Court does not have subject matter jurisdiction over this case under 28 U.S.C. §§1331, 1332, 1334 or 1441.  Plaintiff's Request for Discovery is made on the grounds that, given Defendant's claims regarding its principal place of business, investigation into the evidence presented by Defendant may be required for Plaintiff and the Court to accurately ascertain Defendant's principal place of business.  Plaintiff's Motion is based on this Notice, Plaintiff's Memorandum of Points and Authorities in Support of this Motion, all other papers on file in this action, and such further argument or evidence as may be presented at the hearing.

Respectfully submitted,

Dated:  April 11, 2008                              SCHNEIDER & WALLACE
                                                    LAW OFFICE OF ALEXANDER G. VAN
                                                         BROEK


                                                     /s/  *Hank Willson*
                                                    Hank Willson
                                                    Counsel for Plaintiff and the proposed Class

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff filed her California class action complaint on January 17, 2008 in Alameda County Superior Court, alleging violations of state law, on behalf of a class of people employed only in California. Plaintiff alleges that H&R Block has misclassified its Office Managers in California as exempt from overtime and other protections of the California Wage Orders, and does not pay them overtime for the substantial overtime hours that they work, despite the fact that Office Managers spend the majority of their time performing tasks that make them eligible for overtime protections under California law. This case, which involves the interpretation of California law for California workers, should be decided by a California court. Defendants H&R Block Tax and Business Services, Inc., H&R Block Tax Services, Inc., H&R Block Enterprises, Inc. removed this case not because the case presents a federal question, but by alleging diversity jurisdiction under the Class Action Fairness Act ("CAFA"), based on the claim that California is not H&R Block's principal place of business. But no diversity of citizenship exists here: H&R Block Enterprises, Inc. ("H&R Block Enterprises"), by its own admission, is the primary Defendant in this case and the employer of the class members. It maintains many more locations, employs far more workers, and makes significantly more sales in California than in any other state, making California H&R Block Enterprises' "principal place of business." Because CAFA does not allow for removal where the primary Defendant's "principal place of business" is the same state as the location of the class members, no diversity of citizenship exists here, and this Court does not have jurisdiction over this case. Defendants' removal was, in fact, in violation of CAFA.

H&R Block Enterprises supports its claim that California is not its principal place of business through declarations of various employees of the company. On their face, these declarations do not establish diversity jurisdiction. Even assuming *arguendo* that the declarations do establish facts to support diversity jurisdiction, the extent of the declarants' knowledge, and the veracity of the data and numbers they cite, have yet to be tested in discovery. Either way, further discovery is needed to fully explore H&R Block Enterprises' claims about its business operations in California. Hence, while the Motion to Remand can be granted on the face of H&R Block

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

1

Enterprises' own numbers, the Motion should not be denied with prejudice before Plaintiff is allowed to fully probe through discovery the evidence H&R Block Enterprises has presented on its removal petition.

## II. PROCEDURAL HISTORY

Plaintiff filed this putative class action in the Superior Court of California, in the County of Alameda, on January 17, 2008. Plaintiff's Complaint alleges violations of California's Labor Code and the California Industrial Welfare Commission Wage Orders, and California's Unfair Business Practices Act. *See* Complaint, attached as Exhibit 1 to the Declaration of Jesse E.M. Randolph in Support of Defendants' Notice of Removal. The Complaint does not contain any claims under federal law, or any references to federal law whatsoever. Defendants removed this case to this Court on March 6, 2008. On April 7, 2008, Defendants filed a Motion to Strike small portions of Plaintiff's Complaint. As Plaintiff makes clear in the Motion for Administrative Relief to be filed shortly, Plaintiff's counsel's requests for a stipulation to allow this Motion to Remand to be heard before the Motion to Strike have been rejected by Defendants.

