Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiffs and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:08-cv-1318 JSW<br><br>**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND THE HEARING AND BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO STRIKE**<br><br>Courtroom: 2<br>Judge: The Honorable Jeffrey S. White |

P'S MOTION FOR ADMIN. RELIEF TO EXTEND THE HEARING AND BRIEFING SCHEDULE ON DS' MOTION TO STRIKE
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

SCHNEIDER & WALLACE

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff hereby moves the Court for administrative relief to have Defendants' Motion to Strike be taken off calendar, and the briefing on it postponed, pending a decision by this Court on Plaintiff's Motion to Remand.

## I. **INTRODUCTION**

This is a case on behalf of only California workers, alleging only violations of California law, brought originally in California state court. Defendants removed the case to this Court based on alleged diversity jurisdiction, but as Plaintiff's Motion to Remand shows, diversity of citizenship does not exist here, and this Court does not have jurisdiction. Nevertheless, Defendants filed a Motion to Strike very small portions of Plaintiff's Complaint. Plaintiff's Motion to Remand should be ruled upon before Defendants' Motion to Strike is briefed and heard for the following reasons:

(1) Plaintiff's Motion to Remand deals with very basic jurisdictional issues. Thus, it makes sense to resolve the procedural posture of this case before reaching substantive motions regarding alleged defects in the Complaint.

(2) If this Court were to hear and decide the Motion to Strike before the Motion to Remand, and then grant the Motion to Remand, the time and resources of the parties and the federal Court would have been wasted. If the Motion to Remand is granted, the result of the Motion to Strike will have no effect or bearing on the state court proceedings. If the Motion to Remand is denied, there is no harm to Defendants in postponing the Motion to Strike.

(3) As Plaintiff's Motion to Remand makes clear, the federal Court does not, in fact, have jurisdiction over this case, and should not make substantive rulings regarding the pleadings.

(4) The Motion to Strike is based entirely on minor technicalities and/or misstatements of law. Even if it were granted in its entirety, it would not have any effect on the substance of Plaintiff's allegations. At most, Plaintiff would be

SCHNEIDER & WALLACE

P'S MOTION FOR ADMIN. RELIEF TO EXTEND THE HEARING AND BRIEFING SCHEDULE ON DS' MOTION TO STRIKE
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW
1

forced to amend her Complaint to address the minor issues raised by Defendants, and leave to do so is freely and regularly granted.

Despite these reasons, Defendants have refused to stipulate to move the hearing and briefing schedule on their Motion to Strike. As such, Plaintiff has been forced to seek such relief from this Court.

## II.     PROCEDURAL HISTORY

Defendants filed their Motion to Strike on April 7, 2008. On April 8, 2008, Plaintiff's counsel wrote to Defendant's counsel to request that Defendant's counsel stipulate to postponing the hearing and briefing on the Motion to Strike until after the Motion to Remand is heard, citing the reasons stated in Section I, *supra*. *See* Letter from Hank Willson to Jesse E.M. Randolph of April 8, 2008, attached as Exhibit A to the Declaration of Hank Willson in Support of Plaintiff's Motion for Administrative Relief ("Willson Decl.").[1] In a letter dated April 9, 2008, Defendants' counsel refused to so stipulate. *See* Letter from Jesse E.M. Randolph to Hank Willson of April 9, 2008, attached as Exhibit B. Plaintiff's counsel wrote again to request a stipulation and stating that, absent such a stipulation, Plaintiff's counsel would make a motion for administrative relief to this Court to continue the hearing and briefing schedule on the Motion to Strike. *See* Letter from Hank Willson to Jesse E.M. Randolph of April 10, 2008, attached as Exhibit C. Defendants' counsel again refused to stipulate, stating that "[i]t appears the parties are at an impasse over this issue." *See* Letter from Jesse E.M. Randolph to Hank Willson of April 11, 2008, attached as Exhibit D. Plaintiff then filed this Motion for Administrative Relief.

