Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiffs and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No. 3:08-cv-1318 JSW<br><br>**DECLARATION OF HANK WILLSON IN SUPPORT OF PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND THE HEARING AND BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO STRIKE**<br><br>Courtroom: 2<br>Judge: The Honorable Jeffrey S. White |

---

SCHNEIDER & WALLACE

DECLARATION OF HANK WILLSON IN SUPPORT OF P'S MOTION FOR ADMINISTRATIVE RELIEF
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

I, Hank Willson, declare as follows:

1. I am counsel of record in the above-captioned case and an attorney duly licensed to practice law in the State of California.

2. Defendants filed their Motion to Strike on April 7, 2008. On April 8, 2008, I wrote to Defendant's counsel to request that Defendant's counsel stipulate to postponing the hearing and briefing on the Motion to Strike until after the Motion to Remand is heard. *See* Letter from Hank Willson to Jesse E.M. Randolph of April 8, 2008, attached as Exhibit A.

3. In a letter dated April 9, 2008, Defendants' counsel refused to so stipulate. *See* Letter from Jesse E.M. Randolph to Hank Willson of April 9, 2008, attached as Exhibit B.

4. I wrote again to request a stipulation and stating that, absent such a stipulation, Plaintiff's counsel would make a motion for administrative relief to this Court to continue the hearing and briefing schedule on the Motion to Strike. *See* Letter from Hank Willson to Jesse E.M. Randolph of April 10, 2008, attached as Exhibit C.

5. Defendants' counsel again refused to stipulate, stating that "[i]t appears the parties are at an impasse over this issue." *See* Letter from Jesse E.M. Randolph to Hank Willson of April 11, 2008, attached as Exhibit D. Plaintiff then filed this Motion for Administrative Relief.

I declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge.

Executed this 11th day of April, 2008, in San Francisco, California.


       /s/ *Hank Willson*
       Hank Willson

---

SCHNEIDER & WALLACE

DECLARATION OF HANK WILLSON IN SUPPORT OF P'S MOTION FOR ADMINISTRATIVE RELIEF
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

1

# EXHBIT A

# SCHNEIDER & WALLACE
ATTORNEYS AT LAW

*Todd M. Schneider*
*Guy B. Wallace*
*Carolyn H. Cottrell*
*Clint J. Brayton*
*Joshua Konecky*

*W.H. Willson, IV*
*Camilla L. Roberson*
*Patrick J. Suter*
*Rachel E. Brill*
*Nancy Park*
*Christian Schreiber*
*Monica Quivey*
*Megan M. Lewis*
*Andrew P. Lee*
*Kimberly A. Williams*
*Naomi B. Sunshine*

*Paula Hagan Bennett, of Counsel*

April 8, 2008

***Via U.S. Mail and Facsimile (949-223-7100)***

Jesse E.M. Randolph
Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Re:   ***Williams v. H&R Block, et al.***

Dear Mr. Randolph:

We are in receipt of Defendants' Motion to Strike, filed yesterday in the District Court. While we do not believe the Motion to Strike has any merit, a more pressing matter is the fact that Plaintiff plans to file a Motion to Remand the case back to state court within the next few days. We ask that you agree to postpone the hearing on your Motion to Strike until the Motion for Remand is heard. We believe that the Motion to Remand should be heard before the Motion to Strike for several reasons:

(1) The Motion to Remand deals with very basic jurisdictional issues. It makes sense to resolve the procedural posture of the case before reaching substantive motions regarding alleged defects in the Complaint.

(2) If the federal Court were to hear and decide the Motion to Strike first, and then grant the Motion to Remand, the time and resources of the parties and the federal Court would have been wasted. If the Motion to Remand is granted, the result of the Motion to Strike will have no effect or bearing in the state court proceedings. If the Motion to Remand is not granted, there is no harm to defendants postponing the Motion to Strike.

