Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiffs and the proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:08-cv-1318 JSW<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**<br><br>Date: June 6, 2008<br>Time: 9:00 am<br>Courtroom: 2<br>Judge: The Honorable Jeffrey S. White |

## I. INTRODUCTION

Defendants' Motion to Strike should be denied because it is based on extremely technical and legally incorrect contentions. Even where the Motion identifies typographical errors in Plaintiffs' Complaint, none of the defects identified required this Court's intervention. The Motion to Strike was entirely unnecessary.

Plaintiff filed her California class action complaint on January 17, 2008 in Alameda County Superior Court, alleging violations of state law, on behalf of a class of people employed only in California. Plaintiff alleges that H&R Block has misclassified its Office Managers in California as exempt from the overtime requirements of California law, and does not pay them overtime for the substantial overtime hours that they work, despite the fact that Office Managers spend the majority of their time performing tasks that make them eligible for overtime protections under California law. Plaintiff's Complaint also alleges that H&R Block has failed to provide to Office Managers the meal and rest periods to which they are entitled under California law. As a result of these two violations, Plaintiff alleges that H&R Block has violated California's Unfair Business Practices Act ("UCL"), and owes penalties to Plaintiff and the putative class.

After seeking an extension of time to file their responsive pleading, rather than providing a substantive response to Plaintiff's Complaint, Defendants H&R Block Tax and Business Services, Inc., H&R Block Tax Services, Inc., H&R Block Enterprises, Inc. ("Defendants") instead filed a Motion to Strike that raises only hyper-technical, semantic, and, in every case, legally incorrect arguments. Defendants claim to be using their Motion to Strike as a way to narrow the issues in this case, but in fact the Motion to Strike changes absolutely nothing about the substance of Plaintiff's claims. The Motion to Strike also willfully ignores both California and federal policy in favor of construing complaints liberally. It is a blatant exercise in delay and obfuscation, and should be denied.

Each of the three issues raised by Defendants' Motion to Strike is wrong on the law, highly technical, and in no way serves to advance the substantive evaluation of this case. First, Defendants claim that Plaintiff cannot enforce waiting-time penalties (California Labor Code §§201-203) through the UCL (California Business and Professions Code §§17200, *et seq.*). This is

simply incorrect: California Business and Professions Code §17202 specifically sanctions the enforcement of penalties through the UCL. In addition, the argument is unnecessary because Plaintiff's Complaint contains an independent cause of action for waiting-time penalties.

Second, Defendants seek to bar Plaintiff from stating that Defendants must "provide" rest periods to the putative class members. Instead, Defendants would like Plaintiff to state that Defendants must "authorize and permit" rest periods. Aside from the fact that this semantic argument does not construe the Complaint liberally, as required, and does not narrow the issues or address in any way the substance of the allegations of the Complaint, it is incorrect. California Labor Code §226.7 specifically states:

> If an employer fails to *provide* an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not *provided*.

(Emphasis added.)

Finally, Defendants complain that Plaintiff refers in her Complaint to California Industrial Welfare Commission ("IWC") Wage Order 7-2001, rather than Wage Order 4-2001. In fact, Plaintiff's Complaint, though naming Wage Order 7-2001, provides the citation for Wage Order 4-2001. More importantly, the sections of the Wage Order specifically referenced in the Complaint, sections 1 and 3(A)(1), are identical for both Wage Orders. Thus, aside from the fact that this issue can be cured with a very simple amendment, it will change absolutely nothing of substance about the Complaint.

Defendants' Motion to Strike is nothing more than an attempt to avoid providing a substantive response to Plaintiff's allegations. It is a waste of the time and resources of this Court and the parties, and should be denied.

## II. STATEMENT OF FACTS

Plaintiff and the putative class members are employed as Office Managers at H&R Block locations throughout California. (Complaint at ¶2, 22.) Though Office Managers spend the majority of their time performing non-exempt tasks, and regularly work more than eight hours in a day and 40 hours in a week, they are not paid overtime compensation for the overtime hours they

work. (*Id.* at ¶¶2-3, 18.) In addition, H&R Block does not ensure that its Office Managers are able to take the off-duty meal and rest periods to which they are entitled under California law, and Office Managers are routinely denied such off-duty breaks as a result. (*Id.* at ¶¶4, 19.)

