Charles B. Jellinek (*Pro Hac Vice* Application Pending)
**BRYAN CAVE LLP**
211 North Broadway, Suite 3600
St. Louis, Missouri  63102-2750
Telephone:     (314) 259-2000
Facsimile:      (314) 259-2020
Email:           cbjellinek@bryancave.com

Karen K. Cain (*Pro Hac Vice* Application Pending)
**BRYAN CAVE LLP**
1200 Main Street, Suite 3500
Kansas City, Missouri  64105-2100
Telephone:     (816) 374-3200
Facsimile:      (816) 374-3300
Email:           karen.cain@bryancave.com

Jesse E.M. Randolph (California Bar No. 221060)
**BRYAN CAVE LLP**
1900 Main Street, Suite 700
Irvine, California  92614-7328
Telephone:     (949) 223-7000
Facsimile:      (949) 223-7100
Email:           jesse.randolph@bryancave.com

Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.;
H&R BLOCK TAX AND BUSINESS SERVICES,
INC.; and H&R BLOCK TAX SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C08-01318 JSW<br><br>**OPPOSITION OF DEFENDANTS H&R BLOCK ENTERPRISES, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., AND H&R BLOCK TAX SERVICES, INC. TO PLAINTIFFS' MOTION TO REMAND** |

1   Defendants H&R Block Enterprises, Inc., H&R Block Tax and Business Services,
2   Inc., and H&R Block Tax Services, Inc. (collectively, "Defendants") respectfully submit
3   the following Opposition to the Motion to Remand filed by Plaintiff Alice Williams
4   ("Williams").

## I.   INTRODUCTION

Defendants have removed this putative class action to this Court, asserting federal subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) et seq. ("CAFA"). Although Williams has moved to remand the case to state court, she does not dispute that the criteria necessary to vest this Court with original jurisdiction are met in this case. See 28 U.S.C. § 1332(d)(2)(A); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020 (9th Cir. 2007); Motion to Remand, at 2. Instead, Williams maintains that 28 U.S.C. § 1332(d)(4)(B), known as the "home-state controversy" exception to CAFA jurisdiction, requires this Court to decline to exercise jurisdiction over this matter. See Serrano, 478 F.3d at 1022. Because Williams' argument rests on at least three flawed premises, she has not properly invoked the home-state controversy exception, and therefore this Court should retain jurisdiction over her claims.

## II.   PROCEDURAL BACKGROUND

Williams filed her purported class action against Defendants in Alameda County Superior Court on January 17, 2007. Williams' Complaint asserts claims against Defendants for (1) failure to pay overtime wages; (2) meal and rest period violations; (3) failure to pay timely wages to putative class members whose employment has ended; and (4) violations of California's Unfair Competition Law. Compl. ¶¶ 1-5, 17-21, 29-32, 37, 43-44, 52-54.

Williams seeks to represent a purported class defined in terms of the location of their employment, as follows: "All individuals who are currently employed, or formerly have been employed, as Office Leader or Office Manager employees at H&R Block, Inc. locations in California, at any time within four years prior to the filing of this complaint until resolution of this action." Compl. ¶ 22. Although Williams alleges that she "is and at

