1   Charles B. Jellinek (*Pro Hac Vice* Application Pending)
    **BRYAN CAVE LLP**
2   211 North Broadway, Suite 3600
    St. Louis, Missouri 63102-2750
3   Telephone:   (314) 259-2000
    Facsimile:   (314) 259-2020
4   Email:       cbjellinek@bryancave.com

5   Karen K. Cain (*Pro Hac Vice* Application Pending)
    **BRYAN CAVE LLP**
6   1200 Main Street, Suite 3500
    Kansas City, Missouri 64105-2100
7   Telephone:   (816) 374-3200
    Facsimile:   (816) 374-3300
8   Email:       karen.cain@bryancave.com

9   Jesse E.M. Randolph (California Bar No. 221060)
    **BRYAN CAVE LLP**
10  1900 Main Street, Suite 700
    Irvine, California 92614-7328
11  Telephone:   (949) 223-7000
    Facsimile:   (949) 223-7100
12  Email:       jesse.randolph@bryancave.com

13  Attorneys for Defendants
    H&R BLOCK ENTERPRISES, INC.;
14  H&R BLOCK TAX AND BUSINESS SERVICES,
    INC.; and H&R BLOCK TAX SERVICES, INC.

15

16              **UNITED STATES DISTRICT COURT**

17            **NORTHERN DISTRICT OF CALIFORNIA**

18  ALICE WILLIAMS, on behalf of herself,        Case No. C08-01318 JSW
    and on behalf of all others similarly
19  situated,                                    **AMENDED OPPOSITION OF**
                                                 **DEFENDANTS H&R BLOCK**
20              Plaintiff,                        **ENTERPRISES, INC., H&R BLOCK**
                                                 **TAX AND BUSINESS SERVICES,**
21         v.                                    **INC., AND H&R BLOCK TAX**
                                                 **SERVICES, INC. TO PLAINTIFFS'**
22  H&R BLOCK FINANCIAL ADVISORS,                **MOTION TO REMAND OR, IN THE**
    INC., H&R BLOCK TAX AND                      **ALTERNATIVE, REQUEST FOR**
23  BUSINESS SERVICES, INC., H&R                 **DISCOVERY**
    BLOCK TAX SERVICES, INC., H&R
24  BLOCK ENTERPRISES, INC., and                 Date:       June 6, 2008
    DOES 1 through 50, inclusive,                Time:       9:00 a.m.
25                                               Courtroom:  2
                Defendants.
26

27

28

IR01DOCS\365766.2

                      OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
                            (Case No. C08-01318 JSW)

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1

## TABLE OF CONTENTS

PAGE

I.    SUMMARY OF ARGUMENT ...................................................................... 1

II.   PROCEDURAL BACKGROUND ................................................................. 2

III.  ARGUMENT .............................................................................................. 3

    A.   Williams Bears The Burden of Establishing That This Court Should Decline To Exercise Jurisdiction Under The Home-State Exception To CAFA Removal Jurisdiction. .............................................................. 4

    B.   Williams Has Not Met Her Burden To Establish That Two-Thirds Of Putative Class Members Are Citizens Of California. ................................ 6

    C.   Williams Has Not Met Her Burden To Establish That Each Primary Defendant Is A Citizen Of California. ..................................................... 9

        1.   Because All Three Defendants Are Primary Defendants, And Williams Does Not Argue That H&R Block Tax And Business Services, Inc. Or H&R Block Tax Services, Inc. Are Citizens Of California, Her Motion To Remand Must Be Denied. ......................... 9

            a.   The Meaning Of "Primary Defendants." .................................. 9

            b.   All Three Defendants Are "Primary Defendants." ................. 10

        2.   Even If H&R Block Enterprises, Inc. Were The Only Primary Defendant, Williams Has Not Met Her Burden To Show That H&R Block Enterprises, Inc. Is A California Citizen. ...................... 12

IV.   CONCLUSION ......................................................................................... 15

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

i

**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**(Case No. C08-01318 JSW)**

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

Abrego Abrego v. Dow Chemical Co.,
443 F.3d 676, 677 (9th Cir. 2006) ....................................................................................... 4

Adams v. Federal Materials Co., Inc.,
2005 WL 1862378, ** 5-6 (W.D. Ky., July 28, 2005) ...................................................... 12

Albino v. Standard Ins. Co.,
349 F. Supp. 2d 1334, 1338 (C.D. Cal. 2004) ................................................................... 13

Anthony v. Small Tube Mfg. Corp.,
535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) ............................................................. 1, 7, 10

Arellano v. Home Depot U.S.A., Inc.,
245 F. Supp. 2d 1102, 1007 (S.D. Cal. 2003) ................................................................... 13

Brook v. UnitedHealth Group Inc.,
2007 WL 2827808, * 6 (S.D.N.Y., Sep. 27, 2007) ........................................................... 11

Cavanaugh v. Unisource Worldwide, Inc.,
2006 WL 1153776, ** 3-4 (E.D. Cal., Apr. 28, 2006) ..................................................... 13

Evans v. Walter Industries, Inc.,
449 F.3d 1159, 1164 (11th Cir. 2006) .................................................................................. 4

Frazier v. Pioneer Americas LLC,
455 F.3d 542 (5th Cir. 2006) ................................................................................................. 5

Ghaderi v. United Airlines, Inc.,
136 F. Supp. 2d 1041 (N.D. Cal. 2001) ............................................................................. 14

Harrington v. Mattel, Inc.,
2007 WL 4556920, * 3 (N.D. Cal., Dec. 20, 2007) ............................................. 1, 5, 9, 11

Hart v. FedEx Ground Package Sys. Inc.,
457 F.3d 675, 680-81 (7th Cir. 2006) ................................................................................... 5

Ho v. Ikon Office Solutions, Inc.,
143 F. Supp. 2d 1163, 1167 (N.D. Cal. 2001) ................................................................... 13

Industrial Tectonics, Inc. v. Aero Alloy,
912 F.2d 1090 (9th Cir. 1990) ............................................................................................. 14

Kearns v. Ford Motor Co.,
2005 WL 3967998, * 1 (C.D. Cal., Nov. 21, 2005) ..................................................... 4, 12

Kendrick v. Standard Fire Ins. Co.,
2007 WL 1035018, * 4 (E.D. Ky., Mar. 31, 2007) ............................................................. 7

