Charles B. Jellinek (*Pro Hac Vice* Application Pending)
**BRYAN CAVE LLP**
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
Email: cbjellinek@bryancave.com

Karen K. Cain (*Pro Hac Vice* Application Pending)
**BRYAN CAVE LLP**
1200 Main Street, Suite 3500
Kansas City, Missouri 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
Email: karen.cain@bryancave.com

Jesse E.M. Randolph (California Bar No. 221060)
**BRYAN CAVE LLP**
1900 Main Street, Suite 700
Irvine, California 92614-7328
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
Email: jesse.randolph@bryancave.com

Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.;
H&R BLOCK TAX AND BUSINESS SERVICES,
INC.; and H&R BLOCK TAX SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C08-01318 JSW<br><br>**REPLY IN SUPPORT OF MOTION BY H&R BLOCK ENTERPRISES, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., AND H&R BLOCK TAX SERVICES, INC. TO STRIKE IMMATERIAL AND IMPERTINENT ALLEGATIONS FROM PLAINTIFF ALICE WILLIAMS' COMPLAINT**<br><br>[Fed. R. Civ. Proc. 12(f)]<br><br>Date: June 6, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2 |

## I. INTRODUCTION

The Opposition of Plaintiff Alice Williams ("Williams") to the Motion to Strike filed by Defendants H&R Block Enterprises, Inc., H&R Block Tax and Business Services, Inc., and H&R Block Tax Services, Inc. (collectively, "Defendants") consists largely of complaints about the number and size of the pleading defects targeted by Defendants' Motion, while minimizing the fact that the allegations at issue are, in fact, improper.

As demonstrated in this Reply, Williams' Opposition fails to refute effectively the substance of the three arguments advanced by Defendants in their Motion to Strike. For the reasons set forth herein and in their moving papers, the Court should grant Defendants' Motion to Strike.

## II. ARGUMENT

Before addressing the merits of Williams' counter-arguments to Defendants' three grounds for moving to strike, two preliminary matters must first be addressed. First, Williams claims that Defendants failed to consult with her before bringing their Motion to Strike. However, there is no such requirement, either under Rule 12(f), the Local Rules of the Northern District of California, or this Court's Standing Order. As important, since filing their Motion, Defendants have twice offered to withdraw their Motion, if Williams would agree to correct the pleading defects identified in the Motion. Both times, Defendants' offer was rejected. See Declaration of Hank Willson in Support of Plaintiff's Motion for Administrative Relief (Court Docket Entry #29) ¶¶ 3, 5, Exs. B, D. Second, in her Opposition, Williams relies heavily on generic rules regarding the liberality of federal pleading standards to justify the improper allegations challenged by Defendants' Motion.[1] But, if an allegation is "immaterial" or "impertinent" under Rule 12(f), Rule 8 does not save such defective allegations. Rule 8 does not qualify Rule 12. Instead, the analysis of a Rule 8 motion is distinct from the Rule 12(f) analysis. See Jacobson v. Schwarzenegger,

---

[1] Moreover, Williams' citation of California pleading standards is entirely irrelevant, since under basic Erie principles, federal procedural law governs in diversity cases.

IR01DOCS\366034.1

2

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE**
**(Case No. C08-01318 JSW)**

1  357 F. Supp. 2d 1198, 1205 (C.D. Cal. 2004) (recognizing the separateness of the Rule
2  8(a) and Rule 12(f) analyses). Were it otherwise, Rule 12 would have no meaning or
3  purpose, since the general rule of "liberality" could always be invoked to undermine
4  minimum pleading requirements.

5      The rest of Williams' Opposition is hinged on her charge that "Defendants' Motion
6  to Strike does not raise questions of law regarding Plaintiff's Complaint, and does not raise
7  issues about the legal sufficiency of Plaintiff's allegations." Opposition, at 3. To the
8  contrary, each of Defendants' three arguments in their Motion to Strike addresses the legal
9  deficiencies of particular allegations raised in Williams' Complaint, and, as demonstrated
10  below, each argument is meritorious.

