Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE COTTRELL BRAYTON
  KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiffs and the proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:08-cv-1318 JSW<br><br>**PLAINTIFF'S REPLY BRIEF FOR MOTION TO REMAND; OR, IN THE ALTERNATIVE, REQUEST FOR DISCOVERY**<br><br>Date: June 6, 2008<br>Time: 9:00 am<br>Courtroom: 2<br>Judge: The Honorable Jeffrey S. White |

## I. INTRODUCTION

This case presents the perfect example of a case that should be handled in state court. It alleges that H&R Block is liable to its California employees because of violations of only California law. The lawsuit alleges that California law requires H&R Block to pay overtime to, and provide meal and rest periods for, its Office Managers in California. No federal claims, or non-California class members, are alleged. H&R Block is no stranger to California or its courts, and will not suffer prejudice by litigating this case in the state court. This is a California case that should be decided by a California court.

In response to Plaintiff's Motion to Remand, Defendants' Opposition advances three major points, all to support the claim that this case is removable under the Class Action Fairness Act ("CAFA"): (1) that H&R Block Enterprises is somehow not the primary defendant, despite the fact that H&R Block Enterprises has admitted that it is, and always has been, the sole employer of the putative class members; (2) that even if H&R Block Enterprises were the primary Defendant, its "principal place of business" is not California, despite the fact that H&R Block Enterprises does approximately 33-40% of all of its business in California alone; and (3) that Plaintiff has not proved that at least two-thirds of the putative class members are citizens of California, despite the fact that the class, as alleged, includes only people who have worked for H&R Block *in California*.

As shown below, H&R Block Enterprises is, by any of the three definitions of "primary defendant" used by District Courts, quite clearly the only "primary defendant" in this case. Because it is, and always has been, the sole employer of class members, it is the "target" of this lawsuit and has "substantial exposure." Furthermore, Plaintiff alleges that H&R Block Enterprises is "directly liable" (as opposed to "vicariously liable") to Plaintiff and the class. Finally, because it is the only employer of class members, H&R Block Enterprises is "first in importance," and the "chief," "principal" or "main" Defendant, as defined by Webster's Dictionary.

Plaintiff's Motion also made clear that H&R Block Enterprises' principal place of business is California. H&R Block Enterprises, Inc. has over 41% of its employees in California, nearly one-third of its offices in California, and does 36% of its tax returns in California. Thus, by the metrics set up by the Ninth Circuit, California is H&R Block Enterprises' principal place of

1  business. H&R Block's fabricated test based on H&R Block Enterprises' business as a percentage
2  of each state's economy is simply inapplicable.
3      H&R Block has not, until its Opposition to Plaintiff's Motion to Remand, made any
4  assertion that fewer than two-thirds of the alleged class members are citizens of California. In its
5  Notice of Removal, H&R Block did not contest the logical conclusion that two-thirds of the
6  putative class members are citizens of California, given that the class alleged consists only of
7  people who have worked *in California*. H&R Block now proclaims that Plaintiff must show
8  extensive evidence of each class member's domicile in order to have this case remanded under the
9  "home state controversy" exception to CAFA. Aside from the fact that this burden is completely
10 insurmountable at this stage of the litigation—before any discovery has taken place—it also
11 ignores that this Court can remand where the pleadings make it "reasonably likely" that two-thirds
12 of the putative class members are residents of California. Furthermore, even if there were not
13 enough evidence to show that two-thirds of the class members were citizens of California, there
14 certainly is enough to show that at least one-third of the class members are citizens of California,
15 therefore invoking the "interests of justice" exception to CAFA. Finally, assuming such proof of
16 domicile for each putative class member were required, Plaintiff is entitled to discovery to
17 investigate the citizenship of the putative class members and ascertain whether this Court properly
18 has jurisdiction over this case.

