Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiffs and the proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:08-cv-1318 JSW<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF FOR MOTION TO REMAND; OR, IN THE ALTERNATIVE, REQUEST FOR DISCOVERY**<br><br>Date: October 10, 2008<br>Time: 9:00 am<br>Courtroom: 2<br>Judge: The Honorable Jeffrey S. White |

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

PLAINTIFF'S SUPPLEMENTAL BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

## I. **INTRODUCTION**

This case alleges that H&R Block is liable to its California employees for violations of California law. The case does not allege federal claims, and does not include anyone who worked for H&R Block outside of California. This is a California case that should be decided by a California court. H&R Block has not argued that this case involves non-California claims or that this case involves non-California class members. H&R Block merely argues that Plaintiffs have not provided *extensive* proof of the citizenship of each and every one of the class members, even though this case is only at the pleading stage, and on that basis argues that this Court has jurisdiction under the Class Action Fairness Act ("CAFA"). This argument should be rejected and this case should be remanded to the state court.

On May 22, 2008, this Court continued the remand hearing, recommending

> limited discovery during this time period regarding (1) the citizenship of members of the proposed class and (2) whether H&R Block Financial Advisors, Inc., H&R Block Tax and Business Services, Inc. and H&R Block Tax Services, Inc. would be directly or vicariously liable if the allegations of the complaint were true.

May 22, 2008 Order Continuing Hearing Date at 1:18-21. Plaintiffs then sent requests to H&R Block clearly and narrowly tailored to obtain production of documents and information disclosing the class members' citizenship. In fact, Plaintiff's Document Request No. 4 is essentially quoted from *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444 (5th Cir. 2003), which states that citizenship can be proved through an examination of "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id*. at 448 (quoting *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir.1996). Plaintiff also requested the names and contact information of class members, so that Plaintiff could contact them to inquire about their state of citizenship.

In response to this discovery, which the Court specifically contemplated in its May 22, 2008 Order, H&R Block refused to provide *any documents at all* and refused to provide the requested class list. Instead, H&R Block gave the following answer:

> Defendant states that its records related to the last known personal residential addresses of seasonal Office Managers indicate that over two-thirds (2/3) of the seasonal Office

PLAINTIFF'S SUPPLEMENTAL BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

1

> Managers employed in California by Defendant from January 17, 2004 through the present resided in California as of their most recent date of active employment.

Plainly, this is an inadequate response to Plaintiffs' clear and narrow requests for documents and information concerning the elements for proving class members' citizenship.

In correspondence after Plaintiff took issue with its discovery responses, H&R Block stated that "H&R Block already has, as you recommend, 'enter[ed] into a stipulation that Plaintiff has satisfied the class-member citizenship requirement of either the "home-state controversy" or "interests of justice" requirements of the CAFA.'" Given H&R Block's refusal to enter a formal stipulation to this effect, or to provide the requested discovery to prove or disprove the ultimate fact, remand is the only reasonable option based upon the existing record.

Moreover, H&R Block admits that H&R Block Enterprises, Inc. is and always has been the sole employer of class members. It follows that H&R Block Enterprises, Inc. is the "primary defendant" in this litigation. As shown in Plaintiffs' Opening and Reply briefs for the Motion to Remand, H&R Block Enterprises has its "principal place of business" in California. Thus, there is no diversity between the parties, and this Court does not have jurisdiction to hear this case.

Plaintiff has asked H&R Block to fulfill its discovery obligations by fully responding to Plaintiff's discovery requests, but H&R Block has flatly refused. H&R Block seems to have planned all along to withhold discovery from Plaintiff in order to prevent her from making a full showing here. This is simple gamesmanship, and H&R Block should not be permitted unilaterally to decide jurisdictional issues by refusing to produce Court-recommended discovery.

## II. PROCEDURAL HISTORY

Plaintiff filed this class action in California state court on January 17, 2008. On March 6, 2008, H&R Block removed the case to this court. Plaintiff filed her Motion to Remand on April 11, 2008, and the parties fully briefed the Motion. On May 22, 2008, this Court continued the hearing on the Motion to Remand until October 10, 2008, and suggested that the parties conduct discovery regarding the citizenship of class members and which of the Defendants would be "directly or vicariously" liable if the allegations in the Complaint were true. May 22, 2008 Order.

