Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiffs and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:08-cv-1318 JSW<br><br>**SUPPLEMENTAL DECLARATION OF HANK WILLSON IN SUPPORT OF MOTION TO REMAND**<br><br>Date: October 10, 2008<br>Time: 9:00 am<br>Courtroom: 2<br>Judge: The Honorable Jeffrey S. White |

I, Hank Willson, declare as follows:

1. I am counsel of record in the above-captioned case and an attorney duly licensed to practice law in the State of California.

2. Plaintiff filed this class action in California state court on January 17, 2008. On March 6, 2008, H&R Block removed the case to this court. Plaintiff filed her Motion to Remand on April 11, 2008, and the parties fully briefed the Motion. On May 22, 2008, this Court continued the hearing on the Motion to Remand until October 10, 2008, and suggested that the parties conduct discovery regarding the citizenship of class members and which of the Defendants would be "directly or vicariously" liable if the allegations in the Complaint were true. May 22, 2008 Order.

3. Plaintiff then served discovery requests upon H&R Block which sought to investigate the very issues the Court asked the parties to explore in its Order. These included requests for production of documents that would tend to show class members' citizenship, a special interrogatory seeking the names and contact information of class members, and requests for admission regarding the H&R Block corporate entity that employed the class members. *See* Plaintiffs' discovery requests, attached as Exhibit A. In response to these detailed document requests and interrogatories, H&R Block provided a litany of boilerplate and inapplicable objections, a one-sentence response, no documents, and no class list. *See* H&R Block's responses to Plaintiffs' discovery requests, attached as Exhibit B.

4. I wrote to H&R Block's counsel and, noting the paucity of responses, asked that H&R Block enter into a joint request that this Court provide the parties more time for supplemental briefing so that this discovery dispute could be resolved first. *See* Letter from Hank Willson to Jesse Randolph of August 20, 2008, attached as Exhibit C. H&R Block flatly refused this request. Letter from Jesse Randolph to Hank Willson of August 21, 2008, attached as Exhibit D.

5. I then provided H&R Block with a more extensive meet and confer letter requesting, among other things, that H&R Block stipulate to the citizenship of putative class members. *See* Letter from Hank Willson to Jesse Randolph of August 27, 2008, attached as Exhibit E. H&R Block responded to that letter by claiming that it had, in fact, so stipulated. *See* Letter from Jesse

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

SUPPLEMENTAL DECLARATION OF HANK WILLSON IN SUPPORT OF MOTION TO REMAND
*Williams v. H&R Block, et al.*, Case No. 3:08-cv-1318 JSW
1

Randolph to Hank Willson of August 28, 2008, attached as Exhibit F. Plaintiff then sought a formal stipulation from H&R Block on the issues of the citizenship of putative class members and the employer of the class members, *see* Letter from Hank Willson to Jesse Randolph of August 28, 2008, attached as Exhibit G, and in a telephonic meet-and-confer session, H&R Block's counsel indicated that such a stipulation would be agreeable and that it was "rolling over" on the issue of the citizenship of putative class members. Despite its counsel's suggestions, H&R Block refused to sign the stipulation, claiming that H&R Block had fully responded to Plaintiff's discovery requests. *See* email from Jessie Randolph to Hank Willson of August 29, 2008, attached as Exhibit H.

6. Attached as Exhibit I are employment contracts between Plaintiff and H&R Block Enterprises, Inc. Attached as Exhibit J are paychecks that Plaintiff received from H&R Block Enterprises, Inc.

I declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge.

Executed this 29th day of August, 2008, in San Francisco, California.

/s/ *Hank Willson*

Hank Willson

# EXHIBIT  A

Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiff and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:08-cv-1318 JSW<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS** |

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506
i

PROPOUNDING PARTY: Plaintiff Alice Williams

RESPONDING PARTY: Defendant H&R Block Enterprises, Inc.

SET NO.: One

Pursuant to Federal Rule of Civil Procedure ("FRCP") 34, Plaintiff Alice Williams ("Plaintiff") hereby requests that Defendant H&R Block Enterprises, Inc. ("Defendant") produce for examination, inspection and copying all the documents described below. Pursuant to FRCP 34(b)(2)(A), Defendant must produce all responses (including all responsive documents and objections) within 30 days from the date of service of these requests, and to serve said responses on the offices of Schneider Wallace Cottrell Brayton Konecky LLP, 180 Montgomery Street, Suite 2000, San Francisco, California 94104, to the attention of Hank Willson. Pursuant to FRCP 34(b)(2)(E)(i), Defendant must "produce responsive documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

**DEFINITIONS**

The following terms shall have the following meanings:

1. The terms "DOCUMENT" or "DOCUMENTS" include, without limitation, all writings described in California Evidence Code § 250, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control; or in the possession, custody or control of any servant or agent of YOU or of YOUR attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice COMMUNICATION, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared,

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

1

and all drafts prepared in connection with such DOCUMENTS, whether or not used, as well as the file in which the DOCUMENTS are maintained. A draft or non-identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within the meaning of these terms.

2. "H&R BLOCK" means H&R Block Enterprises, Inc. and any of its divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

3. "IDENTIFY" when used in relation to a natural PERSON means to provide sufficient information about the PERSON to IDENTIFY that PERSON and make arrangement for service of a subpoena, including: (a) full name; (b) last known employer and occupation; (c) last known business address and telephone number; (d) title and dates of service; and (e) last known residence address and telephone number.

4. "IDENTIFY" when used in relation to an entity means to provide sufficient information about the entity to IDENTIFY that entity and make arrangement for service of a subpoena, including (a) full name of entity; (b) legal form of the entity (*i.e.*, whether it is a corporation, partnership, etc.); (c) the state of incorporation, if any; (d) the date of incorporation, or date the business relationship was established; (e) the address and telephone number of the headquarters; (f) the address and telephone number of the principal place of business; (g) the PERSON designated for service of process; and (h) the address designated for service of process.

5. "IDENTIFY" when used in relation to a DOCUMENT means to either: (a) furnish a clear and legible copy of the DOCUMENT in question; or (b) DESCRIBE said DOCUMENT with sufficient particularity such that a formal request or subpoena for its production may be made, including the following: (1) IDENTIFY the custodian of said DOCUMENT; (2) indicate the date(s) that the DOCUMENT was signed; (3) indicate the date the DOCUMENT was produced, if it was not signed; (4) IDENTIFY the author of the DOCUMENT; (5) briefly summarize the nature of the contents of said DOCUMENT stating the facts which would tend to be established by the

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

2

introduction into evidence of each such DOCUMENT; and (6) IDENTIFY the PERSON whose testimony could be used to authenticate each DOCUMENT and lay the foundation for its introduction into evidence.

6. "OFFICE LEADER" means those employees of H&R BLOCK who have held the job title of Office Leader, Office Manager, or Office Lead.

7. "METADATA" means the data found within documents. It includes all electronically-stored information that describes or defines the DOCUMENT that is not generally visible in the ordinary electronic display or printing of the document. Common examples include comments, markups and revisions, author name, owner name, names of those who have edited the document, creation dates, edit dates, and other information, including but not limited to records of past versions and drafts.

8. "NATIVE FORMAT," as it relates to the production of electronic data, means the file format in which the DOCUMENT is ordinarily read and written by its related software application. For example, a Microsoft Word 2003 document has a NATIVE FORMAT of .doc while an ADOBE ACROBAT document has a NATIVE FORMAT of .pdf.

9. "YOU" (or "YOUR") means H&R BLOCK and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries or other representatives of H&R BLOCK.

**SCOPE OF DISCOVERY**

1. Unless otherwise stated in a specific discovery request, these requests for the production of DOCUMENTS shall be deemed to cover the time period from January 17, 2004 to the present.

2. All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes Defendant's response inclusive rather than exclusive.

3. To the extent that any DOCUMENT requested herein is maintained by YOU in electronic format, Plaintiff requests that such DOCUMENT be produced in its NATIVE FORMAT (including METADATA).

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

3

**OBJECTIONS and DOCUMENTS WITHHELD**

1. If YOU object to part of a DOCUMENT request and refuse to answer that part, state YOUR objection and answer the remaining portion of that DOCUMENT request. If YOU object to the scope or time period of a DOCUMENT request and refuse to answer for that scope or time period, state YOUR objection and answer the DOCUMENT request for the scope or time period YOU believe is appropriate.

2. With respect to any requested DOCUMENT which YOU refuse to produce in response to these Requests for Production, please state:

a. the full identity of the DOCUMENT including:

i. date of the DOCUMENT;

ii. its title (if any);

iii. its authors, addressees, recipients or parties;

iv. the nature of the DOCUMENT (e.g., letter, memorandum, etc.);

v. the individual or source from whom or which YOU obtained it; and

vi. its present location and identity of its custodian;

b. whether YOUR objection or refusal is directed to the entire DOCUMENT or part thereof;

c. if YOUR objection or refusal goes to part of the DOCUMENT, specify the specific part(s) of the DOCUMENT to which YOUR objection or refusal is directed;

d. the specific factual basis which gives rise to the objection or refusal; and the specific legal ground on which the objection or refusal is based.

3. If any of the following requested DOCUMENTS cannot be located or produced after exercising due diligence to secure the information, please so state and respond to the extent possible, specifying YOUR inability to respond fully, and stating whatever information YOU have concerning the non-produced DOCUMENTS. If YOUR response is qualified in any particular, please set forth the details of such qualification.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

4

## DOCUMENTS TO BE PRODUCED

**Request No. 1:**

All DOCUMENTS, including any electronically stored information in NATIVE FORMAT, that IDENTIFY the names, most recent available home addresses, most recent available home or cellular telephone numbers, and/or most recent available email addresses of any OFFICE LEADERS (whether part-time or full time, permanent or temporary) who work or have worked for any H&R BLOCK locations in California from January 17, 2004 to the present. This request includes a key for interpreting any codes used to interpret the data, as well as any DOCUMENTS describing, explaining or pertaining to the methods and techniques used in compiling, editing, modifying or updating these computer databases.

**Request No. 2:**

All DOCUMENTS, including any electronically stored information in NATIVE FORMAT, showing the names and H&R BLOCK office locations of all OFFICE LEADERS (whether part-time or full time, permanent or temporary) who work or have worked for any H&R BLOCK locations in California from January 17, 2004 to the present.

**Request No. 3:**

All DOCUMENTS constituting employment applications by all persons hired for the position of OFFICE LEADER at any H&R BLOCK locations in California from January 17, 2004 to the present.

**Request No. 4:**

For all persons who work or have worked as OFFICE LEADERS at any H&R BLOCK locations in California from January 17, 2004 to the present, all DOCUMENTS contained in personnel files reflecting: (1) addresses and contact information from time of hire to present; (2) drivers licenses; (3) time periods and hours worked; and (4) the states where the employees (a) exercise their civil and political rights, (b) pay taxes, (c) own real or personal property, (d) maintain drivers or other licenses, (e) maintain bank accounts, (f) belong to clubs or churches, (g) have places of business or employment, and/or (h) maintain homes for their families.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

5

**Request No. 5:**

All DOCUMENTS submitted by OFFICE LEADERS, and/or relied upon by H&R BLOCK, as part of the hiring process for persons who were hired to work as OFFICE LEADERS at any H&R BLOCK locations in California from January 17, 2004 to the present.

**Request No. 6:**

All employment tax forms, including forms W-4 and W-2, maintained by H&R BLOCK for all persons who work or have worked as OFFICE LEADERS at any H&R BLOCK locations in California from January 17, 2004 to the present.

Dated: June 25, 2008

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

LAW OFFICE OF ALEXANDER G. VAN BROEK

Hank Willson
Counsel for Plaintiff and the proposed Class

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

P'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

6

Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiff and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:08-cv-1318 JSW<br><br>**PLAINTIFF'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS** |

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF SPECIAL INTERROGATORIES REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506
i

PROPOUNDING PARTY: Plaintiff Alice Williams

RESPONDING PARTY: Defendant H&R Block Enterprises, Inc.

SET NO.: One

Pursuant to Federal Rule of Civil Procedure ("FRCP") 33, Plaintiff Alice Williams ("Plaintiff") hereby requests that Defendant H&R Block Enterprises, Inc. ("Defendant") respond to each of the interrogatories below within 30 days from the date of service of these interrogatories, and to serve said responses on the offices of Schneider Wallace Cottrell Brayton Konecky LLP, 180 Montgomery Street, Suite 2000, San Francisco, California 94104, to the attention of Hank Willson.

**DEFINITIONS**

The following terms shall have the following meanings:

1. "H&R BLOCK" means H&R Block Enterprises, Inc. and any of its divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

2. "IDENTIFY" when used in relation to a natural PERSON means to provide sufficient information about the PERSON to IDENTIFY that PERSON and make arrangement for service of a subpoena, including: (a) full name; (b) last known employer and occupation; (c) last known business address and telephone number; (d) title and dates of service; and (e) last known residence address and telephone number.

3. "IDENTIFY" when used in relation to an entity means to provide sufficient information about the entity to IDENTIFY that entity and make arrangement for service of a subpoena, including (a) full name of entity; (b) legal form of the entity (*i.e.*, whether it is a corporation, partnership, etc.); (c) the state of incorporation, if any; (d) the date of incorporation, or date the business relationship was established; (e) the address and telephone number of the headquarters; (f) the address and telephone number of the principal place of business; (g) the PERSON designated for service of process; and (h) the address designated for service of process.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF SPECIAL INTERROGATORIES REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

1

4.    "IDENTIFY" when used in relation to a DOCUMENT means to either: (a) furnish a clear and legible copy of the DOCUMENT in question; or (b) DESCRIBE said DOCUMENT with sufficient particularity such that a formal request or subpoena for its production may be made, including the following: (1) IDENTIFY the custodian of said DOCUMENT; (2) indicate the date(s) that the DOCUMENT was signed; (3) indicate the date the DOCUMENT was produced, if it was not signed; (4) IDENTIFY the author of the DOCUMENT; (5) briefly summarize the nature of the contents of said DOCUMENT stating the facts which would tend to be established by the introduction into evidence of each such DOCUMENT; and (6) IDENTIFY the PERSON whose testimony could be used to authenticate each DOCUMENT and lay the foundation for its introduction into evidence.

5.    "OFFICE LEADER" means those employees of H&R BLOCK who have held the job title of Office Leader, Office Manager, or Office Lead.

6.    "YOU" (or "YOUR") means H&R BLOCK and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries or other representatives of H&R BLOCK.

## SCOPE OF DISCOVERY

1.    Unless otherwise stated in a specific discovery request, these interrogatories shall be deemed to cover the time period from January 17, 2004 to the present.

2.    All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes Defendant's response inclusive rather than exclusive.

## INTERROGATORIES

**Interrogatory No. 1:**

Please IDENTIFY the names, H&R BLOCK office locations, most recent available home addresses, most recent available home or cellular telephone numbers, and most recent available email addresses of all OFFICE LEADERS (whether part-time or full time, permanent or temporary) who work or have worked for any H&R BLOCK locations in California from January 17, 2004 to the present.

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

P'S FIRST SET OF SPECIAL INTERROGATORIES REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506
2

Dated: June 25, 2008

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

LAW OFFICE OF ALEXANDER G. VAN BROEK

Hank Willson
Counsel for Plaintiff and the proposed Class

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

P'S FIRST SET OF SPECIAL INTERROGATORIES REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

3

Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiff and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,

Plaintiff,

vs.

H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:08-cv-1318 JSW

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT H&R BLOCK ENTERPRISES, INC. REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS**

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506
i

PROPOUNDING PARTY: Plaintiff Alice Williams

RESPONDING PARTY: Defendant H&R Block Enterprises, Inc.

SET NO.: One

Pursuant to Federal Rule of Civil Procedure ("FRCP") 36, Plaintiff Alice Williams ("Plaintiff") hereby requests that Defendant H&R Block Enterprises, Inc. ("Defendant") respond to the Requests for Admissions below. Pursuant to FRCP 36(a)(3), Defendant must produce all responses within 30 days from the date of service of these requests, and to serve said responses on the offices of Schneider Wallace Cottrell Brayton Konecky LLP, 180 Montgomery Street, Suite 2000, San Francisco, California 94104, to the attention of Hank Willson.

**DEFINITIONS**

The following terms shall have the following meanings:

1. "H&R BLOCK" means H&R Block Enterprises, Inc. and any of its divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

2. "OFFICE LEADER" means those employees of H&R BLOCK who have held the job title of Office Leader, Office Manager, or Office Lead.

3. "YOU" (or "YOUR") means H&R BLOCK and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries or other representatives of H&R BLOCK.

**SCOPE OF DISCOVERY**

1. Unless otherwise stated in a specific discovery request, these requests shall be deemed to cover the time period from January 17, 2004 to the present.

2. All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes Defendant's response inclusive rather than exclusive.

**REQUESTS FOR ADMISSIONS**

**Request No. 1:**

Please admit that H&R Block Enterprises, Inc. is, and at all times since January 17, 2004 has been, the sole employer of OFFICE LEADERS.

Dated: June 25, 2008

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

LAW OFFICE OF ALEXANDER G. VAN BROEK

Hank Willson
Counsel for Plaintiff and the proposed Class

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

P'S FIRST SET OF REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

2

Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiff and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,

Plaintiff,

vs.

H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:08-cv-1318 JSW

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT H&R BLOCK TAX SERVICES, INC. REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS**

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506
i

PROPOUNDING PARTY: Plaintiff Alice Williams

RESPONDING PARTY: Defendant H&R Block Tax Services, Inc.

SET NO.: One

Pursuant to Federal Rule of Civil Procedure ("FRCP") 36, Plaintiff Alice Williams ("Plaintiff") hereby requests that Defendant H&R Block Tax Services, Inc. ("Defendant") respond to the Requests for Admissions below. Pursuant to FRCP 36(a)(3), Defendant must produce all responses within 30 days from the date of service of these requests, and to serve said responses on the offices of Schneider Wallace Cottrell Brayton Konecky LLP, 180 Montgomery Street, Suite 2000, San Francisco, California 94104, to the attention of Hank Willson.

**DEFINITIONS**

The following terms shall have the following meanings:

1. "H&R BLOCK" means H&R Block Tax Services, Inc. and any of its divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

2. "OFFICE LEADER" means those employees of H&R BLOCK who have held the job title of Office Leader, Office Manager, or Office Lead.

3. "YOU" (or "YOUR") means H&R BLOCK and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries or other representatives of H&R BLOCK.

**SCOPE OF DISCOVERY**

1. Unless otherwise stated in a specific discovery request, these requests shall be deemed to cover the time period from January 17, 2004 to the present.

2. All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes Defendant's response inclusive rather than exclusive.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

1

**REQUESTS FOR ADMISSIONS**

**Request No. 1:**

Please admit that H&R Block Tax Services, Inc. does not now employ, and has not employed at any time since January 17, 2004, OFFICE LEADERS.

Dated: June 25, 2008

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

LAW OFFICE OF ALEXANDER G. VAN BROEK

Hank Willson
Counsel for Plaintiff and the proposed Class

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

2

Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiff and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,

Plaintiff,

vs.

H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:08-cv-1318 JSW

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT H&R BLOCK TAX AND BUSINESS SERVICES, INC. REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS**

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

i

PROPOUNDING PARTY: Plaintiff Alice Williams

RESPONDING PARTY: Defendant H&R Block Tax and Business Services, Inc.

SET NO.: One

Pursuant to Federal Rule of Civil Procedure ("FRCP") 36, Plaintiff Alice Williams ("Plaintiff") hereby requests that Defendant H&R Block Tax and Business Services, Inc. ("Defendant") respond to the Requests for Admissions below. Pursuant to FRCP 36(a)(3), Defendant must produce all responses within 30 days from the date of service of these requests, and to serve said responses on the offices of Schneider Wallace Cottrell Brayton Konecky LLP, 180 Montgomery Street, Suite 2000, San Francisco, California 94104, to the attention of Hank Willson.

## DEFINITIONS

The following terms shall have the following meanings:

1. "H&R BLOCK" means H&R Block Tax and Business Services, Inc. and any of its divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

2. "OFFICE LEADER" means those employees of H&R BLOCK who have held the job title of Office Leader, Office Manager, or Office Lead.

3. "YOU" (or "YOUR") means H&R BLOCK and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries or other representatives of H&R BLOCK.

## SCOPE OF DISCOVERY

1. Unless otherwise stated in a specific discovery request, these requests shall be deemed to cover the time period from January 17, 2004 to the present.

2. All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes Defendant's response inclusive rather than exclusive.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

P'S FIRST SET OF REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
*Williams v. H&R Block, et al.*, Case No. RG08366506

1

## REQUESTS FOR ADMISSIONS

**Request No. 1:**

Please admit that H&R Block Tax and Business Services, Inc. does not now employ, and has not employed at any time since January 17, 2004, OFFICE LEADERS.

Dated: June 25, 2008

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

LAW OFFICE OF ALEXANDER G. VAN BROEK

Hank Willson
Counsel for Plaintiff and the proposed Class

# EXHIBIT  B

Charles B. Jellinek (Admitted *Pro Hac Vice*)
**BRYAN CAVE LLP**
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
Email: cbjellinek@bryancave.com

Karen K. Cain (Admitted *Pro Hac Vice*)
**BRYAN CAVE LLP**
1200 Main Street, Suite 3500
Kansas City, Missouri 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
Email: karen.cain@bryancave.com

Jesse E.M. Randolph (California Bar No. 221060)
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
Email: jesse.randolph@bryancave.com

Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.;
H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,

Plaintiff,

v.