## III. ARGUMENT

Defendants do not argue in their Notice of Removal that this case presents a federal question. In fact they cannot, since this is a claim on behalf of only California workers for solely state-law violations. Defendants' only support for removal is the incorrect allegation that diversity of citizenship exists here, pursuant to the CAFA, 28 U.S.C. §1332(d). For removal to be proper, CAFA requires that the Plaintiff, in a class action such as this one, be seeking in excess of $5,000,000 in damages, which is not in dispute. It also states that if "any member of a class of plaintiffs is a citizen of a State different from any defendant," then removal is permitted. 28 U.S.C. §1332(d)(2)(A). However, CAFA contains a mandatory exception to removal jurisdiction: "A district court shall decline to exercise jurisdiction…over a class action in which…two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. §1332(d)(4)(B). There is no dispute that two-thirds or more of the alleged class members are citizens of California. Furthermore, Defendants freely admit that H&R Block Enterprises is the primary Defendant and

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

2

the sole employer of class members. Thus, the only dispute on this Motion—indeed, the only issue Defendants have raised regarding the existence of diversity jurisdiction—is whether H&R Block Enterprises is also a citizen of California. As Defendants' Notice of Removal shows, H&R Block Enterprises is, in fact, a citizen of California.

There is a "strong presumption against removal jurisdiction" and therefore "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "The dominant note in the successive enactments of Congress relating to diversity jurisdiction [is] jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941) (internal quotations omitted). CAFA did not alter this "longstanding, near-canonical rule[.]" *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684-685 (9th Cir. 2006) ("under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."). Defendants do not meet this heavy burden of showing that H&R Block Enterprises is not a citizen of California.

**A. H&R BLOCK ENTERPRISES IS THE "PRIMARY DEFENDANT" IN THIS CASE**

Defendants make very clear in their Notice of Removal that H&R Block Enterprises is the primary Defendant in this case:

> H&R Block Enterprises, Inc. is, and at all times relevant has been, the sole employer of all Office Managers hired to work during tax season in the State of California. See Williams Decl. ¶ 6. None of the other three Named Defendants employs such persons, pays compensation to such persons, has entered into employment agreements with such persons, or either formulates or implements wage payment policies with regard to such persons. Id.

Notice of Removal at 3-4, fn. 1 (citing Declaration of Carol Williams in Support of Defendants' Notice of Removal at ¶6).[1]

---

[1] Plaintiff has not had an opportunity to test through discovery any of the factual claims made by Defendants in their Notice of Removal and supporting documents. Thus, Plaintiff accepts Defendants' claims as true only for the purposes of moving to remand.

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

3

As courts have acknowledged: "The term 'primary defendants' is not defined within CAFA." *Harrington v. Mattel, Inc.*, 2007 WL 4556920, *5 (N.D.Cal. 2007, Jenkins, J.). It appears that the few courts that have addressed the question have used three similar but distinct aids in defining the term "primary defendants." The *Harrington* Court relied on the Report of the Senate Judiciary Committee, which explained that the term "primary defendants" should be:

> interpreted to reach those defendants who are the real "targets" of the lawsuit—*i.e.*, the defendants that would be expected to incur most of the loss if liability is found. Thus, the term "primary defendants" should include any person who has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members).

S.Rep. No. 109-14, at 43, as reprinted in 2005 U.S.C.C.A.N. 3, 41. *See also, e.g., Kendrick v. Standard Fire Ins. Co.*, 2007 WL 1035018, *5 (E.D.Ky. 2007) ("This commentary [in the Senate Judiciary Committee Report] is relevant, given that 'primary defendants' is not defined within the Act. It suggests that primary defendants are those believed to be liable to the vast majority of the class members"); *Robinson v. Cheetah Transp.*, 2006 WL 3322580, *2-3 (W.D.La. 2006).

Other courts have defined "primary defendant" "by relying on a construction of an analogous provision of the Multiparty, Multiforum, Trial Jurisdiction Act of 2002, 28 U.S.C. § 1369, offered in *Passa v. Derderian*, 308 F.Supp.2d 43, 61-64 (D.R.I. 2004)." *Anthony v. Small Tube Mfg. Corp.*, 2007 WL 2844819, *8 (E.D.Pa. 2007).

> Ultimately the *Passa* court concluded that "primary defendants" for purposes of MMTJA are "those parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are ... those parties sued under theories of vicarious liability or joined for purposes of contribution or indemnification." 308 F.Supp.2d at 62 (citing *Halberstam*, 705 F.2d at 476). Thus, the court held, "the most appropriate definition of 'primary defendants' in the context of [MMTJA] must include those parties facing direct liability in the instant litigation."

*Kitson v. Bank of Edwardsville*, 2006 WL 3392752, *17 (S.D.Ill. 2006) (quoting *Passa*, 308 F.Supp.2d at 61-64) (alterations in original).