## III.    ARGUMENT

Plaintiff's Motion to Remand calls into question this Court's jurisdiction over this case. This is simultaneously a basic jurisdictional issue and a procedural one; either way, it is an issue that should be resolved before substantive motions regarding the pleadings. There is no reason to waste the time and resources of this Court and the parties to decide Defendants' Motion to Strike if the Court will be called upon to rule upon whether it even has jurisdiction over the case

---

[1] All Exhibits referenced in this Motion are attached to the Willson Decl.

P'S MOTION FOR ADMIN. RELIEF TO EXTEND THE HEARING AND BRIEFING SCHEDULE ON DS' MOTION TO STRIKE
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW
2

SCHNEIDER & WALLACE

1   immediately thereafter.  For reasons of efficiency and judicial economy, the Motion to Remand

2   should be heard first.  Similarly, if this Court does not have jurisdiction over this case, then its

3   rulings regarding substantive issues will be null and void after its lack of jurisdiction is determined.

4   Propriety and efficiency thus dictate that this Court should consider the existence of jurisdiction

5   before issues regarding the pleadings.

6        As the United States Supreme Court has held in the context of remand, "[i]t will be for the

7   State court, when the case gets back there, to determine what shall be done with pleadings filed ...

8   during the pendency of the suit in [federal court]." *Ayres v. Wiswall*, 112 U.S. 187, 189 (1884).  If

9   this Court were to rule on the Motion to Strike, and then subsequently remand this case to the state

10  court, the state court will not and or should not give effect to this Court's substantive rulings. *See*

11  *Whitman v. Raley's, Inc.*, 886 F.2d 1177, 1182 (9th Cir. 1989) ("The district court, having

12  remanded for lack of federal jurisdiction, lacked jurisdiction for any substantive rulings and thus

13  no rulings of the federal court have any preclusive effect on the substantive matters before the state

14  court."); *In re Loudermilch*, 158 F.3d 1143, 1146-1147 (11th Cir. 1998).  Thus, to brief and hear

15  the Motion to Strike would be an exercise in futility, which militates in favor of having the Motion

16  to Remand heard before the Motion to Strike is briefed.

17       Finally, Defendants' Motion to Strike is based entirely on minor technicalities and/or

18  misstatements of law.  For example, Defendants ask that all references in the Complaint to

19  Defendants' obligation to "provide" rest periods to class members be stricken because, according

20  to Defendant, "employers need only 'authorize and permit' rest periods."  Defendants'

21  Memorandum of Points and Authorities in Support of Motion to Strike at 2:18-19.  This is simply

22  incorrect; California Labor Code §226.7(b), which requires the provision of meal and rest periods,

23  and which Plaintiff cited in her complaint, says explicitly:

24  > If an employer fails to *provide* an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the
25  > employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

26  (Emphasis added.)  The other contentions in the Motion to Strike are similarly incorrect or highly

27  technical; at most, the Motion to Strike would require exceedingly minor amendments to the

28

SCHNEIDER & WALLACE

P'S MOTION FOR ADMIN. RELIEF TO EXTEND THE HEARING AND BRIEFING SCHEDULE ON DS' MOTION TO STRIKE
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

3

Complaint, leave for which is freely given. There simply is no need to address these points before the more pressing issue of remand is decided, and Defendants will not be prejudiced in any way by having those determinations postponed pending a remand ruling.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Strike be taken off calendar, and the briefing on it postponed, pending a decision on Plaintiff's Motion to Remand. Plaintiff respectfully requests that the Motion to Strike be re-calendared only if Plaintiff's Motion to Remand is denied.

Respectfully submitted,

Dated:  April 11, 2008                                    SCHNEIDER & WALLACE

                                                          LAW OFFICE OF ALEXANDER G. VAN
                                                              BROEK


                                                           /s/  *Hank Willson*
                                                          Hank Willson
                                                          Counsel for Plaintiff and the proposed Class

SCHNEIDER & WALLACE

P'S MOTION FOR ADMIN. RELIEF TO EXTEND THE HEARING AND BRIEFING SCHEDULE ON DS' MOTION TO STRIKE
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW
4