(3) Because the federal Court does not, in fact, have jurisdiction over this case, it should not make substantive rulings, and any substantive rulings it does make will be null and void.

(4) The Motion to Strike is based entirely on minor technicalities and/or misstatements of law. Even if it were granted in its entirety, it would not have any effect on the substance of Plaintiff's allegations. At worst, Plaintiff would be forced to amend her complaint to change the minor errors raised by Defendants, and, as you know, leave to do so is freely and regularly granted.

180 Montgomery, Suite 2000, San Francisco, California 94104
Phone: 415.421.7100 ■ Fax: 415.421.7105 ■ TTY: 415.421.1655
www.schneiderwallace.com

Jesse E.M. Randolph
Re: *Williams v. H&R Block*
April 8, 2008
Page 2

    In light of these reasons, we request that, pursuant to Northern District of California Local Rule 7-7(a), Defendants "file a notice continuing the originally noticed hearing date for that motion to a later date" for their Motion to Strike, which is permitted if Defendants do so before the deadline for Plaintiff's Opposition. Alternatively, Plaintiff requests that Defendants enter into a stipulation to extend the hearing and briefing schedule. If the hearing on Defendants' Motion to Strike is postponed until some time in July, that will allow the parties to brief, and the Court to rule upon, Plaintiff's Motion to Remand, without requiring further briefing or hearing on the Motion to Strike, which, in any event, is likely to be rendered moot.

    Please let me know as soon as possible if Defendants are willing to postpone the hearing on their Motion to Strike.

                                  Very truly yours,

                                  SCHNEIDER & WALLACE

                                  HANK WILLSON
                                  Attorney at Law

cc:    Charles B. Jellinek (via facsimile 314 259-2020)
        Karen K. Cain (via facsimile 816 374-3300)
        Becky Eisen (via facsimile 415-442-1001)
        Alexander G. van Broek (via facsimile 510-446-1911)

# EXHBIT B

To: RelayFax via port COM4   From: 949 223 7100   4/9/2008 10:34:34 AM (Page 2 of 3)
04/09/2008 10:34 FAX 949 223 7100   BRYAN CAVE LLP   ☒002/003
Case 3:08-cv-01318-JSW   Document 29   Filed 04/11/2008   Page 7 of 14



Jesse E.M. Randolph
Direct: (949) 223-7131
jesse.randolph@bryancave.com

April 9, 2008

**VIA FACSIMILE AND U.S. MAIL**

W.H. "Hank" Willson IV, Esq.
SCHNEIDER & WALLACE
180 Montgomery, Suite 2000
San Francisco, California 94104

Re:   *Alice Williams v. H&R Block Financial Advisors, Inc. et al.*
      USDC Case No. C 08-01318 JSW

Dear Hank:

We are in receipt of your April 8, 2008 letter, in which you are requesting that we continue the hearing on the motion to strike filed recently by Defendants H&R Block Enterprises, Inc., H&R Block Tax and Business Services, Inc., and H&R Block Tax Services, Inc. (collectively, "Defendants"), so that your client, Alice Williams ("Plaintiff"), can be heard on her soon-to-filed motion to remand. As we discuss below, short of Plaintiff's agreement to timely amend her complaint to remove each of the allegations referenced in Defendants' motion to strike, Defendants cannot agree to move the hearing date on that motion.

As a threshold matter, we have not seen or been briefed on the contents of Plaintiff's anticipated remand motion, and thus we have no information related to the arguments that Plaintiff plans to make in her remand papers. While your April 8 letter indicates that Plaintiff's motion will raise "very basic jurisdictional issues," we are unable to determine the nature what those issues are, and whether they are "jurisdictional" in the first place.

While we do not have the benefit of knowing what Plaintiff's remand arguments will be, you already are familiar with Defendants' grounds for removing this case to federal court. Defendants' removal papers comprehensively establish that federal jurisdiction properly exists in this matter. Thus, it would not be a waste of the court's resources to decide Defendants' motion to strike on May 23, since that is the natural next step in the litigation process. Defendants' preference is to advance this case forward to an adjudication of the merits in a proper federal forum.