### III. PROCEDURAL HISTORY

Plaintiff filed her complaint in state court on January 17, 2008, and Defendants removed the case to this Court on March 6, 2008. Defendant filed this Motion to Strike on April 7, 2008, without meeting and conferring with Plaintiff's counsel about the possibility of curing Defendants' perceived defects through a simple amendment of the Complaint. On April 11, 2008, Plaintiff filed her Motion to Remand this case back to the state court. Both the Motion to Remand and the Motion to Strike are scheduled to be heard on June 6, 2008.

### IV. ARGUMENT

Defendants' Motion to Strike does not raise questions of law regarding Plaintiff's Complaint, and does not raise issues about the legal sufficiency of Plaintiff's allegations; rather, Defendants Motion to Strike contains nothing more than inapposite, hyper-technical, and legally faulty contentions that have no bearing on the merits or substance of Plaintiff's allegations. In California: "The allegations in the complaint…are to be *liberally construed* with a view to substantial justice between the parties." *Rader Co. v. Stone*, 178 Cal.App.3d 10, 20 (1986) [emphasis added]; *see also Perkins v. Superior Court* (1981) 117 Cal.App.3d 1, 6; *Youngman v. Nevada Irrigation Dist.* (1969) 70 Cal.2d 240; *Semole v. Sansoucie* (1972) 28 Cal.App.3d 714. In federal courts, the same principle applies: "Pleadings must be construed so as to do justice." Federal Rule of Civil Procedure ("FRCP") 8(e); *see also Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). Defendants' Motion to Strike asks this Court to strictly construe every sentence of Plaintiff's Complaint, and to ignore any notions of liberal construction or substantial justice.

There is no question that Plaintiff has "set forth the essential facts of [her] case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature,

SCHNEIDER & WALLACE

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

3

1  source and extent of [her] cause of action." *Ludgate Ins. Co. v. Lockheed Martin Corp.*, 82
2  Cal.App.4th 592, 608 (2000) (quoting *Youngman*, 70 Cal.2d at 245). Indeed, "[f]ollowing the
3  simple guide of [former] Rule 8(f) that 'all pleadings shall be so construed as to do substantial
4  justice,'" there can be "no doubt that petitioners' complaint adequately set forth a claim and gave
5  the respondents fair notice of its basis." *Conley*, 355 U.S. at 48.

6  Defendants' highly technical reading of Plaintiff's Complaint plainly violates the policy in
7  both California and federal courts in favor of liberal or "notice" pleading. Going against the
8  counsel of Defendants' own cases, the Motion to Strike has forced the parties to "litigate spurious
9  issues" and has done the exact opposite of Defendants' stated goal of "minimiz[ing] delay" and
10 "avoid[ing] the expenditure of time and money[.]" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527
11 (9th Cir. 1993), *reversed on other grounds*, 510 U.S. 517 (1994); *Geer v. Cox*, 242 F.Supp.2d
12 1009, 1025 (D.Kan. 2003). For this reason alone, the Motion to Strike should be denied. As
13 shown below, it is also incorrect on the law.

### A. DEFENDANTS' CLAIM REGARDING THE ENFORCEMENT OF WAITING-TIME PENALTIES THROUGH THE UCL IS BOTH POINTLESS AND WRONG ON THE LAW