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1   all relevant times has been a resident of Oakland in Alameda County, California," Compl.
2   ¶ 7, the Complaint contains no allegations regarding her citizenship or the residency or
3   citizenship of putative class members.
4       Defendants removed the action to this Court on March 7, 2008, pursuant to CAFA,
5   28 U.S.C. § 1332(d), and the removal provisions of 28 U.S.C. §§ 1441(a), 1446, and 1453.
6   Specifically, Defendants noted that, as alleged in the Complaint, the putative class exceeds
7   the minimum 100 members required by CAFA, and demonstrated that the amount in
8   controversy exceeds $5,000,000.  Notice of Removal, at 5, 15-20.  In addition, Defendants
9   established that CAFA's minimal diversity requirement is plainly met here: although 28
10  U.S.C. § 1332(d)(2) requires only that "any member of a class of plaintiffs is a citizen of a
11  State different from any defendant," Defendants showed that no defendant is a citizen of
12  California.  Notice of Removal, at 6-15.
13      Williams filed her Notice of and Motion to Remand or Request for Discovery on
14  April 11, 2008.  Although Williams repeatedly states that there is no diversity of
15  citizenship here (Motion to Remand, at 1, 2, 6, 9, 10), she does not argue that Defendants
16  have not met the minimal diversity requirement of § 1332(d)(2)(a).  In fact, her Motion to
17  Remand does not take exception to Defendants' allegations and evidence demonstrating
18  that H&R Block Tax and Business Services, Inc. is a citizen of Missouri and Delaware and
19  that H&R Block Tax Services, Inc. is a citizen of Missouri.  She instead rests her Motion
20  to Remand on the hook of 28 U.S.C. § 1332(d)(4)(B), the "home-state controversy"
21  exception.  Under that provision, "a district court shall decline to exercise jurisdiction …
22  over a class action in which … two-thirds or more of the members of all proposed plaintiff
23  classes in the aggregate, and the primary defendants are citizens of the State in which the
24  action was originally filed."  Williams maintains that H&R Block Enterprises, Inc. is the
25  only "primary defendant" in this matter, and that it is a citizen of California.  In the
26  alternative, Williams asks that her Motion to Remand not be denied with prejudice unless
27  she is allowed to conduct discovery into Defendants' allegations regarding H&R Block
28  Enterprises, Inc.'s principal places of business.  Motion to Remand, at 1, 2, 10.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\365766.1      3

## III. ARGUMENT

Williams' Motion to Remand misapprehends the applicable law and the relevant facts in three fundamental respects. First, she overlooks controlling Ninth Circuit law that places squarely on her own shoulders the burden of showing that the home-state controversy exception applies here. Second, she wrongly represents that it is "undisputed" that "two-thirds or more" of the putative class members are California citizens, and offers no evidence of the citizenship of those members. Third, she erroneously states that Defendants have "admitted" that H&R Block Enterprises, Inc. is the only "primary defendant" in the case, when Defendants made no such admission and in fact all three Defendants fit within any proper definition of that term.

Plaintiff's motion also reflects a basic misunderstanding of the impact and purpose of CAFA, as evidenced by her argument that the court should "consider the policy considerations underlying diversity jurisdiction," and that those considerations "militate in favor of remand here." Motion to Remand, at 6. The district court case she cites is pre-CAFA; as the Ninth Circuit stated in Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 677 (9th Cir. 2006), CAFA "alters the landscape for federal court jurisdiction over class actions." "The language and structure of CAFA itself indicates [sic] that Congress contemplated broad federal court jurisdiction, with only narrow exceptions." Evans v. Walter Industries, Inc., 449 F.3d 1159, 1164 (11th Cir. 2006) (citation omitted); see also Schwartz v. Comcast Corp., 2006 WL 487915, *4 (E.D. Pa. Feb. 28, 2006) (referring to "the intent of [CAFA] provisions to encourage the exercise of federal jurisdiction over class actions"); Kearns v. Ford Motor Co., 2005 WL 3967998, *1 (C.D. Cal. Nov. 21, 2005) ("The goal of the Act was to expand significantly the jurisdiction of the federal courts over class action lawsuits…."). Because (a) Williams has not met her burden to show that any member of the proposed class is a California citizen, and (b) all three Defendants are primary defendants, and Williams has not contested Defendants' evidence showing that H&R Block Tax and Business Services, Inc. and H&R Block Tax Services, Inc. are not citizens of California, Williams' Motion to Remand should be denied.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Because this Court can and should deny Williams' Motion to Remand without considering the citizenship of H&R Block Enterprises, Inc., Williams' request for discovery should be denied as moot.

### A. Williams Bears The Burden of Demonstrating That This Court Must Decline To Exercise Jurisdiction In This Case.

Williams' remand motion is premised on the inaccurate notion that Defendants bear the "heavy burden" of establishing that their removal of this case to this Court was proper. Motion to Remand, at 3. Williams would be correct in assigning that burden to Defendants if her Motion to Remand argued simply that Defendants had not made a prima facie case that this Court has original jurisdiction of this matter pursuant to § 1332(d)(2)(A). But Williams does not dispute that the criteria set forth in § 1332(d)(2)(A) are met in this case: the amount in controversy exceeds $5,000,000, and at least one plaintiff is a citizen of a state different from at least one defendant. Motion to Remand, at 2. Rather, Williams seeks remand on the basis of § 1332(d)(4)(B)'s home-state controversy exception. Therefore, as the Ninth Circuit has made plain, it is Williams who is saddled with the burden of establishing that remand is necessary.