Lao v. Wickes Furniture Co.,
455 F. Supp. 2d 1045 (C.D. Cal. 2006) ............................................................................. 14

McMorris v. TJX Cos., Inc.,
493 F. Supp. 2d 158, 165-66 (D. Mass. 2007) ................................................................... 7

Passa v. Derderian,
308 F. Supp. 2d 43, 61-63 (D.R.I. 2004) ............................................................................. 1

Preston v. Tenet Healthsystem Memorial Medical Center, Inc.,
485 F.3d 793, 797 (5th Cir. 2007) ........................................................................................ 7

Schwartz v. Comcast Corp.,
2006 WL 487915, * 4 (E.D. Pa., Feb. 28, 2006) ............................................................. 4, 8

Serrano v. 180 Connect, Inc.,
478 F.3d 1018, 1020 (9th Cir. 2007) .................................................................................... 1

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1

**Statutes**

28 U.S.C. § 1332(d) ............................................................................................................... 1
28 U.S.C. § 1332(d)(2) .......................................................................................................... 2
28 U.S.C. § 1332(d)(2)(A) ................................................................................................ 1, 2
28 U.S.C. § 1332(d)(4)(B) ...................................................................................... 1, 3, 4, 6
28 U.S.C. § 1332(d)(7) ........................................................................................................... 7
28 U.S.C. § 1369 ..................................................................................................................... 9
28 U.S.C. § 1447(c) ................................................................................................................ 4
28 U.S.C. §§ 1441(a), 1446, and 1453 ................................................................................. 2

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1     Defendants H&R Block Enterprises, Inc., H&R Block Tax and Business Services,

2  Inc., and H&R Block Tax Services, Inc. (collectively, "Defendants") respectfully submit

3  the following <u>amended</u> Opposition to the Motion to Remand or, in the Alternative, Request

4  for Discovery filed by Plaintiff Alice Williams ("Williams").

5  **I.   SUMMARY OF ARGUMENT**

6     Defendants have removed this putative class action to this Court, asserting federal

7  subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §

8  1332(d) <u>et seq.</u> ("CAFA"). Although Williams has moved to remand the case back to state

9  court, she does not dispute that the criteria necessary to vest this Court with original

10  jurisdiction are met in this case. <u>See</u> 28 U.S.C. § 1332(d)(2)(A); <u>Serrano v. 180 Connect,</u>

11  <u>Inc.,</u> 478 F.3d 1018, 1020 (9th Cir. 2007); Motion to Remand, at 2. Instead, Williams

12  maintains that 28 U.S.C. § 1332(d)(4)(B), known as the "home-state controversy"

13  exception to removability under CAFA, requires this Court to decline to exercise

14  jurisdiction over this matter. <u>See Serrano</u>, 478 F.3d at 1022.

15     Because Williams' arguments in support of remand rest on at least three flawed

16  premises, her Motion should be denied. First, Williams has overlooked controlling Ninth

17  Circuit precedent which places squarely on her own shoulders the burden of showing that

18  the home-state controversy exception applies here. <u>Serrano</u>, 478 F.3d at 1021-22. Second,

19  Williams makes the inaccurate representation that it is "undisputed" that "two-thirds or

20  more" of the putative class members are California citizens, and offers no evidence of the

21  citizenship of those members. Such a bald assertion is an inadequate basis for seeking

22  remand. <u>See</u>, <u>e.g.</u>, <u>Anthony v. Small Tube Mfg. Corp.</u>, 535 F. Supp. 2d 506, 515 (E.D. Pa.

23  2007). Third, Williams states erroneously that Defendants have "admitted" that H&R

24  Block Enterprises, Inc. is the only "primary defendant" in the case, when Defendants have

25  made no such admission and, in fact, all three Defendants fit within any proper definition

26  of that term. <u>See</u>, <u>e.g.</u>, <u>Harrington v. Mattel, Inc.</u>, 2007 WL 4556920, * 3 (N.D. Cal., Dec.

27  20, 2007); <u>Passa v. Derderian</u>, 308 F. Supp. 2d 43, 61-63 (D.R.I. 2004). For each of these

28  reasons, this Court should deny Williams' Motion and retain jurisdiction over this action.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

## II.    PROCEDURAL BACKGROUND

Williams filed her purported class action against Defendants in Alameda County Superior Court on January 17, 2008. Williams' Complaint asserts causes of action against Defendants for alleged (1) failure to pay overtime wages; (2) meal and rest period violations; (3) failure to pay timely wages to putative class members whose employment has ended; and (4) violations of California's Unfair Competition Law. Compl. ¶¶ 1-5, 17-21, 29-32, 37, 43-44, 52-54.

Williams seeks to represent a purported class defined in terms of the location of their employment, as follows: "All individuals who are currently employed, or formerly have been employed, as Office Leader or Office Manager employees at H&R Block, Inc. locations in California, at any time within four years prior to the filing of this complaint until resolution of this action." Compl. ¶ 22. Although Williams alleges that she "is and at all relevant times has been a resident of Oakland in Alameda County, California," Compl. ¶ 7, the Complaint contains no allegations regarding her citizenship or the residency or citizenship of putative class members.

Defendants removed the action to this Court on March 7, 2008, pursuant to CAFA, 28 U.S.C. § 1332(d), and the removal provisions of 28 U.S.C. §§ 1441(a), 1446, and 1453. Specifically, Defendants noted that, as alleged in the Complaint, the putative class exceeds the minimum 100 members required by CAFA, and demonstrated that the amount in controversy exceeds $5,000,000. Notice of Removal, at 5, 15-20. In addition, Defendants established that CAFA's minimal diversity requirement is plainly met here: although 28 U.S.C. § 1332(d)(2) requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant," Defendants established that none of them is a citizen of California. Notice of Removal, at 6-15.