11      **A.    <u>Waiting-Time Penalties Are Not Recoverable In Connection With</u>**
12      **<u>Williams' Section 17200 Claim.</u>**

13      Williams has not, and cannot, advance any authority in support of her argument that
14  the waiting-time penalties provided in Section 203 of the California Labor Code are
15  recoverable in connection with a claim brought under Section 17200 of the California
16  Business and Professions Code (the "UCL"). In <u>Baas v. Dollar Tree Stores, Inc.</u>, 2007
17  U.S. Dist. LEXIS 65979 ** 15-16 (N.D. Cal. Aug. 29, 2007) (White, J.), this Court
18  specifically held that waiting-time penalties *cannot* be pursued in conjunction with a claim
19  for relief asserted under Section 17200. The Court's logic and rationale was clear: only
20  restitution and injunctive relief are available as remedies under Section 17200, and the
21  penalties provided in California Labor Code Section 203 are neither "restitutionary" nor
22  "injunctive" in nature.

23      Tellingly, Williams' Opposition fails to distinguish, discuss, or even cite
24  this Court's opinion in <u>Baas</u>. Instead, Williams tries to resuscitate her defective allegations
25  by arguing that the language of Section 17202 permits the recovery of penalties in
26  connection with a UCL claim. Opposition, at 4-5.
27  ///
28

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

IR01DOCS\366034.1      3

The opinion relied upon principally by this Court in <u>Baas</u>, <u>Tomlinson v. Indymac Bank</u>, 359 F. Supp. 2d 891 (C.D. Cal. 2005), expressly rejected the argument now being advanced by Williams in a similar wage-and-hour class action lawsuit. The court in <u>Tomlinson</u> thoroughly explored the legislative history of Section 17202, and rightly concluded that Section 17202 was never intended to, and does not, override the general rule that only injunctive and restitutionary remedies are available in an action brought under the UCL. The <u>Tomlinson</u> court specifically held:

> Not surprisingly, Plaintiffs' [Section 17202] argument is not supported by any legal authority. Indeed, the position asserted by Plaintiffs would directly contravene over a decade of California Supreme Court precedent that limits an individual's monetary relief under the UCL to restitution. Plaintiffs' argument that these cases do not expressly preclude an individual from recovering penalties is belied by the clear, unequivocal language of the state's high court when it addressed the issue. Moreover, the statutory history of Section 17202 is telling. Section 17202 is an outgrowth of California Civil Code § 3369, which, when enacted in 1872, merely provided that "Neither specific nor preventative relief can be granted to enforce a penal law, except in a case of nuisance, nor to enforce a penalty or forfeiture in any case." Civil Code § 3369 therefore was a statutory limit on a court's ability to grant injunctive relief. The statute, however, was amended in 1933 to expressly authorize courts to enjoin unfair competition. Injunctive relief was the sole remedy available for a violation of unfair competition until 1976, when express statutory authority was provided for courts to order restitution. In 1977, the unfair competition law was moved from the Civil Code to the Business and Professions Code but the remedies remained the same. Current Section 17202 therefore merely authorizes a court to enjoin unfair competition, "notwithstanding Section 3339 of the Civil Code," which limits the court's authority to issue injunctive relief in other circumstances.

<u>Tomlinson</u>, 359 F. Supp. 2d at 894 (citations omitted). Because Williams' argument is not supported by any legal authority, all references to "waiting-time penalties" should be stricken from her fourth claim for relief.

///

///

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

### B. California Employers Need Only "Authorize or Permit" Rest Periods.

Williams does not deny or refute that Labor Code Section 226.7(a) requires employers only to "authorize or permit" rest periods – rather than "provide" such rest periods. Nor can she, since this is the standard. <u>See</u> Cal. Lab. Code § 226.7(a); CALIFORNIA EMPLOYMENT LAW (Matthew Bender) (2007), § 3.24, p. 3-172 ("Every employer covered by a California wage order must <u>authorize</u> and <u>permit</u> nonexempt employees to take rest periods, which insofar as practicable must be in the middle of each work period. The <u>authorized</u> rest period time must be based on total hours worked daily at the rate of 10 minutes rest time per four hours or major fraction thereof. However, a rest period need not be <u>authorized</u> for employees whose total daily work time is less than 3 ½ hours.") (emphasis added); <u>White v. Starbucks Corp.</u>, 497 F. Supp. 2d 1080, 1085-1086 (N.D. Cal. 2007) (noting that "the words 'authorize' and 'permit' only require that the employer make rest periods available."); WAGE AND HOUR MANUAL FOR CALIFORNIA EMPLOYERS (Castle Publications, 12th ed.) (2007), p. 172 ("the Division [of Labor Standards Enforcement] has opined that an employer is not subject to a sanction or premium pay obligation if an employee who was truly authorized and permitted to take a rest break, as required under the applicable Wage Order, freely chooses, without any coercion or encouragement, to forego or waive a rest period.").