## II. ARGUMENT

20     CAFA states that a district court "shall decline to exercise jurisdiction" where, among other
21 things, the "primary defendants" and two-thirds of the putative class members are citizens of the
22 same state. 28 U.S.C. §1332(d)(4) (called the "home state controversy" exception). Because H&R
23 Block Enterprises is the only "primary defendant," because its principal place of business is
24 California, and because at least two-thirds of the putative class members are citizens of California.
25     Furthermore, the "interests of justice" exception to CAFA states that a District Court

> may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction…over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. §1332(d)(3). Because each of these factors militates in favor of remand here, this Court should decline to exercise jurisdiction.

### A. H&R BLOCK ENTERPRISES IS THE ONLY PRIMARY DEFENDANT IN THIS CASE

Defendants agree with Plaintiff that the district courts have developed three distinct tests for determining the "primary defendant" for purposes of CAFA, essentially quoting Plaintiff's Motion on this point. *See* Amended Opposition at 9:17-10:14. The "primary defendants" are those who are the "targets" of the lawsuit, *Harrington v. Mattel, Inc.*, 2007 WL 4556920, *5 (N.D.Cal. 2007); *Kendrick v. Standard Fire Ins. Co.*, 2007 WL 1035018, *5 (E.D.Ky. 2007); *Robinson v. Cheetah Transp.*, 2006 WL 3322580, *2-3 (W.D.La. 2006); are those who "directly" (as opposed to secondarily) liable for the wrongs alleged, *Anthony v. Small Tube Mfg. Corp.*, 2007 WL 2844819, *8 (E.D.Pa. 2007); *Kitson v. Bank of Edwardsville*, 2006 WL 3392752, *17 (S.D.Ill. 2006); or are those who are "first in importance; chief; principal; main." *Caruso v. Allstate Ins. Co.*, 469 F.Supp.2d 364, 369 (E.D.La. 2007); *see also Bennett v. Board of Com'rs for East Jefferson Levee Dist.*, 2007 WL 2571942, *6 (E.D.La. 2007). By any of these definitions, H&R Block Enterprises is plainly the only primary Defendant here.

Defendants have flatly and explicitly admitted that:

H&R Block Enterprises, Inc. is, and at all times relevant has been, the sole employer of all Office Managers hired to work during tax season in the State of California. See Williams

    Decl. ¶ 6. None of the other three Named Defendants employs such persons, pays compensation to such persons, has entered into employment agreements with such persons, or either formulates or implements wage payment policies with regard to such persons. Id. Notice of Removal at 3-4, fn. 1 (citing Declaration of Carol Williams in Support of Defendants' Notice of Removal at ¶6). Despite this admission, Defendants still somehow claim that the other H&R Block entities, who do not and never have employed class members or had anything to do with this dispute, are primary Defendants. This is simply not the case.

    Defendants' only recourse is to argue that because Plaintiff's Complaint alleged—on her information and belief at the time—that all of the Defendants acted in concert, all three should be primary Defendants. This contradicts the undisputed evidence in the case. That the undisputed evidence is *Defendants' own* evidence makes their attempt to distance themselves from the facts all the more appalling.[1]

    It is hard to imagine what more evidence Plaintiff possibly could present to show that H&R Block Enterprises is the sole primary Defendant in this action. And doubtless the two non-employer Defendants, after this Motion is decided, will argue vehemently that they are not liable (or were wrongfully sued) because they do not and did not employ class members. In addition, Defendants' contention would completely neuter the "primary defendant" language in CAFA, because under Defendants' formulation, any defendant named in a complaint is, by definition and without question, a "primary" defendant. However: "Statutes should generally not be construed to render any provision surplusage." *Petro Marketing Group, Inc. v. Commodity Futures Trading Comm.*, 680 F.2d 566, 569-70 (9th Cir.1982). Defendants' attempt to elevate form over substance should fail. Quite simply, H&R Block Enterprises is the only Defendant that has anything at all to do with this dispute, and is the only primary defendant.

---

[1] Defendants' insistence that this Court rely solely on the allegations of Plaintiff's Complaint is particularly troubling when contrasted with Defendants' opposite argument with regard to the citizenship of the putative class members. There, Defendants argue that the allegations in Plaintiff's Complaint regarding the location of putative class members must be disregarded, and only hard evidence of each putative class members' state of domicile will satisfy the statute. *See* Amended Opposition at 7:15-8:22. Defendants' attempt to have it both ways should not be indulged.