PLAINTIFF'S SUPPLEMENTAL BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

2

1       Plaintiff then served discovery requests upon H&R Block which sought to investigate the
2  very issues the Court asked the parties to explore in its Order.  These included requests for
3  production of documents that would tend to show class members' citizenship, a special
4  interrogatory seeking the names and contact information of class members, and requests for
5  admission regarding the H&R Block corporate entity that employed the class members. *See*
6  Plaintiffs' discovery requests, attached as Exhibit A to the Supplemental Declaration of Hank
7  Willson in Support of Motion to Remand ("Willson Supplemental Decl.").[1]  In response to these
8  detailed document requests and interrogatories, H&R Block provided a litany of boilerplate and
9  inapplicable objections, a one-sentence response, no documents, and no class list. *See* H&R
10 Block's responses to Plaintiffs' discovery requests, attached as Exhibit B.

11      Plaintiff's counsel wrote to H&R Block's counsel and, noting the paucity of responses,
12 asked that H&R Block enter into a joint request that this Court provide the parties more time for
13 supplemental briefing so that this discovery dispute could be resolved first. *See* Letter from Hank
14 Willson to Jesse Randolph of August 20, 2008, attached as Exhibit C.  H&R Block flatly refused
15 this request. Letter from Jesse Randolph to Hank Willson of August 21, 2008, attached as Exhibit
16 D.  Plaintiff then provided H&R Block with a more extensive meet and confer letter requesting,
17 among other things, that H&R Block stipulate to the citizenship of putative class members. *See*
18 Letter from Hank Willson to Jesse Randolph of August 27, 2008, attached as Exhibit E.  H&R
19 Block responded to that letter by claiming that it had, in fact, so stipulated. *See* Letter from Jesse
20 Randolph to Hank Willson of August 28, 2008, attached as Exhibit F.  Plaintiff then sought a
21 formal stipulation from H&R Block on the issues of the citizenship of putative class members and
22 the employer of the class members, *see* Letter from Hank Willson to Jesse Randolph of August 28,
23 2008, attached as Exhibit G, and in a telephonic meet-and-confer session, H&R Block's counsel
24 indicated that such a stipulation would be agreeable.  Willson Supplemental Decl. at ¶5.  Despite
25 its counsel's suggestions, H&R Block refused to sign the stipulation, claiming that H&R Block had

---

[1] Unless otherwise noted, all Exhibits referred to herein are attached to the Willson Supplemental Decl.

fully responded to Plaintiff's discovery requests. *See* email from Jessie Randolph to Hank Willson of August 29, 2008, attached as Exhibit H.

### III. ARGUMENT

The "home-state controversy" exception to the CAFA states that a federal district court "shall decline to exercise jurisdiction" in two different circumstances: (1) where the "primary defendants" and two-thirds of the putative class members are citizens of the same state. 28 U.S.C. §1332(d)(4)(B). (2) Where greater than two-thirds of the putative class members and only one defendant from which significant relief is sought and by whom chief violations are alleged are from the state in which the case was originally filed, and no other class actions alleging the same claims have been filed in the last three years. 28 U.S.C. §1332(d)(4)(B).

Furthermore, the "interests of justice" exception to CAFA states that a District Court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction…over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of" several other factors which, as shown in Plaintiff's Reply brief, undisputedly favor remand. 28 U.S.C. §1332(d)(3).

As the Court made clear in its May 22, 2008 Order, "the parties shall address whether Plaintiff has met her burden to demonstrate whether two-thirds or one-third of the members of the proposed class are citizens of California and whether H&R Block Financial Advisors, Inc., H&R Block Tax and Business Services, Inc. and H&R Block Tax Services, Inc are primary defendants." H&R Block has refused to produce discovery in response to Plaintiff's requests, and remand is the only conclusion that reasonably can be made from the factual record as it stands.

### A. THE "HOME-STATE CONTROVERSY" AND "INTERESTS OF JUSTICE" EXCEPTIONS TO THE CAFA NECESSITATE REMAND HERE

#### 1. Class Members Are Citizens of California

As shown above, H&R Block did not respond at all to Plaintiff's document requests, which, pursuant to the Court's May 22, 2008 Order, tracked almost verbatim the Fifth Circuit's list—provided in H&R Block's *Preston v. Tenet* case—of the types of documents and information

PLAINTIFF'S SUPPLEMENTAL BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

4

necessary to prove someone's citizenship. *Compare* Plaintiff's Document Request No. 4, attached as part of Exhibit A (seeking "all DOCUMENTS contained in personnel files reflecting…the states where the employees (a) exercise their civil and political rights, (b) pay taxes, (c) own real or personal property, (d) maintain drivers or other licenses, (e) maintain bank accounts, (f) belong to clubs or churches, (g) have places of business or employment, and/or (h) maintain homes for their families.") *with Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 801 (5th Cir. 2007) (citizenship can be proved through an examination of "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.") (citing *Acridge*, 334 F.3d at 451).