H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. C08-01318 JSW

**DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1**

PROPOUNDING PARTY: Plaintiff ALICE WILLIAMS

RESPONDING PARTY: Defendant H&R BLOCK ENTERPRISES, INC.

SET NO.: One (1)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant H&R Block Enterprises, Inc. ("Defendant"), by and through its attorneys of record, responds to Plaintiff Alice Williams' ("Plaintiff") Requests for Production of Documents Regarding Citizenship of Putative Class Members (Set 1), as follows:

**PRELIMINARY STATEMENT**

Defendant has not yet completed its investigation of the facts relating to this action, its preparation for trial, or associated discovery. As discovery proceeds, Defendant may identify individuals who have knowledge concerning the subject matter of this action, or who participated in some capacity in the events underlying (or related to) this action, and/or Defendant may discover facts, information, evidence, documents, and things which are not set forth in these responses but which may be responsive. The following responses are based on Defendant's present knowledge, information and belief and are complete as to Defendant's best knowledge at this time. Furthermore, Defendant has prepared these responses based on its good faith interpretation and understanding of the individual requests, and it expressly reserves its right to correct any inadvertent errors or omissions. Defendant also reserves the right to conduct discovery with reference to or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents and things in these responses. In addition, Defendant reserves the right to revise and supplement these responses based upon any information, evidence and documentation which may be discovered subsequent to the service of these responses as appropriate. Additionally, except for those facts that are admitted expressly herein, no admission of any nature whatsoever is to be implied or inferred from these responses.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

## GENERAL OBJECTIONS

1. Defendant objects to each request to the extent each seeks documents or other information protected from discovery by the attorney-client privilege, the attorney work product doctrine, any evidentiary privileges provided for or recognized by Rule 501 of the Federal Rules of Evidence, or any other applicable state laws of privilege incorporated thereunder. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work product protection, or any other applicable privilege or doctrine. In undertaking to respond to each request, Defendant will not undertake to provide privileged or otherwise protected information.

2. Defendant objects to each request to the extent each seeks documents or other information regarding current or former employees of Defendant, or other third parties, that is protected from disclosure under federal or state constitutional, statutory, or common-law rights of privacy. Nothing in these responses is intended as, nor shall in any way be deemed, a waiver of such rights to privacy.

3. Defendant objects to each request to the extent each seeks private, confidential, proprietary, or trade secret information. Responding to each request, Defendant will only produce private, confidential, proprietary, or trade secret information pursuant to a stipulated protective order that is duly entered as a protective order by the Court.

4. Defendant objects to each request to the extent each seeks documents or other information that are not relevant to the subject matter involved in this action. Responding to each request, Defendant will not undertake to provide such information.

5. Defendant objects to each request and subpart thereof on the ground that it is unduly burdensome and oppressive insofar as it is intended to require Defendant to attempt to provide, prematurely, all evidentiary material upon which Defendant's defenses to Plaintiff's claims are based. Without waiving any such objections, Defendant has produced all responsive and relevant documents that it now knows to exist. However,

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

Defendant does not intend nor does it attempt to produce each item of evidentiary material upon which its defenses presently are based.

6. Defendant objects to each request as overbroad and seeking documents or other information that are not relevant to the subject matter of this litigation to the extent any request refers to entities or persons other than Defendant. Responding to each request, Defendant will not undertake to provide such documents or other information for entities or persons other than itself.

7. Defendant objects to the breadth of Plaintiff's definition of "H&R BLOCK" to the extent it purports to include persons and entities other than the defendant corporation. Defendant will not employ the definition proffered by Plaintiff, but instead will answer solely on behalf of itself as the corporate entity specifically identified in each request.

8. Defendant objects to the definition for "OFFICE LEADER" on the grounds that it is vague and ambiguous because it incorporates the definition of "H&R BLOCK." Defendant also objects on the grounds that it would be burdensome and oppressive to respond to requests with multiple incorporated definitions, and that when such definitions are incorporated, the requests are rendered vague and ambiguous. Defendant hereby incorporates by reference its objection to "H&R BLOCK." Defendant will not employ this definition in its response.

9. Defendant objects to each request to the extent each seeks to impose greater obligations than those permitted under Rules 26 or 34 of the Federal Rules of Civil Procedure. Defendant will respond only as required by Rules 26 and/or 34 of the Federal Rules of Civil Procedure, and all attempts by Plaintiff to enlarge such obligations unilaterally are expressly rejected.

10. Each of the foregoing general objections and qualifications is incorporated in full in each of the responses set forth below, as if fully set forth therein, and each of the responses below is provided subject to, and without waiving, the general objections and

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

qualifications asserted herein.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, including any electronically stored information in NATIVE FORMAT, that IDENTIFY the names, most recent available home addresses, most recent available home or cellular telephone numbers, and/or most recent available email addresses of any OFFICE LEADERS (whether part-time or full time, permanent or temporary) who work or have worked for any H&R BLOCK locations in California from January 17, 2004 to the present. This request includes a key for interpreting any codes used to interpret the data, as well as any DOCUMENTS describing, explaining or pertaining to the methods and techniques used in compiling, editing, modifying or updating these computer databases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant incorporates by reference its Preliminary Statement, as well as each of its General Objections, as if set forth fully at this point. Defendant further objects to this request on the ground that the terms "H&R BLOCK" and "OFFICE LEADER" render the request vague and ambiguous. Defendant also objects to this request because the phrase "this request includes a key" is unintelligible, vague, and ambiguous, as it is unclear whether Plaintiff is requesting that Defendant produce a "key." Moreover, the phrase "for interpreting any codes used to interpret the data" is equally unintelligible, vague, and ambiguous. Defendant also objects to this request to the extent it seeks documents regarding current or former employees of Defendant that are protected from disclosure under federal or state constitutional, statutory or common-law rights of confidentiality and privacy. Defendant further objects to this request to the extent it either constitutes or would result in a violation of Rule 2-100(B)(2) of the California Rules of Professional Conduct, which bars Plaintiff's counsel from communicating on an ex parte basis with current managerial employees of Defendant to the extent such communications concern

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

KC01DOCS\915803.1

5

DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
(Case No. C08-01318 JSW)

acts or omissions related to other putative class members that may be binding on or imputed to Defendant for purposes of civil liability in this action, or to the extent the statements of such employees might constitute admissions on the part of Defendant. Defendant further objects to this request to the extent it seeks documents regarding the merits of the purported claims of unnamed class members. Such discovery is premature and should be deferred until the Court has decided all preliminary jurisdictional issues, and until a determination is made (if any) that this matter may proceed as a class action. To the extent this request is intended to discover all of the underlying details regarding the defense of this action and/or Defendant's opposition to class certification, Defendant further objects on the ground that this request is unduly burdensome and oppressive. Additionally, Plaintiff's request seeks discovery of information that is inconsistent with the legislative intent of the Class Action Fairness Act ("CAFA"). A report of the Senate Judiciary Committee during its deliberations over CAFA provides: "[In] assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified. Less burdensome means (e.g., factual stipulations) should be used in creating a record upon which the jurisdictional determinations can be made." S.Rep. No. 109-14, at 44, 2005 U.S.C.C.A.N. at 42.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to Defendant's Response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, including any electronically stored information in NATIVE FORMAT, showing the names and H&R BLOCK office locations of all OFFICE LEADERS (whether part-time or full time, permanent or temporary) who work or have worked for any H&R BLOCK locations in California from January 17, 2004 to the present.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant incorporates by reference its Preliminary Statement, as well as each of its General Objections, as if set forth fully at this point. Defendant also objects to the request because the terms "H&R BLOCK" and "OFFICE LEADER" render the request vague and ambiguous. Additionally, Defendant objects to this request to the extent it seeks documents regarding current or former employees of Defendant that are protected from disclosure under federal or state constitutional, statutory or common-law rights of confidentiality and privacy. Defendant further objects to this request to the extent it either constitutes or would result in a violation of Rule 2-100(B)(2) of the California Rules of Professional Conduct, which bars Plaintiff's counsel from communicating on an ex parte basis with current managerial employees of Defendant to the extent such communications concern acts or omissions related to other putative class members that may be binding on or imputed to Defendant for purposes of civil liability in this action, or to the extent the statements of such employees might constitute admissions on the part of Defendant. Defendant further objects to this request to the extent it seeks documents regarding the merits of the purported claims of unnamed class members. Such discovery is premature and should be deferred until the Court has decided all preliminary jurisdictional issues, and until a determination is made (if any) that this matter may proceed as a class action. To the extent this request is intended to discover all of the underlying details regarding the defense of this action and/or Defendant's opposition to class certification, Defendant further objects on the ground that this request is unduly burdensome and oppressive. Additionally, Plaintiff's request seeks discovery of information that is inconsistent with the legislative intent of the Class Action Fairness Act ("CAFA"). A report of the Senate Judiciary Committee during its deliberations over CAFA provides: "[In] assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

KC01DOCS\915803.1

7

DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
(Case No. C08-01318 JSW)

massive, burdensome undertaking that will not be necessary unless a proposed class is certified. Less burdensome means (e.g., factual stipulations) should be used in creating a record upon which the jurisdictional determinations can be made." S.Rep. No. 109-14, at 44, 2005 U.S.C.C.A.N. at 42.

Subject to and without waiving the foregoing objections, Defendant incorporates Defendant's Response to Interrogatory No. 1 as if fully restated herein.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS constituting employment applications by all persons hired for the position of OFFICE LEADER at any H&R BLOCK locations in California from January 17, 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant incorporates by reference its Preliminary Statement, as well as each of its General Objections, as if set forth fully at this point. Defendant further objects to this request because the terms "H&R BLOCK" and "OFFICE LEADER" render the request vague and ambiguous. Additionally, Defendant objects to this request to the extent it seeks documents regarding current or former employees of Defendant that are protected from disclosure under federal or state constitutional, statutory or common-law rights of confidentiality and privacy. Defendant further objects to this request to the extent it either constitutes or would result in a violation of Rule 2-100(B)(2) of the California Rules of Professional Conduct, which bars Plaintiff's counsel from communicating on an ex parte basis with current managerial employees of Defendant to the extent such communications concern acts or omissions related to other putative class members that may be binding on or imputed to Defendant for purposes of civil liability in this action, or to the extent the statements of such employees might constitute admissions on the part of Defendant. Defendant further objects to this request to the extent it seeks documents regarding the merits of the purported claims of unnamed class members. Such discovery is premature and should be deferred until the Court has decided all preliminary jurisdictional issues, and

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

KC01DOCS\915803.1

8

DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
(Case No. C08-01318 JSW)

until a determination is made (if any) that this matter may proceed as a class action. To the extent this request is intended to discover all of the underlying details regarding the defense of this action and/or Defendant's opposition to class certification, Defendant further objects on the ground that this request is unduly burdensome and oppressive. Additionally, Plaintiff's request seeks discovery of information that is inconsistent with the legislative intent of the Class Action Fairness Act ("CAFA"). A report of the Senate Judiciary Committee during its deliberations over CAFA provides: "[In] assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified. Less burdensome means (e.g., factual stipulations) should be used in creating a record upon which the jurisdictional determinations can be made." S.Rep. No. 109-14, at 44, 2005 U.S.C.C.A.N. at 42.

Subject to and without waiving the foregoing objections, Defendant incorporates Defendant's Response to Interrogatory No. 1 as if fully restated herein.

**REQUEST FOR PRODUCTION NO. 4:**

For all persons who work or have worked as OFFICE LEADERS at any H&R BLOCK locations in California from January 17, 2004 to the present, all DOCUMENTS contained in personnel files reflecting: (1) addresses and contact information from time of hire to present; (2) drivers licenses; (3) time periods and hours worked; and (4) the states where the employees (a) exercise their civil and political rights, (b) pay taxes, (c) own real or personal property, (d) maintain drivers or other licenses, (e) maintain bank accounts, (f) belong to clubs or churches, (g) have places of business or employment, and/or (h) maintain homes for their families.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant incorporates by reference its Preliminary Statement, as well as each of its

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

General Objections, as if set forth fully at this point. Defendant further objects to this request because the terms "H&R BLOCK" and "OFFICE LEADER" render the request vague and ambiguous. Defendant also objects to this request to the extent it seeks documents regarding current or former employees of Defendant that are protected from disclosure under federal or state constitutional, statutory or common-law rights of confidentiality and privacy. Defendant further objects to this request to the extent it either constitutes or would result in a violation of Rule 2-100(B)(2) of the California Rules of Professional Conduct, which bars Plaintiff's counsel from communicating on an ex parte basis with current managerial employees of Defendant to the extent such communications concern acts or omissions related to other putative class members that may be binding on or imputed to Defendant for purposes of civil liability in this action, or to the extent the statements of such employees might constitute admissions on the part of Defendant. Defendant further objects to this request to the extent it seeks documents regarding the merits of the purported claims of unnamed class members. Such discovery is premature and should be deferred until the Court has decided all preliminary jurisdictional issues, and until a determination is made (if any) that this matter may proceed as a class action. To the extent this request is intended to discover all of the underlying details regarding the defense of this action and/or Defendant's opposition to class certification, Defendant further objects on the ground that this request is unduly burdensome and oppressive. Additionally, Plaintiff's request seeks discovery of information that is inconsistent with the legislative intent of the Class Action Fairness Act ("CAFA"). A report of the Senate Judiciary Committee during its deliberations over CAFA provides: "[In] assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified. Less burdensome means (e.g., factual stipulations) should be used in creating a

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

record upon which the jurisdictional determinations can be made." S.Rep. No. 109-14, at 44, 2005 U.S.C.C.A.N. at 42.

Subject to and without waiving the foregoing objections, Defendant incorporates Defendant's Response to Interrogatory No. 1 as if fully restated herein.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS submitted by OFFICE LEADERS, and/or relied upon by H&R BLOCK, as part of the hiring process for persons who were hired to work as OFFICE LEADERS at any H&R BLOCK locations in California from January 17, 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant incorporates by reference its Preliminary Statement, as well as each of its General Objections, as if set forth fully at this point. Defendant further objects to this request because the terms "H&R BLOCK" and "OFFICE LEADER" render the request vague and ambiguous. Defendant also objects because Plaintiff's request fails to specifically identify the documents she seeks. To the extent Plaintiff seeks employment applications, her request is cumulative. If Plaintiff seeks documents other than employment applications, her request is vague and ambiguous, as it is unclear which documents she seeks. Defendant also objects to this request to the extent it seeks documents regarding current or former employees of Defendant that are protected from disclosure under federal or state constitutional, statutory or common-law rights of confidentiality and privacy. Defendant further objects to this request to the extent it either constitutes or would result in a violation of Rule 2-100(B)(2) of the California Rules of Professional Conduct, which bars Plaintiff's counsel from communicating on an ex parte basis with current managerial employees of Defendant to the extent such communications concern acts or omissions related to other putative class members that may be binding on or imputed to Defendant for purposes of civil liability in this action, or to the extent the statements of such employees might constitute admissions on the part of Defendant.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

Defendant further objects to this request to the extent it seeks documents regarding the merits of the purported claims of unnamed class members. Such discovery is premature and should be deferred until the Court has decided all preliminary jurisdictional issues, and until a determination is made (if any) that this matter may proceed as a class action. To the extent this request is intended to discover all of the underlying details regarding the defense of this action and/or Defendant's opposition to class certification, Defendant further objects on the ground that this request is unduly burdensome and oppressive. Additionally, Plaintiff's request seeks discovery of information that is inconsistent with the legislative intent of the Class Action Fairness Act ("CAFA"). A report of the Senate Judiciary Committee during its deliberations over CAFA provides: "[In] assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified. Less burdensome means (e.g., factual stipulations) should be used in creating a record upon which the jurisdictional determinations can be made." S.Rep. No. 109-14, at 44, 2005 U.S.C.C.A.N. at 42.

Subject to and without waiving the foregoing objections, Defendant incorporates Defendant's Response to Interrogatory No. 1 as if fully restated herein.

**REQUEST FOR PRODUCTION NO. 6:**

All employment tax forms, including forms W-4 and W-2, maintained by H&R BLOCK for all persons who work or have worked as OFFICE LEADERS at any H&R BLOCK locations in California from January 17, 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant incorporates by reference its Preliminary Statement, as well as each of its General Objections, as if set forth fully at this point. Defendant further objects to this request because the terms "H&R BLOCK" and "OFFICE LEADER" render the request

KC01DOCS\915803.1

12

DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
(Case No. C08-01318 JSW)

vague and ambiguous. Defendant also objects to this request on the ground that the phrase "[a]ll employment tax forms" is vague, ambiguous, and overbroad. Defendant also objects to this request to the extent it seeks documents regarding current or former employees of Defendant that are protected from disclosure under federal or state constitutional, statutory or common-law rights of confidentiality and privacy. Defendant further objects to this request to the extent it either constitutes or would result in a violation of Rule 2-100(B)(2) of the California Rules of Professional Conduct, which bars Plaintiff's counsel from communicating on an ex parte basis with current managerial employees of Defendant to the extent such communications concern acts or omissions related to other putative class members that may be binding on or imputed to Defendant for purposes of civil liability in this action, or to the extent the statements of such employees might constitute admissions on the part of Defendant. Defendant further objects to this request to the extent it seeks documents regarding the merits of the purported claims of unnamed class members. Such discovery is premature and should be deferred until the Court has decided all preliminary jurisdictional issues, and until a determination is made (if any) that this matter may proceed as a class action. To the extent this request is intended to discover all of the underlying details regarding the defense of this action and/or Defendant's opposition to class certification, Defendant further objects on the ground that this request is unduly burdensome and oppressive. Additionally, Plaintiff's request seeks discovery of information that is inconsistent with the legislative intent of the Class Action Fairness Act ("CAFA"). A report of the Senate Judiciary Committee during its deliberations over CAFA provides: "[In] assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified. Less burdensome means (e.g., factual stipulations) should be used in creating a record upon which the jurisdictional

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

determinations can be made." S.Rep. No. 109-14, at 44, 2005 U.S.C.C.A.N. at 42.

Subject to and without waiving the foregoing objections, Defendant incorporates Defendant's Response to Interrogatory No. 1 as if fully restated herein.

Dated: August 5, 2008

**BRYAN CAVE LLP**
Charles B. Jellinek
Karen K. Cain
Jesse E.M. Randolph

By: ______________________
Jesse E.M. Randolph
Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.; H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: holly.ottiger@bryancave.com.

On August 5, 2008, I served the foregoing document described as: **DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1** on all interested parties in this action by placing [ ] a true copy [X] the original thereof enclosed in sealed envelopes addressed as follows:

Todd M. Schneider, Esq. *ORIGINAL*
Carolyn H. Cottrell, Esq.
W.H. Willson, IV, Esq.
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Alexander G. van Broek, Esq. *COPY*
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, CA 94612
Telephone: (510) 446-1922
Facsimile: (510) 446-1911

Rebecca D. Eisen, Esq. *COPY*
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-0900
Facsimile: (415) 442-1001
Email: reisen@morganlewis.com

[X] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY FACSIMILE - I caused said document to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2008, at Irvine, California.

Holly C. Ottiger
Holly C. Ottiger

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

Charles B. Jellinek (Admitted *Pro Hac Vice*)
**BRYAN CAVE LLP**
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
Email: cbjellinek@bryancave.com

Karen K. Cain (Admitted *Pro Hac Vice*)
**BRYAN CAVE LLP**
1200 Main Street, Suite 3500
Kansas City, Missouri 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
Email: karen.cain@bryancave.com

Jesse E.M. Randolph (California Bar No. 221060)
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
Email: jesse.randolph@bryancave.com

Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.;
H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,

Plaintiff,

v.

H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. C08-01318 JSW

**DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S INTERROGATORIES REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1**

KC01DOCS\915805.2
**DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S INTERROGATORIES REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS**
**(Case No. C08-01318 JSW)**

PROPOUNDING PARTY: Plaintiff ALICE WILLIAMS

RESPONDING PARTY: Defendant H&R BLOCK ENTERPRISES, INC.

SET NO.: One (1)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant H&R Block Enterprises, Inc. ("Defendant"), by and through its attorneys of record, responds to Plaintiff Alice Williams' ("Plaintiff") Interrogatories Regarding Citizenship of Putative Class Members (Set 1), as follows:

**PRELIMINARY STATEMENT**

Defendant has not yet completed its investigation of the facts relating to this action, its preparation for trial, or associated discovery. As discovery proceeds, Defendant may identify individuals who have knowledge concerning the subject matter of this action, or who participated in some capacity in the events underlying (or related to) this action, and/or Defendant may discover facts, information, evidence, documents, and things which are not set forth in these responses but which may be responsive. The following responses are based on Defendant's present knowledge, information, and belief, and are complete as to Defendant's best knowledge at this time. Furthermore, Defendant has prepared these responses based on its good faith interpretation and understanding of the individual interrogatories, and it expressly reserves its right to correct any inadvertent errors or omissions. Defendant also reserves the right to conduct discovery with reference to or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents and things in these responses. In addition, Defendant reserves the right to revise and supplement these responses based upon any information, evidence, and documentation which may be discovered subsequent to the service of these responses as appropriate. Additionally, except for those facts that are expressly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

## GENERAL OBJECTIONS

1. Defendant objects to each interrogatory to the extent each seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, any evidentiary privileges provided for or recognized by Rule 501 of the Federal Rules of Evidence, or any other applicable state laws of privilege incorporated thereunder. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of the attorney-client privilege, any work product protection, or any other applicable privilege or doctrine. In undertaking to respond to each interrogatory, Defendant will not undertake to provide privileged or otherwise protected information.