A third group of courts simply has looked to the dictionary definition of "primary" to ascertain the meaning of "primary defendants." "The dictionary definition of 'primary' includes 'first in importance; chief; principal; main.' Webster's New World College Dictionary 1140 (4th

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

4

ed.1999)." *Caruso v. Allstate Ins. Co.*, 469 F.Supp.2d 364, 369 (E.D.La. 2007); *see also Bennett v. Board of Com'rs for East Jefferson Levee Dist.*, 2007 WL 2571942, *6 (E.D.La. 2007).

Using any of these definitions, H&R Block Enterprises is, by its own admission, the primary Defendant in this action. Because H&R Block Enterprises is, and always has been, the sole employer of class members, it is the "target" of this lawsuit and has "substantial exposure," as contemplated by the Senate Judiciary Committee. Furthermore, Plaintiff alleges that H&R Block Enterprises is "directly liable" (as opposed to "vicariously liable") to Plaintiff and the class, as contemplated by the *Passa* court. Finally, because it is the only employer of class members, H&R Block Enterprises is "first in importance," and the "chief," "principal" or "main" Defendant, as defined by Webster's Dictionary.

### B. H&R BLOCK ENTERPRISES IS A CITIZEN OF CALIFORNIA, BECAUSE ITS "PRINCIPAL PLACE OF BUSINESS" IS CALIFORNIA

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state of its principal place of business. 28 U.S.C. §1332(c)(1).

> Federal courts generally use one of two tests to determine a corporation's principal place of business. First, the "place of operations test" locates a corporation's principal place of business in the state which "contains a substantial predominance of corporate operations." *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir.1990) (quoting *Co-Efficient Energy Systems v. CSL Industries*, 812 F.2d 556, 558 (9th Cir.1987)). Second, the "nerve center test" locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed. *See id*. at 1092-93 (citing *Inland Rubber Corp. v. Triple A Tire Service, Inc.*, 220 F.Supp. 490, 496 (S.D.N.Y.1963)). The Ninth Circuit Court of Appeals has given lower courts direction to determine which of these tests to apply: where a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state. *The "nerve center" test should be used only when no state contains a substantial predominance of the corporation's business activities*.

*Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (per curiam) (emphasis in original).

Because California contains a substantial predominance of H&R Block Enterprises' business activities, its "principal place of business" is in California, and no diversity of citizenship exists here. "'[S]ubstantial predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of corporation's business activity in one state be significantly larger than any other state in which the

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

5

corporation conducts business." *Id.* Contrary to H&R Block Enterprises' claim in its Notice of Removal, the "substantial predominance" test must be evaluated before the "nerve center" test even comes into play. *Id.*

### 1. The Public Policy Underlying Diversity Jurisdiction Counsels in Favor of Remand in this Case

Courts are also to consider the policy considerations underlying diversity jurisdiction, all of which militate in favor of remand here. H&R Block Enterprises, as a large, well-known company, "is not the kind of litigant that diversity jurisdiction was intended to protect[.]" Companies that "maintain a large presence" in a state, as H&R Block Enterprises admits that it does in California, "is unlikely to be considered an 'outsider[,]'" or "suffer discrimination" from locals. *Ghaderi v. United Airlines, Inc.*, 136 F.Supp.2d 1041, 1043 (N.D.Cal. 2001).

Furthermore, "[d]eeming a corporation a citizen of the state with which it has the most public contact and, therefore, the 'greatest potential for litigation,' helps reduce the federal court diversity case load. Moreover, where a party has substantial contact with the public, the public is not likely to view it as an 'outsider' and not likely to discriminate on the basis of citizenship." *Id*. at 1044. Here, H&R Block Enterprises admits that it does more business in, and has more contact with, California than any other state. H&R Block Enterprises is in no danger of being discriminated against by the people, or the courts, of California because of its place of business.

### 2. Because California Contains a "Substantial Predominance" of H&R Block Enterprises' Business, There Is No Diversity Jurisdiction Here

In making the "substantial predominance" determination, courts are to consider "the location of employees, tangible property, production activities, sources of income, and where sales take place." *Tosco*, 236 F.3d at 500 (citing *Industrial Tectonics,* 912 F.2d at 1094). Furthermore, "determining whether a corporation's business activity substantially predominates in a given state plainly requires a comparison of that corporation's business activity in the state at issue to its business activity in other individual states." *Id*. (citing *Montrose Chemical Corp. v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134-36 (9th Cir.1997) and *Industrial Tectonics*, 912 F.2d at 1094). In its Notice of Removal, H&R Block Enterprises flatly admits that it does far more business in California than in any other state, and cites to declarations from some of its employees