Finally, according to your April 8 letter, Defendants' motion to strike goes only to "minor errors," and further, that leave to amend "is freely and regularly granted." It seems, then, that our points of disagreement can be resolved by Plaintiff simply filing an amended complaint. If Plaintiff will agree to file, by next Friday, April 17, 2008, an

**Bryan Cave LLP**
1900 Main Street
Suite 700
Irvine, CA 92614-7328
Tel (949) 223-7000
Fax (949) 223-7100
www.bryancave.com

Chicago
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
London
Los Angeles
Milan
New York
Phoenix
Shanghai
St. Louis
Washington, DC

**Bryan Cave International Trade**
A TRADE CONSULTING SUBSIDIARY
OF NON-LAWYER PROFESSIONALS

www.bryancavetrade.com

Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

**Bryan Cave Strategies**
A GOVERNMENT RELATIONS AND
POLITICAL AFFAIRS SUBSIDIARY

www.bryancavestrategies.com

Washington, DC
St. Louis

IR01DOCS\364671.2

W.H. "Hank" Willson IV, Esq.　　　　　　　　　　　　　　　　　　　Bryan Cave LLP
April 9, 2008
Page 2

amended complaint which eliminates and/or corrects the allegations referenced in Defendants' motion to strike, we can agree to take Defendants' motion to strike off calendar. Then, the next motion the Court would decide would be Plaintiff's motion to remand.

In conclusion, if Plaintiff will not agree to timely amend her complaint consistent with Defendants' motion to strike, we are not in a position to agree to delay the hearing on that motion. This case was properly removed to federal court, and Defendants' motion to strike arguments are meritorious (whether asserted in a federal or state forum). Since Defendants filed their motion to strike before Plaintiff's motion to remand, the former should be heard before the latter.

Please feel free to contact us if you would like to discuss further.

Sincerely yours,

*[signature]*

Jesse E.M. Randolph

JEMR:ap

cc:　Alexander G. van Broek, Esq. (via facsimile and U.S. Mail)
　　　Rebecca D. Eisen, Esq. (via facsimile and U.S. Mail)
　　　Charles B. Jellinek, Esq.
　　　Karen K. Cain, Esq.

# EXHBIT C

# SCHNEIDER & WALLACE
### ATTORNEYS AT LAW

*Todd M. Schneider*
*Guy B. Wallace*
*Carolyn H. Cottrell*
*Clint J. Brayton*
*Joshua Konecky*

*W.H. Willson, IV*
*Camilla L. Roberson*
*Patrick J. Suter*
*Rachel E. Brill*
*Nancy Park*
*Christian Schreiber*
*Monica Quivey*
*Megan M. Lewis*
*Andrew P. Lee*

April 10, 2008

*Paula Hagan Bennett, of Counsel*

***Via U.S. Mail and Facsimile (949-223-7100)***

Jesse E.M. Randolph
Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Re:   *Williams v. H&R Block, et al.*

Dear Mr. Randolph:

We are in receipt of your letter of yesterday, and we are disappointed that Defendants have refused to postpone the hearing on their Motion to Strike to allow Plaintiffs' impending Motion to Remand to be heard first. You inquire as to the basis of the Motion to Remand, and it is a simple one: H&R Block Enterprises is the primary Defendant and is a citizen of California, as are the class members, so no diversity of citizenship exists here. This is a fundamental jurisdictional issue that should be heard before motions addressing alleged defects in the Complaint.

Because the Motion to Remand calls into question the federal Court's jurisdiction, Plaintiff cannot agree to your proposal to simply amend her Complaint in response to the Motion to Strike. Because this case will ultimately end up back in the state court, substantive rulings or amendments regarding the pleadings will have, at most, questionable validity and application in the state court. Furthermore, it appears on preliminary review that Defendants' Motion to Strike is, at least in part, wrong on the law, making amendment of the Complaint improper.