16 Contrary to Defendants' contention that "Williams may not recover 'waiting-time penalties'
17 in connection with her unfair business practices claim," the plain language of §17202 demonstrates
18 Plaintiff's right to recover penalties under its auspices: "Notwithstanding Section 3369 of the Civil
19 Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a
20 case of unfair competition." Defendants cite only *Tomlinson v. Indymac Bank, F.S.B.*, 359
21 F.Supp.2d 891 (C.D.Cal. 2005) for the proposition that §17202 does not apply to private litigants.
22 (*See* Memorandum in Support of Motion to Strike at 5-6.) However, *Tomlinson*'s cited authority
23 simply holds that the UCL does not permit actions for non-restitutionary disgorgement and
24 damages. (*See Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1144-1145;
25 *Cortez, supra*, 23 Cal.4th at 173; *Kraus v. Trinity Mgmt. Servs., Inc.* (2000) 23 Cal.4th 116, 126;
26 *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1266.) None of the cases upon which
27 *Tomlinson* relies addresses civil penalties at all, but the *Tomlinson* court attributes to these cases its
28 own logical leap. California courts, by contrast, have quoted §17202 approvingly for the

proposition that "both specific and preventative relief may be granted a private plaintiff under the UC[L] to enforce a penalty, forfeiture or penal law in a case of unfair competition." *Stevens v. Superior Court*, 75 Cal.App.4th 594, 605 (1999) (quoting Business and Professions Code §17202); *see also Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal.4th 553, 572 (1998) (overruled on other grounds in *Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223 (2006)).

The language of §17202 could not be more straightforward. It specifically supersedes California Civil Code §3369, which holds that "[n]either specific nor preventive relief can be granted to enforce a penalty or forfeiture in any case, nor to enforce a penal law, except in the case of nuisance or as otherwise provided by law," in order to state that penalties can be enforced using the UCL. Because the *Tomlinson* court ignores the plain language of §17202, its opinion should carry no weight here. Plaintiff may recover penalties under §17202.

Furthermore, Plaintiff's Complaint already contains an independent cause of action for waiting-time penalties. Defendants' Motion to Strike is a meaningless Motion that should be denied.

### B. DEFENDANTS' SEMANTIC ARGUMENTS REGARDING REST PERIODS LACK SUBSTANCE AND DIRECTLY CONTRADICT THE APPLICABLE STATUTORY LANGUAGE

Defendants complain that Plaintiff, in her cause of action regarding Defendants' denial of meal and rest periods to Office Managers, states that Defendants must "provide," rather than "authorize and permit," rest periods. California Labor Code §226.7 requires meal and rest periods for employees; while Defendants quote §226.7(a) approvingly (despite the fact that it does not use the term "authorize and permit"), they conveniently fail to cite §226.7(b), which states:

> If an employer fails to *provide* an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not *provided*.

(Emphasis added.) Thus, not only is Defendants' contention nothing more than semantics, it is simply wrong. Plaintiff's use of the word "provide" is perfectly legitimate given that the California Legislature chose the same word.

### C. DEFENDANTS COMPLAIN THAT PLAINTIFF'S COMPLAINT CITES TO THE WRONG IWC WAGE ORDER, BUT IGNORE THAT THE OPERATIVE LANGUAGE IS IDENTICAL

Defendants point out that while Plaintiff and the putative class members are covered by IWC Wage Order 4-2001, Plaintiff's Complaint mistakenly mentions Wage Order 7-2001. While it is true that Plaintiff should have cited Wage Order 4-2001 throughout her Complaint, for the sections of the Wage Orders specifically cited in Plaintiff's Complaint (regarding the obligation of employers to pay overtime to non-exempt employees), the language of Wage Orders 7-2001 and 4-2001 is *exactly the same*. Defendants do not even attempt to argue that this typographical error has prejudiced them in any way. And rather than trying to address this matter by meeting and conferring with Plaintiff's counsel, Defendants chose to move this Court for an order that Plaintiff correct a proofreading error in her Complaint. This sort of gamesmanship is calculated only to delay this litigation, and is a waste of the time and resources of the Court and Plaintiff. Defendants' Motion to Strike should be rejected.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Strike be denied in its entirety.

Respectfully submitted,

Dated: April 22, 2008                     SCHNEIDER & WALLACE
                                          LAW OFFICE OF ALEXANDER G. VAN
                                              BROEK


                                           /s/  *Hank Willson*
                                          Hank Willson
                                          Counsel for Plaintiff and the proposed Class