In <u>Serrano v. 180 Connect, Inc.</u>, 478 F.3d 1018, 1021-22 (9th Cir. 2007), the Ninth Circuit joined a number of other appellate and district courts in holding that "the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction" under either §§ 1332(d)(3) or (d)(4). The Court based its determination on both "the Supreme Court's jurisprudence regarding the general removal statute, [28 U.S.C.] § 1441" and its own reading of CAFA. Specifically, because §§ 1332(d)(3) and (d)(4) describe, respectively, situations in which the court "may" or "shall" decline to exercise jurisdiction, the elements set forth in those subsections "are not part of the prima facie case for establishing minimal diversity jurisdictional [*sic*] under CAFA, but, instead, are exceptions to jurisdiction." <u>Id.</u> at 1023. As such, the Court concluded that "although the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

burden of proof as to the applicability of an express statutory exception under §§ 1332(d)(4)(A) and (B)." Id. Accord Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 680-81 (7th Cir. 2006); Frazier v. Pioneer Americas LLC, 445 F.3d 542 (5th Cir. 2006): Evans v. Walter Indus., Inc., 449 F.3d 1159 (11th Cir. 2006); Harrington v. Mattel, Inc., 2007 WL 4556920, *3 (N.D. Cal. Dec. 20, 2007).

Williams does not come close to meeting her burden of establishing either component of the home-state controversy exception, and on this basis alone, her Motion to Remand must be denied.

### B.  Williams Has Not Met Her Burden To Establish That Two-Thirds Of The Putative Class Are Citizens Of California.

The proper allocation of the burden of proof in this case is not merely an academic exercise. Williams wholly ignores her burden to demonstrate that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," as § 1332(d)(4)(B) requires. Instead, she simply states, without any record support, that "[t]here is no dispute that two-thirds or more of the alleged class members are citizens of California." Motion to Remand, at 2. That unadorned statement falls far short of the proof necessary to require this Court to abstain from exercising its jurisdiction in this case. For this reason alone, Williams' Motion to Remand should be denied.

Williams' representation that it is undisputed that at least two-thirds of the putative class members are California citizens is curious, as neither her Complaint nor Defendants' removal papers address the citizenship of putative class members. The only allegation in Williams' Complaint that connects the putative class members with California is her proposed class definition, under which she seeks to represent "[a]ll individuals who are currently employed, or formerly have been employed, as Office Leader or Office Manager employees at H&R Block, Inc. locations in California, at any time within four years prior to the filing of this complaint until resolution of this action." Compl. ¶ 22. Although she alleges that she is a resident of California, Compl. ¶ 7, she makes no allegation regarding

1  her citizenship, nor does she address the residency or citizenship of the putative class
2  members. Defendants' removal of the case to this Court was based only on Williams'
3  status as a California citizen, which she does not challenge; the citizenship of the putative
4  class members was not germane to Defendants' ground for removal, and was not discussed
5  in any fashion. Williams' representation that at least two-thirds of the putative class
6  members are California citizens thus is based on nothing more than her own
7  uncorroborated presumption.
8        It is well settled that Williams' mere presumption is wholly inadequate to meet her
9  burden. As the Fifth Circuit recently held, "the party moving for remand [under the CAFA
10 exceptions] must prove the statutory citizenship requirement by a preponderance of the
11 evidence." Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793,
12 797 (5th Cir. 2007). A bare assertion that the putative class is comprised of a certain
13 percentage of citizens of the forum state does not satisfy the burden required to establish a
14 CAFA exception. See, e.g., Anthony v. Small Tube Mfg. Corp., 535 F. Supp. 2d 506, 515
15 (E.D. Pa. 2007); McMorris v. TJX Cos., Inc., 493 F. Supp. 2d 158, 165-66 (D. Mass.
16 2007); Kendrick v. Standard Fire Ins. Co., 2007 WL 1035018, *4 (E.D. Ky. Mar. 31,
17 2007) ("Plaintiffs in conclusory fashion suggest the required number of citizen Plaintiffs
18 cannot realistically be disputed. But without further information of the estimated class
19 membership and citizenship of those members, the Court will not simply presume" the
20 statutory requirement is satisfied). The citizenship of the proposed class members must be
21 determined as of the date of Defendants' removal, March 7, 2008. 28 U.S.C. § 1332(d)(7).
22       That the proposed class is confined to current or former employees "at H&R Block
23 locations in California" does not advance Williams' claim that two-thirds or more of its
24 members are California citizens. Citizenship, or domicile, "requires residence in the state
25 and the intention to remain in the state." Preston, 485 F.3d at 798. The truism that one's
26 place of employment is not necessarily one's place of residence, let alone one's domicile,
27 applies with even greater force here, for at least two reasons. First, the "former
28 employees" included in the putative class are not alleged to have any current tie to