Williams filed her Notice of and Motion to Remand or Request for Discovery on April 11, 2008. Although Williams repeatedly states that there is no diversity of citizenship here (Motion to Remand, at 1, 2, 6, 9, 10), she does not argue that Defendants have not met the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(a). In fact, her

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\365766.2

2

1   Motion to Remand does not take exception to Defendants' allegations and evidence

2   demonstrating that H&R Block Tax and Business Services, Inc. is a dual citizen of

3   Missouri and Delaware, and that H&R Block Tax Services, Inc. is a citizen of Missouri.

4   She instead rests her Motion to Remand on the hook of 28 U.S.C. § 1332(d)(4)(B), the

5   "home-state controversy" exception. Under that provision, "a district court shall decline to

6   exercise jurisdiction ... over a class action in which ... two-thirds or more of the members

7   of all proposed plaintiff classes in the aggregate, and the primary defendants are citizens of

8   the State in which the action was originally filed." Williams maintains that H&R Block

9   Enterprises, Inc. is the only "primary defendant" in this matter, and that it is a citizen of

10  California. In the alternative, Williams asks that her Motion to Remand not be denied with

11  prejudice unless she is allowed to conduct discovery into Defendants' allegations

12  regarding H&R Block Enterprises, Inc.'s principal place of business. Motion to Remand,

13  at 1, 2, 10.

14  **III.   ARGUMENT**

15       Williams' Motion to Remand misapprehends the applicable law and the relevant

16  facts in three fundamental respects. First, she overlooks controlling Ninth Circuit law that

17  places squarely on her own shoulders the burden of showing that the home-state

18  controversy exception applies here. Second, she wrongly represents that it is "undisputed"

19  that "two-thirds or more" of the putative class members are California citizens, and offers

20  no evidence of the citizenship of those members. Third, she erroneously states that

21  Defendants have "admitted" that H&R Block Enterprises, Inc. is the only "primary

22  defendant" in the case, when Defendants have made no such admission and, in fact, all

23  three Defendants fit within any proper definition of that term.

24       Plaintiff's Motion to Remand also reflects a basic misunderstanding of the impact

25  and purpose of CAFA, as evidenced by her argument that the Court should "consider the

26  policy considerations underlying diversity jurisdiction," and that those considerations

27  "militate in favor of remand here." Motion to Remand, at 6. The district court case she

28  cites is pre-CAFA; and, as the Ninth Circuit noted in <u>Abrego Abrego v. Dow Chemical</u>

IR01DOCS:365766.2

3

**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**(Case No. C08-01318 JSW)**

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1   Co., 443 F.3d 676, 677 (9th Cir. 2006), CAFA "alters the landscape for federal court

2   jurisdiction over class actions." "The language and structure of CAFA itself indicates [*sic*]

3   that Congress contemplated broad federal court jurisdiction, with only narrow exceptions."

4   Evans v. Walter Industries, Inc., 449 F.3d 1159, 1164 (11th Cir. 2006) (citation omitted);

5   see also Schwartz v. Comcast Corp., 2006 WL 487915, * 4 (E.D. Pa., Feb. 28, 2006)

6   (referring to "the intent of [CAFA's] provisions to encourage the exercise of federal

7   jurisdiction over class actions"); Kearns v. Ford Motor Co., 2005 WL 3967998, * 1 (C.D.

8   Cal., Nov. 21, 2005) ("The goal of the Act was to expand significantly the jurisdiction of

9   the federal courts over class action lawsuits...."). Because (a) Williams has not met her

10   burden to show that any member of the proposed class is a California citizen, and (b) all

11   three Defendants are primary defendants (and Williams has not contested Defendants'

12   evidence showing that H&R Block Tax and Business Services, Inc. and H&R Block Tax

13   Services, Inc. are not citizens of California), Williams' Motion to Remand should be

14   denied.[1]   Because this Court can and should deny Williams' Motion to Remand without

15   considering the citizenship of H&R Block Enterprises, Inc., Williams' request for

16   discovery should be denied as moot.

17   **A.**   **Williams Bears The Burden of Establishing That This Court Should**

18   **Decline To Exercise Jurisdiction Under The Home-State Exception To**

19   **CAFA Removal Jurisdiction.**

20       Williams' Motion to Remand is premised on the inaccurate notion that Defendants

21

---

22   [1]     Williams' Motion to Remand also should be denied because it is untimely. She asserts that remand is necessary because the Court lacks subject matter jurisdiction, ostensibly avoiding the

23   30-day limitation on motions to remand based on "any defect *other than* lack of subject matter jurisdiction." 28 U.S.C. § 1447(c) (emphasis added). But, as the Ninth Circuit stated in Serrano,

24   supra, when the 28 U.S.C. § 1332(d)(4)(B) exception applies, "jurisdiction otherwise exists under §1332(d)(2), but the federal courts ... must decline to exercise that jurisdiction." 478 F.3d at 1021

25   n.3. See also id. at 1023 (28 U.S.C. § 1332 (d)(4)(B) "*require[s]* federal courts — although they *have* jurisdiction under § 1332(d)(2) — *to decline to exercise jurisdiction* when the criteria set

26   forth in [that provision] are met") (emphasis original). Because the question presented by Williams' Motion to Remand is not whether this Court *has* jurisdiction over her claims but

27   whether it must *decline to exercise* such jurisdiction, the Motion to Remand is not based on a lack of subject matter jurisdiction, and thus is untimely because it was brought more than 30 days after

28   Defendants' Notice of Removal was filed.

**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
(Case No. C08-01318 JSW)

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1   bear the "heavy burden" of establishing that their removal of this case to this Court was

2   proper. Motion to Remand, at 3. Williams would be correct in assigning that burden to

3   Defendants if her Motion to Remand argued simply that Defendants had not made a prima

4   facie case that this Court has original jurisdiction of this matter pursuant to 28 U.S.C.

5   § 1332(d)(2)(A). But Williams does not dispute that the criteria set forth in 28 U.S.C.

6   § 1332(d)(2)(A) are met in this case: the amount in controversy exceeds $5,000,000, and at

7   least one plaintiff is a citizen of a state different from at least one defendant. Motion to

8   Remand, at 2. Rather, Williams seeks remand on the basis of 28 U.S.C. § 1332(d)(4)(B)'s

9   home-state controversy exception. Therefore, as the Ninth Circuit has made plain, it is

10  Williams who is saddled with the burden of establishing that remand is necessary.

11       In Serrano, supra, the Ninth Circuit joined a number of other appellate and district

12  courts in holding that "the party seeking remand bears the burden to prove an exception to

13  CAFA's jurisdiction" under either 28 U.S.C. § 1332(d)(3) or § 1332(d)(4). 478 F.3d at

14  1021-22. The Court based its determination on both "the Supreme Court's jurisprudence

15  regarding the general removal statute, [28 U.S.C.] § 1441" and its own reading of CAFA.