Under basic rules of statutory construction, the California legislature is presumed to have been cognizant of the fact that the rules it set forth for rest periods ("authorize or permit") were different from those it established in the same section for meal periods ("provide"). <u>In re Dakota H.</u>, 132 Cal. App. 4th 212, 225 (2005) ("Where the Legislature makes express statutory distinctions, 'we must presume it did so deliberately, giving effect to the distinctions, unless the whole scheme reveals the distinction is unintended. This concept merely restates another statutory construction canon: we presume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language.'") (citations omitted).

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

IR01DOCS\366034.1

5

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
(Case No. C08-01318 JSW)**

Instead of denying or refuting the requirements of Section 226.7(a), Williams focuses on Section 226.7(b), which sets forth the remedies that are recoverable for missed rest periods. Her reference to Section 226.7(b) is a red herring. Defendants do not deny that the standard for obtaining monetary relief for a missed rest period is phrased in terms of a rest period not having been "provided." This is why Defendants were careful not to ask the Court to strike the word "provide" from the Complaint where that word appeared in connection with a request for compensation under Section 226.7(b). For instance, Defendants did not seek to strike lines 11, 13, or 15 from Paragraph 36 of Williams' Complaint.

In any event, the word "provide" in Section 226.7(b) can only be given meaning by reference to the words "authorize or permit" in Section 226.7(a) – i.e., the two sections should not be construed to contradict each other (as Williams would have it, such that the words "authorize or permit" mean nothing). Instead, the penalty provision in Section 226.7(b) should be read in light of the preceding section, Section 226.7(a), which creates the right to rest periods. Harmonizing these two subsections, a penalty is available under Section 226.7(b) for a rest period that was not "provided" *in accordance with Section 226.7(a)* (i.e., "authorized or permitted").

While Williams refers to this argument as "semantics," it is anything but. The terms "provide" (i.e., suggesting some type of affirmative obligation on behalf of the employer) and "authorize or permit" (suggesting a lesser obligation) mean completely different things. If Defendants were ultimately found, incorrectly, to have violated the rest period rights of 1,000+ putative class members because they failed to "provide" such putative class members with rest periods, it would be a grave mistake. This is a far cry from "semantics."

**C.    <u>Wage Order No. 4 – Not Wage Order No. 7 – Governs This Action.</u>**

Williams concedes that her Complaint's reference to Wage Order No. 7, instead of the applicable Wage Order (No. 4), was a mistake, chalking it up to "typographical" and

"proofreading" errors. Given this concession, Defendants' request to strike references to the improper Wage Order should be granted.

Blowing past her admission of fault, Williams attempts to shift the blame to Defendants, calling their request to strike references to the incorrect legal standard "gamesmanship." This is not gamesmanship. It should be self-evident that as this case goes forward, the parties and the trier of fact must be guided by the correct legal standard.

Moreover, the language of Wage Order Nos. 7 and 4 is not "exactly the same," as Williams suggests. Several sections of these two Wage Orders are not identical, including the "applicability of order," "definitions," "hours and days of work," "uniforms and equipment," and "meal periods" sections. These Wage Orders contain several different terms.

Finally, this Court granted a similar motion to strike in <u>Baas</u>, <u>supra</u>. Again, however, Williams fails to reference or even cite this Court's holding in <u>Baas</u>. Under these circumstances, Williams' references to Wage Order No. 7 should be stricken.

## III. CONCLUSION

Williams' Opposition is ineffective and should be denied because it quibbles with the instrument being used (a motion striking particular allegations), rather than the effect of this procedural tool on this litigation. What little attention Williams gives to the merits of Defendants' Motion to Strike demonstrates a fundamental misunderstanding of the applicable legal standards, including a total disregard for this Court's decision in <u>Baas</u>. Should this litigation continue based on the allegations of Williams' current Complaint, the case would be proceeding under several key inaccuracies. The very purpose of a Rule 12(f) motion is to excise such improper and immaterial allegations.

///
///
///
///

1  For each of the foregoing reasons, as well as those articulated in their moving
2  papers, Defendants request that the Court grant their Motion to Strike.

3  Dated: April 29, 2008  **BRYAN CAVE LLP**
   Charles B. Jellinek
4  Karen K. Cain
   Jesse E.M. Randolph

6  By: _____/s/ Jesse E.M. Randolph_____
       Jesse E.M. Randolph
7  Attorneys for Defendants
8  H&R BLOCK ENTERPRISES, INC.; H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

IR01DOCS\366034.1

8

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE**
**(Case No. C08-01318 JSW)**