**B. PRINCIPAL PLACE OF BUSINESS**

As Plaintiff showed in her Motion, H&R Block Enterprises does vastly more business in California than in any other state. *See* Motion at 5:11-9:25. Over 41% of its employees are in California, nearly one-third of its offices are in California, and 36% of the total tax returns it generates are done in California. Notice of Removal at ¶20.a, b. and c. Illinois, the next-highest state in each category, has only 17.7% of H&R Block Enterprises' employees, 14.8% of its locations, and 14% of the tax returns generated. *Id*. Because California hosts so much more of H&R Block Enterprises' business than any other state, California is its "principal place of business." *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 501-502 (9th Cir. 2001), *Ghaderi v. United Airlines, Inc.*, 136 F.Supp.2d 1041, 1045-1047 (N.D.Cal. 2001).

As in their Notice of Removal, Defendants continue purportedly to rely on the "per capita" formulation from some district court cases. *See* Amended Opposition at 13:2-23 (citing, *inter alia*, *Ho v. Ikon Office Solutions, Inc.*, 143 F.Supp.2d 1163 (N.D.Cal. 2001) and *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102 (S.D.Cal. 2003)). But neither of the seminal Ninth Circuit cases on this subject, *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990) and *Tosco*, use the "per capita" approach. Furthermore, Defendants manage to mangle even that formulation. By presenting H&R Block Enterprises' business as a percentage of each state's economy, Defendants completely miss the point of the test set up by *Industrial Techtonics* and *Tosco*, which is to determine how much of a company's business takes place in each state. That is, "the 'place of operations test' locates a corporation's principal place of business in the state which '*contains a substantial predominance of corporate operations*.' *Tosco*, 236 F.3d at 500 (emphasis added). Defendants incorrectly reverse this test, and focus only on how much of California's economy is attributable to H&R Block Enterprises.[2] Defendants' formulation completely inverts

---

[2] It is also important to note that Defendants' evidence on this point is, at best, inconclusive—it simply shows that H&R Block Enterprises, not at all unexpectedly, makes up a vanishingly small percentage of the economy of every state in which it does business. *See* Notice of Removal at ¶¶19-20.

the plain language of the Ninth Circuit's test, and should not be applied. When the correct test is applied, it is apparent that California is H&R Block Enterprises' "principal place of business."

### C. PUTATIVE CLASS MEMBERS ARE CITIZENS OF CALIFORNIA

In their Opposition, Defendants for the first time dispute the citizenship of the members of the putative class. In their Notice of Removal, Defendants focused only on Plaintiff's citizenship, and relied solely on the allegations in Plaintiff's Complaint as proof of her citizenship. *See* Notice of Removal at ¶15. Further, Defendants relied only on their assumption that H&R Block Enterprises was not a citizen of California to establish diversity from Plaintiff, admittedly a California citizen. *Id*. at ¶¶15, 20.

#### 1. The "Home State Controversy" Exception to CAFA Applies Here

Defendants are correct that the "home state controversy" exception to CAFA requires remand in this case if over two-thirds of the putative class members are citizens of California. 28 U.S.C. §1332(d)(4). That this is the case here is evidenced by Plaintiff's Complaint, which alleges a class only of persons who worked for H&R Block *in California* in the last four years. Complaint at ¶22. Now, however, Defendants fault Plaintiff for not presenting hard evidence of the citizenship of each and every one of the, by Defendants' admission, "over 1,000 individuals" in the putative class. *See* Amended Opposition at 6:2-9:1; Notice of Removal at ¶13. But Defendant's assessment of the requirements of the "home state controversy" exception for CAFA are incorrect.