Plaintiff's discovery requests were narrowly tailored to investigate the issue as described by the Court in its May 22, 2008 Order: "the citizenship of members of the proposed class." And yet H&R Block refused to respond, providing instead numerous irrelevant and boilerplate objections and "general objections." In its only even arguably relevant "objection"—which is not a proper objection at all—H&R Block states that the request "is inconsistent with the legislative intent of the Class Action Fairness Act" because a Senate Judiciary Committee report stated that "[l]ess burdensome means (e.g. factual stipulations) should be used in creating a record upon which jurisdictional determinations can be made." H&R Block's Response to Plaintiff's Document Request No. 4, attached as part of Exhibit B.

However, H&R Block has refused to enter into any such factual stipulation despite the fact that, by its own admission, "over two-thirds (2/3) of the seasonal Office Managers employed in California by Defendant from January 17, 2004 through the present resided in California as of their most recent date of active employment." H&R Block's Response to Plaintiff's Special Interrogatory No. 1, attached as part of Exhibit B. H&R Block stated in correspondence that "H&R Block already has, as you recommend, 'enter[ed] into a stipulation that Plaintiff has satisfied the class-member citizenship requirement of either the "home-state controversy" or "interests of justice" requirements of the CAFA.'" Letter from Jesse Randolph to Hank Willson of August 28, 2008, attached as Exhibit F. In a telephonic meet-and-confer session, H&R Block's

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

PLAINTIFF'S SUPPLEMENTAL BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

5

counsel stated that it was "rolling over" on the issue of the citizenship of class members. Willson Supplemental Decl. at ¶5.

Thus, the *complete* factual record before this Court on this issue is as follows:

- Plaintiff's allegations that Plaintiff is a resident of California. *See* Complaint at ¶7.

- Plaintiff's allegation that class members work or worked in California. *See* Complaint at ¶22.

- H&R Block's admission that over two-thirds of class members are residents of California as recently as can be known. H&R Block's Response to Plaintiff's Special Interrogatory No. 1, attached as part of Exhibit B.

- H&R Block's stipulation that "Plaintiff has satisfied the class-member citizenship requirement" of the CAFA exceptions. Letter from Jesse Randolph to Hank Willson of August 28, 2008, attached as Exhibit F.

All of these facts lead irrevocably to the conclusion that over two-thirds (for purposes of the "home state controversy" exception), or between one-third and two-thirds (for purposes of the "interests of justice" exception), of class members are citizens of California.[2]

Because H&R Block has ignored its discovery obligations and this Court's May 22, 2008 Order, there are no other facts to examine. According to H&R Block in its discovery responses, the drafters of CAFA apparently contemplated making a jurisdictional determination on the volume of facts presented here. Thus, Plaintiff submits that remand is the only proper conclusion here. *See Matter v. Clear Channel Comm.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006); *Dunham v. Coffeyville Resources, LLC*, 2007 WL 3283774, *3 (D.Kan. 2007) (quoting *Matter*). As H&R Block pointed out in its Opposition, the citizenship test is a "preponderance of the evidence" standard, which merely means that it is "more likely than not" that the requisite number of class members are citizens of California. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Hirschbach v. NVE Bank*, 496 F.Supp.2d 451, 460-461 (D.N.J. 2007).

H&R Block cannot be allowed to withhold plainly relevant discovery simply to force the removal of this action. By all indications, H&R Block has withheld discovery with the specific purpose of forcing Plaintiff to file her supplemental brief without the information she requested in

---

[2] As Plaintiff made clear in her Reply brief, it cannot reasonably be disputed that all of the other factors of the "interests of justice" exception are met here. *See* Reply brief at §II.C.2.