2. Defendant objects to each interrogatory to the extent each seeks information regarding current or former employees of Defendant, or other third parties, that is protected from disclosure under federal or state constitutional, statutory, or common-law rights of privacy. Nothing in these responses is intended as, nor shall in any way be deemed, a waiver of such rights to privacy.

3. Defendant objects to each interrogatory to the extent each seeks private, confidential, proprietary, or trade secret information. Responding to each interrogatory, Defendant will only produce private, confidential, proprietary, or trade secret information pursuant to a stipulated protective order that is duly entered as a protective order by the Court.

4. Defendant objects to each interrogatory to the extent each seeks information that is not relevant to the claim or defense of any party, and therefore is outside the proper scope of discovery. Responding to each interrogatory, Defendant will not undertake to provide such information.

5. Defendant objects to each interrogatory and subpart thereof on the ground that it is unduly burdensome and oppressive insofar as it is intended to require Defendant to attempt to list, prematurely, all evidentiary material upon which Defendant's defenses to Plaintiff's claims are based. Without waiving any such objections, and as a matter of

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

courtesy only, Defendant has attempted to provide ample facts, where appropriate, in response to the interrogatories. However, in its responses, Defendant does not intend nor does it attempt to list each item of evidentiary material upon which its defenses presently are based.

6. Defendant objects to each interrogatory as overbroad and seeking information that is not relevant to the claim or defense of any party to the extent any interrogatory refers to entities or persons other than Defendant. Responding to each interrogatory, Defendant will not undertake to provide such information for entities or persons other than itself.

7. Defendant objects to the breadth of Plaintiff's definition of "H&R BLOCK" to the extent it purports to include persons and entities other than the defendant corporation. Defendant will not employ the definition proffered by Plaintiff, but instead will answer solely on behalf of itself as the corporate entity specifically identified in each interrogatory.

8. Defendant objects to the definition for "OFFICE LEADER" on the grounds that it is vague and ambiguous because it incorporates the definition of "H&R BLOCK." Defendant also objects on the grounds that it would be burdensome and oppressive to respond to interrogatories with multiple incorporated definitions, and that when such definitions are incorporated, the interrogatories are rendered vague and ambiguous. Defendant hereby incorporates by reference its objection to "H&R BLOCK." Defendant will not employ this definition in its response.

9. Defendant will make reasonable efforts to respond appropriately to each interrogatory and, to the extent that no objection is made, as Defendant understands and interprets each interrogatory. If Plaintiff subsequently asserts any interpretation of any interrogatory which differs from that of Defendant, Defendant expressly reserves the right to supplement these responses.

10. Defendant objects to each interrogatory to the extent each seeks to impose

KC01DOCS\915805.2

4

DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S INTERROGATORIES REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
(Case No. C08-01318 JSW)

greater obligations than those permitted under Rules 26 or 33 of the Federal Rules of Civil Procedure. Defendant will respond only as required by Rules 26 and/or 33 of the Federal Rules of Civil Procedure, and all attempts by Plaintiff to enlarge such obligations unilaterally are expressly rejected.

11. Each of the foregoing general objections and qualifications is incorporated in full in each of the responses set forth below, as if fully set forth therein, and each of the responses below is provided subject to, and without waiving, the general objections and qualifications asserted herein.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please IDENTIFY the names, H&R BLOCK office locations, most recent available home addresses, most recent available home or cellular telephone numbers, and most recent available email addresses of all OFFICE LEADERS (whether part-time or full time, permanent or temporary) who work or have worked for any H&R BLOCK locations in California from January 17, 2004 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates by reference its Preliminary Statement, as well as each of its General Objections, as if set forth fully at this point. Defendant further objects to this interrogatory on the ground that the terms "H&R BLOCK" and "OFFICE LEADER" render the interrogatory vague and ambiguous. Defendant also objects to this interrogatory to the extent it seeks information regarding current or former employees of Defendant that is protected from disclosure under federal or state constitutional, statutory or common-law rights of confidentiality and privacy. Defendant further objects to this interrogatory to the extent it either constitutes or would result in a violation of Rule 2-100(B)(2) of the California Rules of Professional Conduct, which bars Plaintiff's counsel from communicating on an ex parte basis with current managerial employees of Defendant to the extent such communications concern acts or omissions related to other putative class

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

members that may be binding on or imputed to Defendant for purposes of civil liability in this action, or to the extent the statements of such employees might constitute admissions on the part of Defendant. Defendant further objects to this interrogatory to the extent it seeks information regarding the merits of the purported claims of unnamed class members. Such discovery is premature and should be deferred until the Court has decided all preliminary jurisdictional issues, and until a determination is made (if any) that this matter may proceed as a class action. To the extent this interrogatory is intended to discover all of the underlying details regarding the defense of this action and/or Defendant's opposition to class certification, Defendant further objects on the ground that this interrogatory is unduly burdensome and oppressive. Additionally, Plaintiff's interrogatory seeks discovery of information that is inconsistent with the legislative intent of the Class Action Fairness Act ("CAFA"). A report of the Senate Judiciary Committee during its deliberations over CAFA provides: "[In] assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified. Less burdensome means (e.g., factual stipulations) should be used in creating a record upon which the jurisdictional determinations can be made." S.Rep. No. 109-14, at 44, 2005 U.S.C.C.A.N. at 42.

///

///

///

///

///

///

///

///

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

Defendant states that its records related to the last known personal residential addresses of seasonal Office Managers indicate that over two-thirds (2/3) of the seasonal Office Managers employed in California by Defendant from January 17, 2004 through the present resided in California as of their most recent date of active employment.

Dated: August 5, 2008

**BRYAN CAVE LLP**
Charles B. Jellinek
Karen K. Cain
Jesse E.M. Randolph

By: ______________________
Jesse E.M. Randolph
Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.; H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# VERIFICATION

I have read the foregoing **DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S INTERROGATORIES REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1**, and know its contents.

I am the Manager of HRIS for HRB Support Services LLC, an H&R Block subsidiary. I authorized to make this verification for and on behalf of H&R Block Enterprises, Inc., a party to this action, and I make this verification for that reason.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 31, 2008, at Kansas City, Missouri.

Karen Keenan

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: holly.ottiger@bryancave.com.

On August 5, 2008, I served the foregoing document described as: **DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S INTERROGATORIES REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1** on all interested parties in this action by placing [ ] a true copy [X] the original thereof enclosed in sealed envelopes addressed as follows:

Todd M. Schneider, Esq. *ORIGINAL*
Carolyn H. Cottrell, Esq.
W.H. Willson, IV, Esq.
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Alexander G. van Broek, Esq. *COPY*
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, CA 94612
Telephone: (510) 446-1922
Facsimile: (510) 446-1911

Rebecca D. Eisen, Esq. *COPY*
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-0900
Facsimile: (415) 442-1001
Email: reisen@morganlewis.com

[X] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY FACSIMILE - I caused said document to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2008, at Irvine, California.

Holly C. Ottiger
Holly C. Ottiger

Charles B. Jellinek (Admitted *Pro Hac Vice*)
**BRYAN CAVE LLP**
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
Email: cbjellinek@bryancave.com

Karen K. Cain (Admitted *Pro Hac Vice*)
**BRYAN CAVE LLP**
1200 Main Street, Suite 3500
Kansas City, Missouri 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
Email: karen.cain@bryancave.com

Jesse E.M. Randolph (California Bar No. 221060)
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
Email: jesse.randolph@bryancave.com

Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.;
H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,

Plaintiff,

v.

H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. C08-01318 JSW

**DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1**

KC01DOCS\915806.2

PROPOUNDING PARTY: Plaintiff ALICE WILLIAMS

RESPONDING PARTY: Defendant H&R BLOCK ENTERPRISES, INC.

SET NO.: One (1)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant H&R Block Enterprises, Inc. ("Defendant"), by and through its attorneys of record, responds to Plaintiff Alice Williams' ("Plaintiff") Requests for Admissions Regarding Citizenship of Putative Class Members (Set 1), as follows:

**PRELIMINARY STATEMENT**

Defendant has not yet completed its investigation of the facts relating to this action, its preparation for trial, or associated discovery. As discovery proceeds, Defendant may discover facts, information, evidence, documents, and things which are not reflected in these responses but which ultimately may be responsive. The following responses are based on Defendant's present knowledge, information, and belief, and are complete as to Defendant's best knowledge at this time. Furthermore, Defendant has prepared these responses based on its good faith interpretation and understanding of the individual requests, and it expressly reserves its right to correct any inadvertent errors or omissions. Defendant also reserves the right to conduct discovery with reference to or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents and things in these responses. In addition, Defendant reserves the right to revise and supplement these responses based upon any information, evidence, and documentation which may be discovered subsequent to the service of these responses, as appropriate. Additionally, except for those facts which are expressly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

## GENERAL OBJECTIONS

1. Defendant objects to each request to the extent each seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, any evidentiary privileges provided for or recognized by Rule 501 of the Federal Rules of Evidence, or any other applicable state laws of privilege incorporated thereunder. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of the attorney-client privilege, any work product protection, or any other applicable privilege or doctrine. In undertaking to respond to each request, Defendant will not undertake to provide privileged or otherwise protected information.

2. Defendant objects to each request to the extent each seeks information regarding current or former employees of Defendant, or other third parties, that is protected from disclosure under federal or state constitutional, statutory, or common-law rights of privacy. Nothing in these responses is intended as, nor shall in any way be deemed, a waiver of such rights to privacy.

3. Defendant objects to each request to the extent each seeks private, confidential, proprietary, or trade secret information. Responding to each request, Defendant will only produce private, confidential, proprietary, or trade secret information pursuant to a stipulated protective order that is duly entered as an order by the Court.

4. Defendant objects to each request to the extent each seeks information that is not relevant to the claim or defense of any party, and therefore is outside the proper scope of discovery. Responding to each request, Defendant will not undertake to provide such information.

5. Defendant objects to each request and subpart thereof on the ground that it is unduly burdensome and oppressive insofar as it is intended to require Defendant to attempt to provide all evidentiary material upon which Defendant's defenses to Plaintiff's claims are based. Without waiving any such objections, and as a matter of courtesy only, Defendant has attempted to provide ample information, where appropriate, in response to

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

KC01DOCS\915806.2

3

DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
(Case No. C08-01318 JSW)

the requests. However, in its responses, Defendant does not intend nor does it attempt to provide each item of evidentiary material upon which its defenses presently are based.

6. Defendant objects to each request as overbroad and seeking information that is not relevant to Plaintiff's claims against Defendant, or Defendant's defenses thereto, to the extent any request refers to entities or persons other than Defendant. Responding to each request, Defendant will not undertake to provide such information for entities or persons other than itself.

7. Defendant objects to the breadth of Plaintiff's definition of "H&R BLOCK" to the extent it purports to include persons and entities other than the defendant corporation. Defendant will not employ the definition proffered by Plaintiff, but instead will answer solely on behalf of itself as the corporate entity specifically identified in each request.

8. Defendant objects to the definition for "OFFICE LEADER" on the grounds that it is vague and ambiguous because it incorporates the definition of "H&R BLOCK." Defendant also objects on the grounds that it would be burdensome and oppressive to respond to requests with multiple incorporated definitions, and that when such definitions are incorporated, the requests are rendered vague and ambiguous. Defendant hereby incorporates by reference its objection to "H&R BLOCK." Defendant will not employ this definition in its response.

9. Defendant will make reasonable efforts to respond appropriately to each request and, to the extent that no objection is made, as Defendant understands and interprets each request. If Plaintiff subsequently asserts any interpretation of any request which differs from that of Defendant, Defendant expressly reserves the right to supplement these responses.

10. Defendant objects to each request to the extent each seeks to impose greater obligations than those permitted under Rules 26 and/or 36 of the Federal Rules of Civil Procedure. Defendant will respond only as required by Rules 26 and/or 36 of the Federal

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

Rules of Civil Procedure, and all attempts by Plaintiff to enlarge such obligations unilaterally are expressly rejected.

11. Each of the foregoing general objections and qualifications is incorporated in full in each of the responses set forth below, as if fully set forth therein, and each of the responses below is provided subject to, and without waiving, the general objections and qualifications asserted herein.

**RESPONSE TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Please admit that H&R Block Enterprises, Inc. is, and at all times since January 17, 2004 has been, the sole employer of OFFICE LEADERS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant incorporates by reference its Preliminary Statement, as well as each of its General Objections, as if set forth fully at this point. Defendant further objects to this request on the ground that the term "OFFICE LEADER" renders the request vague and ambiguous, as does the term "sole employer" as the term is unlimited in geographic and substantive scope.

Subject to and without waiving the foregoing objections, Defendant states that while it is not the sole employer of year-round employees with the title of "Office Manager," it is and has been the sole employer of all seasonal "Office Managers" in the State of California from January 17, 2004 through the present.

Dated: August 5, 2008

**BRYAN CAVE LLP**
Charles B. Jellinek
Karen K. Cain
Jesse E.M. Randolph

By: [signature]
Jesse E.M. Randolph
Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.; H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

KC01DOCS\915806.2

5

DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
(Case No. C08-01318 JSW)

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: holly.ottiger@bryancave.com.

On August 5, 2008, I served the foregoing document described as: **DEFENDANT H&R BLOCK ENTERPRISES, INC.'S RESPONSE TO REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1** on all interested parties in this action by placing [ ] a true copy [X] the original thereof enclosed in sealed envelopes addressed as follows:

Todd M. Schneider, Esq. *ORIGINAL*
Carolyn H. Cottrell, Esq.
W.H. Willson, IV, Esq.
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Alexander G. van Broek, Esq. *COPY*
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, CA 94612
Telephone: (510) 446-1922
Facsimile: (510) 446-1911

Rebecca D. Eisen, Esq. *COPY*
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-0900
Facsimile: (415) 442-1001
Email: reisen@morganlewis.com

[X] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY FACSIMILE - I caused said document to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2008, at Irvine, California.

Holly C. Ottiger

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

Charles B. Jellinek (Admitted *Pro Hac Vice*)
**BRYAN CAVE LLP**
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
Email: cbjellinek@bryancave.com

Karen K. Cain (Admitted *Pro Hac Vice*)
**BRYAN CAVE LLP**
1200 Main Street, Suite 3500
Kansas City, Missouri 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
Email: karen.cain@bryancave.com

Jesse E.M. Randolph (California Bar No. 221060)
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
Email: jesse.randolph@bryancave.com

Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.;
H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,

Plaintiff,

v.

H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. C08-01318 JSW

**DEFENDANT H&R BLOCK TAX SERVICES, INC.'S RESPONSE TO REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1**

KC01DOCS\915808.1

**DEFENDANT H&R BLOCK TAX SERVICES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS (Case No. C08-01318 JSW)**

PROPOUNDING PARTY: Plaintiff ALICE WILLIAMS

RESPONDING PARTY: Defendant H&R BLOCK TAX SERVICES, INC.

SET NO.: One (1)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant H&R Block Tax Services, Inc. ("Defendant"), by and through its attorneys of record, responds to Plaintiff Alice Williams' ("Plaintiff") Requests for Admissions Regarding Citizenship of Putative Class Members (Set 1), as follows:

**PRELIMINARY STATEMENT**

Defendant has not yet completed its investigation of the facts relating to this action, its preparation for trial, or associated discovery. As discovery proceeds, Defendant may discover facts, information, evidence, documents, and things which are not reflected in these responses but which ultimately may be responsive. The following responses are based on Defendant's present knowledge, information, and belief, and are complete as to Defendant's best knowledge at this time. Furthermore, Defendant has prepared these responses based on its good faith interpretation and understanding of the individual requests, and it expressly reserves its right to correct any inadvertent errors or omissions. Defendant also reserves the right to conduct discovery with reference to or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents and things in these responses. In addition, Defendant reserves the right to revise and supplement these responses based upon any information, evidence, and documentation which may be discovered subsequent to the service of these responses, as appropriate. Additionally, except for those facts which are expressly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

## GENERAL OBJECTIONS

1. Defendant objects to each request to the extent each seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, any evidentiary privileges provided for or recognized by Rule 501 of the Federal Rules of Evidence, or any other applicable state laws of privilege incorporated thereunder. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of the attorney-client privilege, any work product protection, or any other applicable privilege or doctrine. In undertaking to respond to each request, Defendant will not undertake to provide privileged or otherwise protected information.

2. Defendant objects to each request to the extent each seeks information regarding current or former employees of Defendant, or other third parties, that is protected from disclosure under federal or state constitutional, statutory, or common-law rights of privacy. Nothing in these responses is intended as, nor shall in any way be deemed, a waiver of such rights to privacy.

3. Defendant objects to each request to the extent each seeks private, confidential, proprietary, or trade secret information. Responding to each request, Defendant will only produce private, confidential, proprietary, or trade secret information pursuant to a stipulated protective order that is duly entered as an order by the Court.

4. Defendant objects to each request to the extent each seeks information that is not relevant to the claim or defense of any party, and therefore is outside the proper scope of discovery. Responding to each request, Defendant will not undertake to provide such information.

5. Defendant objects to each request and subpart thereof on the ground that it is unduly burdensome and oppressive insofar as it is intended to require Defendant to attempt to provide all evidentiary material upon which Defendant's defenses to Plaintiff's claims are based. Without waiving any such objections, and as a matter of courtesy only, Defendant has attempted to provide ample information, where appropriate, in response to

the requests. However, in its responses, Defendant does not intend nor does it attempt to provide each item of evidentiary material upon which its defenses presently are based.

6. Defendant objects to each request as overbroad and seeking information that is not relevant to Plaintiff's claims against Defendant, or Defendant's defenses thereto, to the extent any request refers to entities or persons other than Defendant. Responding to each request, Defendant will not undertake to provide such information for entities or persons other than itself.

7. Defendant objects to the breadth of Plaintiff's definition of "H&R BLOCK" to the extent it purports to include persons and entities other than the defendant corporation. Defendant will not employ the definition proffered by Plaintiff, but instead will answer solely on behalf of itself as the corporate entity specifically identified in each request.

8. Defendant objects to the definition for "OFFICE LEADER" on the grounds that it is vague and ambiguous because it incorporates the definition of "H&R BLOCK." Defendant also objects on the grounds that it would be burdensome and oppressive to respond to requests with multiple incorporated definitions, and that when such definitions are incorporated, the requests are rendered vague and ambiguous. Defendant hereby incorporates by reference its objection to "H&R BLOCK." Defendant will not employ this definition in its response.

9. Defendant will make reasonable efforts to respond appropriately to each request and, to the extent that no objection is made, as Defendant understands and interprets each request. If Plaintiff subsequently asserts any interpretation of any request which differs from that of Defendant, Defendant expressly reserves the right to supplement these responses.

10. Defendant objects to each request to the extent each seeks to impose greater obligations than those permitted under Rules 26 and/or 36 of the Federal Rules of Civil Procedure. Defendant will respond only as required by Rules 26 and/or 36 of the Federal

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

Rules of Civil Procedure, and all attempts by Plaintiff to enlarge such obligations unilaterally are expressly rejected.

11. Each of the foregoing general objections and qualifications is incorporated in full in each of the responses set forth below, as if fully set forth therein, and each of the responses below is provided subject to, and without waiving, the general objections and qualifications asserted herein.

**RESPONSE TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Please admit that H&R Block Tax Services, Inc. does not now employ, and has not employed at any time since January 17, 2004, OFFICE LEADERS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant incorporates by reference its Preliminary Statement, as well as each of its General Objections, as if set forth fully at this point. Defendant further objects to this request on the ground that the term "OFFICE LEADER" renders the request vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant states that it did not employ seasonal or year-round employees in the positions of "Office Manager" or "Office Leader" in California from January 17, 2004 through January 17, 2008, and further states that it continues to have no seasonal or year-round employees in California in the positions of "Office Manager" or "Office Leader."

Dated: August 5, 2008

**BRYAN CAVE LLP**
Charles B. Jellinek
Karen K. Cain
Jesse E.M. Randolph

By: [signature]
Jesse E.M. Randolph
Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.; H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: holly.ottiger@bryancave.com.

On August 5, 2008, I served the foregoing document described as: **DEFENDANT H&R BLOCK TAX SERVICES, INC.'S RESPONSE TO REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1** on all interested parties in this action by placing [ ] a true copy [X] the original thereof enclosed in sealed envelopes addressed as follows:

Todd M. Schneider, Esq. *ORIGINAL*
Carolyn H. Cottrell, Esq.
W.H. Willson, IV, Esq.
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Alexander G. van Broek, Esq. *COPY*
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, CA 94612
Telephone: (510) 446-1922
Facsimile: (510) 446-1911

Rebecca D. Eisen, Esq. *COPY*
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-0900
Facsimile: (415) 442-1001
Email: reisen@morganlewis.com

[X] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY FACSIMILE - I caused said document to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2008, at Irvine, California.