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

6

for statistics regarding the *Tosco* factors. H&R Block Enterprises attempts to minimize California's importance to its business by comparing it to the rest of the country rather than individual states. However, using the correct analysis as described by the Ninth Circuit in *Tosco*, it is apparent that California is H&R Block Enterprises' principal place of business. When conducting this analysis:

> where the corporation engages in a great deal of business activity in the state in issue, and where it engages in more of the kind of activity that matters most (analytically) in that state than in any other state, the courts should give the term "substantial" a relatively narrow meaning—and thus should decline to resort to the nerve center test unless the corporation proves that the difference between the levels of business activity in the states being compared is relatively insignificant.

*Ghaderi*, 136 F.Supp.2d at 1043.

In *Ghaderi*, the Court held that California was United Air Lines' principal place of business after analyzing the five *Tosco* factors, where California narrowly edged out Illinois in each factor. *Id*. at 1045-1047.[2] An analysis of those factors here, even using H&R Block Enterprises' numbers, shows that a "substantial predominance" of H&R Block Enterprises' business is in California:

- Employees: According to H&R Block Enterprises' Notice of Removal, H&R Block Enterprises employs 14,408 people, *or 41.2% of its total workforce*, in California alone; the next closest state is Illinois, with 17.7%. Notice of Removal at ¶20.a. Thus, H&R Block Enterprises has well more than twice as many employees in

---

[2] Another case from this District (one heavily cited by Defendants in their Notice of Removal), *Ho v. Ikon Office Solutions, Inc.*, 143 F.Supp.2d 1163 (N.D.Cal. 2001), employed the *Tosco* factors and determined that Ikon's principal place of business was not in California, despite the fact that California represented the highest percentages for most—but not all—of the factors. *Id*. at 1166-1167. That case is distinguishable from this one, however, because (1) by the plaintiff's own admission, Ikon conducted only "17-46% more activity in California than in the next most active state"; and (2) the Court paid special attention to the fact that "there is no state that can claim even 9% of Ikon's business." *Id*. at 1167. Here, H&R Block Enterprises conducts more than *twice* as much activity in California as in the next most active state, and California plays host to at approximately one-third, or more, of H&R Block Enterprises' total, nationwide business in each of the *Tosco* categories.

Similarly, the District Court in *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102 (S.D.Cal. 2003), which Defendants also cited, found that California was not Home Depot's place of business because "the percentage of the corporation's activities in each of many states is so modest," in contrast to this case, where California contains one-third or more of H&R Block Enterprises' total, nationwide business activity. *Id*. at 1107 (quoting *Ho*, 143 F.Supp. at 1167-1168).

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

7

California as in the next busiest state, and nearly half of all of its employees work in California.  In *Ghaderi*, California had 31.6% of United's employees, as opposed to 23% for Illinois, and the Court found no diversity of citizenship.  *Ghaderi*, 136 F.Supp.2d at 1045.

- Tangible Property: nearly one-third of H&R Block Enterprises' locations are in California (958 out of 3,011 total), versus only 14.8% in the next-highest state, Illinois; thus, California contains 2.15 times as much of H&R Block Enterprises' property as Illinois.  Notice of Removal at ¶20.b.  In *Ghaderi*, United maintained 1.7 times more tangible property in California than in Illinois, and the Court granted remand.  *Ghaderi*, 136 F.Supp.2d at 1046.

- Sources of Income, Sales, and Production Activities: H&R Block Enterprises combines these three *Tosco* factors into one, citing the number of tax returns prepared in each state in 2007 as evidence of each.  Notice of Removal at ¶20.c.  H&R Block Enterprises claims that 36% of all of the tax returns it prepares are done in California alone, or about 2.7 times the 14% done in Florida.  *Id*.  In *Ghaderi*, United generated only 1.37 times as much revenue in California as it did in Illinois, only 1.33 times as many of United's passengers originated in California versus Illinois, and the Court found California to be United's principal place of business.  *Ghaderi*, 136 F.Supp.2d at 1045-1046.