For these reasons and those presented in my prior letter, we believe it is imperative to have the Motion to Remand heard before the Motion to Strike. We again request that Defendants stipulate to such a schedule. If Defendants are unwilling to so stipulate, Plaintiff will be forced to make an administrative motion to postpone the briefing schedule on the Motion to Strike.

Please let me know as soon as possible if Defendants are willing to postpone the hearing on their Motion to Strike. I look forward to hearing from you.

Jesse E.M. Randolph
Re: *Williams v. H&R Block*
April 10, 2008
Page 2

        Very truly yours,

        SCHNEIDER & WALLACE

        */s/ Hank W.*

        HANK WILLSON
        Attorney at Law

cc:   Charles B. Jellinek (via facsimile 314 259-2020)
      Karen K. Cain (via facsimile 816 374-3300)
      Becky Eisen (via facsimile 415-442-1001)
      Alexander G. van Broek (via facsimile 510-446-1911)

# EXHBIT D

Case 3:08-cv-01318-JSW    Document 29    Filed 04/11/2008    Page 12 of 14



Jesse E.M. Randolph
Direct: (949) 223-7131
jesse.randolph@bryancave.com

April 11, 2008

**Bryan Cave LLP**
1900 Main Street
Suite 700
Irvine, CA 92614-7328
Tel (949) 223-7000
Fax (949) 223-7100
www.bryancave.com

**VIA FACSIMILE AND U.S. MAIL**

W.H. "Hank" Willson IV, Esq.
SCHNEIDER & WALLACE
180 Montgomery, Suite 2000
San Francisco, California 94104

Chicago
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
London
Los Angeles
Milan
New York
Phoenix
Shanghai
St. Louis
Washington, DC

Re:  *Alice Williams v. H&R Block Financial Advisors, Inc. et al.*
     USDC Case No. C 08-01318 JSW

Dear Hank:

We received your letter yesterday, in which you have restated your request that Defendants take their pending motion to strike off calendar so that Plaintiff may be heard first on her anticipated motion to remand.

It appears that the parties are at an impasse over this issue. Defendants continue to believe that this case properly belongs in federal court, for the various reasons articulated in their removal papers. Defendants also continue to believe that their motion to strike arguments are meritorious. Thus, since there is a very strong likelihood that this case will remain in federal court, those arguments ought to be considered promptly so that this matter may continue to move forward.

In your letter from yesterday, you have indicated that if we will not agree to have Plaintiffs' remand motion heard before Defendants' motion to strike, you will file a motion for administrative relief with the Court. If you ultimately decide to file such a motion, Defendants will oppose the same pursuant to Rule 7-11(b) of the Court's Local Rules.

We hope that you will reconsider your position on this issue, so that unnecessary motion practice may be avoided.

Sincerely yours,

*/s/ Jesse E.M. Randolph/*

Jesse E.M. Randolph

JEMR:ap

**Bryan Cave International Trade**
A TRADE CONSULTING SUBSIDIARY
OF NON-LAWYER PROFESSIONALS
www.bryancavetrade.com
Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

**Bryan Cave Strategies**
A GOVERNMENT RELATIONS AND
POLITICAL AFFAIRS SUBSIDIARY
www.bryancavestrategies.com
Washington, DC
St. Louis

IR01DOCS\364855.1

W.H. "Hank" Willson IV, Esq.　　　　　　　　　　　　　　　　　　　　　　　　　　Bryan Cave LLP
April 11, 2008
Page 2


cc:　　Alexander G. van Broek, Esq. (via facsimile and U.S. Mail)
　　　　Rebecca D. Eisen, Esq. (via facsimile and U.S. Mail)
　　　　Charles B. Jellinek, Esq.
　　　　Karen K. Cain, Esq.