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\365766.1    7

California at all. In addition, Williams alleges that she herself was employed "by H&R Block" during four calendar years, but only during the November-to-April tax seasons. Compl. ¶ 7.

The court's ruling in Anthony v. Small Tube Manufacturing Corp., 535 F. Supp. 2d 506 (E.D. Pa. 2007), is on point and instructive. The plaintiff there sought remand of his action against certain manufacturers or distributors of beryllium-containing material, brought on behalf of a putative class of "[a]ll current and former employees of the U.S. Gauge facility [located in Pennsylvania] who have ever been exposed to one or more of the Defendants' beryllium-containing products for a period of at least one (1) month while employed at the U.S. Gauge facility." Id. at 508-09. As is the case here, the plaintiff in Anthony did not refer in his complaint to the citizenship of any class member other than himself, but asserted in his motion to remand, based on the home-state controversy exception, that "the allegation that greater than two-thirds of the putative class are Pennsylvania citizens is undisputed and should be accepted as true for the purpose of this motion." Id. at 509, 510. The court determined that the plaintiff's bare assertions in his motion as to the citizenship of the putative class "are wholly inadequate for the court to evaluate the citizenship of the class":

"The class is composed of all employees of the U.S. Gauge facility over an approximately thirty-five year period. Plaintiffs provided no evidence that these individuals were ever, or have remained, domiciled in Pennsylvania. Though this may be a reasonable inference, it does not satisfy the plaintiff's burden of proof. Individual employees may retire and move away. Employees may change jobs and move to another State or country. Employees may also commute from an out-of-state location. None of these facts are accounted for in plaintiff's motion." Id. at 517 (emphasis added); see also Preston, 485 F.3d at 798-99 (evidence of putative class members' addresses from billing records did not show intent to remain in the state and therefore were "not tantamount to sufficient proof of citizenship"); Schwartz v. Comcast Corp., 2006 WL 487915, *3, 6 (E.D. Pa. 2006) (denying motion to remand action where putative class was defined as all

persons or entities who resided in or did business in Pennsylvania and who subscribed to the defendant's high-speed internet service, noting that "there may be numerous members of the proposed class who are citizens of different states" but still fit within class definition, and that the plaintiff's arguments were all premised on the erroneous assumption "that residence is an effective proxy for domicile").

The Anthony court's reasoning has even greater application here, given the seasonal nature of the work performed by putative class members. Their presence in California for a three-to-five month period during a given calendar year does not establish their residency, let alone their domicile, in California. As in Anthony, "plaintiff has failed to demonstrate the citizenship of the class. This alone is sufficient to deny plaintiff's motion to remand." 535 F. Supp. 2d at 517.

### C. Williams Has Not Met Her Burden To Establish That All Primary Defendants In This Case Are Citizens Of California.

#### 1. Because All Three Defendants Are Primary Defendants, And Williams Does Not Argue That H&R Block Tax And Business Services, Inc. Or H&R Block Tax Services, Inc. Are Citizens Of California, The Motion To Remand Must Be Denied.

Even if Williams had met her burden regarding the citizenship of the class members, her attempt to fit her claims within the home-state controversy exception would still fail because she cannot demonstrate that all Defendants are California citizens. Under the plain terms of § 1332(d)(4)(B), the home-state controversy exception applies only when all "primary defendants" are citizens of the forum state. See Anthony, 535 F. Supp. 2d at 515 ("as evident from the statute's use of the phrase 'the primary defendants' rather than 'a primary defendant,' the plain language of the statute requires remand only when all of the primary defendants are residents" of the forum state) (emphasis original; quotation omitted).