16  Specifically, because 28 U.S.C. § 1332(d)(3) and § 1332(d)(4) describe, respectively,

17  situations in which a court "may" or "shall" decline to exercise jurisdiction, the elements

18  set forth in those subsections "are not part of the prima facie case for establishing minimal

19  diversity jurisdictional [sic] under CAFA, but, instead, are exceptions to jurisdiction." Id.

20  at 1023. As such, the Court concluded that "although the removing party bears the initial

21  burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has

22  been established under that provision, the objecting party bears the burden of proof as to

23  the applicability of an express statutory exception under §§ 1332(d)(4)(A) and (B)." Id.;

24  accord Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 680-81 (7th Cir. 2006);

25  Frazier v. Pioneer Americas LLC, 455 F.3d 542 (5th Cir. 2006); Evans, supra, 449 F.3d at

26  1164; Harrington v. Mattel, Inc., 2007 WL 4556920, * 3 (N.D. Cal., Dec. 20, 2007).

27       Williams does not come close to meeting her burden of establishing either

28  component of the home-state controversy exception. On this basis alone, her Motion to

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\365766.2

**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**(Case No. C08-01318 JSW)**

1    Remand must be denied.

2         **B.**    **Williams Has Not Met Her Burden To Establish That Two-Thirds Of**

3              **Putative Class Members Are Citizens Of California.**

4         The proper allocation of the burden of proof in this case is not merely an academic

5    exercise. Williams wholly ignores her burden to demonstrate that "two-thirds or more of

6    the members of all proposed plaintiff classes in the aggregate are citizens of the State in

7    which the action was originally filed," as 28 U.S.C. § 1332(d)(4)(B) requires. Instead, she

8    simply states, without any record support, that "[t]here is no dispute that two-thirds or

9    more of the alleged class members are citizens of California." Motion to Remand, at 2.

10   This unadorned statement falls far short of the proof necessary to require this Court to

11   abstain from exercising its jurisdiction in this case. For this reason alone, Williams'

12   Motion to Remand should be denied.

13        Williams' representation that it is undisputed that at least two-thirds of the putative

14   class members are California citizens is curious, as neither her Complaint nor Defendants'

15   removal papers address the citizenship of putative class members. The only allegation in

16   Williams' Complaint that connects the putative class members with California is her

17   proposed class definition, under which she seeks to represent "[a]ll individuals who are

18   currently employed, or formerly have been employed, as Office Leader or Office Manager

19   employees at H&R Block, Inc. locations in California, at any time within four years prior

20   to the filing of this complaint until resolution of this action." Compl. ¶ 22. Although she

21   alleges that she is a resident of California, Compl. ¶ 7, she makes no allegation regarding

22   her citizenship, nor does she address the residency or citizenship of other putative class

23   members. Defendants' removal of the case to this Court was based only on Williams'

24   status as a California citizen, which she does not challenge; the citizenship of the putative

25   class members was not germane to Defendants' ground for removal, and was not discussed

26   in any fashion. Williams' representation that at least two-thirds of the putative class

27   members are California citizens thus is based on nothing more than her own

28   uncorroborated assumption.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    It is well settled that Williams' mere presumption is wholly inadequate to meet her

2  burden. As the Fifth Circuit recently held, "the party moving for remand [under the CAFA

3  exceptions] must prove the statutory citizenship requirement by a preponderance of the

4  evidence." Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793,

5  797 (5th Cir. 2007). A bare assertion that the putative class is comprised of a certain

6  percentage of citizens of the forum state does not satisfy the burden required to establish a

7  CAFA exception. See, e.g., Anthony v. Small Tube Mfg. Corp., 535 F. Supp. 2d 506, 515

8  (E.D. Pa. 2007); McMorris v. TJX Cos., Inc., 493 F. Supp. 2d 158, 165-66 (D. Mass.

9  2007); Kendrick v. Standard Fire Ins. Co., 2007 WL 1035018, * 4 (E.D. Ky., Mar. 31,

10  2007) ("Plaintiffs in conclusory fashion suggest the required number of citizen Plaintiffs

11  cannot realistically be disputed. But without further information of the estimated class

12  membership and citizenship of those members, the Court will not simply presume" the

13  statutory requirement is satisfied). The citizenship of the proposed class members must be

14  determined as of the date of Defendants' removal, March 7, 2008. 28 U.S.C. § 1332(d)(7).

15    That the proposed class is confined to current or former employees "at H&R Block

16  locations in California" does not advance Williams' claim that two-thirds or more of its

17  members are California citizens. Citizenship, or domicile, "requires residence in the state

18  and the intention to remain in the state." Preston, 485 F.3d at 798. The truism that one's

19  place of employment is not necessarily one's place of residence, let alone one's domicile,

20  applies with even greater force here, for at least two reasons. First, the "former

21  employees" included in the putative class are not alleged to have any current tie to

22  California at all. Also, Williams alleges that she herself was employed "by H&R Block"

23  during four calendar years, but only during the November-to-April tax season. Compl. ¶ 7.

24    The court's ruling in Anthony, supra, is on point and instructive. The plaintiff there

25  sought remand of his action against certain manufacturers or distributors of beryllium-

26  containing material, brought on behalf of a putative class of "[a]ll current and former

27  employees of the U.S. Gauge facility [located in Pennsylvania] who have ever been

28  exposed to one or more of the Defendants' beryllium-containing products for a period of at

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS/365766.2

7

1    least one (1) month while employed at the U.S. Gauge facility." Anthony, 535 F. Supp. 2d

2    at 508-09. As is the case here, the plaintiff in Anthony did not refer in his complaint to the

3    citizenship of any class member other than himself, but asserted in his motion to remand,

4    based on the home-state controversy exception, that "the allegation that greater than two-

5    thirds of the putative class are Pennsylvania citizens is undisputed and should be accepted

6    as true for the purpose of this motion." Id. at 509, 510. The court determined that the

7    plaintiff's bare assertions in his motion as to the citizenship of the putative class "are

8    wholly inadequate for the court to evaluate the citizenship of the class," stating:

9            "The class is composed of all employees of the U.S. Gauge
             facility over an approximately thirty-five year period.
10           Plaintiffs provided no evidence that these individuals were
             ever, or have remained, domiciled in Pennsylvania. Though
11           this may be a reasonable inference, it does not satisfy the
             plaintiff's burden of proof. Individual employees may retire
12           and move away. Employees may change jobs and move to
             another State or country. Employees may also commute from
13           an out-of-state location. None of these facts are accounted for
             in plaintiff's motion."