As an initial matter, the cases upon which Defendants rely to support their argument that Plaintiff must present evidence of the domicile of every putative class member are inapplicable here. None of them comes from the Ninth Circuit or a district court within the Ninth Circuit. Each of them is distinguishable. *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793 is a Fifth Circuit case that deals with the unique circumstance of a putative class made up of the diaspora of victims of Hurricane Katrina. *Id*. at 795-796. *Anthony v. Small Tube Manufacturing Corp.*, 535 F.Supp.2d 506 (E.D.Pa. 2007), upon which Defendants heavily rely, involved a class of people who had worked in a state as many as 35 years ago, which makes it reasonable to assume that many have since left the state. *Id*. at 517. *Kendrick v. Standard Fire ins. Co.*, 2007 WL 1035018 (E.D.Ky. 2007) involved a class of people who merely purchased

1  insurance in Kentucky—certainly not a strong indicator that the class members were actually
2  citizens of Kentucky. *Id*. at *1, n. 3.
3        Here, in contrast, Plaintiff's Complaint alleges that the putative class members worked in
4  California in the last four years. This creates a strong presumption that at least two-thirds of them
5  live in California. *See* 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3612 (one
6  chief indicium of domicile is "place of employment"). This Court may make such a determination
7  when the pleadings show that it is "reasonably likely" that two-thirds of putative class members
8  reside in California. *Matter v. Clear Channel Comm.*, 239 F.R .D. 70, 80 (S.D.N.Y. 2006) ("While
9  Defendants have not provided evidence, in the form of an affidavit or otherwise, establishing such
10 citizenship, it is reasonably likely that more than two-thirds of the putative class members of the
11 proposed class—all of whom work in New York—are citizens of New York."); *see also Dunham*
12 *v. Coffeyville Resources, LLC*, 2007 WL 3283774, *3 (D.Kan. 2007) ("CAFA does not require
13 exact citizenship of each member of the plaintiff class; the court may still apply a CAFA exception
14 where the pleadings and circumstances of the case are such that it is 'reasonably likely that two-
15 thirds of the putative class members' are citizens of the forum.") (quoting *Matter*). As Defendants
16 note, the citizenship test is a "preponderance of the evidence" standard, which merely means that it
17 is "more likely than not" that two-thirds of the class members are citizens of California. *Sanchez*
18 *v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Given that all of the class
19 members worked in California in the last four years, it is more likely than not that two-thirds of
20 them are citizens of California. Defendants, of course, have made no showing that fewer than two-
21 thirds of the putative class members are citizens of California. This Court can and should find,
22 based on the evidence available, that two-thirds of the putative class members are California
23 citizens, thus satisfying the "local controversy" exception to CAFA.
24       **2. The "Interests of Justice" Exception Militates in Favor of Remand Here**
25       Under the "interests of justice" exception to CAFA, a district court "may" decline to
26 exercise jurisdiction when a number of factors are met. 28 U.S.C. §1332(d)(3). Many are
27 indisputably met here: this case does not "involve matters of national or interstate interest;" it is a
28 California case on behalf of California workers involving only California laws. 28 U.S.C.

§1332(d)(3)(A). This case will, in fact, "be governed by laws of the State in which the action was originally filed[.]" 28 U.S.C. §1332(d)(3)(B). The case was not "pleaded in a manner that seeks to avoid Federal jurisdiction;" there are no sham governmental defendants, and in this case, California law provides better protection for class members than would federal law. 28 U.S.C. §1332(d)(3)(C). The case "was brought in a forum with a distinct nexus with the class members, the alleged harm, [and] the defendants;" the harm occurred in California, to California workers, against a corporation whose principal place of business is California. 28 U.S.C. §1332(d)(3)(D). As shown above, "the number of citizens of the State in which the action was originally filed…is substantially larger than the number of citizens from any other State[;]" because this case involves persons who worked in California, this prong is most assuredly satisfied. 28 U.S.C. §1332(d)(3)(E). Finally, Plaintiff's counsel have found no other class actions "asserting the same or similar claim on behalf of the same or other person" that have been filed "during the 3-year period preceding the filing" of this case. 28 U.S.C. §1332(d)(3)(F).