PLAINTIFF'S SUPPLEMENTAL BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

6

1  discovery, and this Court ordered in its May 22, 2008 Order.  Regardless of H&R Block's motives,

2  however, the effect is the same: H&R Block would be able to control the outcome of Plaintiff's

3  Motion to Remand by unilaterally withholding discovery.  This is not the law, and H&R Block's

4  attempt to control the outcome of remand through discovery should be rejected.[3]

### 2. H&R Block Enterprises Is the "Primary Defendant" in this Case

As Plaintiff stated in her Reply brief, H&R Block agrees with Plaintiff that the district courts have developed three distinct tests for determining the "primary defendant" for purposes of CAFA, essentially quoting Plaintiff's Opening Brief on this point.  *See* Amended Opposition at 9:17-10:14.  The "primary defendants" are those who are the "targets" of the lawsuit, *see Harrington v. Mattel, Inc.*, 2007 WL 4556920, *5 (N.D.Cal. 2007); are those who "directly" (as opposed to secondarily) liable for the wrongs alleged, *see Anthony v. Small Tube Mfg. Corp.*, 2007 WL 2844819, *8 (E.D.Pa. 2007); or are those who are "first in importance; chief; principal; main." *See Caruso v. Allstate Ins. Co.*, 469 F.Supp.2d 364, 369 (E.D.La. 2007).  By any of these definitions, H&R Block Enterprises is the only primary Defendant here.

Defendants have openly conceded that:

> H&R Block Enterprises, Inc. is, and at all times relevant has been, the sole employer of all Office Managers hired to work during tax season in the State of California. See Williams Decl. ¶ 6.  None of the other three Named Defendants employs such persons, pays compensation to such persons, has entered into employment agreements with such persons, or either formulates or implements wage payment policies with regard to such persons.  Id.

Notice of Removal at 3-4, fn. 1 (citing Declaration of Carol Williams in Support of Defendants' Notice of Removal at ¶6).  In discovery conducted after the Court's May 22, 2008 Order, H&R Block Enterprises again confirmed that "it is and has been the sole employer of all seasonal 'Office Managers' in the State of California from January 17,2004 through the present." *See* H&R Block Enterprises, Inc.'s response to Request for Admission No. 1, attached as part of Exhibit B.

---

[3] In keeping with the Court's Order that the parties focus only on the "primary defendant" issue and the citizenship of the class members, Plaintiff refers the Court to §II.B. of her Reply brief, which shows that H&R Block Enterprises, Inc.—the only "primary defendant" in this case—is a citizen of California, thereby destroying diversity of the parties and removing this case from this Court's jurisdiction.

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

PLAINTIFF'S SUPPLEMENTAL BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW

7

In light of this, H&R Block's claim that the other H&R Block entities are primary defendants—despite the fact that they do not and never have employed class members—is completely untenable. Plaintiff, just like every other class member, signed employment contracts with H&R Block Enterprises, Inc.—not H&R Block Tax Services or H&R Block Tax and Business Services. *See* WILLIAMS00001-5, 8-10, 23-25, attached as Exhibit I. And Plaintiff, just like every other class member, received paychecks from H&R Block Enterprises, Inc., not the other defendant entities. *See* WILLIAMS00006-7, 11-15, 17-22, attached as Exhibit J.

As Plaintiff made clear in her Reply brief, Plaintiff's Complaint's allegation that all of the Defendants "acted in concert," does not make all of the Defendants "primary defendants." *See* Reply brief at Section II.A. That allegation was based on what Plaintiff knew at the time. Since then, Defendants' representative has submitted testimony under penalty of perjury that H&R Block Enterprises, Inc. is and always has been the only employer of class members. Declaration of Carol Williams in Support of Defendants' Notice of Removal at ¶6. H&R Block Enterprises, Inc. has admitted in response to a Request for Admission that it is and always has been the sole employer of class members. *See* H&R Block Enterprises, Inc.'s response to Request for Admission No. 1, attached as part of Exhibit B. As Plaintiff made clear in her Reply brief, Defendants' feeble arguments to the contrary are incorrect, contradictory, and counter to the state of the law:

- Defendants' insistence that this issue be decided on the pleadings, without any consideration of the undisputed evidence, is senseless. It is also "particularly troubling when contrasted with Defendants' opposite argument with regard to the citizenship of the putative class members. There, Defendants argue that the allegations in Plaintiff's Complaint regarding the location of putative class members must be disregarded, and only hard evidence of each putative class members' state of domicile will satisfy the statute. *See* Amended Opposition at 7:15-8:22. Defendants' attempt to have it both ways should not be indulged." Plaintiff's Reply brief at 4, n. 1.