Holly C. Ottiger
Holly C. Ottiger

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

Charles B. Jellinek (Admitted *Pro Hac Vice*)
**BRYAN CAVE LLP**
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
Email: cbjellinek@bryancave.com

Karen K. Cain (Admitted *Pro Hac Vice*)
**BRYAN CAVE LLP**
1200 Main Street, Suite 3500
Kansas City, Missouri 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
Email: karen.cain@bryancave.com

Jesse E.M. Randolph (California Bar No. 221060)
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
Email: jesse.randolph@bryancave.com

Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.;
H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

B BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,

Plaintiff,

v.

H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. C08-01318 JSW

**DEFENDANT H&R BLOCK TAX AND BUSINESS SERVICES, INC.'S RESPONSE TO REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1**

PROPOUNDING PARTY: Plaintiff ALICE WILLIAMS

RESPONDING PARTY: Defendant H&R BLOCK TAX AND BUSINESS SERVICES, INC.

SET NO.: One (1)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant H&R Block Tax and Business Services, Inc. ("Defendant"), by and through its attorneys of record, responds to Plaintiff Alice Williams' ("Plaintiff") Requests for Admissions Regarding Citizenship of Putative Class Members (Set 1), as follows:

**PRELIMINARY STATEMENT**

Defendant has not yet completed its investigation of the facts relating to this action, its preparation for trial, or associated discovery. As discovery proceeds, Defendant may discover facts, information, evidence, documents, and things which are not reflected in these responses but which ultimately may be responsive. The following responses are based on Defendant's present knowledge, information, and belief, and are complete as to Defendant's best knowledge at this time. Furthermore, Defendant has prepared these responses based on its good faith interpretation and understanding of the individual requests, and it expressly reserves its right to correct any inadvertent errors or omissions. Defendant also reserves the right to conduct discovery with reference to or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents and things in these responses. In addition, Defendant reserves the right to revise and supplement these responses based upon any information, evidence, and documentation which may be discovered subsequent to the service of these responses, as appropriate. Additionally, except for those facts which are expressly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

KC01DOCS\915809.2

2

DEFENDANT H&R BLOCK TAX AND BUSINESS SERVICES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS (Case No. C08-01318 JSW)

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

## GENERAL OBJECTIONS

1. Defendant objects to each request to the extent each seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, any evidentiary privileges provided for or recognized by Rule 501 of the Federal Rules of Evidence, or any other applicable state laws of privilege incorporated thereunder. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of the attorney-client privilege, any work product protection, or any other applicable privilege or doctrine. In undertaking to respond to each request, Defendant will not undertake to provide privileged or otherwise protected information.

2. Defendant objects to each request to the extent each seeks information regarding current or former employees of Defendant, or other third parties, that is protected from disclosure under federal or state constitutional, statutory, or common-law rights of privacy. Nothing in these responses is intended as, nor shall in any way be deemed, a waiver of such rights to privacy.

3. Defendant objects to each request to the extent each seeks private, confidential, proprietary, or trade secret information. Responding to each request, Defendant will only produce private, confidential, proprietary, or trade secret information pursuant to a stipulated protective order that is duly entered as an order by the Court.

4. Defendant objects to each request to the extent each seeks information that is not relevant to the claim or defense of any party, and therefore is outside the proper scope of discovery. Responding to each request, Defendant will not undertake to provide such information.

5. Defendant objects to each request and subpart thereof on the ground that it is unduly burdensome and oppressive insofar as it is intended to require Defendant to attempt to provide all evidentiary material upon which Defendant's defenses to Plaintiff's claims are based. Without waiving any such objections, and as a matter of courtesy only, Defendant has attempted to provide ample information, where appropriate, in response to

the requests. However, in its responses, Defendant does not intend nor does it attempt to provide each item of evidentiary material upon which its defenses presently are based.

6. Defendant objects to each request as overbroad and seeking information that is not relevant to Plaintiff's claims against Defendant, or Defendant's defenses thereto, to the extent any request refers to entities or persons other than Defendant. Responding to each request, Defendant will not undertake to provide such information for entities or persons other than itself.

7. Defendant objects to the breadth of Plaintiff's definition of "H&R BLOCK" to the extent it purports to include persons and entities other than the defendant corporation. Defendant will not employ the definition proffered by Plaintiff, but instead will answer solely on behalf of itself as the corporate entity specifically identified in each request.

8. Defendant objects to the definition for "OFFICE LEADER" on the grounds that it is vague and ambiguous because it incorporates the definition of "H&R BLOCK." Defendant also objects on the grounds that it would be burdensome and oppressive to respond to requests with multiple incorporated definitions, and that when such definitions are incorporated, the requests are rendered vague and ambiguous. Defendant hereby incorporates by reference its objection to "H&R BLOCK." Defendant will not employ this definition in its response.

9. Defendant will make reasonable efforts to respond appropriately to each request and, to the extent that no objection is made, as Defendant understands and interprets each request. If Plaintiff subsequently asserts any interpretation of any request which differs from that of Defendant, Defendant expressly reserves the right to supplement these responses.

10. Defendant objects to each request to the extent each seeks to impose greater obligations than those permitted under Rules 26 and/or 36 of the Federal Rules of Civil Procedure. Defendant will respond only as required by Rules 26 and/or 36 of the Federal

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

Rules of Civil Procedure, and all attempts by Plaintiff to enlarge such obligations unilaterally are expressly rejected.

11. Each of the foregoing general objections and qualifications is incorporated in full in each of the responses set forth below, as if fully set forth therein, and each of the responses below is provided subject to, and without waiving, the general objections and qualifications asserted herein.

**RESPONSE TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Please admit that H&R Block Tax and Business Services, Inc. does not now employ, and has not employed at any time since January 17, 2004, OFFICE LEADERS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant incorporates by reference its Preliminary Statement, as well as each of its General Objections, as if set forth fully at this point. Defendant further objects to this request on the ground that the term "OFFICE LEADER" renders the request vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant states that it does now employ, and has employed year-round employees in California with the title of "Office Manager" at times since January 17, 2004.

Dated: August 5, 2008

**BRYAN CAVE LLP**
Charles B. Jellinek
Karen K. Cain
Jesse E.M. Randolph

By: [signature]
Jesse E.M. Randolph
Attorneys for Defendants
H&R BLOCK ENTERPRISES, INC.; H&R BLOCK TAX AND BUSINESS SERVICES, INC.; and H&R BLOCK TAX SERVICES, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

KC01DOCS\915809.2

5

DEFENDANT H&R BLOCK TAX AND BUSINESS SERVICES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS
(Case No. C08-01318 JSW)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414. My email address is: holly.ottiger@bryancave.com.

On August 5, 2008, I served the foregoing document described as: **DEFENDANT H&R BLOCK TAX AND BUSINESS SERVICES, INC.'S RESPONSE TO REQUESTS FOR ADMISSIONS REGARDING CITIZENSHIP OF PUTATIVE CLASS MEMBERS, SET 1** on all interested parties in this action by placing [ ] a true copy [X] the original thereof enclosed in sealed envelopes addressed as follows:

Todd M. Schneider, Esq. *ORIGINAL*
Carolyn H. Cottrell, Esq.
W.H. Willson, IV, Esq.
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Alexander G. van Broek, Esq. *COPY*
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, CA 94612
Telephone: (510) 446-1922
Facsimile: (510) 446-1911

Rebecca D. Eisen, Esq. *COPY*
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-0900
Facsimile: (415) 442-1001
Email: reisen@morganlewis.com

[X] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY FACSIMILE - I caused said document to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2008, at Irvine, California.

Holly C. Ottiger

Holly C. Ottiger

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

# EXHIBIT  C



SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

August 20, 2008

***Via U.S. Mail and Facsimile (949-223-7100)***

Jesse E.M. Randolph
Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

Re: ***Williams v. H&R Block, et al.***

Dear Mr. Randolph:

We are in receipt of H&R Block's responses to Plaintiffs' discovery requests regarding the citizenship of putative class members, as mandated in the Court's May 22, 2008 Order. We are disappointed that H&R Block has not produced any of the requested documents. Plaintiff sought the information and documents because they are essential to the determination of the citizenship of putative class members. This, of course, is necessary for Plaintiff's pending Motion to Remand. Without the documents and information requested, Plaintiff cannot proceed with the supplemental briefing according to the schedule contemplated in the Court's May 22, 2008 Order.

We are in the process of preparing a more extensive meet and confer letter on the discovery issues, but in the meantime, we request that you join us in submitting a stipulation to the Court requesting modification of the briefing schedule so that the parties can resolve this discovery dispute. We do not think this is an unreasonable request or one that the parties should have any trouble submitting jointly to the Court. However, if you do not agree to stipulate, Plaintiff will be forced to make her own motion to the Court to modify the briefing schedule. Please let me know by the close of business Thursday, August 21, 2008 if H&R Block will be willing to enter into a joint stipulation.

Very truly yours,

SCHNEIDER & WALLACE

HANK WILLSON
Attorney at Law

cc: Charles B. Jellinek (via facsimile 314 259-2020)
Karen K. Cain (via facsimile 816 374-3300)
Becky Eisen (via facsimile 415-442-1001)
Alexander G. van Broek (via facsimile 510-446-1911)

# EXHIBIT  D



Jesse E M. Randolph
Direct: (949) 223-7131
jesse.randolph@bryancave.com

Bryan Cave LLP
3161 Michelson Drive
Suite 1500
Irvine, CA 92612-4414
Tel (949) 223-7000
Fax (949) 223-7100
www.bryancave.com

Chicago
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
London
Los Angeles
Milan
New York
Phoenix
San Francisco
Shanghai
St. Louis
Washington, DC

Bryan Cave International Trade
A TRADE CONSULTING SUBSIDIARY OF NON-LAWYER PROFESSIONALS
www.bryancavetrade.com
Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

Bryan Cave Strategies
A GOVERNMENT RELATIONS AND POLITICAL AFFAIRS SUBSIDIARY
www.bryancavestrategies.com
Washington, DC
St. Louis

August 21, 2008

**VIA FACSIMILE AND U.S. MAIL**

W.H. "Hank" Willson IV, Esq.
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery, Suite 2000
San Francisco, California 94104

Re: *Alice Williams v. H&R Block Financial Advisors, Inc. et al.*
USDC Case No. C 08-01318 JSW

Dear Hank:

We received your letter yesterday, in which you have asked us to stipulate to an extension of the Court's supplemental briefing schedule regarding Plaintiff's pending Motion to Remand. We cannot agree at this time to the stipulation you are proposing, for several reasons:

First, as you alluded to in your letter yesterday, we have not seen the "more extensive meet and confer letter" that you are planning to send us, and thus are not in a position to evaluate whether the stipulation you are now requesting would be appropriate.

Second, we have responded fully and in good faith to Plaintiff's jurisdictional discovery requests, providing information – despite there being solid legal bases for standing on our objections and withholding such information – that is directly responsive to the limited issue addressed in Plaintiff's discovery, i.e., citizenship of putative class members. We disagree with the fundamental premise of your letter that there is other information – that has not already been provided – that is "essential to the determination of the citizenship of putative class members."

Third, the Court set the current briefing schedule three months ago. Your office waited more than a month to propound Plaintiff's jurisdictional discovery, and now has waited almost three weeks before raising any concerns with our responses. Given the pace that has been followed thus far, we have serious doubts that the Court would entertain a continuance of the lengthy discovery and briefing schedule.

Bryan Cave LLP

W.H. "Hank" Willson IV, Esq.
August 21, 2008
Page 2

You have indicated that if we will not agree to a postponement of the discovery and
briefing schedule, you will be filing a motion with the Court. We will oppose it. We
hope that you will reconsider your position on this issue, so that unnecessary motion
practice – and further delay – may be avoided.

Sincerely yours,

Jesse E.M. Randolph

JEMR:hco

cc:     Alexander G. van Broek, Esq. (via facsimile and U.S. Mail)
        Rebecca D. Eisen, Esq. (via facsimile and U.S. Mail)
        Charles B. Jellinek, Esq.
        Karen K. Cain, Esq.

# EXHIBIT  E



SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

August 27, 2008

***Via U.S. Mail and Facsimile (949-223-7100)***

Jesse E.M. Randolph
Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Re: ***Williams v. H&R Block, et al.***

Dear Mr. Randolph:

I write to meet and confer regarding H&R Block's responses to Plaintiff's Requests for Production of Documents, Specially Prepared Interrogatories, and Requests for Admission regarding the citizenship of putative class members. Plaintiff's requests sought records regarding the citizenship of class members, and their contact information, pursuant to the Court's Order of May 22, 2008, which specifically directed the parties to conduct discovery regarding "the citizenship of members of the proposed class." May 22, 2008 Order at 1:19. As an initial matter, H&R Block's complete refusal to produce documents, even after requesting an extension of time to respond, is completely unacceptable and constitutes, in essence, a violation of the Court's Order. H&R Block's refusal to respond to these requests makes it impossible for Plaintiff to conduct a realistic investigation into the citizenship of class members.

H&R Block objects to each of Plaintiffs' document requests by quoting a Senate Judiciary Committee report on the Class Action Fairness Act ("CAFA"), which stated that, in the context of meeting the requirements of CAFA: "Less burdensome means (*e.g. factual stipulations*) should be used in creating a record upon which the jurisdictional determinations can be made." *See, e.g.*, H&R Block Enterprises, Inc.'s Response to Document Request No. 1 (emphasis added). Putting aside both that this report has no precedential weight, and that H&R Block's objections completely ignore the Court's directive in its May 22, 2008 Order, Plaintiff would propose that H&R Block agree to do just what the report suggests and enter into a stipulation that Plaintiff has satisfied the class-member citizenship requirement of either the "home-state controversy" or "interests of justice" requirements of CAFA. Such a stipulation flows logically from H&R Block's response to Plaintiff's Special Interrogatory No. 1, which states that "over two-thirds (2/3) of the seasonal Office Managers employed in California by Defendant from January 17, 2004 through the present resided in California as of their most recent date of active employment."

Even with such a stipulation, H&R Block cannot refuse to produce the discovery necessary for the parties to realistically evaluate the citizenship of class members. Refusing to stipulate and refusing to produce simply allows H&R Block to defeat



Plaintiff's Motion to Remand by ignoring the discovery rules, its discovery obligations, and the Court's May 22, 2008 Order.

The following paragraphs address Plaintiff's requests and H&R Block's responses:

**H&R Block's Preliminary Statement and General Objections**

H&R Block, in response to Plaintiffs' Interrogatories, Document Requests, and Requests for Admissions, provides a lengthy Preliminary Statement which says nothing more than the fact that discovery is ongoing that H&R Block will, as is required by the FRCP, supplement its responses if more information or documents are discovered. This is completely unnecessary and should be removed.

H&R Block also includes a long set of "General Objections" to its responses to all three of Plaintiffs' sets of discovery requests. These "General Objections" find no support in the FRCP or any other authority, and, by definition, directly violate the requirement that discovery responses "must be stated with specificity." FRCP 33(b)(4); *see also* FRCP 34(b)(4) (objections must relate to specific "item or category"); FRCP 35(a)(5). The "General Objections" are improper and should be removed.

**Discovery Requests to H&R Block Enterprises, Inc.**

Document Requests Nos. 1 and 2, and Special Interrogatory No. 1, seek a list of class members, including their most recent contact information and their office location. This information is sought so that Plaintiff may contact class members to ascertain their state of citizenship. In its Opposition to Plaintiff's Motion to Remand, H&R Block argued stridently that class members' "presence in California for a three-to-five month period during a given calendar year does not establish their residency, let along their domicile, in California." Amended Opposition to Plaintiffs' Motion to Remand at 8:24-26. H&R Block cannot argue that Plaintiff has not proved the citizenship of putative class members, and then deny her the discovery necessary to investigate class members' citizenship. The Court's May 22, 2008 Order specifically directs the parties to engage in this discovery. In response to all of these requests, H&R Block has produced no documents whatsoever. It has merely provided a simple statement that its investigation has revealed that over two-thirds of class members resided in California as recently as H&R Block is aware. This is insufficient and non-responsive, and H&R Block must produce the names, contact information, and office locations of class members.

Document Requests Nos. 3 and 5 seek employment application materials submitted by class members to H&R Block. Document Request No. 6 seeks tax forms (including W-4s and W-2s) of class members. These materials almost certainly contain information regarding the citizenship of class members, including their residency,



locations of previous jobs or schooling, place of birth, intent to remain in California, drivers' licenses, payment of California taxes, and other information. Document Request No. 4 seeks all documents in class members' personnel files that relates to class members' state of citizenship. The specific types of documents requested in Document Request No. 4 track those the Court deemed necessary in *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793 (5th Cir. 2007), which H&R Block quotes heavily in its Opposition to Plaintiff's Motion to Remand. It is well-established that jurisdictional discovery like this is appropriate. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977) (citing a long list of cases from various circuits supporting jurisdictional discovery); *see also Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 985 (S.D.Cal. 2005); *Kitson v. Bank of Edwardsville*, 2006 WL 3392752, *7 (S.D.Ill. 2006); *Schwartz v. Comcast Corp.*, 2005 WL 1799414, *7 (E.D.Pa. 2005). H&R Block as not produced any documents at all in response to these requests. Again, H&R Block cannot use the *Preston* case—and the documents and information it requires—to argue that Plaintiff has not shown the citizenship of putative class members, and then deny her exactly that discovery necessary to investigate class members' citizenship. The Court's May 22, 2008 Order specifically directs the parties to engage in this discovery, and H&R Block must produce the requested documents.

**Requests for Admission**

These requests asked the H&R Block corporate entities to admit that H&R Block Enterprises, Inc. is and has been the sole employer of class members in this case. H&R Block already made this claim in its Notice of Removal, in which it stated:

> H&R Block Enterprises, Inc. is, and at all times relevant has been, the sole employer of all Office Managers hired to work during tax season in the State of California. See Williams Decl. ¶ 6. None of the other three Named Defendants employs such persons, pays compensation to such persons, has entered into employment agreements with such persons, or either formulates or implements wage payment policies with regard to such persons. Id.

Notice of Removal at 3-4, fn. 1 (citing Declaration of Carol Williams in Support of Defendants' Notice of Removal at ¶6).

In its responses to Plaintiff's RFAs, H&R Block Enterprises, Inc., states that it is the sole employer of all "seasonal" Office Managers. H&R Block Tax Services, Inc. says that it has never employed Office Managers, and H&R Block Tax and Business Services, Inc. states that it does not employ "seasonal" Office Managers, but does employ year-round employees with the title of "Office Manager." In order to make these responses complete, please clarify the difference between "seasonal" and "year-round" Office Managers. In addition, please confirm that the above-quoted statement in the Notice of Removal is correct.



Jesse E.M. Randolph
Re: *Williams v. H&R Block*
August 27, 2008
Page 4

Because Plaintiff's supplemental brief regarding the Motion to Remand is due very soon, please provide complete responses to Plaintiff's discovery requests immediately. Otherwise, we will have to bring these issues before the Court.

Very truly yours,

SCHNEIDER & WALLACE

HANK WILLSON
Attorney at Law

cc:   Charles B. Jellinek (via facsimile 314 259-2020)
      Karen K. Cain (via facsimile 816 374-3300)
      Becky Eisen (via facsimile 415-442-1001)
      Alexander G. van Broek (via facsimile 510-446-1911)

# EXHIBIT  F

Jesse E.M. Randolph
Direct: (949) 223-7131
jesse.randolph@bryancave.com

August 28, 2008

VIA FACSIMILE AND U.S. MAIL

W.H. "Hank" Willson IV, Esq.
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery, Suite 2000
San Francisco, California 94104

Re: *Alice Williams v. H&R Block Financial Advisors, Inc. et al.*
USDC Case No. C 08-01318 JSW

Dear Hank:

In your letter last Wednesday, August 20, 2008, you asked Defendants H&R Block Enterprises, Inc., H&R Block Tax and Business Services, Inc., and H&R Block Tax Services, Inc. (collectively, "H&R Block") to stipulate to an extension of the supplemental briefing schedule set by the Court regarding Plaintiff's pending Motion to Remand. Among the reasons you cited for seeking the extension was that you were "in the process of preparing a more extensive meet and confer letter" regarding H&R Block's jurisdictional discovery responses.

In our response to your August 20 letter, we advised you that we could not agree to the extension, since: **(1)** we had not seen your "more extensive meet and confer letter"; **(2)** H&R Block has responded fully and in good faith to Plaintiff's jurisdictional discovery; and **(3)** your office unreasonably delayed in raising any purported concerns with H&R Block's responses.

We received your "more extensive meet and confer letter" yesterday, August 27, 2008. As we discuss below, while your letter covers **(1)**, it fails to adequately address **(2)**, and entirely ignores **(3)**.

**Background**

On May 22, 2008, the Court entered an Order setting a supplemental briefing schedule regarding Plaintiff's pending Motion to Remand. In doing so, the Court granted the parties additional time to "engage in limited discovery during this time period regarding (1) the citizenship of members of the proposed class and (2) whether H&R Block Financial Advisors, Inc., H&R Block Tax and Business

Bryan Cave LLP
2020 Main Street
Suite 600
Irvine, CA 92614-8226
Tel (949) 223-7000
Fax (949) 223-7100
www.bryancave.com

Chicago
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
London
Los Angeles
Milan
New York
Phoenix
San Francisco
Shanghai
St. Louis
Washington, DC

Bryan Cave International Trade
www.bryancavetrade.com
Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

Bryan Cave Strategies
www.bryancavestrategies.com
Washington, DC
St. Louis

Services, Inc. and H&R Block Tax Services, Inc. would be directly or vicariously liable if the allegations of the complaint were true."