All of these factors show that, aside from the fact that California contains a substantial proportion of H&R Block Enterprises' total, nationwide business, California represents a significantly larger portion of H&R Block Enterprises' business than any other state.  When H&R Block Enterprises' business activities in California are analyzed in comparison to other individual states, as required by the Ninth Circuit in *Tosco*, the only conclusion is that California is H&R Block Enterprises' principal place of business.  In an attempt to distract from these overwhelming numbers, H&R Block Enterprises instead focuses on the number of employees, locations, or tax returns prepared as a fraction of the population of each state.  *See* Notice of Removal at ¶20.a-c.  All this calculation shows is that H&R Block represents a small percentage of the total economy of

Schneider & Wallace

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

8

any of the states in which it does business. The focus should not be on H&R Block Enterprises as a percentage of a state's economy, however, but the percentage of H&R Block Enterprises' business that takes place in each state. As shown above, a very significant portion of this business occurs in California, far more than in any other state. As such, California is H&R Block Enterprises' principal place of business, and this Court need not even address the location of H&R Block Enterprises' "nerve center." *Tosco*, 236 F.3d at 500.

In its Notice of Removal, Defendants also assert that in evaluating a company's principal place of business, the court must "take account of the distorting impact of California's size." Notice of Removal at ¶18 (citing *Ho*, *Arellano*, *Cavanaugh v. Unisource Worldwide, Inc.*, 2006 U.S. Dist. LEXIS 28208 (E.D.Cal. 2006), and *Albino v. Standard Ins. Co.*, 349 F.Supp.2d 1334 (C.D.Cal. 2004)). But as the Central District of California points out (in a case that Defendants' flatly ignore), "whatever salutary benefit such a per capita means of examining the pertinent factors may have, *it is certainly not one required by Ninth Circuit precedent*." *Lao v. Wickes Furniture Co., Inc.*, 455 F.Supp.2d 1045, 1063 (C.D.Cal. 2006) (emphasis added), *overruled on other grounds by Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007). Indeed, neither of the seminal Ninth Circuit cases on the subject, *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990) and *Tosco*, follow the per-capita approach. *Id*.

The Court in *Lao* distinguished cases like *Ho* from cases like this one:

> In *Ho*, the company conducted business in all 50 states and in no state did its business activity exceed nine percent of its overall business…[R]eference to such statistical methodology is reserved for those instances when a company does business relatively evenly and thinly nationwide—meaning in no state did the company's business operations exceed 20% of its total amount of business activity.

*Id*. at 1064. In this case, of course, H&R Block Enterprises conducts approximately one-third or more of all of its business in just one state: California. Furthermore, California has well more than double the amount of H&R Block Enterprises' business than any other state. Thus, California is H&R Block Enterprises' principal place of business, and no diversity of citizenship exists here.

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

9

### C. PLAINTIFF SHOULD BE PERMITTED TO CONDUCT DISCOVERY INTO DEFENDANTS' ALLEGATIONS REGARDING THEIR "PRINCIPAL PLACE OF BUSINESS"

A Removal (and thus a Motion to Remand) that relies on the "principal place of business" test can be a peculiarly fact-intensive inquiry: "courts must address this kind of question on a case by case basis, taking into account each of the many pertinent circumstances as they present themselves uniquely in each litigated setting." *Ghaderi*, 136 F.Supp.2d at 1047. Plaintiff's complaint was filed only four months ago; Defendants almost immediately removed to this Court. As such, no discovery has yet been conducted. Plaintiff has not been afforded an opportunity to explore the basis for Defendants' claims regarding H&R Block Enterprises' "principal place of business."

The numbers even as Defendants present them show that California is H&R Block Enterprises' principal place of business, and thus no diversity of citizenship exists here. Even if they were to show otherwise, however, this Motion to Remand should not be denied with prejudice until Plaintiff is given a chance to peer behind those numbers, without having to take them at face value. Allowing Defendants to avoid remand without such discovery would be inappropriate in such a fact-intensive inquiry.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion to Remand; or, in the alternative, that this Court permit Plaintiff to conduct discovery into H&R Block Enterprises' principal place of business before denying this Motion with prejudice.

Respectfully submitted,

Dated: April 11, 2008    SCHNEIDER & WALLACE
                         LAW OFFICE OF ALEXANDER G. VAN
                            BROEK


                         /s/ *Hank Willson*
                         Hank Willson
                         Counsel for Plaintiff and the proposed Class

SCHNEIDER & WALLACE

MOTION TO REMAND OR FOR DISCOVERY REGARDING H&R BLOCK'S PRINCIPAL PLACE OF BUSINESS
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW
10