##### a. The Meaning Of "Primary Defendants."

As Williams notes, CAFA does not define the term "primary defendants." In

1  analyzing the decisions that have discussed the term, Williams describes three different
2  approaches. Motion to Remand, at 4. The first approach she refers to is exemplified by
3  Harrington v. Mattel, Inc., 2007 WL 4556920 (N.D. Cal. Dec. 20, 2007). This set of cases
4  relies on the Report of the Senate Judiciary Committee, which interprets the term "to reach
5  those defendants who are the real 'targets' of the lawsuit—i.e., the defendants that would
6  be expected to incur most of the loss if liability is found. Thus, the term … should include
7  … any defendant that is allegedly liable to the vast majority of the members of the
8  proposed classes." S. Rep. No. 109-14, reprinted in 2005 U.S.C.C.A.N. 3, 43.

9  The second approach to interpreting "primary defendants" is derived from Passa v.
10 Derderian, 308 F. Supp. 2d 43, 61-63 (D.R.I. 2004), which construed the same term as it
11 appears in the Multiparty, Multiforum, Trial Jurisdiction Act of 2002, 28 U.S.C. § 1369.
12 See Anthony, 535 F. Supp. 2d at 515-16. After reviewing the use of the term in various
13 legal contexts, the court in Passa determined that the "most appropriate" definition was
14 that used in tort law to refer to "parties that are allegedly directly liable to the plaintiffs," as
15 opposed to defendants "sued under theories of vicarious liability or joined for purposes of
16 contribution or indemnification." 308 F. Supp. 2d at 62. "[T]his definition of primary
17 defendants is also the most workable under the statute, as it does not require the Court to
18 make a pre-trial determination of liability or culpability, but rather requires only a review
19 of the complaint to determine which defendants are sued directly." Id. at 63.

20 The third set of cases interpreting primary defendants, as noted by Williams, simply
21 refer to the dictionary definition of "primary": "first in importance; chief; principal; main."
22 Motion to Remand, at 4, 5. This definition, however, is unhelpful in the context of CAFA
23 and should be given no weight. Not only is it vague and completely divorced from the
24 purpose of CAFA, it is plainly inconsistent with § 1332(d)(4)(B)'s reference to the plural
25 "primary defendants." Multiple defendants cannot all be "first in importance."

26          b.    All Three Defendants Are "Primary Defendants."

27 Williams repeatedly claims that Defendants have admitted that H&R Block
28 Enterprises, Inc. is "the" primary defendant in this matter (Compl. ¶¶ 1, 2, 3, 5). Her sole

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

source for this supposed admission is the Declaration of Carol Williams, submitted in support of Defendants' Notice of Removal. That Declaration states in relevant part that H&R Block Enterprises, Inc. is and has been the "sole employer of all Office Managers hired to work during tax season in the State of California," and that none of the other Defendants employs or pays such persons, or has entered into employment agreements with them or formulated or implemented wage payment policies with respect to them. See Motion to Remand, at 3.

Williams' contention that H&R Block Enterprises, Inc. is the lone primary defendant in this matter overlooks her own Complaint, which makes no distinction whatsoever among the Defendants. On the contrary, she refers to all of the Defendants "jointly" as "H&R Block," and alleges that "each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiff." Compl. ¶¶ 1, 11, 13. Williams further alleges that "each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment." Compl. ¶ 12.

Carol Williams' statements in her Declaration regarding H&R Block Enterprises, Inc. do not negate or disprove Williams' allegations that all Defendants acted in concert and participated in all the "events, acts, practices and courses of conduct alleged" in the Complaint. In the recent opinion in Harrington v. Mattel, Inc., 2007 WL 4556920 (N.D. Cal., Dec. 20, 2007), Judge Martin Jenkins [he recently stepped down to sit on the California Court of Appeal] denied the plaintiff's motion to remand her putative class action brought against defendants Mattel, Inc. and Fisher-Price Inc. Asserting the home-state controversy exception, the plaintiff argued that Mattel, Inc., which is headquartered in California, was the only primary defendant. Id. at *5. In support, she pointed to an affidavit submitted by Mattel, stating that it directs the sales, marketing, and finance functions as well as the senior management of its subsidiaries, including Fisher-Price Inc. Id. Judge Jenkins rejected that argument, saying, "Although … Mattel, Inc., may have

1  some say in the direction of product development at Fisher-Price Inc., this does not change
2  the fact that Plaintiff has separately named Fisher-Price Inc. as a defendant, who along
3  with Mattel, Inc. is 'allegedly liable to the vast majority of the members of the proposed
4  classes.'" Id., quoting S. Rep. No. 109-14, at 43. See also Anthony, 535 F. Supp. 2d at
5  517 (although one defendant disclaimed liability and argued it was not in the distribution
6  chain, it was a primary defendant because the plaintiff's claim against it was based on
7  direct liability).