14   Id. at 517 (emphasis added); see also Preston, 485 F.3d at 798-99 (evidence of putative

15   class members' addresses from billing records did not show intent to remain in the state

16   and therefore were "not tantamount to sufficient proof of citizenship"); Schwartz, 2006

17   WL 487915, at ** 3, 6 (E.D. Pa., Feb. 28, 2006) (denying motion to remand action where

18   putative class was defined as all persons or entities who resided in or did business in

19   Pennsylvania and who subscribed to the defendant's high-speed internet service, noting

20   that "there may be numerous members of the proposed class who are citizens of different

21   states" but still fit within class definition, and that the plaintiff's arguments were all

22   premised on the erroneous assumption "that residence is an effective proxy for domicile").

23        The Anthony court's reasoning has even greater application here, given the seasonal

24   nature of the work performed by putative class members. Their presence in California for

25   a three-to-five month period during a given calendar year does not establish their

26   residency, let alone their domicile, in California. As in Anthony, "plaintiff has failed to

27   demonstrate the citizenship of the class. This alone is sufficient to deny plaintiff's motion

28

IR01DOCS\365766.2                                    8
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
(Case No. C08-01318 JSW)

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1  to remand." 535 F. Supp. 2d at 517.

2  **C.    Williams Has Not Met Her Burden To Establish That Each Primary**

3  **Defendant Is A Citizen Of California.**

4  **1.    Because All Three Defendants Are Primary Defendants, And**

5  **Williams Does Not Argue That H&R Block Tax And Business**

6  **Services, Inc. Or H&R Block Tax Services, Inc. Are Citizens Of**

7  **California, Her Motion To Remand Must Be Denied.**

8  Even if Williams had met her burden regarding the citizenship of the class

9  members, her attempt to fit her claims within CAFA's home-state controversy exception

10 would still fail because she cannot demonstrate that all Defendants are California citizens.

11 Under the plain terms of 28 U.S.C. § 1332(d)(4)(B), the home-state controversy exception

12 applies only when *all* "primary defendants" are citizens of the forum state.  *See* Anthony,

13 *supra*, 535 F. Supp. 2d at 515 ("as evident from the statute's use of the phrase '*the* primary

14 defendants' rather than '*a* primary defendant,' the plain language of the statute requires

15 remand only when *all* of the primary defendants are residents" of the forum state).

16  **a.    The Meaning Of "Primary Defendants."**

17 As Williams notes, CAFA does not define the term "primary defendants."  In

18 analyzing the decisions that have discussed that term, Williams describes three different

19 approaches.  Motion to Remand, at 4.  The first approach she refers to is exemplified by

20 Harrington v. Mattel, Inc., *supra*.  This set of cases relies on the Report of the Senate

21 Judiciary Committee, which interprets the term "to reach those defendants who are the real

22 'targets' of the lawsuit—i.e., the defendants that would be expected to incur most of the

23 loss if liability is found.  Thus, the term … should include … any defendant that is

24 allegedly liable to the vast majority of the members of the proposed classes."  S. Rep. No.

25 109-14, reprinted in 2005 U.S.C.C.A.N. 3, 43.

26 The second approach to interpreting "primary defendants" is derived from Passa v

27 Derderian, 308 F. Supp. 2d 43, 61-63 (D.R.I. 2004), which construed the same term as it

28 appears in the Multiparty, Multiforum, Trial Jurisdiction Act of 2002, 28 U.S.C. § 1369.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1   See Anthony, supra, 535 F. Supp. at 515-16.  After reviewing the use of the term in

2   various legal contexts, the court in Passa determined that the "most appropriate" definition

3   was that used in tort law to refer to "parties that are allegedly directly liable to the

4   plaintiffs," as opposed to defendants "sued under theories of vicarious liability or joined

5   for purposes of contribution or indemnification." 308 F. Supp. 2d at 62.  "[T]his definition

6   of primary defendants is also the most workable under the statute, as it does not require the

7   Court to make a pre-trial determination of liability or culpability, but rather requires only a

8   review of the complaint to determine which defendants are sued directly." Id. at 63.

9        The third set of cases interpreting primary defendants, as noted by Williams, simply

10  refer to the dictionary definition of "primary": "first in importance; chief; principal; main."

11  Motion to Remand, at 4, 5.  This definition, however, is unhelpful in the context of CAFA

12  and should be given no weight.  Not only is it vague and completely divorced from the

13  purpose of CAFA, it is plainly inconsistent with 28 U.S.C. § 1332(d)(4)(B)'s reference to

14  the plural "primary defendants." Multiple defendants cannot all be "first in importance."

15          **b.    All Three Defendants Are "Primary Defendants."**

16       Williams claims that Defendants have admitted that H&R Block Enterprises, Inc. is

17  "the" primary defendant in this matter.  Her sole source for this supposed admission is the

18  Declaration of Carol Williams, submitted in support of Defendants' Notice of Removal.

19  That Declaration states in relevant part that H&R Block Enterprises, Inc. is and has been

20  the "sole employer of all Office Managers hired to work during tax season in the State of

21  California," and that none of the other Defendants employs or pays such persons, or has

22  entered into employment agreements with them or formulated or implemented wage

23  payment policies with respect to them. See Motion to Remand, at 3.

24       Williams' contention that H&R Block Enterprises, Inc. is the lone primary

25  defendant in this matter overlooks her own Complaint, which makes no distinction

26  whatsoever among the Defendants. Compl. ¶¶ 1, 2, 3, 5.  On the contrary, she refers to all

27  of the Defendants "jointly" as "H&R Block," and alleges that "each of the Defendants

28  acted in concert with each and every other Defendant, intended to and did participate in the

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\365766.2

**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**(Case No. C08-01318 JSW)**

1  events, acts, practices and courses of conduct alleged herein, and was a proximate cause of

2  damage and injury thereby to Plaintiff." Compl. ¶¶ 1, 11, 13. Williams further alleges that

3  "each Defendant was the agent or employee of each of the other Defendants and was

4  acting within the course and scope of such agency or employment." Compl. ¶ 12.