Hence, the only dispute regarding the "interests of justice" exception is, again, the citizenship of putative class members: whether "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the action was originally filed[.]" 28 U.S.C. §1332(d)(3). As detailed above, the primary Defendant in this action, H&R Block Enterprises, is a citizen of California.

In *Hirschbach v. NVE Bank*, 496 F.Supp.2d 451, (D.N.J. 2007), the court determined that simply a class definition of "all persons who currently hold a Certificate of Deposit issued by NVE Bank" "strongly suggests that this case might fall into the category of cases in which more than two-thirds of the plaintiff class, and the primary defendant NVE Bank, are citizens of New Jersey, making remand of this case mandatory." *Id*. at 460-461. Further, the *Hirschbach* court determined that it need not find that over two-thirds of the putative class members were New Jersey citizens; instead, it held that the class definition "clearly supports a conservative estimate that between one-third and two-thirds of the members of the putative class of plaintiffs are domiciled in New Jersey." *Id*. at 461.

A similar conservative estimate is appropriate here. Especially when the "interests of justice" and the "totality of the circumstances" are considered, this case is ripe for remand. As Plaintiff showed in her opening papers, this is a wholly California case involving solely California issues. H&R Block Enterprises is not the sort of litigant that diversity jurisdiction was meant to protect. *See* Motion at 6:4-17; *Ghaderi*, 136 F.Supp.2d at 1043. This case should be remanded.

### 3. If the Court Is Not Satisfied With the Jurisdictional Evidence, Discovery Should Be Ordered to Ascertain Whether this Court Has Jurisdiction

With issues such as this one, "it is clear that a court may allow discovery to aid in determining whether it has in personam or subject matter jurisdiction." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977) (citing a long list of cases from various circuits supporting jurisdictional discovery); *see also Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 985 (S.D.Cal. 2005); *Kitson v. Bank of Edwardsville*, 2006 WL 3392752, *7 (S.D.Ill. 2006); *Schwartz v. Comcast Corp.*, 2005 WL 1799414, *7 (E.D.Pa. 2005).

Such discovery—in the form of a list containing the names and contact information of putative class members—would be appropriate here, should this Court determine that more evidence is needed to determine jurisdiction. Without this discovery, the contentions in Defendants' Opposition would essentially put an end to class actions in state courts and would mean that no class action case could ever be remanded. This is because Defendant asserts that the pleadings are not enough to prove citizenship, but it is simply impossible for plaintiffs to prove the citizenship of the putative class members without discovery regarding their domiciles. Defendants, of course, oppose such jurisdictional discovery. *See* Amended Opposition at 4:14-16. But if remanding parties are required to go well beyond the pleadings to prove citizenship at the removal/remand stage (which is often very early in the life of a case) without any discovery, no removal petition could ever be disputed.[3] This simply is not the law.

---

[3] Some cases cite to a report of the Senate Committee on the Judiciary, which states that

> in assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion to Remand, or, in the alternative, order discovery of a list of putative class members' names and addresses so that Plaintiff may investigate the citizenship of putative class members.

Respectfully submitted,

Date: May 5, 2008

SCHNEIDER WALLACE COTTRELL
  BRAYTON KONECKY LLP
LAW OFFICE OF ALEXANDER G. VAN
  BROEK

  /s/ *Hank Willson*
Hank Willson
Counsel for Plaintiff and the proposed Class

---

proposed class is certified. Less burdensome means (e.g., factual stipulations) should be used in creating a record upon which the jurisdictional determinations can be made.

S.Rep. No. 109-14, at 44, 2005 U.S.C.C.A.N. at 42. But this does not militate in favor of removal; first, it only says that discovery of a class list would be improper "in most cases." As shown above, this is not one of those cases. Perhaps more importantly, Defendants cannot be permitted to use this reasoning to leave Plaintiff without any recourse whatsoever. Defendants have refused to engage in the sort of "factual stipulations" contemplated by the Committee, even though it is more than "reasonably likely" that two-thirds of the class members in this case are citizens of California. Thus, by demanding evidence, refusing to stipulate, and opposing discovery, Defendants make their gamesmanship readily apparent.