- It is certain that the two Defendants who did not employ putative class members will attempt to have themselves dismissed from the case on just that basis. To permit Defendants to argue that their inclusion supports removal, when they themselves do not actually wish to be included in the case, would be unfair. *See* Plaintiff's Reply brief at 4:13-15.

- Finally, Defendants argue that including a defendant in a complaint automatically renders him a "primary defendant" under CAFA. This would completely eviscerate CAFA's "primary defendant" language, which is clearly intended to create two different types of defendants for remand purposes: primary and non-primary; it thus violates the rule that "[s]tatutes should generally not be construed to render any

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

provision surplusage." *Petro Marketing Group, Inc. v. Commodity Futures Trading Comm.*, 680 F.2d 566, 569-70 (9th Cir.1982).  This argument should be rejected.  *See* Plaintiff's Reply brief at 4:15-22.

As shown by the evidence produced since the Complaint was filed, H&R Block Enterprises, Inc. is the only Defendant implicated by this case.  It is the only "primary defendant."

### 3. H&R Block Enterprises, Inc. Is the Defendant Whose Conduct Forms the Basis for Plaintiff's Claims, and from Whom Significant Relief Is Sought

Alternatively, Plaintiff satisfies the other option of the "home-state controversy" exception, which does not require that H&R Block Enterprises, Inc. be the "primary defendant."  28 U.S.C. §1332(d)(4)(A).

- As shown above, the parties have stipulated that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," as required by 28 U.S.C. §1332(d)(4)(A)(i)(I).

- Even if H&R Block Enterprises, Inc. is not the "primary defendant," there can be no dispute that "[a]t least one defendant"—H&R Block Enterprises, Inc.—is a defendant: from whom significant relief is sought by members of the plaintiff class; whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and who is a citizen of California.  28 U.S.C. §1332(d)(4)(A)(i)(II)(aa)-(cc).  H&R Block Enterprises, Inc. is the only employer of class members, so its conduct forms the basis of the claims asserted and the relief is sought from it.  And, as shown in Plaintiff's Reply brief at Section II.B., H&R Block Enterprises, Inc. is a citizen of California.

- "The principal injuries resulting from the alleged conduct"—the failure of H&R Block Enterprises, Inc. to pay overtime and the denial of meal and rest periods— "were incurred in California."  28 U.S.C. §1332(d)(4)(A)(i)(III).

- Finally, Plaintiff's counsel has not located any other class action that has been filed during the 3-year period preceding the filing of this case asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.  28 U.S.C. §1332(d)(4)(A)(ii).

As a result, it is undisputable that this option of the "home-state controversy" exception is satisfied here, and this Court "shall remand" this case back to the state court in which it was filed.

### B. IF MORE DISCOVERY IS NECESSARY, THE BRIEFING SCHEDULE SHOULD BE STAYED

In the alternative, if this Court is not inclined to rule on jurisdictional issues given the state of the factual record, or is inclined to deny the Motion to Remand, Plaintiff respectfully submits that a continuation of the supplemental briefing schedule would allow Plaintiff the opportunity to attempt to meet and confer with H&R Block to persuade it to produce the discovery contemplated

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

PLAINTIFF'S SUPPLEMENTAL BRIEF FOR MOTION TO REMAND OR FOR DISCOVERY
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW
9

in this Court's May 22, 2008 Order, or, if necessary, bring a Motion before this Court to compel H&R Block to produce the documents and information required to make a complete factual showing regarding the citizenship of class members. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977) (citing a long list of cases from various circuits supporting jurisdictional discovery); *see also Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 985 (S.D.Cal. 2005); *Kitson v. Bank of Edwardsville*, 2006 WL 3392752, *7 (S.D.Ill. 2006); *Schwartz v. Comcast Corp.*, 2005 WL 1799414, *7 (E.D.Pa. 2005). To rule against Plaintiff on her Motion to Remand would be to reward H&R Block for openly refusing to produce the necessary discovery, an outcome that violates the Federal Rules of Civil Procedure, the spirit of CAFA, and fundamental notions of fairness and due process.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion to Remand, or, in the alternative, continue the supplemental briefing schedule to allow Plaintiff to, if necessary, move to compel the jurisdictional discovery that H&R Block has refused to provide.

Respectfully submitted,

Date: August 29, 2008

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

LAW OFFICE OF ALEXANDER G. VAN BROEK

 /s/ *Hank Willson*
Hank Willson
Counsel for Plaintiff and the proposed Class