Plaintiff waited until June 26, 2008 – more than a month after the Court entered its Order permitting jurisdictional discovery – to propound such discovery. Then, Plaintiff waited nearly another full month after H&R Block served responses to Plaintiff's discovery requests before raising any specific purported concerns about H&R Block's responses. Now, with just a few hours left before her supplemental remand brief is due, Plaintiff for the first time has explained her reasons for requesting that H&R Block supplement its responses. For a variety of reasons, Plaintiff's concerns ring hollow.

**The Merits of H&R Block's Jurisdictional Discovery Responses**

H&R Block has responded fully and in good faith to Plaintiff's jurisdictional discovery requests. This is shown not only in the responses themselves, but also is demonstrated below in our responses to the following language contained in your letter.

*H&R Block's responses "[c]onstitute, in essence, a violation of the Court's Order."*

Your August 27 letter states that by not providing what Plaintiff subjectively considers to be fully responsive information in response to her discovery requests, H&R Block violated the Court's May 22 Order authorizing the parties to exchange such discovery.

In its Order, however, the Court did not define the parameters of proper jurisdictional discovery, *i.e.*, by suggesting which topics would be proper and which would be off limits. Rather, the Court simply authorized the parties to engage in jurisdictional discovery – and, importantly, only "limited" discovery on this subject.

H&R Block's assertion of certain objections – complete with citation to legal authorities supporting those objections – was not incongruous with the Court's Order. H&R Block's responses provide truthful, substantive information responsive to Plaintiff's requests. H&R Block, has not violated the Court's Order, but rather has satisfied its obligation under the Order and pursuant to the Federal Rules of Civil Procedure.

*H&R Block should "enter into a stipulation that Plaintiff has satisfied the class-member citizenship requirement of either the 'home-state controversy' or 'interests of justice' requirements of CAFA."*

In responding to Plaintiff's single Interrogatory – which focused exclusively on the citizenship of putative class members – H&R Block provided the only information Plaintiff needs for arguing this issue further in her supplemental brief in support of her Motion to Remand, by stating:

> Defendant states that its records related to the last known personal residential addresses of seasonal Office Managers indicate that over two-thirds (2/3) of the seasonal Office Managers employed in California by Defendant from January 17, 2004 through the present resided in California as of their most recent date of active employment.

Accordingly, H&R Block already has, as you recommend, "enter[ed] into a stipulation that Plaintiff has satisfied the class-member citizenship requirement of either the 'home-state controversy' or 'interests of justice' requirements of CAFA." Specifically, H&R Block has provided Plaintiff with the facts she needs to establish, as a matter of law, that CAFA's class-member citizenship requirements are satisfied here. There is nothing more that H&R Block, based on competent factual knowledge, can state. If you think this response can be phrased more clearly, we welcome your suggestions.

*"Even with such a stipulation, H&R Block cannot refuse to produce the discovery necessary for the parties to realistically evaluate the citizenship of class members."*

We are perplexed by this statement. As stated immediately above, H&R Block has already stipulated to the requested facts, and now is expressing its willingness to clarify that stipulation. With such a stipulation in hand, no additional information is needed for Plaintiff to "realistically evaluate the citizenship of class members." No facts remain for Plaintiff to either "investigate" or "prove" on this subject, and there certainly is no basis for Plaintiff to seek the names and contact information of all putative class members at this stage.

Moreover, while your letter contains several generic references to decisions supporting the concept of jurisdictional discovery generally, a closer review reveals that these decisions actually support H&R Block's position. See, e.g., Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 985-87 (S.D. Cal. 2005) (concluding that jurisdictional discovery, while permissible under CAFA, must be "precisely focused" and "sufficiently tailored," and rejecting a class plaintiff's efforts to send out a class survey at the jurisdictional discovery stage as a means to establish CAFA's $5,000,000 amount-in-controversy requirement). Moreover, in none of the cases you cite had the defendant – as H&R Block has done here – *stipulated* to the facts plaintiffs were attempting to discover.

*H&R Block's Preliminary Statement and General Objections "should be removed."*

You state that it was improper for H&R Block to include a "Preliminary Statement" and "General Objections" along with its responses.

We disagree with your position that this introductory language is improper, but nevertheless are willing to remove it, in the hopes that doing so will prevent any unnecessary motions to compel. We will do so by next Friday, September 5, 2008. Our agreement to supplement on this basis, however, is no reason to extend the parties' supplemental briefing deadlines for the Motion to Remand.

*"Please clarify the difference between 'seasonal' and 'year-round' Office Managers."*

Finally, you have asked us to define the terms "seasonal" and "year-round," as those terms are used in H&R Block's Responses to Plaintiff's Requests for Admission in describing the position of "Office Manager."

As an initial matter, we note that you failed to notice a 30(b)(6) deposition of H&R Block on this subject, which you had both the time and the Court's permission to do, and through which you could have gained additional clarity.

Nonetheless, we will give you our basic understanding of these two terms, which you must understand may later be corrected by a competent lay witness from H&R Block with proper factual knowledge. As we understand it, the meanings of "seasonal" and "year-round" are just as you would suspect: "seasonal" means hired to work specifically during tax season, and "year-round" means employed throughout the year.

**Conclusion**

We hope this letter has answered any questions you had, provided the additional information you are seeking, and persuaded you to reconsider any motions to compel or a motion to extend the Court's briefing schedule on the Motion to Remand.

If you have any additional questions, Karen Cain and I will be available to discuss them today, August 28, at 1:00 p.m.

Sincerely yours,

Jessé E.M. Randolph

JEMR:hco

cc: Alexander G. van Broek, Esq. (via facsimile and U.S. Mail)
Rebecca D. Eisen, Esq. (via facsimile and U.S. Mail)
Charles B. Jellinck, Esq.
Karen K. Cain, Esq.

# EXHIBIT  G



SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

August 28, 2008

***Via Email***

Jesse E.M. Randolph
Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614

Re: ***Williams v. H&R Block, et al.***

Dear Mr. Randolph:

We are in receipt of your letter of earlier today discussing Plaintiff's discovery requests regarding the citizenship of class members. In light of the stipulations you make in that letter and sworn statements already presented to the Court by H&R Block, we have enclosed a formal stipulation that can be presented to the Court regarding at some of the issues that the Court focused on in its May 22, 2008 Order.

First, you state:

> H&R Block already has, as you recommend, "enter[ed] into a stipulation that Plaintiff has satisfied the class-member citizenship requirement of either the 'home-state controversy' or 'interests of justice' requirements of CAFA." Specifically, H&R Block has provided Plaintiff with the facts she needs to establish, as a matter of law, that CAFA's citizenship requirements are satisfied here."

In addition, H&R Block states in its Notice of Removal that "H&R Block Enterprises, Inc. is, and at all times relevant has been, the sole employer of all Office Managers hired to work during tax season in the State of California." Notice of Removal at 3-4, fn. 1.

Both of these statements have been included in the draft Joint Stipulation attached to this letter. Please let us know if H&R Block is agreeable to signing the stipulation, and we look forward to discussing it with you today at 1:00 pm.



Jesse E.M. Randolph
Re: *Williams v. H&R Block*
August 28, 2008
Page 2

Very truly yours,

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

HANK WILLSON
Attorney at Law

cc:     Charles B. Jellinek (via email)
        Karen K. Cain (via email)
        Becky Eisen (via facsimile 415-442-1001)
        Alexander G. van Broek (via facsimile 510-446-1911)

Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
W.H. "Hank" Willson, IV (SBN 233321)
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Alexander G. van Broek (SBN 103891)
LAW OFFICE OF ALEXANDER G. VAN BROEK
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Tel: (510) 446-1922
Fax: (510) 446-1911

Attorneys for Plaintiffs and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE WILLIAMS, on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H&R BLOCK FINANCIAL ADVISORS, INC., H&R BLOCK TAX AND BUSINESS SERVICES, INC., H&R BLOCK TAX SERVICES, INC., H&R BLOCK ENTERPRISES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:08-cv-1318 JSW<br><br>**JOINT STIPULATION OF THE PARTIES REGARDING (1) CITIZENSHIP OF PROPOSED CLASS MEMBERS AND (2) PRIMARY DEFENDANT, FOR PURPOSES OF THE CLASS ACTION FAIRNESS ACT**<br><br>Date: October 10, 2008<br>Time: 9:00 am<br>Courtroom: 2<br>Judge: The Honorable Jeffrey S. White |

**STIPULATION**

Pursuant to Plaintiff's Motion to Remand, and in light of the Court's May 22, 2008 Order and the discovery undertaken pursuant to that Order, the parties have reached the following factual stipulations:

1. Plaintiff has satisfied the class-member citizenship requirement of the "home-state controversy" and "interests of justice" exceptions to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §1332(d)(3) and (4).

2. H&R Block Enterprises, Inc. is, and at all times relevant has been, the sole employer of all Office Managers hired to work during tax season in the State of California. Notice of Removal at 3-4, fn. 1 (citing citing Declaration of Carol Williams in Support of Defendants' Notice of Removal at ¶6.) Thus, H&R Block Enterprises, Inc. is the only "primary defendant" in this litigation for purposes of the either the "home-state controversy" or "interests of justice" exceptions to the CAFA. *See* 28 U.S.C. §1332(d)(3) and (4).

IT IS SO STIPULATED.

Respectfully submitted,

Date: August 28, 2008

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
LAW OFFICE OF ALEXANDER G. VAN BROEK

*/s/ Hank Willson*
Hank Willson
Counsel for Plaintiff and the proposed Class

Date: August 28, 2008

BRYAN CAVE LLP

Charles B. Jellinek
Karen K. Cain
Jesse E.M. Randolph

Counsel for Defendants H&R Block Entepriscs, Inc., H&R Block Tax Services, Inc., and H&R Block Tax and Business Services, Inc.

# EXHIBIT  H

**Hank Willson**

**From:** Randolph, Jesse E. M. [jesse.randolph@bryancave.com]
**Sent:** Friday, August 29, 2008 12:14 PM
**To:** Hank Willson
**Cc:** Cain, Karen K.; Jellinek, Charles; Carolyn H. Cottrell; Alexander G. Van Broek
**Subject:** RE: Williams v. H&R Block

Hank,

We have reviewed the revised stipulation you sent late yesterday, and have had an opportunity to discuss it with our client. For a number of reasons, we cannot agree to enter into the stipulation you propose.

First, our client cannot enter into a "factual" stipulation that over two-thirds of the putative class members are "citizens" of California. "Citizenship" is a legal term, and as we discussed at length during our call yesterday, our client is not competent to -- and will not -- stipulate to legal conclusions. What our client can verify is a fact that has already been verified -- i.e., that based on its review of employment records, over two-thirds of its seasonal Office Managers currently reside in California. Using this fact, you can make whatever legal arguments you deem necessary to establish that two-thirds of putative class members are, as a matter of law, citizens of California. (For what it's worth, we can share with you that we are not planning to further pursue our putative class citizenship argument in opposing Plaintiff's supplemental remand brief.)

Second, our client cannot truthfully state that H&R Block Enterprises, Inc. "is, and at all times relevant hereto has been, the sole employer of all proposed class members in this case." The critical fact your proposed stipulation omits is that Plaintiff purports to represent "Office Managers" and "Office Leaders" employed by *other* H&R Block-affiliated entities. So long as those other entities remain in the case, the phrase "all proposed class members" naturally includes any person functioning as an "Office Manager" or "Office Leader," who was employed by either H&R Block Enterprises, Inc., H&R Block Tax Services, Inc., and H&R Block Tax and Business Services, Inc. In short, given the current procedural alignment of the case, the stipulated language you propose would not be true.

As we made very clear during our call yesterday, we have provided Plaintiff with all of the facts she is entitled to through discovery at this stage. While the first stipulation you proposed yesterday was unnecessary (both because it included references to evidence you already have, and because it contained legal conclusions that went beyond the factual evidence), the stipulation you are now proposing would be incompetent and untrue.

We look forward to receiving your supplemental remand brief later today.

Jesse E.M. Randolph
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Tel: (949) 223-7131
Fax: (949) 223-7100
Email: jesse.randolph@bryancave.com

This electronic mail message contains information which is (a) LEGALLY PRIVILEGED,

# EXHIBIT  I


Associate's Name: Alice M Williams

Social Security No.: 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

# OFFICE MANAGER EMPLOYMENT AGREEMENT

This Agreement is made this 15 (Date) day of November (Month), 2004 (Year) between Alice M Williams (Name) of 2380 103rd Avenue (Number & Street or Box No.), Oakland (City), CA (State) 94603 (Zip) ("Associate"), and H&R Block Enterprises, Inc., a Missouri corporation (the "Company"), which said parties, in consideration of the covenants and agreements set forth below, agree as follows:

**1. Employment and Duties.**

The Company hereby employs Associate as Office Manager in the Company's Oakland, Ca District, Admin. ID# 03333, subject to the direction and control of the Company and subject further to Associate's compliance with the law, the Company's then current policies and procedures, and the H&R Block, Inc. Code of Business Ethics & Conduct. Associate hereby accepts such employment and agrees to devote Associate's full productive time and abilities to performing such duties as may from time to time be assigned to Associate by the Company in an efficient and professionally competent manner, all upon the terms and conditions herein contained. Associate acknowledges that Associate's primary responsibility as Office Manager is the daily operation of the office(s) managed, including the implementation of and compliance with the Company's then current policies and procedures. Associate acknowledges that Associate may be required to prepare tax returns for the Company's clients when business needs require; however, Associate further acknowledges that Associate's primary responsibility is not the preparation of tax returns for the Company's clients and that Associate is not entitled to compensation based on the preparation of tax returns. Associate agrees to provide each client with the Company's privacy statement (describing the types of information the Company collects from clients and how the Company uses and discloses such information) and acknowledges that failure to provide such statement to each client when providing tax preparation services shall be grounds for immediate termination.

**2. Additional Employment Provisions.**

Associate will manage the office(s) identified in Addendum 1, attached hereto, which is hereby incorporated by reference and made part of this Agreement.

**3. Term.**

The term of this Agreement will begin on January 1, 2005, and will conclude at the end of business on April 15, 2005. For the purposes of this Agreement, "Tax Season" means the period from January 1 through April 15 next (or the last day on which individual income tax returns, without and extension, must be filed if such day is not April 15 next).

**4. Compensation.**

Except as hereinafter provided, Associate shall be compensated on the basis of $~~[illegible]~~ 618.00 each week ("Salary") for all services rendered hereunder, payable bi-weekly, beginning January 1, 2005. No additional pay will be due or owing to Associate for training, meetings, or other work provided during the term of this Agreement. The Company shall withhold from all compensation payable to Associate, including any Additional Compensation due and payable under Section 5, below, all federal, state, and local taxes required by law to be so withheld. If Associate fails to turn over any funds of the Company as required by Company Policy, or becomes indebted to the Company in any manner whatsoever, the Company may offset the amount of such funds or indebtedness against any compensation due under Section 4 or 5 of this Agreement.

**5. Additional Compensation.**

In addition to the salary provided for in Section 4, above, and provided that Associate is continuously employed by the Company throughout the entire Tax Season as Office Manager, Associate shall be paid, on or before the May 10 following termination of this Agreement Additional Compensation (also known as Short Term Incentive or STI) based on operating results for the office(s) managed by Associate under this Agreement. Additional Compensation shall be computed and paid as set forth in Addendum 1, attached hereto, and other applicable documentation relating to the STI program, which is hereby incorporated by reference and made a part of this Agreement.

Notwithstanding the foregoing, Associate shall not be entitled to any compensation under this Section 5 in the event of any of the following: (i) Associate is terminated pursuant to Section 11(a), (b), or (c), (ii) Associate resigns while under investigation for conduct that could result in termination under Section 11(a), (b), or (c), or upon being confronted with a charge of such conduct, (iii) the Company obtains evidence, which it finds credible, of Associate's violation of Section 6, 7, 8, or 9 of this Agreement during the term of the Agreement regardless of whether the Company learns of such violation during or after the term of this Agreement, or (iv) the Company obtains evidence, which it finds credible, of Associate's fraud against the Company, clients, or the government, or theft from the Company or clients, during the term of this Agreement regardless of whether the Company learns of such fraud or theft during or after the term of this Agreement.

**6. Confidential Information.**

During this Agreement, Associate, while carrying out Associate's duties, will be given access to Trade Secrets and other Confidential Business Information (the confidential nature of all such information is hereby acknowledged by Associate) and in consideration for the Company providing such access, Associate gives the Company the covenants contained in Sections 6, 7, 8, and 9 of this Agreement.

Associate agrees that, without the Company's prior written authorization:

a) during Associate's employment with the Company and for two (2) years following the voluntary or involuntary termination of such employment, Associate shall not: (i) make copies of, reproduce, or remove from Company offices any Confidential Business Information of Block, (ii) directly or indirectly make known, divulge, misappropriate, or communicate to any person or entity any Confidential Business Information of Block, or (iii) use any Confidential Business Information of Block for any reason other than as necessary to enable Associate to properly and completely perform Associate's duties hereunder; and

WILLIAMS00001

b) during Associate's employment with the Company and for so long thereafter as the information remains Trade Secret, Associate shall not: (i) make copies of, reproduce, or remove from Company offices any Trade Secret of Block, (ii) directly or indirectly make known, divulge, misappropriate, or communicate to any person or entity any Trade Secret of Block, or (iii) use any Trade Secret of Block for any reason other than as necessary to enable Associate to properly and completely perform Associate's duties hereunder.

For purposes of this Section 6, Associate agrees to the following definitions:

a) "Block" means the Company and/or any corporation, partnership, limited liability company, or other entity, directly or indirectly, through one or more intermediaries, controlling, controlled by, or under common control with the Company.

b) "Trade Secret" includes, but is not limited to, all information relating to the identity of any or all of Block's clients regardless of the form or manner in which such information is maintained by Block and Block's proprietary software. Trade Secrets shall not include information made public to third parties in a lawful manner. Trade Secrets shall not include any document or information that does not qualify as a trade secret under applicable law.

c) "Confidential Business Information" includes, but is not limited to, all information relating to the identity of any or all of Block's clients or employees including, but not limited to, names, addresses, telephone numbers, social security numbers, and tax return information regardless of the form or manner in which such information is maintained by Block, Block policies and/or procedures, or other Block information relating to business operations, sales, volume trends, or business performance, and trade secrets as defined by applicable law.

For purposes of this Section 6, information shall not be deemed to have lost its status as a Trade Secret or Confidential Business Information as the result of a breach of this section by Associate.

Associate further acknowledges that Section 7216 of the Internal Revenue Code of 1986, as amended, prohibits the unauthorized use and/or disclosure of confidential tax return information of the Company's clients, and Associate agrees that Associate will not at any time disclose or use such information in violation thereof.

**7. Noncompetition Covenant.**

During the term of this Agreement and for two (2) years following the voluntary or involuntary termination of this Agreement, Associate shall not directly or indirectly (whether as owner, employee, agent, partner, stockholder, or any other capacity) establish or engage in any business for the preparation or electronic filing of tax returns. Said restriction is limited to business(es) located within, conducted within, or soliciting business within twenty-five (25) miles of any Company office located with Associate's district of employment as of the effective date of this Agreement. Associate agrees that the two (2) year noncompetition period shall be tolled during any period(s) of violation and any period(s) of time required by litigation to enforce this covenant.

*Section 7 is not applicable to associates employed in the states of California or North Dakota.*

**8. Nonsolicitation Covenant.**

During the term of this Agreement and for two (2) years following the voluntary or involuntary termination of this Agreement, Associate shall not directly or indirectly solicit the Company's Clients. "Company Clients" means clients of any Company office located within the Associate's district of employment as of the effective date of this Agreement. Associate agrees that the two (2) year noncompetition period shall be tolled during any period(s) of violation and any period(s) of time required by litigation to enforce this covenant. Associate agrees that the two (2) year nonsolicitation period shall be tolled during any period(s) of violation and any period(s) of time required by litigation to enforce this covenant.

*Section 8 is not applicable to associates employed in the state of North Dakota.*

**9. Nonsolicitation of Employees.**

Associate covenants that during Associate's employment and for one (1) year following the voluntary or involuntary termination of Associate's employment, Associate shall not, directly or indirectly, hire Company Employees, solicit Company Employees to leave the Company or to work for a competitor of the Company, or otherwise interfere with the Company's continuing relationships with Company Employees. For purposes of this Agreement, "Company Employees" means persons employed by the Company at the time of the solicitation or hiring or at any time during the term of this Agreement. Associate agrees that the one (1) year nonsolicitation period shall be tolled during any period(s) of violation and any period(s) of time required by litigation to enforce this covenant.