8        Other courts have likewise held that when a plaintiff's complaint does not
9  differentiate among the defendants, no basis exists for labeling fewer than all of them as
10 primary defendants. See, e.g., Brook v. UnitedHealth Group Inc., 2007 WL 2827808, *6
11 (S.D.N.Y., Sep. 27, 2007) (because the plaintiffs conceded that "no distinction" existed
12 between their claims against in-state and non-resident defendants, "there is no rational
13 basis upon which to differentiate the defendants' status as being primary or secondary");
14 Anthony, 535 F. Supp. 2d at 517 (holding that all four named defendants were primary
15 defendants because they all faced direct liability under the allegations of the complaint);
16 Kearns v. Ford Motor Co., 2005 WL 3967998 (C.D. Cal. 2005) (denying the plaintiff's
17 motion to remand based on the home-state controversy exception because "there is nothing
18 in the pleadings to distinguish among the defendants…. Therefore Plaintiff's own
19 allegations establish that [both defendants] are potentially directly liable to the plaintiff
20 class"); Adams v. Federal Materials Co., 2005 WL 1862378 (W.D. Ky., July 28, 2005)
21 (because plaintiffs brought claims "directly against all defendants," and "[i]n light of the
22 lack of a principled distinction between the positions" of two of the defendants, "there is
23 simply no basis for treating [one of those two] as a secondary defendant in this case).

24       Williams' Complaint lumps all three defendants together under the label, "H&R
25 Block," and makes no distinction among them as to the basis for their alleged liability to
26 her and the putative class. All three Defendants are therefore primary defendants under
27 either the "target" definition in the Senate Report, or the "direct liability" definition first
28 announced in Passa. By not addressing the citizenship of H&R Block Tax and Business

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1  Services, Inc. and H&R Block Tax Services, Inc. in her Motion to Remand, Williams
2  tacitly concedes that neither is a citizen of California, as established in Defendants'
3  removal papers. Because at least two of the three primary defendants are not citizens of
4  the forum state, the home-state controversy exception does not apply here. Williams'
5  Motion to Remand should be denied. Moreover, Williams' request for discovery should
6  be denied as well, because the discovery she has requested — "into H&R Block
7  Enterprises' principal place of business" (Motion to Remand, at 1, 2, 10) — cannot salvage
8  her Motion to Remand, as all three Defendants are primary defendants and she does not
9  deny that at least two are <u>not</u> California citizens.

    2. <u>Even If H&R Block Enterprises, Inc. Were The Only Primary Defendant, Williams Has Not Met Her Burden To Show That It Is A California Citizen.</u>

  In their removal papers, Defendants demonstrated that H&R Block Enterprises, Inc.'s principal place of business is not California under either the "substantial predominance of operations" test or the "nerve center" test. Notice of Removal ¶¶ 14-20. With respect to the "substantial predominance of operations" test, Defendants cited cases from all four federal districts in California, each of which states that the distorting effect of California's large population and economy must be given proper weight in the "predominance" analysis. Notice of Removal ¶ 18; see <u>Cavanaugh v. Unisource Worldwide, Inc.</u>, 2006 U.S. Dist. LEXIS 28208, **8-9 (E.D. Cal., Apr. 28, 2006) (considering census data in determining whether California properly could be considered the principal place of business for an out-of-state corporation, noting: "Because California is the state with the largest population, business activity on a national scale can be expected to be greater in California . . . it is highly unlikely that Congress intended every national corporation that does more business in California than any other single state, by virtue of that fact alone, to be deemed a citizen of California for the purposes of diversity jurisdiction."); <u>Ho v. Ikon Office Solutions, Inc.</u>, 143 F. Supp. 2d 1163, 1167 (N.D. Cal. 2001) ("Because, by a considerable margin, California is the largest state, measured by