5        Carol Williams' statements in her Declaration regarding H&R Block Enterprises,

6  Inc. do not negate or disprove Williams' allegations that all Defendants acted in concert

7  and participated in all the "events, acts, practices and courses of conduct alleged" in the

8  Complaint. In <u>Harrington</u>, <u>supra</u>, Judge Martin J. Jenkins denied the plaintiff's motion to

9  remand her putative class action brought against defendants Mattel, Inc. and Fisher-Price

10  Inc. Invoking the home-state controversy exception, the plaintiff argued that Mattel, Inc.,

11  which is headquartered in California, was the only primary defendant. <u>Id.</u> at * 5. In

12  support, she pointed to an affidavit submitted by Mattel, stating that it directs the sales,

13  marketing, and finance functions as well as the senior management of its subsidiaries,

14  including Fisher-Price Inc. <u>Id.</u> Judge Jenkins rejected that argument, stating: "[a]lthough

15  ... Mattel, Inc., may have some say in the direction of product development at Fisher-Price

16  Inc., this does not change the fact that Plaintiff has separately named Fisher-Price Inc. as a

17  defendant, who along with Mattel, Inc. is 'allegedly liable to the vast majority of the

18  members of the proposed classes.'" <u>Id.</u>, quoting S. Rep. No. 109-14, at 43. <u>See also</u>

19  <u>Anthony</u>, <u>supra</u>, 535 F. Supp. 2d at 517 (although one defendant disclaimed liability and

20  argued it was not in the distribution chain, it was a primary defendant because the

21  plaintiff's claim against it was based on direct liability).

22        Other courts have likewise held that when a plaintiff's complaint does not

23  differentiate among the defendants, no basis exists for labeling fewer than all of them as

24  primary defendants. <u>See</u>, <u>e.g.</u>, <u>Brook v. UnitedHealth Group Inc.</u>, 2007 WL 2827808, * 6

25  (S.D.N.Y., Sep. 27, 2007) (because the plaintiffs conceded that "no distinction" existed

26  between their claims against in-state and non-resident defendants, "there is no rational

27  basis upon which to differentiate the defendants' status as being primary or secondary");

28  <u>Anthony</u>, 535 F. Supp. 2d at 517 (holding that all four named defendants were primary

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    defendants because they all faced direct liability under the allegations of the complaint);

2    <u>Kearns</u>, <u>supra</u>, 2005 WL 3967998 (C.D. Cal. 2005) (denying the plaintiff's motion to

3    remand based on the home-state controversy exception because "there is nothing in the

4    pleadings to distinguish among the defendants . . . Therefore Plaintiff's own allegations

5    establish that [both defendants] are potentially directly liable to the plaintiff class");

6    <u>Adams v. Federal Materials Co., Inc.</u>, 2005 WL 1862378, ** 5-6 (W.D. Ky., July 28,

7    2005) (because plaintiffs brought claims "directly against all defendants," and "[i]n light of

8    the lack of a principled distinction between the positions" of two of the defendants, "there

9    is simply no basis for treating [one of those two] as a secondary defendant in this case.").

10        Williams' Complaint lumps all three defendants together under the label, "H&R

11   Block," and makes no distinction among them as to the basis for their alleged liability to

12   her and the putative class.  All three Defendants are therefore primary defendants under

13   either the "target" definition in the Senate Report, or the "direct liability" definition first

14   announced in <u>Passa</u>.  By not addressing the citizenship of H&R Block Tax and Business

15   Services, Inc. and H&R Block Tax Services, Inc. in her Motion to Remand, Williams

16   tacitly concedes that neither is a citizen of California, as established in Defendants'

17   removal papers.  Because at least two of the three primary defendants are not citizens of

18   the forum state, the home-state controversy exception does not apply here.  Therefore,

19   Williams' Motion to Remand should be denied.  Moreover, Williams' request for

20   discovery should be denied as well, because the discovery she has requested — "into H&R

21   Block Enterprises' principal place of business" (Motion to Remand, at 1, 2, 10) — cannot

22   salvage her Motion to Remand, as all three Defendants are primary defendants and she

23   does not deny that at least two are <u>not</u> California citizens.

24        **2.    <u>Even If H&R Block Enterprises, Inc. Were The Only Primary</u>**

25        **<u>Defendant, Williams Has Not Met Her Burden To Show That</u>**

26        **<u>H&R Block Enterprises, Inc. Is A California Citizen.</u>**

27        In their removal papers, Defendants demonstrated that H&R Block Enterprises,

28   Inc.'s principal place of business is not California under either the "substantial

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\365766.2                          12

1  predominance of operations" test or the "nerve center" test.  Notice of Removal ¶¶ 14-20.

2  With respect to the "substantial predominance of operations" test, Defendants cited cases

3  from all four federal districts in California, each of which states that the distorting effect of

4  California's large population and economy must be given proper weight in the "substantial

5  predominance" analysis.    Notice of Removal ¶ 18; see  Cavanaugh v. Unisource

6  Worldwide, Inc., 2006 WL 1153776, ** 3-4 (E.D. Cal., Apr. 28, 2006) (considering census

7  data in determining whether California properly could be considered the principal place of

8  business for an out-of-state corporation, noting: "Because California is the state with the

9  largest population, business activity on a national scale can be expected to be greater in

10  California . . . it is highly unlikely that Congress intended every national corporation that

11  does more business in California than any other single state, by virtue of that fact alone, to

12  be deemed a citizen of California for the purposes of diversity jurisdiction."); Ho v. Ikon

13  Office Solutions, Inc., 143 F. Supp. 2d 1163, 1167 (N.D. Cal. 2001) ("Because, by a

14  considerable margin, California is the largest state, measured by population and economic

15  activity, there often will be somewhat more activity in California than in any other

16  individual state for truly national corporations."); Arellano v. Home Depot U.S.A., Inc.,

17  245 F. Supp. 2d 1102, 1007 (S.D. Cal. 2003) ("Because California is the state with the