*Section 9 is not applicable to associates employed in the state of Wisconsin.*

**10. Remedies.**

Associate recognizes that because of his/her access to Confidential Business Information and substantial training and experience with the Company, irreparable injury to the Company would result from Associate's violation of any provision of Section 6, 7, 8, or 9 of this Agreement. Associate therefore agrees that, in addition to, and without limitation of any right the Company may have under this Agreement, any such violation shall be the proper subject matter for injunctive relief. Further, in the event of such breach or violation, Associate shall pay the Company any and all damages incurred (including but not limited to all monies or other consideration received as a result of or pursuant to the unauthorized act or acts), all court costs, reasonable attorneys' fees, and expenses incurred by the Company in enforcing this Agreement. Associate further agrees that no bond need be filed in connection with any request by the Company for a temporary restraining order or other injunctive relief.

**11. Termination.**

Either party may at any time terminate this Agreement and the employment of Associate hereunder by giving fifteen (15) days notice in writing of intent to do so. In addition, the Company may at any time, at its option, terminate this Agreement and the employment of Associate hereunder without notice, or salary in lieu of notice, in the event of:

(a) Associate's misconduct which interferes with or prejudices the proper conduct of the Company's business or which may reasonably result in harm to the reputation of the Company;

(b) Associate's disobedience, insubordination, or failure to discharge Associate's duties; or

(c) Associate's breach of any of the provisions of Sections 6, 7, 8, or 9 of this Agreement.

In addition to and independent of the foregoing, in the event of a breach by Associate of any of Associate's obligations under this Agreement, or in the event of failure by the Associate to perform Associate's duties in a manner which the Company in its sole judgment considers to be diligent and competent, and if such failure continues for more than five (5) days after notice thereof from the Company, or is not corrected to the satisfaction of the Company within said five (5) day period, then the Company may, at its option, terminate this Agreement and the

employment of Associate hereunder. If Associate's services are terminated pursuant to this Section 11, Associate's compensation hereunder shall automatically cease concurrent therewith.

**12. Disability or Death.**

If Associate is unable to perform the essential functions of Associate's position as a result of physical or mental incapacity or other disability, the Company may, in the Company's sole and absolute discretion, terminate this Agreement upon fifteen (15) days prior written notice to Associate or Associate's representative. In the event of Associate's death, this Agreement shall terminate as of the last day of the month during which death occurs. Associate's compensation hereunder shall automatically cease upon the date of the termination of this Agreement.

**13. Notices.**

All notices required or desired to be given hereunder shall be in writing and shall be deemed duly served and delivered for all purposes if delivered in person or mailed, postage prepaid, to Associate at the principal office for the District and to the Company at 4400 Main Street, Kansas City, Missouri 64111, or at such other place as either party may designate to the other in writing from time to time. Any notice given by mail as aforesaid shall be deemed given as of the date it is so mailed, properly franked.

**14. Survival; Assignability.**

The parties agree that the covenants and agreements contained in Sections 6, 7, 8, 9, and 10 shall survive the termination of this Agreement. This Agreement is assignable by the Company to any other party without notice to, or consent, or approval by Associate. Associate shall not assign this Agreement. This Agreement shall inure to the benefit of the successors and assigns of the Company. Without limiting the foregoing, the obligations of Associate, the rights and remedies of the Company, and the other terms of Sections 6, 7, 8, 9, and 10 of this Agreement shall inure to the benefit of any Affiliate or any other person or entity to whom or which, in whole or in part, (a) the stock, assets and/or business of the Company is sold, transferred, assigned, or acquired by merger (each a "Transfer"), and/or (b) this Agreement is assigned pursuant to this Section 14 (such Affiliate, person, or entity being a "Transferee"), and such obligations, rights, remedies, and terms shall, upon any such Transfer and/or assignment of this Agreement, be enforceable by such Transferee in the same manner that such obligations, rights, remedies, and terms would be enforceable by the Company absent such Transfer and/or assignment of this Agreement.

**15. Representations of Associate.**

a) Associate represents that Associate has never had a Form 8633 (Application to Participate in the Electronic Filing Program) denied by the Internal Revenue Service and has never been suspended or rejected from such program prior to this Agreement. Associate further represents that Associate has not applied for or been accepted as an Electronic Filer other than by virtue of any application made through or on-behalf of the Company.

b) Associate represents that all statements made on Associate's employment application regarding Associate's criminal background are true and accurate.

c) Associate represents that Associate is not subject to any contract that would prohibit Associate from performing his/her duties hereunder.

**16. Choice of law.**

Associate acknowledges that the Company headquarters is located in the State of Missouri and that this Agreement shall be governed by the laws of the State of Missouri without reference to its conflict of law principles.

**17. Waiver.**

Associate agrees that Company's failure to require strict compliance with any term, condition, or covenant contained in this Agreement at any time shall not be deemed a waiver of that or any other term, condition, or covenant contained in this Agreement.

**18. WAIVER OF JURY TRIAL.**

**THE COMPANY AND ASSOCIATE HEREBY WAIVE TRIAL BY JURY OF ANY DISPUTE ARISING OUT OF OR RELATED TO SECTION 6, 7, 8, 9, OR 10 OF THIS AGREEMENT.**

**19. Miscellaneous.**

The foregoing is the entire agreement between the parties as to the terms and conditions of Associate's employment, and no amendment of this Agreement will be effective unless in writing and signed by the parties. In the event a Court of competent jurisdiction finds the time period, geographic scope, or scope of activity defined in Section 6, 7, 8, 9, or 10 to be overbroad and unenforceable, the time period, geographic scope, or scope of activity the Court deems reasonable shall be substituted for the language in this Agreement. If any provision of this Agreement is invalid or unenforceable, such provision will be deemed to be severed and deleted, and the remainder of the Agreement will remain in full force and effect

IN WITNESS WHEREOF, the parties have executed this Agreement, on the day and year first above written.

H&R Block Enterprises, Inc.
Company Name

District Manager

~~Dennis Smith~~

Print Name

Associate

Alice M Williams

Print Name

Regional Director/Asst. Regional Director or Director-Regional Management

Print Name

WILLIAMS00003

# ADDENDUM 1
## to
## OFFICE MANAGER EMPLOYMENT AGREEMENT

This Addendum to the Office Manager's Employment Agreement (the "Agreement") is hereby incorporated by reference and made a part thereto.

Associate will manage the following office(s):

Office Address: 1408 E. 14th Street San Leandro, CA

Office Address: ______________________

Subject to the terms of the Agreement, Associate is eligible to receive Additional Compensation, under Section 5 of the Agreement, for meeting performance goals and objectives established by the District Manager and approved by Regional Director/Asst. Regional Director or Director-Regional Management for the office(s) managed by Associate. Performance goals and objectives are set forth in the chart below. Should Associate fail to meet the threshold goal for any assigned performance objective, no Additional Compensation for the failed objective is due under Section 5 of the Agreement.

Associate is responsible for all performance objectives as noted on the chart below. All performance goals will be set by the District Manager based on office performance statistics from the immediately preceding tax season. The discretionary objective will be selected by the District Manager in discussion with Associate. Each objective is weighted to reflect the value of the individual objective toward the maximum amount of Additional Compensation possible.

| CHECK IF APPLICABLE | OBJECTIVE | WEIGHTED PERCENTAGE | THRESHOLD | TARGET | MAXIMUM |
|---|---|---|---|---|---|
| X | Client Retention | 30% | | | |
| X | Increasing Tax Returns | 25% | | | |
| X | Increasing Net Revenue | 20% | | | |
| X | Labor Controls | 15% | | | |
| X | Individual Contribution | 10% | Based on merit performance rating as described in the Office Leader Handbook. | | |

## COMPENSATION

1. Provided that Associate meets threshold goals, as shown on the chart above, Associate may earn Additional Compensation of five percent (5%) of Associate's total Tax Season base salary.

2. Provided that Associate meets target goals, as shown on the chart above, Associate can earn Additional Compensation of twenty percent (20%) of Associate's total Tax Season base salary.

3. Should Associate exceed the threshold goal but fail to achieve the target goal, a prorated percentage of up to nineteen percent (19%) of Associate's total Tax Season base salary can be achieved based on actual performance.

4. Provided that Associate meets maximum goals, as shown on the chart above, Associate may earn Additional Compensation of forty percent (40%) of Associate's total Tax Season base salary.

5. Should Associate exceed the target goal but fail to achieve the maximum goal, a prorated percentage of up to thirty-nine percent (39%) of Associate's total Tax Season base salary can be achieved based on actual performance.

6. Total Additional Compensation under the Office Manager Agreement is limited to forty percent (40%) of Associate's total Tax Season base salary.

7. In the event the office has more than one (1) Office Manager qualified to receive Additional Compensation, such compensation shall be computed individually for each such Office Manager.

This Addendum will be effective upon signature by Associate, the District Manager, and Regional Director/Asst. Regional Director or Director-Regional Management.

H&R Block Enterprises, Inc.
Company Name

[signature]
District Manager

[handwritten name]
Print Name

[signature]
Associate

Alice M Williams
Print Name

______________________
Regional Director/Asst. Regional Director or Director-Regional Management

______________________
Print Name

WILLIAMS00004

NOTIFICATION

I understand that my employment with H&R Block Enterprises, Inc. would otherwise end on April 26, 2006. However, I have elected to end my employment effective April 19, 2006.

Alice M Williams
Signature

Alice M. Williams
Print Name Clearly

4-13-06
Date of Signature



H&R BLOCK®

## OFFICE MANAGER EMPLOYMENT AGREEMENT

This Agreement is made between Alice M Williams (Name) of 2380 103rd Avenue (Number & Street or Box No.), Oakland (City), CA (State) 94603 (Zip) ("Associate"), and H & R Block Enterprises, Inc., a Missouri corporation ("the Company"). These parties, in consideration of the covenants and agreements set forth below, agree as follows:

**1. Employment.**

The Company employs Associate as an Office Manager in the Company's OAKLAND, CA District, Admin. ID# 3333, for the period and upon the terms and conditions herein contained. Associate hereby accepts such employment and agrees to comply with such terms and conditions.

**2. Duties.**

Associate's duties consist of managing the daily operation of the office(s) assigned and other duties as assigned. Associate may be required to prepare tax returns for the Company's clients when business needs require; however, Associate's primary responsibility is not the preparation of tax returns and Associate is not entitled to compensation based on the preparation of tax returns. Associate shall devote Associate's full productive time and abilities to performing his or her assigned duties and shall not engage in any conflicting activity. Associate shall perform such duties in accordance with the law and the Company's policies and procedures, including the H&R Block, Inc. Code of Business Ethics & Conduct. Associate acknowledges that it is outside the scope of Associate's employment hereunder and is against the rules of the Company for Associate to offer any financial advice for which a license is required.

**3. Term.**

The term of this Agreement will begin on the first day of the Associate's employment as an Office Manager under this Agreement, and will conclude at the end of business on April 17, 2007 except the Company may extend the term of this Agreement by one day for those parts of the country impacted by Patriot's Day. For the purposes of this Agreement, "Tax Season" means the period from January 1 through April 15 next (or the last day on which individual income tax returns, without an extension must be filed if such day is not April 15 next).

**4. Compensation.**

Associate shall be paid a salary of $ 856 per week for all services rendered hereunder, payable bi-weekly. Associate shall not be entitled to any additional compensation for training, meetings, or other work provided during the term of this Agreement.The Company may, in its sole discretion, choose to increase Associate's salary during the term of this Agreement. If the Company does so, this Agreement shall continue in full force and effect.

**5. Withholdings and Offsets.**

The Company shall withhold from all compensation payable to Associate under this Agreement all required federal, state, and local taxes. Associate agrees that if Associate fails to turn over all funds of the Company as required by Company policy, or becomes indebted to the Company in any manner whatsoever, the Company may offset the amount of any such funds or indebtedness against any compensation due Associate.

**6. Termination.**

a) Either party may terminate this Agreement upon fifteen (15) days written notice. In addition, the Company may terminate this Agreement and the employment of Associate without notice in the event of:

(1) Associate's misconduct that interferes with or prejudices the proper conduct of the Company's business or that may reasonably result in harm to the reputation of the Company;

(2) Associate's disobedience, insubordination , or job abandonment;

(3)Associate's breach of any of the provisions of Section 8, 9, or 10 of this Agreement; or

(4)Associate's misrepresentation in Section 13 of this Agreement.

b) In addition to and independent of the foregoing, in the event of any other breach by Associate of any of Associate's obligations under this Agreement ("Breach"), or in the event of any other failure by Associate to perform Associate's duties in a manner which the Company, in its sole judgment, considers to be diligent and competent ("Failure"), and if such Breach or Failure is not corrected to the satisfaction of the Company within five (5) days after notice from the Company (the "Correction Period"), the Company may, at its option, terminate this Agreement and the employment of Associate without further notice. In the event Associate's employment is not terminated at the end of the Correction Period, upon any further Breach or Failure of any type by Associate during the term of this Agreement, Associate's employment and this Agreement may be terminated without further notice of opportunity to correct.

c) Associate understands that the Company's business is subject to governmental regulation, some of which may require Associate to submit to background investigation as a condition of the Company's participation in certain activities subject to such regulation. If the Company or any of its affiliates is unable to participate, in whole or in part, in any such activity as the result of any action or inaction on the part of Associate, then this Agreement and Associate's employment may be terminated by the Company without notice.

d) If Associate's employment is terminated pursuant to Section 6, Associate's compensation shall automatically cease.

**7. Termination Due to Disability or Death.**

If Associate is unable to perform the essential functions of Associate's position as a result of physical or mental incapacity or other disability, the Company may, in the Company's sole and absolute discretion, terminate this Agreement upon fifteen (15) days prior written notice to Associate or Associate's representative. In the event of Associate's death, this Agreement shall terminate as of the last day of the month during which death occurs. Associate's compensation hereunder shall automatically cease upon the date of the termination of this Agreement.

**8. Confidential Information.**

During the term of this Agreement, Associate will be given access to Trade Secrets and other Confidential Business Information of Block which has commercial value to the Company and its affiliates (hereinafter together referred to as "Block"), the confidential nature of all such information is hereby acknowledged by Associate. In consideration for the Company providing such access, and as a material term of this Agreement, Associate gives the Company the covenants contained in Sections 8, 9, and 10 of this Agreement. Associate agrees and acknowledges as follows:

a) Without the Company's prior written authorization, Associate shall not, directly or indirectly: (i) misappropriate, make copies of, or remove from Block's offices any Confidential Business Information of Block, (ii) make known, divulge, or communicate to any person or entity any Confidential Business Information of Block, or (iii) use any Confidential Business Information of Block for any reason other than as necessary to enable Associate to properly perform Associate's duties hereunder.

b) Upon cessation of employment hereunder, Associate shall promptly deliver to the Company the originals and all copies of Confidential Business Information and other materials and property of any nature belonging to Block.

c) "Confidential Business Information" means all information learned by Associate as a consequence of Associate's employment with the Company, including, but not limited to, Block's client lists, information pertaining to Block's clients, employee lists and information, and Block's tax preparation software. "Confidential Business Information", as used herein, does not include information in the public domain through authorized disclosure by Block or information that Associate has received prior written authorization by Block to disclose or otherwise use.

d) The designation of any information as Confidential Business Information does not preclude it from also constituting a Trade Secret as defined by applicable law. Associate is prohibited from using, disclosing, or misappropriating Trade Secrets of Block at all times during and after Associate's employment for so long as such Information remains a Trade Secret. Trade Secrets include, among other things, Block's client lists and all information pertaining to Block's clients.

e) Information shall not be deemed to have lost its status as a Trade Secret or Confidential Business Information as the result of any unauthorized disclosure by Associate or any third party.

f) Section 7216 of the Internal Revenue Code of 1986, as amended, prohibits the unauthorized use and/or disclosure of confidential tax return information of the Company's clients, and Associate agrees that Associate will not at any time disclose or use such information in violation thereof.

**9. Post-Termination Covenants.**

a) Associate covenants that during the term of this Agreement and for two (2) years following the cessation of Associate's employment hereunder for any reason (the "Restricted Period"), Associate shall not, directly or indirectly:

(1) Establish or engage in any business for the preparation or electronic filing of tax returns, or be employed (whether as an employee, independent contractor, or unpaid advisor) by any such business or organization in any management or leadership capacity or in any capacity that involves the preparation or electronic filing of tax returns. Said restriction is limited to business(es) or organizations located or conducted within, or soliciting business within, Associate's district of employment as set forth in Section 1, above, and ten (10) miles of such district's boudaries at the time of this Agreement.

(2) Solicit the Company Clients for the purpose of offering to such clients: (i) tax return preparation services; (ii) electronic filing of tax returns; or (iii) any Alternative Products or Services.

b) Associate agrees that the Restricted Period for each of the above covenants shall be tolled during (i) any period(s) of violation that occur during the original Restricted Period; and (ii) any period(s) of time required by litigation to enforce the covenant (other than any periods during which Associate is enjoined from engaging in the prohibited activity and is in compliance with such order of enjoinment) provided that the litigation is filed within one year following the end of the original Restricted Period.

c) For purposes of this Section 9, "Company Clients" is defined as every person or entity whose federal or state tax return was prepared or electronically transmitted, or who received any Alternative Products or Services, within Associate's district of employment as set forth in Section 1, above. "Company Clients" is further limited to clients who were provided such services during the term of this Agreement by associates managed by Associate during the term of this Agreement.

d) For purposes of this Section 9, "Alternative Products or Services" means products or services, other than the preparation or electronic filing of tax returns, that the Company provides to clients within Associate's district of employment (for example, bookkeeping if provided in such district).

e) Except with the Company's approval, during the term of this Agreement, Associate shall not be an Electronic Return Originator ("ERO") with the IRS.

f) In the event a duly appointed arbitrator (or where permitted under Section 15, a Court of competent jurisdiction) finds the time period, geographic scope, scope of activity, or any definition contained in this Section 9 to be overly broad, the time period, geographic scope, scope of activity, or definition that such arbitrator or Court deems reasonable shall be substituted for the language in this Agreement.

g) Associate shall not be in violation of Section 9(a)(1) if providing the prohibited services for an H&R Block franchise.

**10. Nonsolicitation of Employees.**

Associate covenants that during Associate's employment hereunder and for one (1) year following the cessation of such employment for any reason, Associate shall not, directly or indirectly, solicit or hire Company Employees to work in any business that provides any product or services in competition with the Company. For purposes of this Agreement, "Company Employees" mean persons employed by the Company at the time of the solicitation or hiring or at any time during the term of this Agreement.

**11. Remedies.**

The parties agree that if any provision of Section 8, 9, or 10 is violated, the Company will have no adequate remedy at law and will suffer irreparable loss and damage. The parties further agree that in the event of any such breach or violation, whether threatened or actual, the Company shall be entitled to injunctive relief to prohibit or restrain such breach or violation in addition to damages and all other remedies available at law or equity. Associate agrees that no bond need be filed in connection with any request by the Company for a temporary restraining order or other injunctive relief.

**12. Survival; Assignability.**

The parties agree that the covenants and agreements contained in Sections 8 through 18 shall survive the termination of this Agreement. This Agreement is assignable by the Company to any other party without notice to, or consent, or approval by Associate. Associate shall not assign this Agreement. This Agreement shall inure to the benefit of the successors and assigns of the Company.

**13. Representations of Associate.**

a) Associate represents that Associate has never had a Form 8633 (Application to Participate in the Electronic Filing Program) denied by the Internal Revenue Service and has never been suspended or rejected from such program prior to this Agreement. Associate further represents that Associate has not currently applied for or been accepted as an Electronic Filer other than by virtue of any application made through or on behalf of the Company.

b) Associate represents that all statements made on Associate's employment application, including those regarding Associate's criminal background, are true and accurate.

c) Associate represents that Associate is not subject to any contract that would prohibit Associate from performing his/her duties hereunder.

**14. Waiver.**

Associate agrees that Company's failure to require strict compliance with any term, condition, or covenant contained in this Agreement at any time shall not be deemed a waiver of that or any other term, condition, or covenant contained in this Agreement.

**15. Arbitration/Courts.**

a) Associate acknowledges that the Company headquarters is located in the State of Missouri and that this Agreement shall be governed by the laws of the State of Missouri without reference to its conflict of law principles.

b) Any dispute arising out of or related to section 8, 9, 10, or 11 of this Agreement shall be submitted to binding arbitration before a single arbitrator appointed by the American Arbitration Association, Kansas City, Missouri office, in accordance with the rules of that Association.

c) Without intending to limit the scope of disputes that are subject to resolution exclusively by arbitration as provided in this Section, the parties further agree that:

(1) Any litigation brought in any court pertaining to any dispute arising out of or related to section 8, 9, 10, or 11 of this Agreement, including litigation to compel arbitration as provided for herein, or to enforce any arbitration award pertaining to this Agreement, may be brought in the Missouri federal or state courts.

(2) The state and federal Courts of Missouri shall have personal jurisdiction over both parties with respect to any claims or litigation arising out of or related to section 8, 9, 10, or 11 of this Agreement, and venue in any such litigation shall be proper in the State of Missouri.

(3) In the event that either party must seek injunctive or other emergency relief pending the outcome of any arbitration, it may apply for such relief before either the American Arbitration Association (AAA) or any court of competent appropriate jurisdiction. If before the AAA, both parties agree to the application of such Rules of the AAA in effect from time to time providing for emergency measures of protection.

d) In the event that the arbitrator finds any provision of the Agreement before the arbitrator be overly broad, such amendment as the arbitrator deems reasonable shall be substituted for the language in this Agreement. The arbitrator shall also have the power to sever any provision which the arbitrator deems unenforceable without affecting the other terms and conditions of the Agreement.

e) The Company and Associate hereby waive trial by jury of any dispute arising out of or related to section 8, 9, 10, or 11 of this Agreement.