1  population and economic activity, there often will be somewhat more activity in California
2  than in any other individual state for truly national corporations."); Arellano v. Home
3  Depot U.S.A., Inc., 245 F. Supp. 2d 1102, 1007 (S.D. Cal. 2003) ("Although California
4  has more Home Depot employees and stores, the margin of difference is not significant
5  enough for a corporation that conducts business in forty-nine of the fifty states.  Because
6  California is the state with the largest population, business activity on a national scale can
7  be expected to be greater in California."); Albino v. Standard Ins. Co., 349 F. Supp. 2d
8  1334, 1338 (C.D. Cal. 2004) ("As the Northern District of California has persuasively
9  noted, because California has the largest population of any state in the union, it will
10 naturally have more gross sales and more customers than other states . . . a more accurate
11 measure would be revenue per capita based on the state population.") (citing Ho and
12 Arellano).  Accordingly, Defendants have shown that when viewed on a per capita basis —
13 i.e., comparing the relevant metrics (number of employees, sales, locations) as a
14 percentage of the state's population — H&R Block Enterprises, Inc.'s business in
15 California does not "substantially predominate" over the business it transacts in other
16 states.  Notice of Removal ¶¶ 19-20.  Thus, under the alternative "nerve center" test, H&R
17 Block Enterprise's principal place of business is Missouri because its "executive and
18 administrative functions … are centrally managed from its corporate headquarters" in
19 Kansas City, Missouri.  Notice of Removal ¶ 20(d)

20     Williams' challenges Defendants' per capita analysis, citing Lao v. Wickes
21 Furniture Co., 455 F. Supp. 2d 1045 (C.D. Cal. 2006), overruled in part by Serrano, 478
22 F.3d at 1023, for the proposition that such an analysis is not required by any Ninth Circuit
23 case. Motion to Remand, at 9.  Although it is accurate that the Ninth Circuit has not yet
24 weighed in on the issue, it is noteworthy that the court in Lao did not reject the per capita
25 analysis out of hand, but simply stated that "[t]he Court has some general concerns with
26 using this per capita approach across-the-board to all the Industrial Tectonics[, Inc. v. Aero
27 Alloy, 912 F.2d 1090 (9th Cir. 1990)] factors in every case."  455 F. Supp. 2d at 1063.
28 Because "Wickes' business activities are confined to a few states and even then, those

1  activities … are largely confined to just two states," the court determined that "reference to
2  straight percentage differences between the company's business activities in those states is
3  an appropriate method in gauging where [its] business operations substantially
4  predominate." Id. at 1064.

5  In contrast to the defendant in Lao, H&R Block Enterprises, Inc. has operations in
6  19 states, not five.  The court's justification for relying on "straight percentage
7  differences" in Lao therefore does not apply here. Likewise, Ghaderi v. United Airlines,
8  Inc., 136 F. Supp. 2d 1041 (N.D. Cal. 2001), which Williams also relies on, involved a
9  comparison of the defendant airline's operations in just two states.  Moreover, Ghaderi was
10 authored by the same Magistrate Judge who subsequently wrote the opinion in Ho, which
11 noted the need "to take into account the distorting effect (on the numbers that reflect
12 relative activity in the many states) of the forum state's size." Ho, 143 F. Supp. 2d at
13 1168.

14 As demonstrated in Defendants' Notice of Removal, the number of H&R Block
15 Enterprises, Inc.'s employees in California and the number of tax returns it prepares here,
16 expressed as percentages of the state's population, are lower than the corresponding
17 percentages in several other states where it does business.  When the distorting impact of
18 California's population and economy is properly accounted for, H&R Block Enterprises,
19 Inc.'s business activities do not substantially predominate in California.

20 **IV.    CONCLUSION**

21 For each of the foregoing reasons, Defendants respectfully request that the Court
22 deny Williams' motion to remand and request that the Court deny Williams' request for
23 discovery as moot.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

| | |
|---|---|
| Dated: April 28, 2008 | **BRYAN CAVE LLP**<br>Charles B. Jellinek<br>Karen K. Cain<br>Jesse E.M. Randolph<br><br>By:  /s/ Jesse E.M. Randolph<br>   Jesse E.M. Randolph<br>Attorneys for Defendants<br>H&R BLOCK ENTERPRISES, INC.; H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC |

IR01DOCS\365766.1                                  16
**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**(Case No. C08-01318 JL)**