18  largest population, business activity on a national scale can be expected to be greater in

19  California."); Albino v. Standard Ins. Co., 349 F. Supp. 2d 1334, 1338 (C.D. Cal. 2004)

20  ("As the Northern District of California has persuasively noted, because California has the

21  largest population of any state in the union, it will naturally have more gross sales and

22  more customers than other states . . . a more accurate measure would be revenue per capita

23  based on the state population.") (citing Ho and Arellano).  Accordingly, Defendants have

24  shown that when viewed through a per capita lens — i.e., comparing the relevant metrics

25  (number of employees, sales, locations) as a percentage of the state's population — H&R

26  Block Enterprises, Inc.'s business in California does not "substantially predominate" over

27  the business it transacts in other states.  Notice of Removal ¶¶ 19-20.  Thus, under the

28  alternative "nerve center" test, H&R Block Enterprise's principal place of business is

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1   Missouri because its "executive and administrative functions ... are centrally managed

2   from its corporate headquarters" in Kansas City, Missouri.  Notice of Removal ¶ 20(d).

3        Williams challenges Defendants' per capita analysis, citing <u>Lao v. Wickes Furniture</u>

4   <u>Co.</u>, 455 F. Supp. 2d 1045 (C.D. Cal. 2006), <u>overruled in part</u> <u>by</u> <u>Serrano</u>, <u>supra</u>, 478 F.3d

5   at 1023, for the proposition that such an analysis is not required by any Ninth Circuit case.

6   Motion to Remand, at 9.  Although it is accurate that the Ninth Circuit has not yet weighed

7   in on the issue, it is noteworthy that <u>Lao</u> did not reject the per capita analysis out of hand,

8   but simply stated that "[t]he Court has some general concerns with using this per capita

9   approach across-the-board to all the <u>Industrial Tectonic[s, Inc. v. Aero Alloy</u>, 912 F.2d

10  1090 (9th Cir. 1990)] factors in every case."  455 F. Supp. 2d at 1063.  Because "Wickes'

11  business activities are confined to a few states and even then, those activities ... are largely

12  confined to just two states," the court determined that "reference to straight percentage

13  differences between the company's business activities in those states is an appropriate

14  method in gauging where [its] business operations substantially predominate."  <u>Id.</u> at 1064.

15       In contrast to the defendant in <u>Lao</u>, H&R Block Enterprises, Inc. has operations in

16  19 states, not five.  The justification for relying on "straight percentage differences" in <u>Lao</u>

17  thus does not apply here.  Likewise, <u>Ghaderi v. United Airlines, Inc.</u>, 136 F. Supp. 2d 1041

18  (N.D. Cal. 2001), which Williams also relies on, involved a comparison of the defendant's

19  operations in just two states.  Moreover, <u>Ghaderi</u> was authored by the same Magistrate

20  Judge who subsequently wrote the opinion in <u>Ho</u>, in which he noted the need "to take into

21  account the distorting effect (on the numbers that reflect relative activity in the many

22  states) of the forum state's size."  <u>Ho</u>, 143 F. Supp. 2d at 1168.

23       As demonstrated in Defendants' Notice of Removal, the number of H&R Block

24  Enterprises, Inc.'s employees in California and the number of tax returns it prepares here,

25  expressed as percentages of the state's population, are lower than the corresponding

26  percentages in several other states where it does business.  When the distorting impact of

27  California's population and economy is properly accounted for, H&R Block Enterprises,

28  Inc.'s business activities do not "substantially predominate" in California.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\365766.2                                14

**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
(Case No. C08-01318 JSW)

1    IV.    **CONCLUSION**

2        For each of the foregoing reasons, Defendants respectfully request that the Court

3    deny Williams' Motion to Remand, and further request that the Court deny Williams'

4    request for discovery as moot.

5    Dated: April 28, 2008    **BRYAN CAVE LLP**

6        Charles B. Jellinek
        Karen K. Cain

7        Jesse E.M. Randolph

8    By: _____/s/ Jesse E.M. Randolph_____

9        Jesse E.M. Randolph
        Attorneys for Defendants

10       H&R BLOCK ENTERPRISES, INC.; H&R
        BLOCK TAX AND BUSINESS SERVICES,

11       INC.; and H&R BLOCK TAX SERVICES,
        INC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

IR01DOCS\365766.2

**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**(Case No. C08-01318 JSW)**

1   Charles B. Jellinek (*Pro Hac Vice* Application Pending)
    **BRYAN CAVE LLP**
2   211 North Broadway, Suite 3600
    St. Louis, Missouri 63102-2750
3   Telephone:    (314) 259-2000
    Facsimile:    (314) 259-2020
4   Email:        cbjellinek@bryancave.com

5   Karen K. Cain (*Pro Hac Vice* Application Pending)
    **BRYAN CAVE LLP**
6   1200 Main Street, Suite 3500
    Kansas City, Missouri 64105-2100
7   Telephone:    (816) 374-3200
    Facsimile:    (816) 374-3300
8   Email:        karen.cain@bryancave.com

9   Jesse E.M. Randolph (California Bar No. 221060)
    **BRYAN CAVE LLP**
10  1900 Main Street, Suite 700
    Irvine, California 92614-7328
11  Telephone:    (949) 223-7000
    Facsimile:    (949) 223-7100
12  Email:        jesse.randolph@bryancave.com

13  Attorneys for Defendants
    H&R BLOCK ENTERPRISES, INC.;
14  H&R BLOCK TAX AND BUSINESS SERVICES,
    INC.; and H&R BLOCK TAX SERVICES, INC.