**16. Notices.**

All notices required to be given hereunder shall be in writing and shall be deemed served and delivered for all purposes if delivered in person; if delivered by e-mail or fax (with confirmation of delivery); or if mailed, postage prepaid, to Associate at the above-stated address or to the Company at the principal office for the district of employment. Any notice given by mail shall be deemed given as of the date mailed and postmarked or received by a nationally recognized overnight courier for delivery.

**17. Entire Agreement.**

The foregoing is the entire Agreement between the parties as to the terms and conditions of Associate's employment, and no amendment of this Agreement will be effective unless in writing and signed by the parties. If any provision of this Agreement is invalid or unenforceable, such provision will be deemed to be severed and deleted, and the remainder of the Agreement will remain in full force and effect.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

H&R Block Enterprises, Inc.

District Manager

Print Name

Associate

Alice M Williams

Print Name

WILLIAMS00010



# OFFICE MANAGER EMPLOYMENT AGREEMENT

This Agreement is made between Alice M Williams (Name) of 2380 103rd Avenue (Number & Street or Box No.), Oakland (City), CA (State) 94603 (Zip) ("Associate"), and H & R Block Enterprises, Inc., a Missouri corporation ("the Company"). These parties, in consideration of the covenants and agreements set forth below, agree as follows:

**1. Employment.**

The Company employs Associate as an Office Manager in the Company's OAKLAND, CA District, Admin. ID# 3333, for the period and upon the terms and conditions herein contained. Associate hereby accepts such employment and agrees to comply with such terms and conditions.

**2. Duties.**

Associate's duties consist of managing the daily operation of the office(s) assigned and other duties as assigned. Associate may be required to prepare tax returns for the Company's clients when business needs require; however, Associate's primary responsibility is not the preparation of tax returns and Associate is not entitled to compensation based on the preparation of tax returns. Associate shall devote Associate's full productive time and abilities to performing his or her assigned duties and shall not engage in any conflicting activity. Associate shall perform such duties in accordance with the law and the Company's policies and procedures, including the H&R Block, Inc. Code of Business Ethics & Conduct. Associate acknowledges that it is outside the scope of Associate's employment hereunder and is against the rules of the Company for Associate to offer any financial advice for which a license is required.

**3. Term.**

The term of this Agreement will begin on January 2, 2008 and will conclude at the end of business on April 16, 2008. However, if the Agreement end date stated above is prior to the end of Tax Season, the Company, at its sole discretion, may ask Associate to remain employed and to continue performing duties, as specified in Section 2, above, through the end of Tax Season. If Associate continues to perform such duties, the terms of this Agreement will continue in full force and effect through the end of Tax Season. For purposes of this Agreement, "Tax Season" means the period from January 1 through the earlier of April 18 next or the last day on which individual income tax returns, without an extension, must be filed in Associate's district of employment.

**4. Compensation.**

Associate shall be paid a salary of $ 705 per week for all services rendered hereunder, payable bi-weekly. Associate shall not be entitled to any additional compensation for training, meetings, or other work provided during the term of this Agreement. The Company may, in its sole discretion, choose to increase Associate's salary during the term of this Agreement. If the Company does so, this Agreement shall continue in full force and effect.

**5. Withholdings and Offsets.**

The Company shall withhold from all compensation payable to Associate under this Agreement all required federal, state, and local taxes. Associate agrees that if Associate fails to turn over all Company funds as required by Company policy or becomes indebted to the Company, the Company may offset the amount of any such funds or indebtedness against any compensation due Associate.

**6. Termination.**

a) Associate may terminate this Agreement upon fifteen (15) days prior written notice. In addition, the Company may terminate this Agreement and the employment of Associate without notice in the event of:

(1) Associate's misconduct that interferes with or prejudices the proper conduct of the Company's business or that may reasonably result in harm to the reputation of the Company;

(2) Associate's disobedience, insubordination, or job abandonment;

(3) Associate's breach of any of the provisions of Sections 2, 8, 9 or 10 of this Agreement; or

(4) Associate's misrepresentation in Section 13 of this Agreement.

b) In addition to and independent of the foregoing, in the event of any other breach by Associate of any of Associate's obligations under this Agreement ("Breach"), or in the event of any other failure by Associate to perform Associate's duties in a manner which the Company, in its sole judgment, considers to be diligent and competent ("Failure"), and if such Breach or Failure is not corrected to the satisfaction of the Company within five (5) days after notice from the Company (the "Correction Period"), the Company may, at its option, terminate this Agreement and the employment of Associate without further notice. In the event Associate's employment is not terminated at the end of the Correction Period, upon any further Breach or Failure of any type by Associate during the term of this Agreement, Associate's employment and this Agreement may be terminated without further notice of opportunity to correct.

c) Associate understands that the Company's business is subject to governmental regulation, some of which may require Associate to submit to background investigation as a condition of the Company's participation in certain activities subject to such regulation. If the Company or any of its affiliates is unable to participate, in whole or in part, in any such activity as the result of any action or inaction on the part of Associate, then this Agreement and Associate's employment may be terminated by the Company without notice.

d) If Associate's employment is terminated pursuant to Section 6, Associate's compensation shall automatically cease.

**7. Termination Due to Disability or Death.**

If Associate is unable to perform the essential functions of Associate's position as a result of physical or mental incapacity or other disability, the Company may, in the Company's sole and absolute discretion, terminate this Agreement upon fifteen (15) days prior written notice to Associate or Associate's representative. In the event of Associate's death, this Agreement shall terminate as of the last day of the month during which death occurs. Associate's compensation hereunder shall automatically cease upon the date of the termination of this Agreement.

**8. Confidential Information.**

During the term of this Agreement, Associate will be given access to Trade Secrets and other Confidential Business Information of Block which has commercial value to the Company and its affiliates (hereinafter together referred to as "Block"), the confidential nature of all such information is hereby acknowledged by Associate. In consideration for the Company providing such access, and as a material term of this Agreement, Associate gives the Company the covenants contained in Sections 8, 9, and 10 of this Agreement. Associate agrees and acknowledges as follows:

a) Without the Company's prior written authorization, Associate shall not directly or indirectly: (i) misappropriate, make copies of, or remove from Block's offices any Confidential Business Information of Block, (ii) make known, divulge, or communicate to any person or entity any Confidential Business Information of Block, or (iii) use any Confidential Business Information of Block for any reason other than as necessary to enable Associate to properly perform Associate's duties hereunder.

b) Upon cessation of employment hereunder, Associate shall promptly deliver to the Company the originals and all copies of Confidential Business Information and other materials and property of any nature belonging to Block.

c) "Confidential Business Information" means all information learned by Associate as a consequence of Associate's employment with the Company, including, but not limited to, Block's client lists, information pertaining to Block's clients, employee lists and information, and Block's tax preparation software. "Confidential Business Information", as used herein, does not include information in the public domain through authorized disclosure by Block or information that Associate has received prior written authorization by Block to disclose or otherwise use.

d) The designation of any information as Confidential Business Information does not preclude it from also constituting a Trade Secret as defined by applicable law. Associate is prohibited from using, disclosing, or misappropriating Trade Secrets of Block at all times during and after Associate's employment for so long as such information remains a Trade Secret. Trade Secrets include, among other things, Block's client lists and all information pertaining to Block's clients.

e) Information shall not be deemed to have lost its status as a Trade Secret or Confidential Business Information as the result of any unauthorized disclosure by Associate or any third party.

f) Section 7216 of the Internal Revenue Code of 1986, as amended, prohibits the unauthorized use and/or disclosure of confidential tax return information of the Company's clients, and Associate agrees that Associate will not at any time disclose or use such information in violation thereof.

**9. Post-Termination Covenants.**

a) Associate covenants that during the term of this Agreement and for two (2) years following the cessation of Associate's employment hereunder for any reason (the "Restricted Period"), Associate shall not directly or indirectly:

(1) Establish or engage in any business for the preparation or electronic filing of tax returns, or be employed (whether as an employee, independent contractor, or unpaid advisor) by any such business or organization in any management or leadership capacity or in any capacity that involves the preparation or electronic filing of tax returns. Said restriction is limited to business(es) or organizations located or conducted within, or soliciting business within, Associate's district of employment as set forth in Section 1, above, and ten (10) miles of such district's boundaries at the time of this Agreement.

(2) Solicit the Company Clients for the purpose of offering to such clients: (i) tax return preparation services; (ii) electronic filing of tax returns; or (iii) any Alternative Products or Services.

b) Associate agrees that the Restricted Period for each of the above covenants shall be tolled during (i) any period(s) of violation that occur during the original Restricted Period; and (ii) any period(s) of time required by litigation to enforce the covenant (other than any periods during which Associate is enjoined from engaging in the prohibited activity and is in compliance with such order of enjoinment) provided that the litigation is filed within one year following the end of the original Restricted Period.

c) For purposes of this Section 9, "Company Clients" is defined as every person or entity whose federal or state tax return was prepared or electronically transmitted, or who received any Alternative Products or Services, within Associate's district of employment as set forth in Section 1, above. "Company Clients" is further limited to clients who were provided such services during the term of this Agreement by associates managed by Associate during the term of this Agreement.

d) For purposes of this Section 9, "Alternative Products or Services" means products or services, other than the preparation or electronic filing of tax returns, that the Company provides to clients within Associate's district of employment (for example, bookkeeping if provided in such district).

e) Except with the Company's approval, during the term of this Agreement, Associate shall not be an Electronic Return Originator ("ERO") with the IRS.

f) In the event a duly appointed arbitrator (or where permitted under Section 15, a Court of competent jurisdiction) finds the time period, geographic scope, scope of activity, or any definition contained in this Section 9 to be overly broad, the time period, geographic scope, scope of activity, or definition that such arbitrator or Court deems reasonable shall be substituted for the language in this Agreement.

g) Associate shall not be in violation of Section 9(a)(1) if providing the prohibited services for an H&R Block franchise.

**10. Nonsolicitation of Employees.**

Associate covenants that during Associate's employment hereunder and for one (1) year following the cessation of such employment for any reason, Associate shall not, directly or indirectly, solicit or hire Company Employees to work in any business that provides any product or services in competition with the Company. For purposes of this Agreement, "Company Employees" mean persons employed by the Company at the time of the solicitation or hiring or at any time during the term of this Agreement.

**11. Remedies.**

The parties agree that if any provision of Section 8, 9, or 10 is violated, the Company will have no adequate remedy at law and will suffer irreparable loss and damage. The parties further agree that in the event of any such breach or violation, whether threatened or actual, the Company shall be entitled to injunctive relief to prohibit or restrain such breach or violation in addition to damages and all other remedies

available at law or equity. Associate agrees that no bond need be filed in connection with any request by the Company for a temporary restraining order or other injunctive relief.

**12. Survival; Assignability.**

The parties agree that the covenants and agreements contained in Sections 8 through 17 shall survive the termination of this Agreement. This Agreement is assignable by the Company to any other party without notice to, consent by, or approval by Associate. Associate shall not assign this Agreement. This Agreement shall inure to the benefit of the successors and assigns of the Company.

**13. Representations of Associate.**

a) Associate represents that Associate has never had a Form 8633 (Application to Participate in the Electronic Filing Program) denied by the Internal Revenue Service and has never been suspended or rejected from such program prior to this Agreement. Associate further represents that Associate has not currently applied for or been accepted as an Electronic Filer other than by virtue of any application made through or on behalf of the Company.

b) Associate represents that all statements made on Associate's employment application, including those regarding Associate's criminal background, are true and accurate.

c) Associate represents that Associate is not subject to any contract that would prohibit Associate from performing his/her duties hereunder.

**14. Waiver.**

Associate agrees that Company's failure to require strict compliance with any term, condition, or covenant contained in this Agreement at any time shall not be deemed a waiver of that or any other term, condition, or covenant contained in this Agreement.

**15. Arbitration/Courts.**

a) Associate acknowledges that the Company headquarters is located in the State of Missouri and that this Agreement shall be governed by the laws of the State of Missouri without reference to its conflict of law principles.

b) Any dispute arising out of or related to section 8, 9, 10, or 11 of this Agreement shall be submitted to binding arbitration before a single arbitrator appointed by the American Arbitration Association, Kansas City, Missouri office, in accordance with the rules of that Association.

c) Without intending to limit the scope of disputes that are subject to resolution exclusively by arbitration as provided in this Section, the parties further agree that:

(1) Any litigation brought in any court pertaining to any dispute arising out of or related to section 8, 9, 10, or 11 of this Agreement, including litigation to compel arbitration as provided for herein, or to enforce any arbitration award pertaining to this Agreement, may be brought in the Missouri federal or state courts.

(2) The state and federal Courts of Missouri shall have personal jurisdiction over both parties with respect to any claims or litigation arising out of or related to section 8, 9, 10, or 11 of this Agreement, and venue in any such litigation shall be proper in the State of Missouri.

(3) In the event that either party must seek injunctive or other emergency relief pending the outcome of any arbitration, it may apply for such relief before either the American Arbitration Association (AAA) or any court of competent appropriate jurisdiction. If before the AAA, both parties agree to the application of such Rules of the AAA in effect from time to time providing for emergency measures of protection.

d) In the event that the arbitrator finds any provision of the Agreement before the arbitrator be overly broad, such amendment as the arbitrator deems reasonable shall be substituted for the language in this Agreement. The arbitrator shall also have the power to sever any provision which the arbitrator deems unenforceable without affecting the other terms and conditions of the Agreement.

e) The Company and Associate hereby waive trial by jury of any dispute arising out of or related to section 8, 9, 10, or 11 of this Agreement.

**16. Notices.**

All notices required to be given hereunder shall be in writing and shall be deemed served and delivered for all purposes if delivered in person; if delivered by e-mail or fax (with confirmation of delivery); or if mailed, postage prepaid, to Associate at the above-stated address or to the Company at the principal office for the district of employment. Any notice given by mail shall be deemed given as of the date mailed and postmarked or received by a nationally recognized overnight courier for delivery.

**17. Entire Agreement.**

The foregoing is the entire Agreement between the parties as to the terms and conditions of Associate's employment, and no amendment of this Agreement will be effective unless in writing and signed by the parties. If any provision of this Agreement is invalid or unenforceable, such provision will be deemed to be severed and deleted, and the remainder of the Agreement will remain in full force and effect.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

**By clicking the box below, you are indicating your agreement to the above terms and conditions. Clicking the box below will serve as your electronic signature. Once you have clicked the box below, a signature date and confirmation code will display.**

☐

| | | |
|---|---|---|
| ______________________ Associate | | /s/ H&R Block Enterprises, Inc Company |
| Date Signed: ______________ | Confirmation: __________ | Date Signed: 12/5/2007 2:03:31 PM |

# EXHIBIT  J

New Window

View Paycheck

H&R BLOCK

**Company:** H&R Block Enterprises, Inc
**Address:** 4400 Main Street
Kansas City, MO 641111812

**Pay Begin Date:** 05/03/2006
**Pay End Date:** 05/03/2006
**Check Date:** 05/10/2006

**Net Pay:** $120.86

View a Different Payment

**General**

**Name:** Alice M Williams
**Employee ID:** 234264
**Address:** 2380 103rd Avenue
Oakland, CA 94603

**Bus Unit:** USTX
**Pay Group:** Seasonal CA Office Managers
**Dept:** 03700 - Oakland, Ca
**Locn:** Oakland, Ca

**Tax Data**

**Fed Mar Status:** Exempt
**Fed Allow:** 0
**Fed Addl Amt:** $0.00

**CA Marital Status:** Single, or Married with two or more inco
**CA Allowances:** 999
**CA Addl Amount:** $0.00

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 146.93 | 146.93 | 26.07 | 0.00 | 120.86 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| Bonus | 5020 | | 146.93 |
| **Total:** | | | **146.93** |

**Taxes**

| Description | Amount |
|---|---|
| Fed MED/EE | 2.13 |
| Fed OASDI/EE | 9.11 |
| CA Withholdng | 13.66 |
| CA SDI FTDI | 1.17 |
| **Total:** | **26.07** |

**Before-Tax Deductions**

| Description | Amount |
|---|---|
| **Total:** | |

**After Tax Deductions**

| Description | Amount |
|---|---|
| **Total:** | |

**Employer Paid Benefits**

| Description | Amount |
|---|---|
| * Taxable | |
| **Total:** | |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 9631231 | Checking | **************434 | 120.86 |

**Go To:** Employee Home

Payroll Information Home

WILLIAMS00006

New Window

View Paycheck

H&R BLOCK

**Company:** H&R Block Enterprises, Inc
**Address:** One H&R Block Way
Kansas City, MO 64105
**Net Pay:** $1,413.68

**Pay Begin Date:** 12/30/2006
**Pay End Date:** 01/12/2007
**Check Date:** 01/19/2007
View a Different Payment

**General**

**Name:** Alice M Williams
**Employee ID:** 234264
**Address:** 2380 103rd Avenue
Oakland, CA 94603

**Bus Unit:** USTX
**Pay Group:** Seasonal CA Office Managers
**Dept:** 03700 - Oakland, Ca
**Locn:** Oakland, Ca

**Tax Data**

**Fed Mar Status:** Exempt
**Fed Allow:** 0
**Fed Addl Amt:** $0.00

**CA Marital Status:** Single, or Married with two or more inco
**CA Allowances:** 999
**CA Addl Amount:** $0.00

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 1,540.80 | 1,540.80 | 127.12 | 0.00 | 1,413.68 |
| YTD | 2,227.57 | 2,227.57 | 183.78 | 0.00 | 2,043.79 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| RegWages | 5020 | | 1,540.80 |
| Total: | | | 1,540.80 |

**Taxes**

| Description | Amount | YTD Amount |
|---|---|---|
| Fed MED/EE | 22.34 | 32.30 |
| Fed OASDI/EE | 95.53 | 138.11 |
| CA SDI FTDI | 9.25 | 13.37 |
| Total: | 127.12 | 183.78 |

**Before-Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**After Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**Employer Paid Benefits**

| Description | Amount | YTD Amount |
|---|---|---|
| * Taxable | | |
| Total: | | 0.00 |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 10034700 | Checking | **************434 | 1,413.68 |

**Go To:** Employee Home
Payroll Information Home

1-866-297 4648
ask for
Cynda or
marcos.