15

16              **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18  ALICE WILLIAMS, on behalf of herself,      Case No. C08-01318 JSW
    and on behalf of all others similarly
19  situated,

20              Plaintiff,                     **[PROPOSED] ORDER DENYING
                                               PLAINTIFFS' MOTION TO
21        v.                                   REMAND OR, IN THE
                                               ALTERNATIVE, REQUEST FOR
22  H&R BLOCK FINANCIAL ADVISORS,              DISCOVERY**
    INC., H&R BLOCK TAX AND
23  BUSINESS SERVICES, INC., H&R
    BLOCK TAX SERVICES, INC., H&R              Date:      June 6, 2008
24  BLOCK ENTERPRISES, INC., and               Time:      9:00 a.m.
    DOES 1 through 50, inclusive,              Courtroom: 2
25
                Defendants.
26

27

28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1    Plaintiff Alice Williams' ("Williams") Motion to Remand or, in the Alternative,

2    Request for Discovery, came on for hearing before this Court, the Honorable Jeffrey S.

3    White presiding, on June 6, 2008, at 9:00 a.m.

4    Having read and considered Williams' Motion, and all papers submitted by the

5    parties in support thereof and in opposition thereto, and having heard and considered the

6    oral argument of counsel, and good cause appearing therefor, the Court **DENIES**

7    Williams' Motion, based on the following:

8    1.    Williams' Motion rests on the misconception that Defendants H&R Block

9    Enterprises, Inc., H&R Block Tax and Business Services, Inc., and H&R Block Tax

10   Services (collectively, "Defendants") carry the burden of establishing the inapplicability of

11   one of the exceptions to removability under the Class Action Fairness Act ("CAFA"), 28

12   U.S.C. § 1332(d) et seq.  In fact, it is Williams who carries the burden of showing that

13   such an exception (specifically, the "home-state controversy" exception set forth at 28

14   U.S.C. § 1332(d)(4)(B)) applies here.  Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020

15   (9th Cir. 2007).  As described below, Williams has failed to meet this burden.

16   2.    Williams has failed to establish, by a preponderance of the evidence, that

17   "two-thirds or more" of the putative class members are California citizens.  Preston v.

18   Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793, 797 (5th Cir. 2007).  In

19   fact, she has offered no evidence at all regarding the citizenship of the putative class.

20   Instead, Williams states, without any evidentiary support, that "[t]here is no dispute that

21   two-thirds or more of the alleged class members are citizens of California."  Motion to

22   Remand, at 2.  Such a speculative statement will not satisfy Williams' burden.  See, e.g.,

23   Kendrick v. Standard Fire Ins. Co., 2007 WL 1035018, * 4 (E.D. Ky., Mar. 31, 2007)

24   ("Plaintiffs in conclusory fashion suggest the required number of citizen Plaintiffs cannot

25   realistically be disputed.  But without further information of the estimated class

26   membership and citizenship of those members, the Court will not simply presume" the

27   statutory requirement is satisfied).

28   ///

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

1       3.     Williams has failed to establish that *all* Defendants are California citizens.

2  Under the plain language of 28 U.S.C. § 1332(d)(4)(B), the home-state controversy

3  exception applies only when *all* "primary defendants" are citizens of the forum state.  <u>See</u>,

4  <u>e.g.</u>, <u>Anthony v. Small Tube Mfg. Corp.</u>, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) ("as

5  evident from the statute's use of the phrase '*the* primary defendants' rather than '*a* primary

6  defendant,' the plain language of the statute requires remand only when *all* of the primary

7  defendants are residents" of the forum state) (emphasis in original).  Based on Williams'

8  own Complaint allegations, all three Defendants are "primary defendants" for purposes of

9  CAFA.  However, she has provided no evidence to refute that proffered by Defendants

10  regarding the non-California citizenship of H&R Block Tax and Business Services, Inc. or

11  H&R Block Tax Services, Inc.  Williams' arguments regarding the citizenship of H&R

12  Block Enterprises, Inc. (again, not supported by any evidence) are similarly ineffective,

13  since they fail to properly account for the size (and distorting effect) of California's

14  population.  Upon conducting a proper per capita analysis, such as that engaged in by the

15  courts in <u>Cavanaugh v. Unisource Worldwide, Inc.</u>, 2006 WL 1153776, ** 3-4 (E.D. Cal.,

16  Apr. 28, 2006), <u>Ho v. Ikon Office Solutions, Inc.</u>, 143 F. Supp. 2d 1163, 1167 (N.D. Cal.

17  2001), <u>Arellano v. Home Depot U.S.A., Inc.</u>, 245 F. Supp. 2d 1102, 1007 (S.D. Cal. 2003),

18  and <u>Albino v. Standard Ins. Co.</u>, 349 F. Supp. 2d 1334, 1338 (C.D. Cal. 2004), the Court

19  concludes that H&R Block Enterprises, Inc.'s activities (which are spread among 19

20  different states) do not substantially predominate in California, and therefore its principal

21  place of business is Missouri – the location of its "nerve center."  <u>See</u> <u>United Computer</u>

22  <u>Sys., Inc. v. AT&T Corp.</u>, 298 F.3d 756, 763 (9th Cir. 2002).

23       4.     Williams' Motion is untimely.  Williams asserts that remand is necessary

24  because the Court lacks subject matter jurisdiction.  But the question facing the Court here

25  is whether, although "[it has] jurisdiction under § 1332(d)(2) — [it should] decline to

26  exercise [its] jurisdiction" under the home-state controversy exception to CAFA removal

27  jurisdiction.  <u>Serrano</u>, 478 F.3d at 1023.  Since the question presented by Williams' Motion

28  to Remand is not whether this Court has jurisdiction over her claims in the first place, but

1  instead whether it should decline to exercise the jurisdiction it possesses, the Motion to

2  Remand is not based on a lack of subject matter jurisdiction, and thus is untimely because

3  it was brought more than 30 days after Defendants' Notice of Removal was filed.  See 28

4  U.S.C. § 1447(c).

5      For the foregoing reasons, the Court concludes that this action properly belongs in

6  this federal forum, pursuant to CAFA.  Therefore, the Court **DENIES** Williams' Motion,

7  and further **DENIES** her alternative request for jurisdictional discovery as moot.

8      **IT IS SO ORDERED.**

9

10  Dated:                                    _____

11                                            Hon. Jeffrey S. White
                                              United States District Judge
12

13  Respectfully submitted,

14  **BRYAN CAVE LLP**
    Charles B. Jellinek
15  Karen K. Cain
    Jesse E.M. Randolph
16
    By:
17          /s/ Jesse E.M. Randolph
    _____
18          Jesse E.M. Randolph
    Attorneys for Defendants
19  H&R BLOCK ENTERPRISES, INC.;
    H&R BLOCK TAX AND BUSINESS
    SERVICES, INC.; and H&R BLOCK TAX
20  SERVICES, INC.

21

22

23

24

25

26

27

28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND**
**(Case No. C08-01318 JSW)**