WILLIAMS00007

New Window

View Paycheck

H&R BLOCK

Company: H&R Block Enterprises, Inc
Address: One H&R Block Way
Kansas City, MO 64106
Net Pay: $832.90

Pay Begin Date: 11/18/2006
Pay End Date: 12/01/2006
Check Date: 12/08/2006
View a Different Payment

**General**

| | | | |
|---|---|---|---|
| Name: | Alice M Williams | Bus Unit: | USTX |
| Employee ID: | 234264 | Pay Group: | Seasonal BiWeekly CA |
| Address: | 2380 103rd Avenue<br>Oakland, CA 94603 | Dept: | 03700 - Oakland, Ca |
| | | Locn: | Oakland, Ca |

**Tax Data**

| | | | |
|---|---|---|---|
| Fed Mar Status: | Exempt | CA Marital Status: | Single, or Married with two or more inco |
| Fed Allow: | 0 | CA Allowances: | 999 |
| Fed Addl Amt: | $0.00 | CA Addl Amount: | $0.00 |

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 909.77 | 909.77 | 76.87 | 0.00 | 832.90 |
| YTD | 11,582.76 | 11,582.76 | 1,318.27 | 0.00 | 10,264.49 |

**Earnings**

| Description | Labor Code | | Hours | Amount |
|---|---|---|---|---|
| RegWages | 5020 | 21.40 | 29.28 | 626.66 |
| RegWages | 5170 | 12.50 | 20.15 | 251.88 |
| Overtime | 5020 | 32.29 | 0.58 | 18.73 |
| Overtime | 5170 | 18.656 | 0.67 | 12.50 |
| Total: | | | 50.68 | 909.77 |

**Taxes**

| Description | Amount | YTD Amount |
|---|---|---|
| Fed Withholdng | | 325.87 |
| Fed MED/EE | 13.19 | 167.95 |
| Fed OASDI/EE | 56.40 | 718.13 |
| CA Withholdng | | 13.66 |
| CA SDI FTDI | 7.28 | 92.66 |
| Total: | 76.87 | 1,318.27 |

**Before-Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**After Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**Employer Paid Benefits**

| Description | Amount | YTD Amount |
|---|---|---|
| * Taxable | | |
| Total: | | 0.00 |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 9841919 | Checking | **************434 | 832.90 |

Go To: Employee Home

Payroll Information Home

WILLIAMS00011

New Window

View Paycheck

H&R BLOCK

Company: H&R Block Enterprises, Inc
Address: One H&R Block Way
Kansas City, MO 64105
Net Pay: $630.11

Pay Begin Date: 12/16/2006
Pay End Date: 12/29/2006
Check Date: 01/05/2007
View a Different Payment

**General**

Name: Alice M Williams
Employee ID: 234264
Address: 2380 103rd Avenue
Oakland, CA 94603

Bus Unit: USTX
Pay Group: Seasonal BiWeekly CA
Dept: 03700 - Oakland, Ca
Locn: Oakland, Ca

**Tax Data**

Fed Mar Status: Exempt
Fed Allow: 0
Fed Addl Amt: $0.00

CA Marital Status: Single, or Married with two or more inco
CA Allowances: 999
CA Addl Amount: $0.00

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 686.77 | 686.77 | 56.66 | 0.00 | 630.11 |
| YTD | 686.77 | 686.77 | 56.66 | 0.00 | 630.11 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| RegWages | 5020 | 30.52 | 653.06 |
| Overtime | 5020 | 1.05 | 33.71 |
| Total: | | 31.57 | 686.77 |

**Taxes**

| Description | Amount | YTD Amount |
|---|---|---|
| Fed MED/EE | 9.96 | 9.96 |
| Fed OASDI/EE | 42.58 | 42.58 |
| CA SDI FTDI | 4.12 | 4.12 |
| Total: | 56.66 | 56.66 |

**Before-Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**After Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**Employer Paid Benefits**

| Description | Amount | YTD Amount |
|---|---|---|
| * Taxable | | |
| Total: | | 0.00 |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 9967161 | Checking | **************434 | 630.11 |

Go To: Employee Home
Payroll Information Home

New Window

View Paycheck

H&R BLOCK

| | | | |
|---|---|---|---|
| **Company:** | H&R Block Enterprises, Inc | **Pay Begin Date:** | 12/02/2006 |
| **Address:** | One H&R Block Way | **Pay End Date:** | 12/15/2006 |
| | Kansas City, MO 64105 | **Check Date:** | 12/22/2006 |
| **Net Pay:** | $1,230.41 | View a Different Payment | |

**General**

| | | | |
|---|---|---|---|
| **Name:** | Alice M Williams | **Bus Unit:** | USTX |
| **Employee ID:** | 234264 | **Pay Group:** | Seasonal BiWeekly CA |
| **Address:** | 2380 103rd Avenue | **Dept:** | 03700 - Oakland, Ca |
| | Oakland, CA 94603 | **Locn:** | Oakland, Ca |

**Tax Data**

| | | | |
|---|---|---|---|
| **Fed Mar Status:** | Exempt | **CA Marital Status:** | Single, or Married with two or more inco |
| **Fed Allow:** | 0 | **CA Allowances:** | 999 |
| **Fed Addl Amt:** | $0.00 | **CA Addl Amount:** | $0.00 |

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| **Current** | 1,343.98 | 1,343.98 | 113.57 | 0.00 | 1,230.41 |
| **YTD** | 12,926.74 | 12,926.74 | 1,431.84 | 0.00 | 11,494.90 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| RegWages | 5020 | 48.80 | 1,044.32 |
| RegWages | 5133 | 14.00 | 175.00 |
| Overtime | 5020 | 3.89 | 124.66 |
| **Total:** | | **66.69** | **1,343.98** |

**Taxes**

| Description | Amount | YTD Amount |
|---|---|---|
| Fed MED/EE | 19.49 | 187.44 |
| Fed OASDI/EE | 83.33 | 801.46 |
| CA SDI FTDI | 10.75 | 103.41 |
| **Total:** | **113.57** | **1,431.84** |

**Before-Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| **Total:** | | **0.00** |

**After Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| **Total:** | | **0.00** |

**Employer Paid Benefits**

| Description | Amount | YTD Amount |
|---|---|---|
| * Taxable | | |
| **Total:** | | **0.00** |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 9906412 | Checking | **************434 | 1,230.41 |

**Go To:** Employee Home

Payroll Information Home

WILLIAMS00013

New Window

View Paycheck

H&R BLOCK

**Company:** H&R Block Enterprises, Inc
**Address:** One H&R Block Way
Kansas City, MO 64105
**Net Pay:** $832.90

**Pay Begin Date:** 11/18/2006
**Pay End Date:** 12/01/2006
**Check Date:** 12/08/2006

View a Different Payment

**General**

**Name:** Alice M Williams
**Employee ID:** 234264
**Address:** 2380 103rd Avenue
Oakland, CA 94603

**Bus Unit:** USTX
**Pay Group:** Seasonal BiWeekly CA
**Dept:** 03700 - Oakland, Ca
**Locn:** Oakland, Ca

**Tax Data**

**Fed Mar Status:** Exempt
**Fed Allow:** 0
**Fed Addl Amt:** $0.00

**CA Marital Status:** Single, or Married with two or more inco
**CA Allowances:** 999
**CA Addl Amount:** $0.00

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 909.77 | 909.77 | 76.87 | 0.00 | 832.90 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| RegWages | 5020 | 29.28 | 626.66 |
| RegWages | 5170 | 20.15 | 251.88 |
| Overtime | 5020 | 0.58 | 18.73 |
| Overtime | 5170 | 0.67 | 12.50 |
| Total: | | 50.68 | 909.77 |

**Taxes**

| Description | Amount |
|---|---|
| Fed MED/EE | 13.19 |
| Fed OASDI/EE | 56.40 |
| CA SDI FTDI | 7.28 |
| Total: | 76.87 |

**Before-Tax Deductions**

| Description | Amount |
|---|---|
| Total: | |

**After Tax Deductions**

| Description | Amount |
|---|---|
| Total: | |

**Employer Paid Benefits**

| Description | Amount |
|---|---|
| * Taxable | |
| Total: | |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 9841919 | Checking | **************434 | 832.90 |

**Go To:** Employee Home

Payroll Information Home

WILLIAMS00014

New Window

View Paycheck

H&R BLOCK

Company: H&R Block Enterprises, Inc
Address: One H&R Block Way
Kansas City, MO 64105

Net Pay: $171.65

Pay Begin Date: 11/29/2006
Pay End Date: 11/29/2006
Check Date: 12/04/2006

View a Different Payment

**General**

| | | | |
|---|---|---|---|
| **Name:** | Alice M Williams | **Bus Unit:** | USTX |
| **Employee ID:** | 234264 | **Pay Group:** | Seasonal BiWeekly CA |
| **Address:** | 2380 103rd Avenue<br>Oakland, CA 94603 | **Dept:** | 03700 - Oakland, Ca |
| | | **Locn:** | Oakland, Ca |

**Tax Data**

| | | | |
|---|---|---|---|
| **Fed Mar Status:** | Exempt | **CA Marital Status:** | Single, or Married with two or more inco |
| **Fed Allow:** | 0 | **CA Allowances:** | 999 |
| **Fed Addl Amt:** | $0.00 | **CA Addl Amount:** | $0.00 |

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 187.50 | 187.50 | 15.85 | 0.00 | 171.65 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| RegWages | 5133 | 15.00 | 187.50 |
| **Total:** | | **15.00** | **187.50** |

**Taxes**

| Description | Amount |
|---|---|
| Fed MED/EE | 2.72 |
| Fed OASDI/EE | 11.63 |
| CA SDI FTDI | 1.50 |
| **Total:** | **15.85** |

**Before-Tax Deductions**

| Description | Amount |
|---|---|
| **Total:** | |

**After Tax Deductions**

| Description | Amount |
|---|---|
| **Total:** | |

**Employer Paid Benefits**

| Description | Amount |
|---|---|
| * Taxable | |
| **Total:** | |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 9839647 | Checking | ***************434 | 171.65 |

**Go To:** Employee Home

Payroll Information Home

WILLIAMS00015

View Paycheck

New Window

H&R BLOCK

Company: H&R Block Enterprises, Inc
Address: One H&R Block Way
Kansas City, MO 64105
Net Pay: $1,290.86

Pay Begin Date: 01/26/2008
Pay End Date: 02/08/2008
Check Date: 02/15/2008
View a Different Payment

**General**

Name: Alice M Williams
Employee ID: 234264
Address: 2380 103rd Avenue
Oakland, CA 94603

Bus Unit: USTX
Pay Group: Seasonal CA Office Managers
Dept: 03700 - Oakland, Ca
Locn: Oakland, Ca

**Tax Data**

Fed Mar Status: Exempt
Fed Allow: 0
Fed Addl Amt: $0.00

CA Marital Status: Single, or Married with two or more inco
CA Allowances: 999
CA Addl Amount: $0.00

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 1,410.00 | 1,410.00 | 119.14 | 0.00 | 1,290.86 |
| YTD | 4,113.33 | 4,113.33 | 347.58 | 0.00 | 3,765.75 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| RegWages | 5020 | | 1,410.00 |
| Total: | | | 1,410.00 |

**Taxes**

| Description | Amount | YTD Amount |
|---|---|---|
| Fed MED/EE | 20.44 | 59.64 |
| Fed OASDI/EE | 87.42 | 255.03 |
| CA OASDI/EE | 11.28 | 32.91 |
| Total: | 119.14 | 347.58 |

**Before-Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**After Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**Employer Paid Benefits**

| Description | Amount | YTD Amount |
|---|---|---|
| * Taxable | | |
| Total: | | 0.00 |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 11183695 | Checking | **************434 | 1,290.86 |

Go To:
Employee Home
Payroll Information Home

New Window

View Paycheck

H&R BLOCK

Company: H&R Block Enterprises, Inc
Address: One H&R Block Way
Kansas City, MO 64105
Net Pay: $1,290.85

Pay Begin Date: 01/12/2008
Pay End Date: 01/25/2008
Check Date: 02/01/2008
View a Different Payment

**General**

Name: Alice M Williams
Employee ID: 234264
Address: 2380 103rd Avenue
Oakland, CA 94603

Bus Unit: USTX
Pay Group: Seasonal CA Office Managers
Dept: 03700 - Oakland, Ca
Locn: Oakland, Ca

**Tax Data**

Fed Mar Status: Exempt
Fed Allow: 0
Fed Addl Amt: $0.00

CA Marital Status: Single, or Married with two or more inco
CA Allowances: 999
CA Addl Amount: $0.00

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 1,410.00 | 1,410.00 | 119.15 | 0.00 | 1,290.85 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| RegWages | 5020 | | 1,410.00 |
| Total: | | | 1,410.00 |

**Taxes**

| Description | Amount |
|---|---|
| Fed MED/EE | 20.45 |
| Fed OASDI/EE | 87.42 |
| CA OASDI/EE | 11.28 |
| Total: | 119.15 |

**Before-Tax Deductions**

| Description | Amount |
|---|---|
| Total: | |

**After Tax Deductions**

| Description | Amount |
|---|---|
| Total: | |

**Employer Paid Benefits**

| Description | Amount |
|---|---|
| * Taxable | |
| Total: | |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 11092985 | Checking | **************434 | 1,290.85 |

Go To: Employee Home

Payroll Information Home

New Window

View Paycheck

H&R BLOCK

Company: H&R Block Enterprises, Inc
Address: One H&R Block Way
Kansas City, MO 64105
Net Pay: $1,032.68

Pay Begin Date: 12/29/2007
Pay End Date: 01/11/2008
Check Date: 01/18/2008
View a Different Payment

**General**

Name: Alice M Williams
Employee ID: 234264
Address: 2380 103rd Avenue
Oakland, CA 94603

Bus Unit: USTX
Pay Group: Seasonal CA Office Managers
Dept: 03700 - Oakland, Ca
Locn: Oakland, Ca

**Tax Data**

Fed Mar Status: Exempt
Fed Allow: 0
Fed Addl Amt: $0.00

CA Marital Status: Single, or Married with two or more inco
CA Allowances: 999
CA Addl Amount: $0.00

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 1,128.00 | 1,128.00 | 95.32 | 0.00 | 1,032.68 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| RegWages | 5020 | | 1,128.00 |
| Total: | | | 1,128.00 |

**Taxes**

| Description | Amount |
|---|---|
| Fed MED/EE | 16.35 |
| Fed OASDI/EE | 69.94 |
| CA OASDI/EE | 9.03 |
| Total: | 95.32 |

**Before-Tax Deductions**

| Description | Amount |
|---|---|
| Total: | |

**After Tax Deductions**

| Description | Amount |
|---|---|
| Total: | |

**Employer Paid Benefits**

| Description | Amount |
|---|---|
| * Taxable | |
| Total: | |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 11015336 | Checking | ***************434 | 1,032.68 |

Go To: Employee Home
Payroll Information Home

WILLIAMS00019

New Window

View Paycheck

H&R BLOCK

Company: H&R Block Enterprises, Inc
Address: One H&R Block Way
Kansas City, MO 64105
Net Pay: $1,032.68

Pay Begin Date: 12/29/2007
Pay End Date: 01/11/2008
Check Date: 01/18/2008
View a Different Payment

**General**

Name: Alice M Williams
Employee ID: 234264
Address: 2380 103rd Avenue
Oakland, CA 94603

Bus Unit: USTX
Pay Group: Seasonal CA Office Managers
Dept: 03700 - Oakland, Ca
Locn: Oakland, Ca

**Tax Data**

Fed Mar Status: Exempt
Fed Allow: 0
Fed Addl Amt: $0.00

CA Marital Status: Single, or Married with two or more inco
CA Allowances: 999
CA Addl Amount: $0.00

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 1,128.00 | 1,128.00 | 95.32 | 0.00 | 1,032.68 |
| YTD | 1,293.33 | 1,293.33 | 109.29 | 0.00 | 1,184.04 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| RegWages | 5020 | | 1,128.00 |
| Total: | | | 1,128.00 |

**Taxes**

| Description | Amount | YTD Amount |
|---|---|---|
| Fed MED/EE | 16.35 | 18.75 |
| Fed OASDI/EE | 69.94 | 80.19 |
| CA OASDI/EE | 9.03 | 10.35 |
| Total: | 95.32 | 109.29 |

**Before-Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**After Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**Employer Paid Benefits**

| Description | Amount | YTD Amount |
|---|---|---|
| * Taxable | | |
| Total: | | 0.00 |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 11015336 | Checking | **************434 | 1,032.68 |

Go To: Employee Home

Payroll Information Home

WILLIAMS00020

a Employee's social security number 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 | OMB No. 1545-0008

c Employer's name, address, and ZIP code
H&R Block Enterprises, Inc
One H&R Block Way
Kansas City, MO 64105

e Employee's first name and initial | Last name | Suff.
ALICE M WILLIAMS
2380 103rd Avenue
Oakland, CA 94603
f Employee's address and ZIP code

| Box | Value |
|---|---|
| 1 Wages, tips, other compensation | 14188.26 |
| 2 Federal income tax withheld | 178.92 |
| 3 Social security wages | 14188.26 |
| 4 Social security tax withheld | 879.67 |
| 5 Medicare wages and tips | 14188.26 |
| 6 Medicare tax withheld | 205.73 |
| 7 Social security tips | |
| 8 Allocated tips | |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |
| 12b | |
| 12c | |
| 12d | |
| 13 Statutory employee / Retirement plan / Third-party sick-pay | ☐ ☐ ☐ |
| 14 Other | CASDI 85.13 |
| b Employer identification number (EIN) | 431862223 |
| d Control number | 234264 |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 455-4987-0 | 14188.26 | 139.41 | | | |

Form **W-2 Wage and Tax Statement** 2007
Copy B - To Be Filed With Employee's FEDERAL Tax Return.
This information is being furnished to the Internal Revenue Service.
Department of the Treasury - Internal Revenue Service
Visit the IRS website at www.irs.gov.

Cut Here

a Employee's social security number 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 | OMB No. 1545-0008

c Employer's name, address, and ZIP code
H&R Block Enterprises, Inc
One H&R Block Way
Kansas City, MO 64105

e Employee's first name and initial | Last name | Suff.
ALICE M WILLIAMS
2380 103rd Avenue
Oakland, CA 94603
f Employee's address and ZIP code

| Box | Value |
|---|---|
| 1 Wages, tips, other compensation | 14188.26 |
| 2 Federal income tax withheld | 178.92 |
| 3 Social security wages | 14188.26 |
| 4 Social security tax withheld | 879.67 |
| 5 Medicare wages and tips | 14188.26 |
| 6 Medicare tax withheld | 205.73 |
| 7 Social security tips | |
| 8 Allocated tips | |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |
| 12b | |
| 12c | |
| 12d | |
| 13 Statutory employee / Retirement plan / Third-party sick-pay | ☐ ☐ ☐ |
| 14 Other | CASDI 85.13 |
| b Employer identification number (EIN) | 431862223 |
| d Control number | 234264 |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 455-4987-0 | 14188.26 | 139.41 | | | |

Form **W-2 Wage and Tax Statement** 2007
Copy C - For EMPLOYEE'S RECORDS (See *Notice to Employee* on back of Copy B.)
Department of the Treasury - Internal Revenue Service
This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

Cut Here

a Employee's social security number 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 | OMB No. 1545-0008

c Employer's name, address, and ZIP code
H&R Block Enterprises, Inc
One H&R Block Way
Kansas City, MO 64105

e Employee's first name and initial | Last name | Suff.
ALICE M WILLIAMS
2380 103rd Avenue
Oakland, CA 94603
f Employee's address and ZIP code

| Box | Value |
|---|---|
| 1 Wages, tips, other compensation | 14188.26 |
| 2 Federal income tax withheld | 178.92 |
| 3 Social security wages | 14188.26 |
| 4 Social security tax withheld | 879.67 |
| 5 Medicare wages and tips | 14188.26 |
| 6 Medicare tax withheld | 205.73 |
| 7 Social security tips | |
| 8 Allocated tips | |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |
| 12b | |
| 12c | |
| 12d | |
| 13 Statutory employee / Retirement plan / Third-party sick-pay | ☐ ☐ ☐ |
| 14 Other | CASDI 85.13 |
| b Employer identification number (EIN) | 431862223 |
| d Control number | 234264 |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 455-4987-0 | 14188.26 | 139.41 | | | |

Form **W-2 Wage and Tax Statement** 2007
Copy 2 - To Be Filed With Employee's State, City, or Local Income Tax Return.
Department of the Treasury - Internal Revenue Service

Cut Here

a Employee's social security number 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 | OMB No. 1545-0008

c Employer's name, address, and ZIP code
H&R Block Enterprises, Inc
One H&R Block Way
Kansas City, MO 64105

e Employee's first name and initial | Last name | Suff.
ALICE M WILLIAMS
2380 103rd Avenue
Oakland, CA 94603
f Employee's address and ZIP code

| Box | Value |
|---|---|
| 1 Wages, tips, other compensation | 14188.26 |
| 2 Federal income tax withheld | 178.92 |
| 3 Social security wages | 14188.26 |
| 4 Social security tax withheld | 879.67 |
| 5 Medicare wages and tips | 14188.26 |
| 6 Medicare tax withheld | 205.73 |
| 7 Social security tips | |
| 8 Allocated tips | |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |
| 12b | |
| 12c | |
| 12d | |
| 13 Statutory employee / Retirement plan / Third-party sick-pay | ☐ ☐ ☐ |
| 14 Other | CASDI 85.13 |
| b Employer identification number (EIN) | 431862223 |
| d Control number | 234264 |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 455-4987-0 | 14188.26 | 139.41 | | | |

Form **W-2 Wage and Tax Statement** 2007
Copy 2 - To Be Filed With Employee's State, City, or Local Income Tax Return.
Department of the Treasury - Internal Revenue Service

Paycheck

New Window

H&R BLOCK

Company: H&R Block Enterprises, Inc
Address: One H&R Block Way
Kansas City, MO 64105
Net Pay: $428.79

Pay Begin Date: 12/01/2007
Pay End Date: 12/14/2007
Check Date: 12/21/2007
View a Different Payment

**General**

Name: Alice M Williams
Employee ID: 234264
Address: 2380 103rd Avenue
Oakland, CA 94603

Bus Unit: USTX
Pay Group: Seasonal BiWeekly CA
Dept: 03700 - Oakland, Ca
Locn: Oakland, Ca

**Tax Data**

Fed Mar Status: Exempt
Fed Allow: 0
Fed Addl Amt: $0.00

CA Marital Status: Single, or Married with two or more inco
CA Allowances: 999
CA Addl Amount: $0.00

**Paycheck Summary**

| | Gross Earnings | Fed Taxable Gross | Total Taxes | Total Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | 467.34 | 467.34 | 38.55 | 0.00 | 428.79 |
| YTD | 14,188.26 | 14,188.26 | 1,488.86 | 0.00 | 12,699.40 |

**Earnings**

| Description | Labor Code | Hours | Amount |
|---|---|---|---|
| RegWages | 5133 | 12.50 | 156.25 |
| RegWages | 5020 | 8.43 | 148.59 |
| RegWages | 5170 | 6.50 | 81.25 |
| RegWages | 5173 | 6.50 | 81.25 |
| Total: | | 33.93 | 467.34 |

**Taxes**

| Description | Amount | YTD Amount |
|---|---|---|
| Fed Withholdng | | 178.92 |
| Fed MED/EE | 6.78 | 205.73 |
| Fed OASDI/EE | 28.97 | 879.67 |
| CA Withholdng | | 139.41 |
| CA OASDI/EE | 2.80 | 85.13 |
| Total: | 38.55 | 1,488.86 |

**Before-Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**After Tax Deductions**

| Description | Amount | YTD Amount |
|---|---|---|
| Total: | | 0.00 |

**Employer Paid Benefits**

| Description | Amount | YTD Amount |
|---|---|---|
| * Taxable | | |
| Total: | | 0.00 |

**Net Pay Distribution**

| Payment Type | Paycheck Number | Account Type | Account Number | Amount |
|---|---|---|---|---|
| Direct Deposit | 10850423 | Checking | *************434 | 428.79 |

Go To: Employee Home

Payroll Information Home

WILLIAMS00022